IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation, | ) ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | |
| SECURE COMPUTING CORPORATION, a Delaware corporation; CYBERGUARD CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100, | ) ) ) ) ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendants. | ) | |

Plaintiff Finjan Software, Ltd. ("Plaintiff" or "Finjan") alleges as follows:

## THE PARTIES

1. Plaintiff Finjan is a corporation organized and existing under the laws of Israel, with its principal place of business at Hamachshev St. 1, New Industrial Area, Netanya, 42504, Israel.

2. On information and belief, Defendant Secure Computing Corporation ("Secure Computing") is a corporation organized and existing under the laws of the State of Delaware, with its corporate headquarters at 4810 Harwood Road, San Jose, California 95124.

3. On information and belief, Defendant Cyberguard Corporation ("Cyberguard") is a corporation organized and existing under the laws of the State of Delaware and a wholly owned subsidiary of Secure Computing, with its corporate headquarters at 4810 Harwood Road, San Jose, California 95124.

4. On information and belief, Defendant Webwasher AG ("Webwasher") is corporation organized and existing under the laws of Germany and a wholly owned subsidiary of Cyberguard, with a branch office at 5201 Great America Parkway, Suite 432, Santa Clara, CA 95054.

## JURISDICTION AND VENUE

5. This action arises under the Patent Act, 35 U.S.C. §271 *et seq.* This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §§1331 and 1338.

6. Venue in this judicial district is proper under 28 U.S.C. §§ 1391 (b) and (c) and/or 28 U.S.C. § 1400(b). Personal jurisdiction over defendants comports with the United Stats Constitution and § 3104 of the Delaware Code because defendants are Delaware corporations and/or have and continue to infringe, contributorily infringe and/or induce the infringement of U.S. Patent No. 6,092,194 in this district.

## PLAINTIFF'S PATENT

7. On July 18, 2000, United States Patent No. 6,092,194 ("the '194 Patent"), entitled SYSTEM AND METHOD FOR PROTECTING A COMPUTER AND A NETWORK FROM HOSTILE DOWNLOADABLES, was issued to Shlomo Touboul. Finjan was assigned all ownership rights to the '194 Patent. A true and correct copy of the '194 Patent is attached to this complaint as Exhibit A and is incorporated by reference herein.

8. The '194 Patent is directed to a system and method for protecting networks and computers from hostile downloadable executable application programs.

## PATENT INFRINGEMENT

9. On information and belief, defendant Secure Computing is in the business of developing and distributing network and systems security solutions to organizations. Secure

Computing has and continues to infringe the '194 Patent by making, using, selling, distributing, advertising and marketing products, including but not limited to the Webwasher Secure Content Management ("SCM") suite, that infringe the '194 Patent.

10. On information and belief, defendant Cyberguard is in the business of developing and distributing information security solutions. Cyberguard has and continues to infringe the '194 Patent by making, using, selling, distributing, advertising and marketing products, including but not limited to the Webwasher Secure Content Management ("SCM") suite, that infringe the '194 Patent.

11. On information and belief, defendant Webwasher is in the business of developing and distributing Internet and email content security and filtering solutions. Webwasher has and continues to infringe the '194 Patent by making, using, selling, distributing, advertising and marketing products, including but not limited to the Webwasher Secure Content Management ("SCM") suite, that infringe the '194 Patent.

## FIRST CAUSE OF ACTION

### (Infringement of the '194 Patent)

12. Finjan realleges each and every allegation set forth in Paragraphs 1 through 11, inclusive, and incorporates them herein by reference.

13. Defendants Secure Computing, Cyberguard and Webwasher have been and continue to infringe, contributorily infringe, and/or induce the infringement of the '194 Patent by making, using, selling and/or offering to sell products which infringe the '194 Patent, including but not limited to the Webwasher SCM suite, and will continue to do so until enjoined by this Court.

14. Defendants' infringement of the '194 Patent has been and continues to be willful and deliberate.

14. Defendants' infringement of the '194 Patent has injured and continues to injure Finjan in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Finjan prays that the Court grant the following relief and judgment:

A.    A preliminary and permanent injunction against Defendants Secure Computing, Cyberguard and Webwasher and its respective officers, employees, agents, servants, attorneys, instrumentalities, and/or those in privity with them, from infringing, contributorily infringing, or inducing the infringement of the '194 Patent, and for all further and proper injunctive relief pursuant to 35 U.S.C. §283;

B.    An award to Finjan of such damages as it shall prove at trial against Defendants Secure Computing, Cyberguard and Webwasher, that are adequate to fully compensate it for their infringement of the '194 Patent, said damages to be no less than a reasonable royalty;

C.    An award to Finjan for willful infringement against Defendants Secure Computing, Cyberguard and Webwasher of three times the damages so determined, as provided by 35 U.S.C. §284, together with prejudgment interest from the date infringement of the '194 Patent began;

D.    A finding that this case is "exceptional" and an award to Finjan of its costs and reasonable attorney's fees, as provided by 35 U.S.C. §285;

E.    Such further and other relief as the Court and/or jury may deem proper and just.

## DEMAND FOR JURY TRIAL

Plaintiff Finjan Software, Ltd. hereby demands a trial by jury on all issues triable by a jury.

**POTTER ANDERSON & CORROON LLP**

OF COUNSEL

Paul J. Andre
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, California 94025-1114
(650) 838-4300

Dated: June 5, 2006

734999

By _____
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

Attorneys for Plaintiff
Finjan Software, Ltd.