IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation, | ) ) ) |
| Plaintiff, | ) ) Civil Action No. 06-00369 GMS ) |
| v. | ) DEMAND FOR JURY TRIAL ) |
| SECURE COMPUTING CORPORATION, a Delaware corporation; CYBERGUARD CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100, | ) ) ) ) ) ) |
| Defendants. | ) ) |

### AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANTS SECURE COMPUTING CORPORATION, CYBERGUARD CORPORATION, AND WEBWASHER AG

Defendants Secure Computing Corporation, CyberGuard Corporation, and Webwasher AG (collectively referred to as "Secure Computing") for their Amended Answer to Plaintiff's Complaint, states as follows:

### GENERAL DENIAL

Secure Computing denies each and every allegation, matter or thing contained in the Complaint which is not expressly admitted, qualified or answered herein.

### THE PARTIES

1.   Secure Computing lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint and therefore denies the same.

2.   Secure Computing admits the allegations of paragraph 2 of the Complaint.

3.   Secure Computing denies the allegations of paragraph 3 of the Complaint.

4.   Secure Computing denies that Defendant Webwasher AG has a branch office in the United States. Secure Computing denies that Defendant Webwasher AG is a wholly owned subsidiary of CyberGuard Corporation. Secure Computing admits that Webwasher AG is a corporation organized and existing under the laws of Germany and a subsidiary of Secure Computing Corporation.

## JURISDICTION AND VENUE

5.   The allegations in paragraph 5 are legal conclusions and do not require a responsive pleading. To the extent a response is required, Secure Computing does not dispute that jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338.

6.   The allegations in paragraph 6 are legal conclusions and do not require a responsive pleading. To the extent a response is required, Secure Computing does not dispute that venue is proper under 28 U.S.C. §§ 1391(b) and (c) and/or under 28 U.S.C. § 1400(b) and that personal jurisdiction is proper over Defendants. Secure Computing denies that Defendants CyberGuard Corp. and Webwasher AG are Delaware corporations. Secure Computing denies that any of the Defendants have and continue to infringe, contributorily infringe and/or induce infringement of U.S. Patent No. 6,092,194.

## PLAINTIFF'S PATENT

7.   Secure Computing admits that Exhibit A to the Complaint is a copy of the '194 patent. Secure Computing denies any and all other allegations of paragraph 7 of the Complaint.

8.   Secure Computing denies the allegations of paragraph 8 of the Complaint.

## PATENT INFRINGEMENT

9.   Secure Computing Corporation admits that it is in the business of developing and distributing network and systems security solutions to organizations. Secure Computing denies any and all other allegations of paragraph 9 of the Complaint.

10. Secure Computing admits that Defendant CyberGuard was in the business of developing and distributing information security solutions, but denies that CyberGuard is currently engaging in business. Secure Computing denies any and all other allegations of paragraph 10 of the Complaint.

11. Secure Computing admits that Defendant Webwasher AG is in the business of developing and distributing Internet and email content security and filtering solutions. Secure Computing denies any and all other allegations of paragraph 11 of the Complaint.

## FIRST CAUSE OF ACTION

(Infringement of the '194 Patent)

12. Secure Computing admits that in paragraph 12 of the Complaint Plaintiff re-alleges the allegations set forth in paragraphs 1 through 11 in the Complaint and in response to paragraph 12 of the Complaint, Secure Computing restates and incorporates by reference its answers to paragraphs 1 through 11 and denies any allegation not expressly admitted.

13. Secure Computing denies the allegations of paragraph 13 of the Complaint.

14. Secure Computing denies the allegations of paragraph 14 of the Complaint.

15. Secure Computing denies the allegations of Plaintiff's second paragraph 14 (which appears to have been numbered in error) of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

16. Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

17. Plaintiff's claims are barred by the doctrines of waiver, estoppel, and laches.

### THIRD AFFIRMATIVE DEFENSE

18.     Plaintiff's asserted patent, United States Patent No. 6,092,194 ("the '194 patent"), is invalid[, unenforceable] and/or void for failure to satisfy the requirements of patentability contained in 35 U.S.C. Section 101, et seq., including, but not limited to, Sections 102, 103, and for lack of enablement and inadequate written description under 35 U.S.C. section 112, and for failure to disclose best mode.

19.     Secure Computing reserves its right to assert additional grounds for the invalidity or unenforceability of the '194 patent if it discovers such grounds during the course of the litigation.

### FOURTH AFFIRMATIVE DEFENSE

20.     Secure Computing does not infringe, has not induced infringement, and has not contributed to infringement of any valid and enforceable claim of any patent owned by Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

21.     Plaintiff's request for damages arising from alleged infringement, whether direct or otherwise, is barred by Plaintiff's failure to plead marking, failure to mark and/or failure to require licensees to mark.

### SIXTH AFFIRMATIVE DEFENSE

22.     Plaintiff's asserted patent, United States Patent No. 6,092,194 ("the '194 patent"), is unenforceable due to Plaintiff's inequitable conduct under 37 C.F.R. § 1.27 and 37 C.F.R § 1.56.

23.     Finjan engaged in inequitable conduct by affirmatively misrepresenting and/or failing to disclose material information with an intent to deceive or mislead the PTO. Specifically, Secure Computing's inequitable conduct claims are two-fold: (1) Finjan improperly

4

claimed small-entity status to the PTO; and (2) Finjan made material misrepresentations to the PTO regarding prior art during prosecution.

24.     The '194 Patent claims the benefit of the filing date of U.S. Patent Application 60/030,639.

25.     In U.S. Patent Application 60/030,639, Finjan attached an Appendix describing Finjan's software, SurfinGate, as an embodiment of the alleged invention.

