## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

FINJAN SOFTWARE, LTD., an Israel )
corporation, )
 )
             Plaintiff-Counterdefendant, )
 )
                   v. )
 )
SECURE COMPUTING CORPORATION, )
a Delaware corporation, CYBERGUARD, )
CORPORATION, a Delaware corporation, )
WEBWASHER AG, a German corporation )
and DOES 1 THROUGH 100, )
 )
             Defendants-Counterclaimants. )

C. A. No. 06-369 GMS

### JOINT STATUS REPORT

Pursuant to the Court's Notice of Scheduling Conference dated October 20, 2006, Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.2(b), Plaintiff and Counter-defendant Finjan Software, Ltd. (hereinafter "Finjan" or "Plaintiff") and Defendants and Counter-claimants Secure Computing Corporation, Cyberguard Corporation and WebWasher AG (hereinafter collectively "Secure Computing") submit this Joint Status Report in preparation for the Status and Scheduling Conference before this Court set for November 7, 2006 at 10 a.m.

1.    **Jurisdiction and Service**. The parties agree that the Court has subject matter jurisdiction over this action and that the Court has personal jurisdiction over the parties.    At the present time, the parties believe that all necessary parties have been served and have appeared, but reserve their rights to join additional parties within the

schedule set by the Court.

2.    **Substance of the Action**. This action arises under the patent laws of the United States, 35 U.S.C. §100 *et seq.* The patent-in-suit is United States Patent No. 6,092,194 ("the '194 Patent"). The '194 patent is entitled SYSTEM AND METHOD FOR PROTECTING A COMPUTER AND A NETWORK FROM HOSTILE DOWNLOADABLES.

Finjan alleges that the security products sold by Secure Computing infringe the '194 Patent. Specifically, Finjan alleges that Secure Computing has been and continues to infringe, contributorily infringe, and/or induce infringement of the '194 Patent by selling and/or offering to sell infringing security products, which include but are not limited to the WebWasher Secure Content Management ("SCM") suite; that Secure Computing's infringement is willful and deliberate; and that Finjan is entitled to damages and injunctive relief.

In response to Finjan's Complaint, Secure Computing filed an Amended Answer and Counterclaims (D.I. 20). Secure Computing denies that it has been and continues to infringe, contributorily infringe, and/or induce infringement of the '194 Patent. Secure Computing denies that any alleged infringement has been or continues to be willful and deliberate. Secure Computing denies that Finjan is entitled to any damages and any injunctive relief. Further, Secure Computing has asserted the following affirmative defenses: (1) Finjan fails to state a claim upon which relief can be granted; (2) Finjan's claims are barred by the doctrines of waiver, estoppel, and laches; (3) the '194 Patent is invalid and/or void for failure to satisfy the requirements of patentability contained in 35 U.S.C. Section 101, et seq., including, but not limited to, Sections 102, 103, and for lack

of enablement and inadequate written description under 35 U.S.C. section 112, and for failure to disclose best mode; (4) Secure Computing does not infringe, has not induced infringement, and has not contributed to infringement of any valid and enforceable patent owned by Finjan; (5) Finjan's request for damages arising from alleged infringement, whether direct or otherwise, is barred by Finjan's failure to plead marking, failure to mark, and/or failure to require licensees to mark; and (6) as alleged in paragraphs 22-33 of Secure Computing's Amended Answer and Counterclaims, the '194 Patent is enforceable due to Plaintiff's inequitable conduct.  Defendants Secure Computing Corporation and Webwasher AG have also counterclaimed for a declaratory judgment that the '194 Patent is not infringed, is invalid, and is unenforceable due to inequitable conduct.

3.    **Identification of Issues**. Generally, the issues in dispute are: (a) whether the alleged making, using, selling, and/or offering to sell security products by Secure Computing has allegedly infringed and continues to infringe, contributorily infringe, and/or induce the infringement of the '194 Patent; (b) whether Secure Computing's alleged infringement was willful; (c) whether Finjan is entitled to any damages and any injunctive relief; (d) whether any of Secure Computing's alleged affirmative defenses bar Finjan's claims, including, but not limited to, whether the '194 Patent is allegedly invalid for failure to satisfy the requirements of patentability contained in 35 U.S.C. Section 101, et seq., including, but not limited to, Sections 102, 103, and for lack of enablement and inadequate written description under 35 U.S.C. section 112, and for failure to disclose best mode; and (e) whether the '194 Patent is allegedly unenforceable due to inequitable conduct.

