## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

FINJAN SOFTWARE, LTD., an Israel corporation,  )
  )
      Plaintiff-Counterdefendant,  )    C. A. No. 06-369 GMS
  )
                    v.  )
  )
SECURE COMPUTING CORPORATION,  )
a Delaware corporation, CYBERGUARD,  )
CORPORATION, a Delaware corporation,  )
WEBWASHER AG, a German corporation  )
and DOES 1 THROUGH 100,  )
  )
      Defendants-Counterclaimants.  )
  )

## SCHEDULING ORDER

This _____ day of November, 2006, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on November 7, 2006, and the parties, Plaintiff Finjan Software, Ltd. ("Finjan") and Defendants Secure Computing Corporation, Cyberguard Corporation and Webwasher AG (collectively, "Secure Computing") having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1.    **Rule 26(a) Initial Disclosures.** Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before November 14, 2006.

2.    **Joinder of Other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before April 6, 2007. No motion is necessary if the parties agree to the joinder or amendment.

3.    **<u>Reliance Upon Advice of Counsel</u>.**  Secure Computing shall inform Finjan whether they intend to rely upon advice of counsel as a defense to willful infringement no later than August 15, 2007.  If Secure Computing elects to rely on advice of counsel as a defense to willful infringement, Secure Computing shall produce any such opinions and related materials on which Secure Computing intends to rely to Finjan no later than August 15, 2007.

4.    ***<u>Markman</u> <u>Claim Construction Hearing</u>.***  A *Markman* claim construction hearing shall be held on July 19, 2007 at 9:30 a.m.  The *Markman* hearing is scheduled for a half day, split evenly between the parties.  The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues.  On or before May 17, 2007, the parties shall submit a Final Joint Claim Chart which shall include citations to intrinsic evidence.  The parties shall exchange opening claim construction briefs on May 24, 2007, and the answering claim construction briefs on June 21, 2007.

5.    **<u>Discovery</u>.**  All fact discovery in this case shall be initiated so that it will be completed on or before September 14, 2007.  Each side will have 100 hours to depose fact witnesses, including Rule 30(b)(6) witnesses.  For any foreign language deposition, every two (2) hours will be counted as one (1) hour for purposes of the hour limitation.  Each side shall be allowed to serve fifty (50) interrogatories, including discrete subparts.

Expert discovery in this case shall be initiated so that it will be completed on or before November 21, 2007.  Expert witnesses may be noticed to be deposed for up to one (1) seven-hour day.  Opening expert reports shall be served no later than October 15, 2007.  Answering expert reports shall be served no later than November 7, 2007.

a.       **Discovery and Scheduling Matters:** Should counsel find they are unable to resolve a discovery or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the teleconference, the parties shall file with the court, via electronic means (CM/ECF), a **joint, non-argumentative** letter agenda not to exceed two (2) pages outlining the issue(s) in dispute. Should the court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

6.       **Confidential Information and Papers filed under Seal.** Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within ten (10) days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

7.       **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a

settlement. If the parties agree that the possibility of settlement may be enhanced by such referral, the parties shall contact United States Magistrate Judge Thynge to schedule a settlement conference with counsel and the clients.

8.    **Summary Judgment Motions.** Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than August 20, 2007. Answering letter briefs shall be no longer than five (5) pages and filed with the Court no later than August 27, 2007. Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before August 31, 2007. The Court shall hold a telephonic Status Conference to hear argument and to determine whether the filing of any motion for summary judgment will be permitted on September 10, 2007 at 2:00 p.m. **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 8.**

9.    **Case Dispositive Motions.** All case dispositive motions and an opening brief and affidavits, if any, in support of the motion shall be served and filed on or before the later of September 24, 2007, or two weeks after the Court renders its decision regarding whether to permit summary judgment motion practice. Briefing will be presented pursuant to the Court's Local Rules, unless the parties agree to an alternative briefing schedule. Any such agreement shall be in writing and filed with the Court for the Court's approval. Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or your request will be denied.

10.    **Applications by Motion.**  Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed, via electronic means (CM/ECF).  Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11.    **Oral Argument.**  If the Court believes that oral argument is necessary, the Court will schedule a hearing pursuant to District of Delaware Local Rule 7.1.4.

12.    **Pretrial Conference.**  On February 6, 2008, beginning at 10:00 a.m., the Court will hold a Pretrial Conference in Chambers with counsel.  Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). Thirty (30) days before the Joint Proposed Pretrial Order is due, Finjan's counsel shall forward to Secure Computing's counsel a draft of the pretrial order containing the information Finjan proposes to include in the draft.  Secure Computing's counsel shall, in turn, provide to Finjan's counsel any comments on Finjan's draft as well as the information Secure Computing proposes to include in the proposed pretrial order. Motions *in limine*: No party shall file more than ten (10) motions *in limine*. Briefs **(opening, answering and reply)** on all motions *in limine* shall be filed by January 7, 2008.  Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages.  The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before January 7, 2008.

14.    **Trial.** This matter is scheduled for a seven (7) day jury trial beginning at 9:00 a.m. on March 3, 2008.

15.    **Scheduling.** The parties shall contact chambers, at (302) 573-6470, only in situations where scheduling relief is sought, and only then when ALL participating counsel is on the line for purposes of selecting a new date.


                        _____

                        The Honorable Gregory M. Sleet

                        United States District Judge

760656