# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation, | ) ) ) | Civil Action No. 06-369 GMS |
| Plaintiff-Counterdefendant, | ) ) |  |
| v. | ) ) |  |
| SECURE COMPUTING CORPORATION, a Delaware corporation, CYBERGUARD, CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100, | ) ) ) ) ) ) |  |
| Defendants-Counterclaimants. | ) ) |  |

## <u>STIPULATED PROTECTIVE ORDER</u>

WHEREAS, discovery in the above entitled litigation may involve the disclosure of confidential trade secret, technical know-how, or other confidential or proprietary research, development, commercial, personal, financial information or information furnished in confidence by a third party (hereinafter individually and collectively referred to as "confidential material") relating to the subject matter of this litigation, regardless of how generated;

WHEREAS, the parties desire to limit the extent of disclosure and use of such confidential material, and to protect such confidential material from unauthorized use and/or further disclosure, and wish to insure that no advantage is gained by any party by the use of such confidential material which could not have been learned had discovery in this litigation has not occurred.

NOW, THEREFORE, IT IS STIPULATED AND AGREED by and between the parties, through their respective counsel, subject to the approval of the Court, that a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure be entered as follows.

IT IS ORDERED THAT:

1.     This Protective Order shall apply to all information, documents, electronic documents, things, discovery responses and testimony designated in good faith as constituting or containing confidential material by parties and non-parties in this litigation.  Any confidential material produced by a party or non-party in this litigation may be designated by such party or non-party as (1) "CONFIDENTIAL" or (2) "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Protective Order.

2.     For the purposes of this Protective Order, confidential material designated as "CONFIDENTIAL" shall be information or tangible things that the producing party believes in good faith  qualifies for protection under standards developed under Rule 26(c) of the Federal Rules of Civil Procedure, including trade secrets or other confidential research, development, commercial or business information.  Absent a specific order by this Court, once designated as "CONFIDENTIAL" such designated confidential material shall be used by the parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

3.     Confidential material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be information that the producing party believes in good faith is extremely sensitive confidential information whose disclosure to another party or non-party would create a substantial adverse impact on the producing party's business, financial condition, ability to compete, standing in the industry or any other risk of injury that could not be

2

avoided by less restrictive means. Such material includes, without limitation, information related to confidential technical or product information not released to the public; future projections, strategies, forecasts, or business plans; company financial information or financial analyses and projections that have not been made public; contractual relationships with third parties; identification of customers and vendors, materials relating to ongoing research and development efforts and future products; technical materials used solely for internal purposes in connection with development, production, engineering, or sales training; source code; and documents relating to the prosecution of patents that have not been issued and contain claims that are not publicly known. Absent a specific order by this Court, once designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," such designated material shall be used by the parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such material shall not be disclosed to anyone except as provided herein.

      4.      Each party or nonparty that designates confidential material for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate and routinized designations are prohibited. The designation of confidential material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for purposes of this Protective Order shall be made in the following manner by the party or non-party seeking protection:

          (a)      in the case of documents, electronic documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, things or other materials (apart from depositions, pretrial or trial testimony): by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as

appropriate, to every page of any document containing confidential material at the time such documents are produced or such information is disclosed, or as soon thereafter as the party or non-party seeking protection becomes aware of the confidential nature of the material disclosed and sought to be protected; and

(b)    in the case of depositions, pretrial and trial testimony: (i) by a statement by counsel on the record during such deposition, pretrial or trial proceeding that the entire transcript or a portion thereof shall be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate, hereunder; or (ii) by written notice of such designation sent by counsel to all parties within twenty (20) calendar days of its receipt of the transcript of the testimony. The parties shall treat all deposition, pretrial and trial testimony as "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY" hereunder until the expiration of twenty (20) calendar days of the receipt of the transcript. Unless so designated, any confidentiality is waived after the expiration of the 20-day period unless otherwise stipulated or ordered. The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court.

If confidential material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is used during the course of a deposition, that portion of the deposition record reflecting such confidential material shall be sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Protective Order.

5.    Confidential material designated as "CONFIDENTIAL," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described,

characterized, or otherwise communicated or made available in whole or in part only to the following persons:

    (a)    Outside counsel for the parties identified as follows:

        (1)    For Plaintiff Finjan Software, Ltd.: Perkins Coie LLP and Potter Anderson & Corroon LLP.

        (2)    For Defendants Secure Computing Corporation, Cyberguard Corporation, and Webwasher AG: Robins, Kaplan, Miller & Ciresi LLP and Richards, Layton & Finger.

