IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation,<br><br>        Plaintiff,<br><br>        v.<br><br>SECURE COMPUTING CORPORATION, a Delaware corporation; CYBERGUARD CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 06-369-GMS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY TO SECURE COMPUTING CORPORATION, CYBERGUARD, AND WEBWASHER AG'S COUNTERCLAIMS; FINJAN SOFTWARE, LTD.'S COUNTERCLAIM FOR DECLARATORY JUDGMENT**

Plaintiff Finjan Software, Ltd. ("Plaintiff" or "Finjan") responds to the counterclaims set forth by Defendants Secure Computing Corporation, Cyberguard Corporation and Webwasher AG (collectively "Secure Computing") in its Answer and Counterclaims to Plaintiff's Amended Complaint for Patent Infringement ("Counterclaims") as follows:

    1. Finjan admits the allegations of Paragraph 48 of the Counterclaims.

    2. Finjan admits the allegations of Paragraph 49 of the Counterclaims.

    3. The allegations in Paragraph 50 are legal conclusions and do not require a responsive pleading. To the extent a response is required, Finjan does not dispute that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and the Federal Declaratory Judgment Act, Title 28, Sections 2201 and 2202 and Finjan does not dispute that personal jurisdiction and venue within this judicial district is proper. Finjan denies any and all other

allegations of Paragraph 50 of the Counterclaims.

## FIRST COUNT
### (Declaratory Judgment of Invalidity, Unenforceability and Non-Infringement)

4. Finjan restates its responses set forth in paragraphs 1 through 3 of this Reply in its entirety.

5. Finjan does not dispute that there is an actual controversy between Finjan and Secure Computing. Finjan denies any and all other allegations of Paragraph 51 of the Counterclaims.

6. Finjan admits it has filed an Amended Complaint against Secure Computing for patent infringement of U.S. Patent No. 6,092,194 ("the '194 Patent"), U.S. Patent No. 6,804,780 ("the '780 Patent"), and U.S. Patent No. 7,058,822 ("the '822 Patent"). The remaining allegations in Paragraph 52 are legal conclusions and do not require a responsive pleading. To the extent a response is required, Finjan does not dispute that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1338(a) and the Federal Declaratory Judgment Act, Title 28, Sections 2201 and 2202 and Finjan does not dispute that personal jurisdiction and venue within this judicial district is proper.

7. Finjan admits that it is the owner of the '194 Patent, the '780 Patent and the '822 Patent. Finjan admits that it alleges Secure Computing infringes the '194 Patent, the '780 Patent and the '822 Patent.

8. Finjan denies any and all allegations of Paragraph 54 of the Counterclaims.

9. Finjan denies any and all allegations of Paragraph 55 of the Counterclaims.

10. Finjan denies any and all allegations of Paragraph 56 of the Counterclaims.

11. Finjan denies any and all allegations of Paragraph 57 of the Counterclaims.

12. Finjan denies any and all allegations of Paragraph 58 of the Counterclaims.

13. Finjan denies any and all allegations of Paragraph 59 of the Counterclaims.

## COUNT TWO
### (Patent Infringement)

14. Finjan restates its responses set forth in paragraphs 1 through 13 of this Reply in its entirety.

15. Finjan admits that U.S. Patent No. 7,185,361 ("the '361 Patent") is entitled "System, Method and Computer Program Product For Authenticating Users Using a Lightweight Directory Access Protocol (LDAP) Directory Server" and shows an issue date of February 27, 2007. Finjan further admits that a copy of the '361 Patent is attached as Exhibit A. Finjan lacks sufficient knowledge to form a belief with respect to the remaining allegations in Paragraph 60 of the Counterclaims. As such, Finjan denies any and all other allegations of Paragraph 60 of the Counterclaims.

16. Finjan admits that U.S. Patent No. 6,357,010 ("the '010 Patent") is entitled "System and Method for Controlling Access to Documents Stored on an Internal Network" and shows an issue date of March 12, 2002. Finjan further admits that a copy of the '010 Patent is attached as Exhibit B. Finjan lacks sufficient knowledge to form a belief with respect to the remaining allegations in Paragraph 61 of the Counterclaims. As such, Finjan denies any and all other allegations of Paragraph 61 of the Counterclaims.

17. Finjan denies any and all allegations of Paragraph 62 of the Counterclaims.

18. Finjan denies any and all allegations of Paragraph 63 of the Counterclaims.

19. Finjan denies any and all allegations of Paragraph 64 of the Counterclaims.

20. Finjan denies any and all allegations of Paragraph 65 of the Counterclaims.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Invalidity of '361 Patent)

Secure Computing's claims are barred, in full or in part, because the claims of the '361 Patent are invalid under 35 U.S.C. §§ 102, 103 and/or 112.

### SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement of the '361 Patent)

Finjan has not and does not infringe, contributorily infringe, or induce the infringement of any valid claim of the '361 Patent either by literal infringement or infringement under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity of '010 Patent)

Secure Computing's claims are barred, in full or in part, because the claims of the '010 Patent are invalid under 35 U.S.C. §§ 102, 103 and/or 112.

### FOURTH AFFIRMATIVE DEFENSE
### (Non-Infringement of the '010 Patent)

Finjan has not and does not infringe, contributorily infringe, or induce the infringement of any valid claim of the '010 Patent either by literal infringement or infringement under the doctrine of equivalents.

### FIFTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

Secure Computing's claims are barred under the doctrine of prosecution history estoppel.

## SIXTH AFFIRMATIVE DEFENSE
(Other Defenses)

Finjan reserves the right to assert additional affirmative defenses that may be revealed during or after discovery.

