IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C. A. No. 06-369 GMS |
| SECURE COMPUTING CORPORATION, a Delaware corporation; CYBERGUARD CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100, | ) ) ) ) ) ) | **DEMAND FOR JURY TRIAL** |
| Defendants. | ) ) | |

## REPLY TO FINJAN SOFTWARE, LTD.'S
## COUNTERCLAIM FOR DECLARATORY JUDGMENT

Secure Computing Corporation, Cyberguard Corporation, and Webwasher AG ("Secure Computing") respond to the counterclaims set forth by Finjan Software, Ltd. ("Finjan") in its Counterclaim for Declaratory Judgment ("Counterclaims") as follows:

1.      Secure Computing lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Counterclaims and therefore denies the same.

2.      Secure Computing admits the allegations of paragraph 2 of the Counterclaims.

3.      The allegations in paragraph 3 are legal conclusions and do not require a responsive pleading. To the extent a response is required, Secure Computing admits that jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338. Secure Computing denies any and all other allegations of paragraph 3 of the Counterclaims.

4.    The allegations in paragraph 4 are legal conclusions and do not require a responsive pleading.  To the extent a response is required, Secure Computing admits that venue is proper under 28 U.S.C. §§ 1391(b) and (c) and/or under 28 U.S.C. § 1400(b) and that personal jurisdiction is proper over Secure Computing.  Secure Computing denies any allegations that Secure Computing has and continues to infringe, contributorily infringe and/or induce infringement of any Finjan patent.  Secure Computing denies any and all other allegations of paragraph 4 of the Counterclaims.

**FIRST COUNT**
**(Declaratory Judgment of Non-Infringement of the '361 Patent)**

5.    Secure Computing admits that in paragraph 5 of the Counterclaims Finjan re-alleges the allegations set forth in paragraphs 1 through 4 in the Counterclaims and in response to paragraph 5 of the Counterclaims, Secure Computing restates and incorporates by reference its answers to paragraphs 1 through 4 and denies any allegation not expressly admitted.

6.    Secure Computing admits that Secure Computing Corporation owns the '361 patent and claims that Finjan infringes the '361 patent and that there is an actual controversy between Secure Computing and Finjan.  Secure Computing denies any and all other allegations of paragraph 6 of the Counterclaims.

7.    Secure Computing denies the allegations of paragraph 7 of the Counterclaims.

8.    Secure Computing denies the allegations of paragraph 8 of the Counterclaims.

**SECOND COUNT**
**(Declaratory Judgment of Invalidity of the '361 Patent)**

9.    Secure Computing admits that in paragraph 9 of the Counterclaims Finjan re-alleges the allegations set forth in paragraphs 1 through 8 in the Counterclaims and in response to

RLF1-3155939-1

paragraph 9 of the Counterclaims, Secure Computing restates and incorporates by reference its answers to paragraphs 1 through 8 and denies any allegation not expressly admitted.

10.     Secure Computing admits that Secure Computing Corporation owns the '361 patent and claims that Finjan infringes the '361 patent and that there is an actual controversy between Secure Computing and Finjan. Secure Computing denies any and all other allegations of paragraph 10 of the Counterclaims.

11.     Secure Computing denies the allegations of paragraph 11 of the Counterclaims.

12.     Secure Computing denies the allegations of paragraph 12 of the Counterclaims.

**THIRD COUNT**
**(Declaratory Judgment of Non-Infringement of the '010 Patent)**

13.     Secure Computing admits that in paragraph 13 of the Counterclaims Finjan re-alleges the allegations set forth in paragraphs 1 through 12 in the Counterclaims and in response to paragraph 13 of the Counterclaims, Secure Computing restates and incorporates by reference its answers to paragraphs 1 through 12 and denies any allegation not expressly admitted.

14.     Secure Computing admits that Secure Computing Corporation owns the '010 patent and claims that Finjan infringes the '010 patent and that there is an actual controversy between Secure Computing and Finjan. Secure Computing denies any and all other allegations of paragraph 14 of the Counterclaims.

15.     Secure Computing denies the allegations of paragraph 15 of the Counterclaims.

16.     Secure Computing denies the allegations of paragraph 16 of the Counterclaims.

**FOURTH COUNT**
**(Declaratory Judgment of Invalidity of the '010 Patent)**

17.     Secure Computing admits that in paragraph 17 of the Counterclaims Finjan re-alleges the allegations set forth in paragraphs 1 through 16 in the Counterclaims and in response

- 3 -

to paragraph 17 of the Counterclaims, Secure Computing restates and incorporates by reference its answers to paragraphs 1 through 16 and denies any allegation not expressly admitted.

18.     Secure Computing admits that Secure Computing Corporation owns the '010 patent and claims that Finjan infringes the '010 patent and that there is an actual controversy between Secure Computing and Finjan. Secure Computing denies any and all other allegations of paragraph 18 of the Counterclaims.

19.     Secure Computing denies the allegations of paragraph 19 of the Counterclaims.

20.     Secure Computing denies the allegations of paragraph 20 of the Counterclaims.

## GENERAL DENIAL

Secure Computing denies each and every allegation, matter or thing contained in the Counterclaims which is not expressly admitted, qualified or answered herein.

## AFFIRMATIVE DEFENSES

Finjan's Counterclaims fail to state a claim upon which relief can be granted.

## PRAYER FOR RELIEF

WHEREFORE, Secure Computing denies that Finjan is entitled to any judgment or relief in Finjan's favor, including the relief in paragraphs A through H of the Prayer for Relief in Finjan's Counterclaims, and prays for judgment in Secure Computing's favor as follows:

A.     That Finjan's Counterclaims be dismissed with prejudice,

B.     That Secure Computing be awarded its costs, disbursements, and attorneys' fees incurred in connection with Finjan's Counterclaims; and,

C.     That Secure Computing be awarded such other and further relief as the Court deems just, equitable, and proper.

- 4 -

## DEMAND FOR JURY TRIAL

Secure Computing hereby demands a trial by jury on all issues triable by jury.

*Kelly E. Farnan*

Fredrick L. Cottrell, III (#2555)
cottrell@rlf.com
Kelly E. Farnan (#4395)
farnan@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys For Defendants*

OF COUNSEL:

Ronald J. Schutz
Jake M. Holdreith
Christopher A. Seidl
Trevor J. Foster
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

Dated:  May 24, 2007

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 24, 2007, I electronically filed the foregoing with the Clerk of Court using CM/ECF and caused the same to be served on the defendant at the addresses and in the manner indicated below:

### HAND DELIVERY

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street,
Hercules Plaza, 6th Floor
Wilmington, DE 19899-0951

I further certify that on May 24, 2007, the foregoing document was sent to the following non-registered participants in the manner indicated:

### FEDERAL EXPRESS

Rory J. Radding
Colette A. Reiner
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10101-0050

*Kelly E. Farnan*

Kelly E. Farnan (#4395)

RLF1-3155985-1