IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation,<br><br>   Plaintiff-Counterdefendant,<br><br>  v.<br><br>SECURE COMPUTING CORPORATION, a Delaware corporation; CYBERGUARD CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100,<br><br>   Defendants-Counterclaimants. | )<br>)<br>)<br>)<br>)<br>) C. A. NO. 06-369 GMS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### SECURE COMPUTING'S NOTICE OF DEPOSITION AND SUBPOENA DUCES TECUM TO NIMROD VERED

PLEASE TAKE NOTICE that pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure and the subpoena attached as Exhibit A, Defendants-Counterclaimants Secure Computing Corporation, Cyberguard Corporation, and Webwasher AG ("Secure Computing") will take the deposition upon oral examination of Nimrod Vered, commencing July 11, 2007 at 9:00 a.m. and continuing from day to day thereafter, excluding weekends and holidays, until completed, at the Law Offices of Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801. The deposition will be recorded by a videographer and a certified court reporter.

PLEASE TAKE FURTHER NOTICE that Nimrod Vered is required, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure and the subpoena attached as Exhibit A, to produce and permit the inspection and copying of all documents and other tangible things described in Attachment A to the Subpoena of Nimrod Vered on June 25,2007 at the law offices

RLF1-3166420-1

of Robins, Kaplan, Miller & Ciresi L.L.P., 800 LaSalle Ave., 2800 LaSalle Plaza, Minneapolis, MN 55402.

OF COUNSEL:

Ronald J. Schutz
Jake M. Holdreith
Christopher A. Seidl
Trevor J. Foster
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

/s/ Kelly E. Farnan
Fredrick L. Cottrell, III (#2555)
cottrell@rlf.com
Kelly E. Farnan (#4395)
farnan@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys For Defendants*

Dated: June 18, 2007

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 18, 2007, I electronically filed the foregoing with the Clerk of Court using CM/ECF and caused the same to be served on the defendant at the addresses and in the manner indicated below:

**HAND DELIVERY**

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street,
Hercules Plaza, 6th Floor
Wilmington, DE 19899-0951

I further certify that on June 18, 2007, the foregoing document was sent to the following non-registered participants in the manner indicated:

**FEDERAL EXPRESS**

Paul J. Andre
Radhika Tandon
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114

*Kelly E. Farnan*
Kelly E. Farnan (#4395)

RLF1-3155985-1

# EXHIBIT A

AO 88 (Rev. 11/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FINJAN SOFTWARE, LTD.,

    Plaintiff-counterdefendant,

V.

SECURE COMPUTING CORPORATION et. al.,

    Defendants-counterclaimants.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 06-00369 GMS
District of Delaware

TO:    Nimrod Itzhak Vered,
        c/o James Hannah
        Perkins Coie LLP
        101 Jefferson Drive
        Menlo Park, CA 94025-1114

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Law Offices of Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware 19801 | **July 11, 2007**<br>9:00 a.m.<br>(unless otherwise agreed) |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): *See Attachment A.*

| PLACE | DATE AND TIME |
|---|---|
| Robins, Kaplan, Miller & Ciresi L.L.P.<br>800 LaSalle Ave., 2800 LaSalle Plaza<br>Minneapolis, MN 55402 | **June 25, 2007** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature], Counsel for Secure Computing | 6-8-07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Christopher Seidl, Robins, Kaplan, Miller & Ciresi L.L.P.
800 LaSalle Ave., 2800 LaSalle Plaza, Minneapolis, MN 55402, 612-349-8468

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 11/91) (Subpoena in a Civil Case)

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| | |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                      DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B)( iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

MP3 20222897.1

## ATTACHMENT "A" TO SUBPOENA OF NIMROD ITZHAK VERED.

Pursuant to Federal Rules of Civil Procedure 26, 34, and 45, you are requested to produce the following documents:

### INSTRUCTIONS

1.  You should respond to each and every request separately and fully unless it is objected to, in which event the reason for all objections shall be specifically and separately stated.

2.  In producing documents, provide all documents known or available to you.

3.  Electronic documents must be produced in an intelligible format together with a description of the system from which it was derived sufficient to permit rendering of the materials intelligible.

4.  If any document or thing is withheld under a claim of privilege, furnish a list identifying each such document by production number together with the following information:

   a.  The date of such document or thing;

   b.  The place at which such document or thing was created and the medium involved;

   c.  The identity of each person who has custody or control of the document or thing;

   d.  The name, title, position, and contact information of every recipient of the original or any copy of the document or thing;

   e.  The number of pages in any document and any attachments, or a full and complete description of any thing;

f.  The identity of each person involved, together with his or her job title at the time of creation of the document or thing;

g.  The subject matter of the document or thing;

h.  The basis on which the privilege is claimed; and

i.  Whether any non-privileged matter is contained within the document or thing;

j.  The precise location of any redactions if the document or thing is redacted;

## DEFINITIONS

The following definitions are applicable to the terms used in this Schedule A.

1.  The term "document" or "documents" means the "original" or a "duplicate" as those terms are defined in Rule 1001 of the Federal Rules of Evidence and/or Rule 34 of the Federal Rules of Civil Procedure, and includes, but is not limited to, any e-mail transmission, book, pamphlet, letter, memorandum, correspondence, telegram, report, record, file, note, agreement, working paper, guideline, draft, chart, paper, diary, minutes or resolution of meetings or other written, recorded, printed, or electronic material which is in your possession, custody, or control or to which you have, have had, or can obtain access. The term "document" or "documents" also includes any photograph, picture, film, audio recording, video recording, tape, videotapes, CDs, DVDs, data compilation or computer record, however produced or reproduced.

