IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation,<br><br>Plaintiff-Counterdefendant,<br><br>v.<br><br>SECURE COMPUTING CORPORATION, a Delaware corporation; CYBERGUARD CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100,<br><br>Defendants-Counterclaimants. | )<br>)<br>)<br>)<br>)<br>)  C. A. No. 06-369 GMS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' NOTICE OF DEPOSITION OF
FINJAN SOFTWARE, LTD. PURSUANT TO FED.R.CIV.P. 30(b)(6)**

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants-counterclaimants Secure Computing Corporation, Cyberguard Corporation and Webwasher AG ("Secure Computing") will take the deposition, upon oral examination, of the person or persons designated to testify on behalf of Plaintiff-counterdefendant Finjan Software, Ltd. ("Finjan") regarding the subject matters set forth in Schedule A.

The deposition will commence on July 24, 2007, at 9:30 a.m. at the law offices of Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, or at a time and place agreed upon by the parties. The deposition will be taken before a notary public or other officer authorized to administer an oath and will continue from day to day until concluded, or may be continued until completed at a future date or dates.

PLEASE TAKE FURTHER NOTICE, pursuant to Fed.R.Civ.P. 30(b)(2), the deposition will be videotaped and/or recorded stenographically.

*Kelly E. Farnan* (signature)

Fredrick L. Cottrell, III (#2555)
cottrell@rlf.com
Kelly E. Farnan (#4395)
farnan@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys for Defendants Secure Computing Corporation, Cyberguard Corporation and Webwasher AG*

OF COUNSEL:

Ronald J. Schutz
Jake M. Holdreith
Christopher A. Seidl
Trevor J. Foster
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

Dated: June 29, 2007

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 29, 2007, I electronically filed the foregoing with the Clerk of Court using CM/ECF and caused the same to be served on the defendant at the addresses and in the manner indicated below:

**HAND DELIVERY**

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street,
Hercules Plaza, 6th Floor
Wilmington, DE 19899-0951

I further certify that on June 29, 2007, the foregoing document was sent to the following non-registered participants in the manner indicated:

**FEDERAL EXPRESS**

Paul J. Andre
Radhika Tandon
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114

Kelly E. Farnan (#4395)

**EXHIBIT A**

SCHEDULE A TO NOTICE OF DEPOSITION OF
FINJAN SOFTWARE, LTD. PURSUANT TO FED.R.CIV.P. 30(b)(6)

DEFINITIONS

The following definitions are applicable to the terms used in this Schedule A.

1.      The term "document" or "documents" means the "original" or a "duplicate" as those terms are defined in Rule 1001 of the Federal Rules of Evidence and/or Rule 34 of the Federal Rules of Civil Procedure, and includes, but is not limited to, any e-mail transmission, book, pamphlet, letter, memorandum, correspondence, telegram, report, record, file, note, agreement, working paper, guideline, draft, chart, paper, diary, minutes or resolution of meetings or other written, recorded, printed, or electronic material which is in your possession, custody, or control or to which you have, have had, or can obtain access. The term "document" or "documents" also includes any photograph, picture, film, audio recording, video recording, tape, videotapes, CDs, DVDs, data compilation or computer record, however produced or reproduced.

2.      The term "communications" means, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer or exchange of information of any nature whatsoever, by or to whomever, whether oral or written or whether face-to-face, by telephone, mail, personal delivers or otherwise, including, but not limited to, letters, correspondence, conversations, memoranda, dialogue, discussions, meetings, interviews, consultations, agreements and other understandings.

3.      The term "person" means any individual, corporation, firm, partnership, governmental body, incorporated or unincorporated association, or other legal or commercial entity. The acts and knowledge of a "person" as used herein are defined to embrace acts and knowledge of directors, employees, officers, directors, agents, representatives, consultants, agents, or other persons (including attorneys) acting for or on behalf of the "person." The

masculine includes the feminine and vice versa; and the singular includes the plural and vice versa.

4. The term "intellectual property" as used herein includes, but is not limited to, discoveries, inventions, U.S. patents, foreign patents, U.S. patent applications, and foreign patent applications.

5. The phrase "prior art for any intellectual property" as used herein means preexisting intellectual property that concerns or deals with a similar, analogous, or related technical subject matter.