26.     In 1998, Finjan entered into an agreement with Cisco Systems, which had over 500 employees, to bundle Finjan's SurfinGate software with Cisco's PIX firewall.

27.     On October 27, 1999, Finjan made fee payments to the PTO for the claims in the '194 Patent and affirmed that "[a] small entity statement was filed in the prior nonprovisional application and such status is still proper and desired."

28.     On information and belief, Finjan knew on October 27, 1999 that small-entity status was no longer proper.

29.     On March 27, 2001, in the prosecution of U.S. Patent No. 6,209,103, Finjan paid fees to the PTO as a large entity.

30.     Finjan did not notify the PTO in relation to the '194 Patent, of its loss of small-entity status until December 12, 2003.

31.     Finjan avoided a previous rejection by the PTO examiner during examination based on prior art disclosed in U.S. Patent No. 5,623,600 (Ji). Finjan stated, in the prosecution history, that "Ji teaches gateway detection of viruses attached to executable files, and does not teach hostile Downloadable detection. As is well known in the art, a Downloadable is mobile code that is requested by an ongoing process, downloaded from a source computer to a

destination computer for automatic execution. The programs or documents of Ji are not Downloadables."

32. The Ji specification actually teaches that "the apparatus of the present invention could also be included on a FTP server or a world wide web server for scanning files and messages as they are downloaded from the web."

33. On information and belief, Finjan knew that the Ji specification teaches hostile Downloadable detection.

## COUNTERCLAIMS

34. Defendants Secure Computing Corporation and Webwasher AG (collectively referred to as "Secure Computing"), for their Amended Counterclaims against Plaintiff, state:

### COUNTERCLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY, UNENFORCEABILITY, AND NONINFRINGEMENT

35. Defendant Secure Computing Corporation is corporation organized and existing under the laws of the State of Delaware, with its corporate headquarters at 4810 Harwood Road, San Jose, California 95124. Defendant Webwasher AG is a corporation organized and existing under the laws of Germany and a subsidiary of Secure Computing Corporation.

36. On information and belief, Plaintiff Finjan Software Ltd. is a corporation organized and existing under the laws of Israel, with its principal place of business at Hamachsheve St. 1, New Industrial Area, Netanya, 42504, Israel.

37. This is an action for a declaratory judgment, together with such relief based thereon as may be necessary or proper, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. Sections 2201, 2202. There is an actual controversy between Plaintiff and Secure Computing arising under the United States patent laws, Title 35 of the United States Code.

38. This Counterclaim arises under the Patent Laws of the United States, Title 35, United States Code. The jurisdiction of this Court is founded upon and arises under Title 28, United States Code sections 1338(a), and under the Federal Declaratory Judgment Act, Title 28, sections 2201 and 2202. Personal jurisdiction over Plaintiff comports with the United States Constitution and is proper because Plaintiff has filed suit in this Court against Secure Computing asserting infringement of claims of the United States Patent No. 6,092,194. Venue within this judicial district is proper under Title 28, United States Code sections 1391(b), 1391(c) and/or 1400.

39. Plaintiff alleges that it is the owner of the United States Patent No. 6,092,194. Plaintiff contends that Secure Computing infringes claims of United States Patent No. 6,092,194.

40. United States Patent No. 6,092,194 and each claim thereof is invalid, unenforceable and not infringed by Secure Computing.

41. Secure Computing has not infringed any valid claims of U.S. Patent No. 6,092,194, either directly, indirectly, contributorily or otherwise, and have not induced any others to infringe said patent.

42. Finjan engaged in inequitable conduct by affirmatively misrepresenting and/or failing to disclose material information with an intent to deceive or mislead the PTO. Specifically, Secure Computing's inequitable conduct claims are two-fold: (1) Finjan improperly claimed small-entity status to the PTO; and (2) Finjan made material misrepresentations to the PTO regarding prior art during prosecution.

43. Secure Computing incorporates its allegations set forth in paragraphs 24–33 as if fully restated in this counterclaim.

44.     Secure Computing therefore seeks a declaration and finding by this Court that United States Patent No. 6,092,194 is invalid and unenforceable and that Secure Computing does not infringe, directly, indirectly, contributorily or otherwise, and has not induced any others to infringe, any valid claims of United States Patent No. 6,092,194.

### PRAYER FOR RELIEF

WHEREFORE, Defendants Secure Computing Corporation, CyberGuard Corporation, and Webwasher AG deny that Plaintiff is entitled to any relief for its Complaint and prays for judgment in Defendants' favor as prayed for in their Counterclaims and against Plaintiff as follows:

A.      That Plaintiff take nothing by its Complaint and its claims against Defendants Secure Computing Corporation, CyberGuard Corporation, and Webwasher AG be dismissed with prejudice;

B.      That Defendants Secure Computing Corporation, CyberGuard Corporation, and Webwasher AG be found not to infringe, either directly, indirectly, contributorily, or otherwise, and be found not to have induced infringement of any valid claims of United States Patent No. 6,092,194;

C.      That United States Patent No. 6,092,194 be found invalid and unenforceable;

D.      That Defendants Secure Computing Corporation, CyberGuard Corporation, and Webwasher AG be awarded costs, disbursements and attorneys' fees incurred in defending themselves in connection with the Complaint; and

E.      That Defendants Secure Computing Corporation, CyberGuard Corporation, and Webwasher AG be awarded such other and further relief as the Court deems just, equitable and proper.

## DEMAND FOR A JURY TRIAL

Defendants Secure Computing Corporation, CyberGuard Corporation, and Webwasher AG hereby request a trial by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure, on all issues so triable.

Of Counsel:

Ronald J. Schutz
Jake M. Holdreith
Christopher A. Seidl
Trevor J. Foster
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

/s/ Frederick L. Cottrell, III
Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys For Defendants*

Dated: August 29, 2006