3

4.    **Narrowing of Issues**. The parties have not identified any opportunities for narrowing the issues at this time. As the case progresses, and in particular after the Court has issued a claim construction ruling concerning the meaning of disputed claim terms, the parties may request leave to file one or more motions for summary judgment that may reduce the number of issues to be decided at trial.

5.    **Relief**. Finjan seeks (a) a judgment preliminary and permanently enjoining Secure Computing from infringing, contributorily infringing, or inducing infringing of the '194 Patent; (b) a damages award against Secure Computing adequate to fully compensate Finjan for Secure Computing's infringement of the '194 Patent, said damages to be no less than a reasonable royalty; (c) an award of three times the damages so determined for willful infringement against Secure Computing, together with prejudgment interest from the date infringement of the '194 Patent began; (d) a declaration that this case is exceptional within the meaning of 35 U.S.C. § 285 and costs and reasonable attorney's fees be awarded to Finjan; and (e) such other relief as the Court may deem just and proper.

Secure Computing seeks (a) a judgment holding that Finjan takes nothing by way of its Complaint; (b) a judgment holding and declaring that Secure Computing does not infringe, either directly, indirectly, contributorily, or otherwise, and be found not to have induced infringement of any valid claims of the '194 Patent; (c) a judgment declaring the claims of the '194 Patent are invalid; (d) a judgment declaring that the '194 Patent is unenforceable due to inequitable conduct; (e) an award of costs, disbursements and attorney's fees; and (f) a judgment awarding such other relief as the Court deems just, equitable and proper.

6.      **Amendment of Pleadings**. Finjan proposes that amendment of pleadings without leave of court occur by December 4, 2006. Secure Computing proposes that amendment of pleadings occur by May 7, 2007.

7.      **Joinder of Parties**. Finjan proposes that joinder of parties occur by December 4, 2006. Secure Computing proposes that joinder of parties occur by May 7, 2007.

8.      **Discovery**. The parties agree that discovery generally proceed in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court, and the individual rules of the Honorable Gregory M. Sleet.

With respect to interrogatories, Secure Computing proposes that each side be allowed to serve 50 interrogatories, including all discrete subparts.

With respect to depositions, Finjan proposes that each side be limited to seven (7) hours for the testimony by deposition upon oral examination for each fact witness. Finjan proposes that each side be limited to ten (10) fact depositions, and in addition may take one deposition of each opposing expert for up to seven (7) hours in duration. Secure Computing expects discovery to include examination of computer code that may involve time consuming arrangements to protect and analyze the code appropriately, including the possibility of secure, third-party custody of the code. In addition, Secure Computing expects the case will involve party and third-party discovery in foreign countries, including Germany and Israel. With respect to depositions, Secure Computing proposes that each side be allocated an aggregate total of 130 hours for fact depositions, including Rule 30(b)(6) depositions. For any foreign language deposition, every two (2) hours will be counted as one (1) hour for purposes of the hour limitation. With respect to expert

depositions, Secure Computing proposes that the 130-hour limitation not apply and instead that each side be limited to seven (7) hours for testimony by deposition upon oral examination for each expert.  The parties have stipulated to take depositions outside this district to the extent the parties agree for the convenience of the witness and parties.

The parties propose the following schedule:

| Event | Finjan Proposal | Secure Computing's Proposal |
|---|---|---|
| **Fact Discovery** | | |
| Exchange Initial Disclosures | November 14, 2006 | November 14, 2006 |
| Motion to Amend Pleadings | December 4, 2006 | May 7, 2007 |
| Motion to Join Additional Parties | December 4, 2006 | May 7, 2007 |
| Notice of Reliance on Advice of Counsel as a Defense to Willful Infringement Production of Opinions of Counsel and Production of all Related Materials | January 26, 2007 | August 15, 2007 |
| Completion of Fact Discovery – all discovery requests must be served so as to be completed by this date | April 30, 2007 | December 3, 2007 |
| **Markman Proceedings** | | |
| Exchange of claim terms to be construed and proposed constructions | February 5, 2007 | April 6, 2007 |
| Deadline for parties to meet an confer regarding narrowing and reducing the number of claim construction issues | February 12, 2007 | April 20, 2007 |
| Submission of Joint Claim Construction Chart | February 26, 2007 | May 4, 2007 |
| Simultaneous exchange of Claim Construction briefs | Opening: March 3, 2007 Answering: April 2, 2007 | Opening: June 22, 2007 Answering: July 20, 2007 |
| Markman Hearing | April 16, 2007  Markman hearing should be scheduled for a total of 3 hours with each side having 1.5 hours. | August 3, 2007  Markman hearing should be scheduled for a total of 6 hours, with each side having 3 hours. |
| **Expert Discovery** | | |
| Opening Expert Reports (burden of proof) | May 14, 2007 | February 1, 2008 |
| Answering Expert Reports | June 11, 2007 | March 3, 2008 |