        (3)    As used herein, "outside counsel" shall mean attorneys for the respective firms, including supporting personnel employed by the attorneys, such as patent agents, paralegals, legal secretaries, legal clerks, and litigation support employees who are not presently involved in patent prosecution related to the subject matter of this litigation and will not be involved in *ex parte* patent prosecution related to the subject matter of this litigation for three years following disclosure of the confidential material – this shall not preclude the recipient of confidential material from participating in *inter partes* or contested proceedings in a patent office.

    (b)    officers, directors and employees of the parties whose assistance is needed by counsel for the purposes of this litigation;

    (c)    no more than three individuals who serve as in-house counsel of each party where the assistance of that individual is needed by that party's counsel for the purposes of this litigation provided that for each individual provided access to material designated as

"CONFIDENTIAL," or copies or extracts therefrom and compilations and summaries thereof pursuant to this subsection, the party:

(1) provide the identity of the individual to all other parties in writing; and

(2) have the identified confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A. A receiving party's outside counsel shall retain any such executed confidentiality agreements, and they need not be disclosed to the producing party unless the producing party, for good cause, requests a copy of such agreement(s).

(d)    consultants and experts as defined in and pursuant to the provisions of Paragraph 7 herein;

(e)    the Court and those employed by the Court, pursuant to Paragraph 10 herein;

(f)    court reporters, videographers, outside copying, interpreters or translators, employed in connection with this litigation;

(g)    graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this litigation;

(h)    non-technical jury or trial consulting services retained by counsel for a party;

(i)    the author(s) and all recipients of the document or the original source of the information; and

(j)    any other person only upon order of the Court or upon written consent of the party producing the confidential material, subject to and conditioned upon compliance with Paragraph 8 herein.

6.    Confidential material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a)    parties' outside counsel of record in this litigation, as defined in paragraph 5(a) above;

(b)    consultants and experts as defined in and pursuant to the provisions of Paragraph 7 herein;

(c)    the Court and those employed by the Court, pursuant to Paragraph 10 herein;

(d)    court reporters, videographers, outside copying, interpreters or translators, employed in connection with this litigation;

(e)    graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this litigation;

(f)    non-technical jury or trial consulting services retained by counsel for a party;

(g)    any other person only upon order of the Court or upon written consent of the party producing the confidential information or material subject to and conditioned upon compliance with Paragraph 8 herein.

7

7.    For purposes of Paragraphs 5(c) and 6(b) herein, a consultant or expert shall be defined as a person who is neither an employee, agent or representative of a party, nor anticipated to become an employee, agent or representative of a party in the near future, and who is retained or employed to assist in the preparation for trial in this litigation, whether full or part time, by or at the direction of counsel for a party. The procedure for having a consultant or expert approved for access to confidential material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY" shall be as follows:

(a)    Outside counsel for the receiving party shall (i) provide the individual with a copy of this Protective Order, (2) explain its terms, and (3) obtain the individual's written agreement, in the form of Exhibit A hereto, to comply with and be bound by its terms. Within five (5) court days of signing Exhibit A, the receiving party must identify in writing the individual to the producing party and provide the producing party with an executed Exhibit A and a written statement setting forth that person's present residence address, business address, employer, job title, any past or present association with any party, any litigation that the individual has provided any professional services during the preceding five years, and a current curriculum vitae;

(b)    The receiving party that sends the identification specified in the preceding paragraph may disclose confidential material to the identified individual unless, within five (5) court days of delivering the identification, the party receives a written objection, served by facsimile or electronic mail, to the identification, setting forth in detail the grounds on which it is based. If a party receives such an objection, the individual shall be barred from access to the confidential material for a fourteen (14) calendar day period commencing with the receipt by the producing party of a copy of the executed Exhibit A;

(c)    If within that fourteen (14) calendar day period, the parties are unable to resolve their differences and the opposing party moves for a further protective order, then the confidential material shall not be provided to said individual except by further order of the Court. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that might be used to reduce that risk. The party opposing the disclosure to said individual shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the seeking party's need to disclose the confidential material to said individual.

8.    All persons listed in Paragraphs 5(b), 5(f), and 5(g), above, and interpreters or translators referenced in Paragraph 5(e), may be given access to confidential material designated as "CONFIDENTIAL," provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A. Similarly, all persons listed in Paragraphs 6(e) and 6(f) above, and interpreters or translators referenced in Paragraph 6(e), may be given access to confidential material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A.

9.    Any person may be examined as a witness at trial or during a deposition concerning any confidential material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" which that person had lawfully received or authored prior to and apart from this litigation. During examination, any such witness may be

shown confidential material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by a party that appears on its face, or from other documents or testimony, to have been received from or authored by that witness or communicated to that witness. .