## FINJAN'S COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Finjan's Counterclaims against Secure Computing ("Finjan's Counterclaims") are alleged as follows:

1. Plaintiff Finjan is a corporation organized and existing under the laws of Israel, with its principal place of business located at Hamachshev St. 1, New Industrial Area, Netanya, 42504, Israel.

2. Defendant Secure Computing is a corporation organized and existing under the laws of the State of Delaware, with its corporate headquarters at 4810 Harwood Road, San Jose, California 95124.

3. These Counterclaims arise under the Patent Act, 35 U.S.C. §1, *et seq.* and the Declaratory Judgment Act arising under 28 U.S.C. §§ 2201-2202. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

4. Venue in this judicial district is proper under 28 U.S.C. §§ 1391 (b) and (c) and/or 28 U.S.C. § 1400(b). Personal jurisdiction over Secure Computing comports with the United States Constitution and § 3104 of the Delaware Code because Secure Computing is a Delaware corporation and/or has responded to Finjan's patent infringement lawsuit and/or by filing a patent infringement claim against Finjan.

## FIRST COUNT
### (Declaratory Judgment of Non-Infringement of the '361 Patent)

5. Finjan restates its responses set forth in Paragraphs 1 through 4 of Finjan's Counterclaims, inclusive, and incorporates them herein by reference.

6. As a result of its claim for patent infringement of the '361 Patent, there is an actual and legal controversy between Finjan and Secure Computing.

7. Finjan has not and does not infringe, contributorily infringe, or induce the infringement of any valid claim of the '361 Patent either by literal infringement or infringement under the doctrine of equivalents.

8. Finjan is therefore entitled to a judicial determination and declaration that its products do not infringe any valid claim of the '361 Patent.

## SECOND COUNT
### (Declaratory Judgment of Invalidity of the '361 Patent)

9. Finjan restates its responses set forth in Paragraphs 1 through 8 of Finjan's Counterclaims, inclusive, and incorporates them herein by reference.

10. As a result of its claim for patent infringement of the '361 Patent, there is an actual and legal controversy between Finjan and Secure Computing regarding the validity of the '361 Patent.

11. At least one or more claims of the '361 Patent are invalid for failure to comply with one or more requirements of the patent laws of the United States, particularly 35 U.S.C. §§ 102, 103 and/or 112.

12. Finjan is therefore entitled to a judgment declaring that the '361 Patent is invalid.

## THIRD COUNT
### (Declaratory Judgment of Non-Infringement of the '010 Patent)

13. Finjan restates its responses set forth in Paragraphs 1 through 12 of Finjan's Counterclaims, inclusive, and incorporates them herein by reference.

14. As a result of its claim for patent infringement of the '010 Patent, there is an actual and legal controversy between Finjan and Secure Computing.

15. Finjan has not and does not infringe, contributorily infringe, or induce the infringement of any valid claim of the '010 Patent either by literal infringement or infringement under the doctrine of equivalents.

16. Finjan is therefore entitled to a judicial determination and declaration that its products do not infringe any valid claim of the '010 Patent.

## FOURTH COUNT
### (Declaratory Judgment of Invalidity of the '010 Patent)

17. Finjan restates its responses set forth in Paragraphs 1 through 16 of Finjan's Counterclaims, inclusive, and incorporates them herein by reference.

18. As a result of its claim for patent infringement of the '010 Patent, there is an actual and legal controversy between Finjan and Secure Computing regarding the validity of the '010 Patent.

19. At least one or more claims of the '010 Patent are invalid for failure to comply with one or more requirements of the patent laws of the United States, particularly 35 U.S.C. §§ 102, 103 and/or 112.

20. Finjan is therefore entitled to a judgment declaring that the '010 Patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Finjan prays that the Court grant the following relief and judgment:

A. Deny Secure Computing any relief whatsoever on its Counterclaims, including Paragraphs A through N of its Prayer for Relief, and that its Counterclaims be dismissed with prejudice;

B. Declare that Finjan's products do not infringe, and have not infringed, any valid claim of the '361 Patent;

C. Declare that the '361 and '010 Patents are invalid;

D. Declare that Finjan's products do not infringe, and have not infringed, any valid claim of the '361 and '010 Patents;

E. Enjoin Secure Computing, their officers, agents, employees, representatives, counsel and all parties acting in concert with them, permanently and during the pendency of this action, from directly and indirectly asserting or charging that Finjan's products infringe the '361 Patent and the '010 Patent;

F. Declare that this is an exceptional case under 35 U.S.C. § 285, and rendering an award to Finjan of its reasonable attorneys' fees, expenses and costs;

G. Award Finjan any and all pre-judgment and post-judgment interest to which it is entitled; and

H. Grant Finjan such other and further relief as this Court deems just and proper.

-9-

OF COUNSEL:

Paul J. Andre
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, California 94025-1114
(650) 838-4300

Dated: May 4, 2007
793453

POTTER ANDERSON & CORROON LLP

By: _____
Philip A. Rovner (#3215)
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

Attorneys for Plaintiff
Finjan Software, Ltd.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on May 4, 2007, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Frederick L. Cottrell, III, Esq.
Gregory E. Stuhlman, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
cottrell@rlf.com; stuhlman@rlf.com

I hereby certify that on May 4, 2007 I have sent by Federal Express and E-mail the foregoing document to the following non-registered participants:

Jake M. Holdreith, Esq.
Christopher A. Seidl, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
jmholdreith@rkmc.com; caseidl@rkmc.com

Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com