2.  The term "communications" means, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer or exchange of information of any nature whatsoever, by or to whomever, whether oral or written or whether face-to-face, by telephone, mail, personal delivers or otherwise, including, but not limited to, letters, correspondence,

conversations, memoranda, dialogue, discussions, meetings, interviews, consultations, agreements and other understandings.

3. The term "person" means any individual, corporation, firm, partnership, governmental body, incorporated or unincorporated association, or other legal or commercial entity. The acts and knowledge of a "person" as used herein are defined to embrace acts and knowledge of directors, employees, officers, directors, agents, representatives, consultants, agents, or other persons (including attorneys) acting for or on behalf of the "person." The masculine includes the feminine and vice versa; and the singular includes the plural and vice versa.

4. The term "intellectual property" as used herein includes, but is not limited to, discoveries, inventions, U.S. patents, foreign patents, U.S. patent applications, and foreign patent applications.

5. The phrase "prior art for any intellectual property" as used herein means preexisting intellectual property that concerns or deals with a similar, analogous, or related technical subject matter.

6. The phrase "referring or relating to" as used herein includes, but is not limited to, the following meanings (in whole or in part): referring to, relating to, concerning, evidencing, respecting, constituting, regarding, mentioning, reflecting, involving, discussing, describing, responding to, bearing upon, in connection with, identifying, pertaining to, or is in any way logically or factually relevant to the matter described in the request.

7. The term "Finjan" means Finjan Software, Ltd., as well as any and all predecessors, successors, subsidiaries, divisions, assigns, parent corporations, and affiliates thereof, and all

past or present directors, officers, agents, employees, consultants, representatives, and others acting for or on any or all of their behalves.

8. The name "Secure Computing" means Secure Computing Corp., CyberGuard Corp., Webwasher AG, CipherTrust, Inc., as well as any and all predecessors, successors, subsidiaries, divisions, assigns, parent corporations, and affiliates thereof, and all past or present directors, officers, agents, employees, consultants, representatives, and others acting for or on any or all of their behalves.

9. The "Finjan patents in suit" refers to U.S. Patent Nos. 6,092,194, 6,804,780, and 7,058,822.

## REQUESTS FOR DOCUMENTS

**Document Request No. 1:**

Produce all documents referring or relating to Finjan intellectual property for protecting a computer or network, including but not limited to documents relating to the following patents and any related applications, continuations, or continuations-in-part: U.S. Patent No. 6,092,194 ("'194 patent"), U.S. Patent No. 6,804,780 ("'780 patent"), U.S. Patent No. 7,058,822 ("'822 patent"), U.S. Patent No. 6,965,968 ("'968 patent"), U.S. Patent No. 6,480,962 ("'962 patent"), U.S. Patent No. 6,167,520 ("'520 patent"), and U.S. Patent No. 6,154,844 ("'844 patent).

**Document Request No. 2:**

Produce all documents relating to prior art for any Finjan intellectual property for protecting a computer or network, including but not limited to the inventions claimed in the patents identified in Request No. 1 above.

**Document Request No. 3:**

Produce all documents (including but not limited to lab notebooks) referring or relating to the conception, development, reduction to practice, or best mode of practicing any Finjan intellectual property for protecting a computer or network.

**Document Request No. 4:**

Produce all documents referring or relating to the structure, design, or operation of any Finjan intellectual property for protecting a computer or network.

**Document Request No. 5:**

Produce all documents referring or relating to any Finjan product incorporating the technology of any of the inventions claimed in the patents identified in Request No. 1 above.

**Document Request No. 6:**

Produce all documents referring or relating to ownership, assignment, or licensing of Finjan intellectual property for protecting a computer or network, including but not limited to the inventions claimed in the patents identified in Request No. 1 above.

**Document Request No. 7:**

Produce all documents referring or relating to the rights to manufacture or design products incorporating Finjan intellectual property for protecting a computer or network, including but not limited to the inventions claimed in the patents identified in Request No. 1 above.

**Document Request No. 8:**

Produce all documents relating to any agreements, licenses, or contracts between you and Finjan.

**Document Request No. 9:**

Produce all documents referring or relating to the transfer of intellectual property or any rights under such intellectual property identified in Request No. 1.

**Document Request No. 10:**

Produce all documents referring or relating to the current litigation between Finjan and Secure Computing.

**Document Request No. 11:**

Produce all documents that reflect any fact relating to the first sale or offer for sale of the system, method, apparatus, or device allegedly covered by one or more claims of one or more of the Finjan patents in suit.

**Document Request No. 12:**

Produce all documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention(s) in the Finjan patents in suit prior to May 17, 2001.

**Document Request No. 13:**

Produce all documents that reflect any fact relating to the testing or operation of any method, apparatus, system or device incorporating the alleged invention disclosed in the Finjan patents in suit.

**Document Request No. 14:**

Produce all documents and things that reflect any fact relating to displays or presentations by Finjan or you at trade shows or any other public disclosure of the systems, methods, or apparatus allegedly claimed in the patent in suit.

**Document Request No. 15:**

Produce all documents obtained in the course of any patentability and/or validity searches or studies and in the course of any infringement investigations, searches or studies of the Finjan patents in suit or any foreign counterparts, including any copies of patents, publications or other prior art.

**Document Request No. 16:**

Produce all documents referring or relating to Secure Computing.

**Document Request No. 17:**

Produce all documents referring or relating to your affiliation and/or employment with Finjan, including but not limited to any agreements, license agreements, assignments, and contracts between you and Finjan, as well as your employee file.