6. The phrase "referring or relating to" as used herein includes, but is not limited to, the following meanings (in whole or in part): referring to, relating to, concerning, evidencing, respecting, constituting, regarding, mentioning, reflecting, involving, discussing, describing, responding to, bearing upon, in connection with, identifying, pertaining to, or is in any way logically or factually relevant to the matter described in the request.

7. The term "Finjan" means Finjan Software, Ltd., as well as any and all predecessors, successors, subsidiaries, divisions, assigns, parent corporations, and affiliates thereof, and all past or present directors, officers, agents, employees, consultants, representatives, and others acting for or on any or all of their behalves.

8. The name "Secure Computing" means Secure Computing Corp., CyberGuard Corp., Webwasher AG, CipherTrust, Inc., as well as any and all predecessors, successors, subsidiaries, divisions, assigns, parent corporations, and affiliates thereof, and all past or present directors, officers, agents, employees, consultants, representatives, and others acting for or on any or all of their behalves.

9. The "Finjan patents in suit" refers to U.S. Patent Nos. 6,092,194, 6,804,780, and 7,058,822, the applications leading to these patents, and any related patent or patent application, including any WIPO, EPO, or other foreign counterpart application or patent, any continuations, continuations in part, division, reissues, reexaminations, extensions, or parents thereof.

10. The term "Finjan Security Products" means each and every product developed, designed, manufactured, distributed, advertised, marketed, sold, and/or offered for sale by you for protecting a computer, computer network, or digital information, including but not limited to: Vital Security Internet 1Box appliances, Vital Security for Documents (aka Finjan Mirage), SurfinShield, SurfinGuard, SurfinBoard, SurfinGate, and all Vital Security web appliances including but not limited to Vital Security NG-1100, Vital Security NG-5100, Vital Security 5300, and Vital Security NG-8100.

11. The term "'361 Patent" refers to U.S. Patent No. 7,185,361, the application leading to this patent, and any related patent application.

12. The term "'010 Patent" refers to U.S. Patent No. 6,357,010, the application leading to this patent, and any related patent application.

13. The "Action" refers to the lawsuit filed in the District of Delaware entitled Finjan Software, Ltd. v. Secure Computing Corporation, Cyberguard Corporation, Webwasher AG, and Does 1 through 100, Civil Action No. 06-369 GMS.

## DEPOSITION TOPICS

1. Past and current corporate and organizational structure of Finjan, from 1996 to the present.

2. Conception, design, structure, development, operation and features of the Finjan Security Products.

3. Finjan's marketing and marketing strategies relating to marketing, licensing, and selling Finjan Security Products.

4. The operation, maintenance, support, instructions, and consulting services provided by Finjan to its customers relating to Finjan Security Products.

5. Finjan's knowledge of Secure Computing and the '010 Patent and/or the '361 Patent.

6. The market and competition relating to Finjan Security Products.

7. Assessment by Finjan of the value of Finjan's technology and/or intellectual property relating to Finjan Security Products, including but not limited to market and intellectual property analysis.

8. Assessment by Finjan of the value of Secure Computing's technology and/or intellectual property.

9. Licensing of any Finjan Security Products by Finjan at any time and licensing of any Finjan intellectual property by Finjan.

10. Past, current, and projected sales, revenues, gross profits and net profits generated from the Finjan Security Products from the date of first sale.

11. Third party legal claims and assertions against Finjan that relate to the Finjan Security Products.

12. With respect to each claim of the Finjan patents in suit, the alleged conception, reasonable diligence toward reduction to practice, and first actual reduction to practice of the subject matter defined by each claim.

13. Factual basis for Finjan's allegation that Secure Computing has and continues to infringe, directly, contributorily and by inducement, the claims of the Finjan patents in suit.

14. Finjan's alleged ownership of the Finjan patents in suit.

15. Finjan's relationship, affiliation, association, or connection to or with Microsoft, Inc., including but not limited to, any formal or informal agreement or arrangement Finjan has with Microsoft, Inc. relating to any intellectual property, including any of the Finjan patents in suit.

16. Communications between Finjan and Secure Computing relating to the Action.

17. The facts associated with Finjan's investigation relating to Finjan's infringement allegations against Secure Computing's IronMail product.

18. Communications between Finjan and Shlomo Touboul relating to the Action.

19. The factual bases for Finjan's responses to Secure Computing's interrogatories.