| Event | Finjan Proposal | Secure Computing's Proposal |
|---|---|---|
| Completion of Expert Discovery | July 9, 2007 | April 2, 2008 |
| **Dispositive Motions** | | |
| Letter Briefs Seeking Permission to file Summary Judgment Motions | Opening: June 16, 2007<br>Answering: June 30, 2007<br><br>Reply: July 7, 2007 | Opening: April 30, 2008<br>Answering: May 20, 2008<br>Reply: May 27, 2008 |
| Submission of Joint Agenda Identifying Daubert Issues | July 27, 2007 | July 18, 2008<br><br>If permitted, Daubert motions shall occur in conjunction with the Motions *in limine* schedule |
| Status Conference to hear argument and determine whether the filing of summary judgments will be permitted | August 3, 2007 | June 3, 2008 |
| Summary Judgment Briefing (if permitted) | Opening: August 10, 2007<br><br>Answering: September 7, 2007<br><br>Reply: September 21, 2007 | Opening: June 10, 2008<br><br>Answering: June 30, 2008<br><br>Reply: July 14, 2008 |
| Summary Judgment Hearing | At Court's discretion | Pursuant to Local Rule 7.1.4 |
| **Trial Phase** | | |
| Motions *in limine* | Opening: August 31, 2007<br>Response: September 14, 2007<br>Reply: September 21, 2007 | Opening: September 15, 2008<br>Response: October 3, 2008<br>Reply: October 10, 2008 |
| Plaintiff Draft re Joint Proposed Pretrial Order | August 31, 2007 | September 22, 2008 |
| Submission of Joint Proposed Order | October 1, 2007 | October 20, 2008 |
| Pretrial Conference | November 2007 | October 29, 2008 |
| Trial | December 3, 2007 | November 10, 2008 |

9.    **Estimated Trial Length**. The parties estimate two (2) weeks (ten business days) for this action to be tried. At the present time, the parties have not identified any specific means of reducing the length of trial or expediting the presentation of evidence.

10.    **Jury Trial**. The parties have demanded a jury trial.

11.    **Settlement**. The parties have not engaged in settlement discussions. The parties, however, agree that this case should be referred to Magistrate Judge Thynge for mediation or any other ADR mechanism. However, Secure Computing believes that ADR would be more likely to be productive after the Court's Markman ruling and, therefore, proposes that this case be referred to Magistrate Judge Thynge for mediation, or any other ADR mechanism preferred by the Court, after the Court's Markman ruling.

12.    **Other Matters**. There are no other matters relating to the just, speedy and inexpensive determination of this action that counsel for the parties wish to confer about or raise with the Court at this time.

13.    **Confirmation of Rule 26(f) Teleconference**. Counsel for Finjan and Secure Computing have conferred regarding each of the topics listed above. Should the Court have any questions regarding the information set forth above, counsel for both parties are prepared to provide the additional information needed to address the Court's concerns.

POTTER ANDERSON & CORROON LLP

OF COUNSEL

Paul J. Andre                                    By:  /s/ Philip A. Rovner
PERKINS COIE LLP                                      Philip A. Rovner (#3215)
101 Jefferson Drive                                   Hercules Plaza
Menlo Park, CA  94025-1114                            P. O. Box 951
(650) 838-4300                                        Wilmington, DE  19899
                                                      (302) 984-6000
Dated: October 31, 2006                               provner@potteranderson.com

                                                 Attorneys for Plaintiff
                                                 Finjan Software, Ltd.


                                                 RICHARDS, LAYTON & FINGER

OF COUNSEL

Ronald J. Schutz                                 By:  /s/ Frederick L. Cottrell, III
Jake M. Holdreith                                     Frederick L. Cottrell, III (#2555)
Christopher A. Seidl                                  Matthew W. King (#4566)
Trevor J. Foster                                      One Rodney Square
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.                P.O. Box 551
2800 LaSalle Plaza                                    Wilmington, DE 19899
800 LaSalle Avenue                                    (302) 651-7700
Minneapolis, MN 55402                                 cottrell@rlf.com
(612) 349-8500                                        king@rlf.com

Dated: October 31, 2006                          Attorneys for Defendants Secure
759026                                           Computing Corporation, Cyberguard
                                                 Corporation and WebWasher AG

9