10.    Confidential material may be filed with or presented to the Court, or may be included in briefs, memoranda or other papers filed with this Court, but if so, they shall be filed under seal in accordance with the Local Rules of the Court and the United States District Court for the District of Delaware's Administrative Procedures Governing Filing and Service by Electronic Means dated January 2005.

11.    A party may challenge any other party's designation of confidential materials produced herein as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by serving a written objection upon the producing party.  A party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.  In the event that a party challenges in writing, at any time during this litigation, the designation of confidential material, the designating party, shall, within fourteen (14) calendar days of such challenge, substantiate the basis for such designation in writing.  If no substantiation is proffered, the material shall not be deemed designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Protective Order.  If substantiation is offered, the parties shall first try to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the party challenging the claim of confidentiality may seek appropriate relief from the Court.  Each such motion shall identify the challenged material and the basis for the challenge.  Until a dispute over the asserted designation is finally resolved by the parties or the Court, all parties and persons shall treat the

confidential material in question as designated as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY."

     12.    All counsel for the parties who have access to confidential material designated as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under

this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of

this Court for purposes of enforcing this Order.

     13.    Entering into, agreeing to, and/or producing or receiving confidential material

designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY," or otherwise complying with the terms of this Protective Order shall not:

        (a)    waive any right to object on any ground to use in evidence of any of the

confidential material covered by this Protective Order;

        (b)    waive any objection otherwise available to the disclosure or production of

confidential material on any ground not addressed in this Protective Order.

     14.    This Protective Order has no effect upon, and shall not apply to, a party's use or

disclosure of its own confidential material for any purpose. Nothing contained herein shall

impose any restrictions on the use or disclosure by a party of confidential material designated as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" obtained

lawfully by such party independently of any proceedings in this action, or which:

        (a)    was already known to such party by lawful means prior to acquisition

from, or disclosure by, any other party in this action;

        (b)    is or becomes publicly known through no fault or act of such party; or

        (c)    is rightfully received by such party from a third party that has authority to

provide such information or material and without restriction as to disclosure.

15.     If a party inadvertently produces "CONFIDENTIAL" or "HIGHLY
CONFIDENTIAL-ATTORNEYS' EYES ONLY" material without marking it as such, it may be
disclosed to others until the receiving party becomes aware of the error, unless it appears from
the face of the document that it contains non-public, confidential, proprietary, commercially
sensitive, or trade secret information of the producing party. As soon as the receiving party
becomes aware of the inadvertent production, the information must be treated as if it had been
timely designated under this Protective Order, and the receiving party must endeavor in good
faith to obtain all copies of the material that it distributed or disclosed to persons not authorized
to access such information by Paragraphs 5 and 6 above, as well as any copies made by such
persons. If timely corrected, an inadvertent failure to designate confidential material
"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" does not,
standing alone, waive the producing party's right to secure protection under this Protective Order
for such material.

16.     If a party learns that, by inadvertence or otherwise, it has disclosed confidential
material to any person or in any circumstance not authorized under this Protective Order, that
party must immediately (1) notify in writing the designating party of the unauthorized
disclosures, (2) use its best efforts to retrieve all copies of the confidential material, (3) inform
the person or persons to whom unauthorized disclosures were made of all the terms of this Order,
and (4) request such person or persons complete and sign a copy of the undertaking in the form
attached hereto as Exhibit A.

17.     The production of confidential material which are alleged to have been
inadvertently produced and are subject to the attorney client privilege, work product immunity or
other protection from disclosure, shall not constitute a waiver of such privilege. After receiving

12

notice from the producing party that confidential material subject to protection has been inadvertently produced, the receiving party shall not review, copy or disseminate such confidential material. The receiving party shall return such confidential material to the producing party immediately. Return of the confidential material by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned material is, in fact, properly subject to a claim of attorney-client privilege, work product immunity, or other protection from disclosure, nor shall it foreclose any party from moving the Court for an order that such material has been improperly designated or should be discoverable and/or usable in this litigation for reasons other than a waiver caused by the inadvertent production.

18.     It is the present intention of the parties that the provisions of this Protective Order shall govern discovery and other pretrial and trial proceedings in this action. Nonetheless, each of the parties hereto shall be entitled to seek modification of this Protective Order by application to the Court on notice to the other parties hereto for good cause.

19.     The provisions of this Protective Order shall, absent written permission of the producing party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including without limitation any appeals therefrom. Within sixty (60) calendar days after receiving notice of the entry of an order, judgment, or decree finally disposing of this action, including any appeals therefrom, all persons having received confidential material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" hereunder shall return such material and all copies thereof (including summaries and excerpts) to counsel for the producing party, or shall certify destruction thereof. Counsel described in paragraphs 5(a) and 6(a) above shall be entitled to retain court papers, deposition and trial transcripts, and attorney work product (including court

13

papers, transcripts, and attorney work product that contain information or material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") and to one copy of documents produced by the opposing party designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" provided that such counsel, and employees of such counsel, shall not disclose any such information and material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" contained in such court papers, transcripts, attorney work product, or documents to any person or entity except pursuant to a written agreement with the producing party of the information or material. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

20. If any party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this litigation, seeking information or material which was produced or designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by someone other than that party, the party shall give prompt actual written notice no more than five (5) court days of receipt of such subpoena, demand, or legal process, to those who produced or designated the confidential material "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and shall object to its production to the extent permitted by law. Should the person seeking access to the confidential material take action against the party or anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal process, the party shall respond by setting forth the existence of this Protective Order. The designating party shall bear the burdens and the expenses of seeking protection in that court of its

14

confidential material, and nothing in these provisions should be construed as authorizing or encouraging a party in this action to disobey a lawful directive from another court.

21.    The parties agree that all designated documents, information, and material exchanged between the parties and subject to this Protective Order in this action shall be used solely for the prosecution or defense of the claims in this action and shall not be used for any business, commercial, competitive, personal, or other purposes, subject to the other terms of this Protective Order.

22.    Nothing in this Protective Order shall prevent outside or inside counsel from giving legal advice based on information that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" provided such legal advice shall not reveal the substance of any designated information to a person who is not authorized to receive it.

23.    The parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all parties, and any violation of its terms shall be subject to the same sanctions and penalties as if the Protective Order had been entered by the Court.

POTTER ANDERSON & CORROON LLP    RICHARDS LAYTON & FINGER


By: /s/ Philip A. Rovner                By: /s/ Gregory E. Stuhlman
     Philip A. Rovner (#3215)             Frederick L. Cottrell, III (#2555)
     Hercules Plaza                    Gregory E. Stuhlman (#4765)
     P. O. Box 951                      One Rodney Square
     Wilmington, DE  19899             P.O. Box 551
     (302) 984-6000                   Wilmington, DE 19899
     provner@potteranderson.com       (302) 651-7700
                                     cottrell@rlf.com
Attorneys for Plaintiff                 stuhlman@rlf.com
Finjan Software, Ltd.

                                   Attorneys for Defendants
Of Counsel:

                                   Of Counsel:
Paul J. Andre
PERKINS COIE LLP                 Ronald J. Schutz
101 Jefferson Drive              Jake M. Holdreith
Menlo Park, CA 94025-1114      Christopher A. Seidl
(650) 838-4300                  Trevor J. Foster
                                     ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
                                     2800 LaSalle Plaza
                                     800 LaSalle Avenue
                                     Minneapolis, MN 55402
                                     (612) 349-8500


        SO ORDERED, this _____ day of _____, 2006


              _____
              United States District Judge

16

**Exhibit A**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation, | ) ) ) | |
|      Plaintiff-Counterdefendant, | ) ) | Civil Action No. 06-369 GMS |
|           v. | ) ) ) | |
| SECURE COMPUTING CORPORATION, a Delaware corporation, CYBERGUARD, CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100, | ) ) ) ) ) ) | |
|      Defendants-Counterclaimants. | ) | |

## ALLEGIANCE TO PROTECTIVE ORDER

UNDERTAKING OF: _____

    1.    My home address is:

    2.    My present employer is and the address of my present employment is:

    3.    My present occupation or job description is:

    4.    I have received a copy of the Stipulated Protective Order in this litigation.

    5.    I have carefully read and understand the provisions of the Stipulated Protective Order in this litigation.

    6.    I will comply with all of the provisions of the Stipulated Protective Order.

    7.    I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this litigation, in strict compliance with the terms and conditions of the Stipulated Protective Order, any confidential material which

is disclosed to me. I acknowledge that termination of the litigation does not release me from the obligations set out in this paragraph.

       8.      I will return all confidential information which comes into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained in strict accordance with the provisions of the Stipulated Protective Order.

       9.      I hereby submit to the jurisdiction of this Court for the purposes of enforcement of the Stipulated Protective Order in this litigation.

      10.     Any accompanying resume or curriculum vitae is a complete and accurate statement to the best of my knowledge, and I acknowledge that in submitting such resume or curriculum vitae I know that the receiving party shall rely thereon.

      11.     I make the above statements under penalty of perjury.

                    Signature:_____

                    Date:_____