IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation, | ) ) | |
| Plaintiff-Counterdefendant, | ) ) | |
| v. | ) ) | Civil Action No. 06-00369 GMS |
| SECURE COMPUTING CORPORATION, a Delaware corporation; CYBERGUARD CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100, | ) ) ) ) ) ) | |
| Defendants-Counterclaimants. | ) | |

## SECURE COMPUTING'S UNOPPOSED MOTION FOR ISSUANCE OF A LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)

Defendants-counterclaimants Secure Computing Corporation, Cyberguard Corporation, and Webwasher AG ("Secure Computing") hereby move this Court for an issuance of a Letter of Request, attached to this motion as Exhibit A, seeking assistance from the appropriate judicial authority in Israel in procuring testimony and documents from Shlomo Touboul ("Mr. Touboul"), for use at the trial in this action. This motion is made pursuant to Rule 28(b) of the Federal Rules of Civil Procedure. Plaintiff-counterdefendant Finjan Software, Ltd. ("Finjan") does not oppose this motion.

A proposed Order is attached hereto as Exhibit B.

OF COUNSEL:
Ronald J. Schutz
Jake M. Holdreith
Christopher A. Seidl
Trevor J. Foster
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

Dated: July 10, 2007

*Kelly E. Farnan*

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Kelly E. Farnan (#4395)
farnan@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys for Defendants Secure Computing Corporation, Cyberguard Corporation and Webwasher AG*

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1.1

The undersigned hereby certifies that counsel for Defendants Secure Computing Corporation, Cyberguard Corporation and Webwasher AG has conferred with counsel for Plaintiff Finjan Software, Ltd. regarding the attached motion and has been advised that Finjan does not oppose the motion.

*Kelly E. Farnan*
_____
Kelly E. Farnan (#4395)
Farnan@rlf.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 10, 2007, I electronically filed the foregoing with the Clerk of Court using CM/ECF and caused the same to be served on the defendant at the addresses and in the manner indicated below:

### HAND DELIVERY

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street,
Hercules Plaza, 6th Floor
Wilmington, DE  19899-0951

I further certify that on July 10, 2007, the foregoing document was sent to the following non-registered participants in the manner indicated:

### FEDERAL EXPRESS

Paul J. Andre
Radhika Tandon
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA  94025-1114

Kelly E. Farnan

Kelly E. Farnan (#4395)

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation, | ) ) ) | |
| Plaintiff-Counterdefendant, | ) ) | Civil Action No. 06-00369 GMS |
| v. | ) ) | |
| SECURE COMPUTING CORPORATION, a Delaware corporation; CYBERGUARD CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100, | ) ) ) ) ) ) | |
| Defendants-Counterclaimants. | ) | |

### LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)

**FROM:**   **THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

**TO:**   **THE APPROPRIATE JUDICIAL AUTHORITY IN ISRAEL**

The United States District Court for the District of Delaware presents its compliments to you and requests your assistance in the following manner:

### INTRODUCTION

1.    This letter requests international judicial assistance in obtaining the production of documents and oral testimony in a civil proceeding now pending in the United States District Court for the District of Delaware as Docket No. 06-00369 between Defendants-Counterclaimants Secure Computing Corporation, Cyberguard Corporation, and Webwasher AG ("Secure Computing") and Plaintiff-Counterdefendant Finjan Software, Ltd. ("Finjan"). This action is governed by the federal laws of the United States. The United States District Court for the District of Delaware is a competent court of law and equity, located in the city of Wilmington, State of Delaware, United States. The Honorable Gregory M. Sleet presides over

this matter. Trial in this matter is currently scheduled to take place in March 2008. Fact discovery is currently scheduled to be completed by September 14, 2007; and

2.      Secure Computing is represented in the United States by Ron Schutz, Jake Holdreith, Christopher Seidl, and Trevor Foster of the law firm of Robins, Kaplan, Miller & Ciresi L.L.P., 2800 LaSalle Plaza, 800 LaSalle Avenue, Minneapolis, Minnesota 55402 and Frederick L. Cottrell, III of the law firm of Richards Layton & Finger, One Rodney Square, P.O. Box 551, Wilmington, DE 19899. Secure Computing, and the officers of the Court to be appointed to carry out the necessary actions in Israel, will be represented in Israel by Orrin Persky of the law firm of E.S. Shimron, I. Molho, Persky & Co.; and

3.      Finjan is represented by Paul J. Andre of the law firm of Perkins Coie, 101 Jefferson Drive, Menlo Park, California 94025 and Philip A. Rovner of the law firm of Potter Anderson & Corroon LLP, 1313 North Market Street, Hercules Plaza, Sixth Floor, P.O. Box 951, Wilmington, DE 19801; and

4.      This Court requests the assistance described herein as necessary in the interests of justice. The assistance requested is that the appropriate judicial authority of Israel compel the production of documents and things in the custody and/or control of the below-named individual and, after a sufficient time to allow the review of such documents but no earlier than 14 days after the production of such documents, the appearance of the below named individual for oral deposition:

Shlomo Touboul<br/>
Kefar Haim 26<br/>
Kefar Haim 42945, ISRAEL<br/>
Telephone Number +972-54-4227780

5.      This Court further requests that the Ministry of Justice in Israel appoint a Judge to hear the requested oral deposition. Pursuant to the laws of the Hague Convention, Defendants-

2

counterclaimants in the above-captioned action have been appointed as "officers of the Court" and are hereby authorized to ask questions of Mr. Touboul, gather documents from Mr. Touboul, and transport documents of Mr. Touboul and his representatives in accordance with the Federal Rules of Civil Procedure and 22 C.F.R. § 92.56. Counsel who will participate include the named counsel in paragraphs 2 and 3 above. In addition, the foresaid counsel for the Defendants-counterclaimants, as "officers of the Court" shall appoint one or more qualified stenographer(s), videographer(s), and/or translators(s) to record and translate the oral deposition; and,

## FACTS

6.    In this lawsuit, Finjan asserts that Secure Computing infringes U.S. Patent 6,092,194 ("the '194 patent"), U.S. Patent 7,058,822 ("the '822 patent"), and U.S. Patent 6,804,780 ("the '780 patent"). Secure Computing denies Finjan's allegations on various grounds, including that the '194 patent is invalid, unenforceable, and not infringed, and that the '822 and '780 patents are invalid and not infringed; and,

7.    Secure Computing asserts that Finjan's Vital Security web appliances, including Vital Security Internet 1Box™, NG-1100, NG-5100, and NG-8100 products, infringe Secure Computing's U.S. Patent 7,185,361 ("the '361 patent") and Finjan's Vital Security products, including the Vital Security™ for Documents (aka Finjan Mirage) product, infringe Secure Computing's U.S. Patent 6,357,010 ("the '010 patent"); and,

8.    Mr. Touboul has highly relevant information related to this lawsuit and his testimony and documents are important for Secure Computing to be able to prosecute its claims against Finjan and defend itself against Finjan's claims and are needed for use at trial in this action; and,

9.    Mr. Touboul was the founder of Finjan and is Finjan's former CEO. As CEO, Touboul was Finjan's most senior corporate officer and responsible for the day to day business

3

activities of the company. As the founder and former CEO, Mr. Touboul has knowledge and possession of documents related to Finjan's infringement claims and Secure Computing's infringement claims, including but not limited to Finjan's development, manufacture, marketing, and sales of the Finjan accused products; and,

10.    Mr. Touboul is also the named inventor on the '194 and '780 patents. Mr. Touboul is not named as an inventor on the face of the '822 patent, however, Finjan has filed a Request to Correct Inventorship adding Mr. Touboul as an inventor of the '822 patent. As the named inventor of the '194 patent and '780 patent, and alleged inventor of the '822 patent, Mr. Touboul has knowledge and possession of documents related to Finjan's infringement claims and Secure Computing's defenses, including the alleged validity and enforceability of the patents and the scope of the inventions; and,

11.    It has been shown to this Court that it appears necessary for the purposes of justice that Mr. Touboul, within your jurisdiction, be examined there and be required to produce, for inspection and copying sufficiently in advance of the deposition but no later than 14 days prior to the deposition, and to authenticate documents within his possession, power, custody, or control as enumerated in Annex A hereto; and,

12.    Secure Computing attempted to obtain this evidence through informal means. In particular, Secure Computing requested that Finjan's counsel accept service on behalf of Mr. Touboul. Mr. Touboul did not authorize this arrangement. Secure Computing also attempted to contact Mr. Touboul informally by letter and was unsuccessful in gaining Mr. Touboul's voluntary appearance for deposition and production of documents. Therefore, Secure Computing cannot obtain evidence from Mr. Touboul other than by means of this Letter of Request; and,

13.    Mr. Touboul resides in Kefar-Haim, Israel, and is therefore not subject to the process of the United States District Court for the District of Delaware. The documents listed in Annex A to this Letter of Request and the testimony sought from Mr. Touboul is evidence that would be subject to subpoena by Secure Computing if Mr. Touboul were subject to the processes of the United States District Court for the District of Delaware; and,

14.    Other than by means of this Letter of Request, there is no way through which evidence can be obtained from Mr. Touboul. As a result, the testimony and documents requested cannot reasonably be obtained without the assistance of appropriate judicial authority in Israel; and,

15.    This Court is authorized by Rule 28(b) of the Federal Rules of Civil Procedure to issue this Letter of Request to the appropriate judicial authority in Israel, requesting assistance in this matter; and

### REQUEST FOR ASSISTANCE

16.    You are requested, in furtherance of justice, to cause Mr. Touboul, who is in your jurisdiction, to appear before a duly authorized and appointed Judge at the Israeli Magistrates Court of Jerusalem, as determined by the Israeli Authorities, on a date prior to September 14, 2007, by the means ordinarily used in your jurisdiction to secure attendance to answer questions related to the subject matter listed in Annex B hereto, under oath or affirmation upon oral deposition, such deposition to continue from day to day until completed, and to produce, at least 14 days prior to deposition, the documents within his possession, control or power enumerated in Annex A hereto and incorporated by reference; and

17.    You are further requested to cause this deposition to be reduced to writing and certified by the Court, and cause said deposition, with all exhibits marked and attested, to be returned to us under cover duly sealed and addressed to the Clerk of the United States District

Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Room 4324, Lockbox 19, Wilmington, DE 19801, United States; and

18.    You are further requested to permit the deposition to be conducted in accordance with the United States Federal Rules of Evidence and Federal Rules of Civil Procedure, which are applicable rules in this Court; and

19.    You are further requested to conduct the deposition, to the extent possible, in the English language; and

20.    You are further requested to permit the examination and all proceedings thereto to be taken and recorded by a court-appointed transcriber and to be videotaped in its entirety.

This Court expresses its appreciation to you for your courtesy and assistance in this matter and states that it shall be ready and willing to do the same for you in a similar matter when required.

Dated: _____         BY THE COURT:

                                        _____
                                        Honorable Gregory M. Sleet
                                        United States District Court
                                        District of Delaware

I certify that the foregoing is an official document of the United States District Court for the District of Delaware to which the Seal of the Court has been applied.

                                        _____
                                        Clerk of Court

6

**A**

## ANNEX A

You are requested to produce the following documents:

## INSTRUCTIONS

1.      You should respond to each and every request separately and fully unless it is objected to, in which event the reason for all objections shall be specifically and separately stated.

2.      In producing documents, provide all documents known or available to you.

3.      Electronic documents must be produced in an intelligible format together with a description of the system from which it was derived sufficient to permit rendering of the materials intelligible.

4.      If any document or thing is withheld under a claim of privilege, furnish a list identifying each such document by production number together with the following information:

        a.      The date of such document or thing;

        b.      The place at which such document or thing was created and the medium involved;

        c.      The identity of each person who has custody or control of the document or thing;

        d.      The name, title, position, and contact information of every recipient of the original or any copy of the document or thing;

        e.      The number of pages in any document and any attachments, or a full and complete description of any thing;

        f.      The identity of each person involved, together with his or her job title at the time of creation of the document or thing;

g.    The subject matter of the document or thing;

h.    The basis on which the privilege is claimed; and

i.    Whether any non-privileged matter is contained within the document or thing;

j.    The precise location of any redactions if the document or thing is redacted;

## DEFINITIONS

The following definitions are applicable to the terms used in this Schedule A.

1.    The term "document" or "documents" means the "original" or a "duplicate" as those terms are defined in Rule 1001 of the Federal Rules of Evidence and/or Rule 34 of the Federal Rules of Civil Procedure, and includes, but is not limited to, any e-mail transmission, book, pamphlet, letter, memorandum, correspondence, telegram, report, record, file, note, agreement, working paper, guideline, draft, chart, paper, diary, minutes or resolution of meetings or other written, recorded, printed, or electronic material which is in your possession, custody, or control or to which you have, have had, or can obtain access. The term "document" or "documents" also includes any photograph, picture, film, audio recording, video recording, tape, videotapes, CDs, DVDs, data compilation or computer record, however produced or reproduced.

2.    The term "communications" means, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer or exchange of information of any nature whatsoever, by or to whomever, whether oral or written or whether face-to-face, by telephone, mail, personal delivery or otherwise, including, but not limited to, letters, correspondence, conversations, memoranda, dialogue, discussions, meetings, interviews, consultations, agreements and other understandings.

- 2 -

3.    The term "person" means any individual, corporation, firm, partnership, governmental body, incorporated or unincorporated association, or other legal or commercial entity. The acts and knowledge of a "person" as used herein are defined to embrace acts and knowledge of directors, employees, officers, directors, agents, representatives, consultants, agents, or other persons (including attorneys) acting for or on behalf of the "person." The masculine includes the feminine and vice versa; and the singular includes the plural and vice versa.

4.    The term "intellectual property" as used herein includes, but is not limited to, discoveries, inventions, U.S. patents, foreign patents, U.S. patent applications, and foreign patent applications.

5.    The phrase "prior art for any intellectual property" as used herein means preexisting intellectual property that concerns or deals with a similar, analogous, or related technical subject matter.

6.    The phrase "referring or relating to" as used herein includes, but is not limited to, the following meanings (in whole or in part): referring to, relating to, concerning, evidencing, respecting, constituting, regarding, mentioning, reflecting, involving, discussing, describing, responding to, bearing upon, in connection with, identifying, pertaining to, or is in any way logically or factually relevant to the matter described in the request.

7.    The term "Finjan" means Finjan Software, Ltd., as well as any and all predecessors, successors, subsidiaries, divisions, assigns, parent corporations, and affiliates thereof, and all past or present directors, officers, agents, employees, consultants, representatives, and others acting for or on any or all of their behalves.

- 3 -

8.     The name "Secure Computing" means Secure Computing Corp., CyberGuard Corp., Webwasher AG, CipherTrust, Inc., as well as any and all predecessors, successors, subsidiaries, divisions, assigns, parent corporations, and affiliates thereof, and all past or present directors, officers, agents, employees, consultants, representatives, and others acting for or on any or all of their behalves.

9.     The "Finjan patents in suit" refers to U.S. Patent Nos. 6,092,194, 6,804,780, and 7,058,822.

10.     The term "Finjan Security Products" means each and every product developed, designed, manufactured, distributed, advertised, marketed, sold, and offered for sale by Finjan or by you for protecting a computer, computer network, or digital information, including but not limited to: Vital Security Internet 1Box appliances, Vital Security for Documents (aka Finjan Mirage), SurfinShield, SurfinGuard, SurfinBoard, SurfinGate, and all Vital Security web appliances including but not limited to Vital Security NG-1100, Vital Security NG-5100, Vital Security 5300, and Vital Security NG-8100.

11.     The term "'361 Patent" refers to  U.S. Patent No. 7,185,361, the application leading to this patent, and any related patent application.

12.     The term "'010 Patent" refers to U.S. Patent No  6,357,010, the application leading to this patent, and any related patent application.

## REQUESTS FOR DOCUMENTS

### Document Request No. 1:

Produce all documents referring or relating to Finjan intellectual property for protecting a computer or network, including but not limited to documents relating to the following patents and any related applications, continuations, or continuations-in-part: U.S. Patent No. 6,092,194

- 4 -

("'194 patent"), U.S. Patent No. 6,804,780 ("'780 patent"), U.S. Patent No. 7,058,822 ("'822 patent"), U.S. Patent No. 6,965,968 ("'968 patent"), U.S. Patent No. 6,480,962 ("'962 patent"), U.S. Patent No. 6,167,520 ("'520 patent"), and U.S. Patent No. 6,154,844 ("'844 patent).

**Document Request No. 2:**

Produce all documents relating to prior art for any Finjan intellectual property for protecting a computer or network, including but not limited to the inventions claimed in the patents identified in Request No. 1 above.

**Document Request No. 3:**

Produce all documents (including but not limited to lab notebooks) referring or relating to the conception, development, reduction to practice, or best mode of practicing any Finjan intellectual property for protecting a computer or network.

**Document Request No. 4:**

Produce all documents referring or relating to the structure, design, or operation of any Finjan intellectual property for protecting a computer or network.

**Document Request No. 5:**

Produce all documents referring or relating to any Finjan product incorporating the technology of any of the inventions claimed in the patents identified in Request No. 1 above.

**Document Request No. 6:**

Produce all documents referring or relating to ownership, assignment, or licensing of Finjan intellectual property for protecting a computer or network, including but not limited to the inventions claimed in the patents identified in Request No. 1 above.

**Document Request No. 7:**

Produce all documents referring or relating to the rights to manufacture or design products incorporating Finjan intellectual property for protecting a computer or network, including but not limited to the inventions claimed in the patents identified in Request No. 1 above.

**Document Request No. 8:**

Produce all documents relating to any agreements, licenses, or contracts between you and Finjan.

**Document Request No. 9:**

Produce all documents referring or relating to the transfer of intellectual property or any rights under such intellectual property identified in Request No. 1.

**Document Request No. 10:**

Produce all documents referring or relating to the current litigation between Finjan and Secure Computing.

**Document Request No. 11:**

Produce all documents that reflect any fact relating to the first sale or offer for sale of the system, method, apparatus, or device allegedly covered by one or more claims of one or more of the Finjan patents in suit.

**Document Request No. 12:**

Produce all documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other

- 6 -

manner of providing to a third party, or sale of or offer to sell, the claimed invention(s) in 6,092,194 prior to November 6, 1997.

**Document Request No. 13:**

Produce all documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention(s) of U.S. Patent No. 6,804,780 prior to March 30, 2000.

**Document Request No. 14:**

Produce all documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention(s) of U.S. Patent No. 7,058,822 prior to May 17, 2001.

**Document Request No. 15:**

Produce all documents that reflect any fact relating to the testing or operation of any method, apparatus, system or device incorporating the alleged invention disclosed in the Finjan patents in suit.

**Document Request No. 16:**

Produce all documents and things that reflect any fact relating to displays or presentations by Finjan or you at trade shows or any other public disclosure of the systems, methods, or apparatus allegedly claimed in the patents in suit, or in any of them.

**Document Request No. 17:**

Produce all documents obtained in the course of any patentability and/or validity searches or studies and in the course of any infringement investigations, searches or studies of the Finjan patents in suit or any foreign counterparts, including any copies of patents, publications or other prior art.

**Document Request No. 18:**

Produce all documents referring or relating to Secure Computing.

**Document Request No. 19:**

Produce all documents referring or relating to your affiliation and/or employment with Finjan, including but not limited to any agreements, license agreements, assignments, and contracts between you and Finjan, as well as your employee file.

**Document Request No. 20:**

Produce all documents and communications that relate to the costs of the Finjan Security Products from the date of first sale to the present.

**Document Request No. 21:**

Produce all documents, technical documents, and communications that relate to the design, development, structure, performance, and operation of the Finjan Security Products.

**Document Request No. 22:**

Produce all documents, technical documents, and communications that relate to the first sale of the Finjan Security Products.

**Document Request No. 23:**

Produce all documents that relate to complaints by consumers and customers regarding the Finjan Security Products.

RLF1-3176271-1

**Document Request No. 24:**

Produce all documents and communications that relate to the '361 Patent and/or the '010 Patent.

**Document Request No. 25:**

Produce all documents and communications that relate to your knowledge of the '361 Patent and/or the '010 Patent.

**Document Request No. 26:**

Produce all documents and communications that relate to the validity or any alleged invalidity of the '361 Patent and/or the '010 Patent, including any analysis or legal opinion made by you or on your behalf.

**Document Request No. 27:**

Produce all documents and communications that relate to the infringement or any alleged non-infringement of the '361 Patent and/or the '010 Patent, including any analysis or legal opinion made by you or on your behalf.

**Document Request No. 28:**

Produce all documents and communications that relate to the scope of the '361 Patent and/or the '010 Patent, including any analysis or legal opinion made by you or a person on your behalf.

**Document Request No. 29:**

Produce all documents and communications that you have identified as prior art to the '361 Patent and/or the '010 Patent.

**Document Request No. 30:**

Produce all documents and communications that relate to any meeting during which the '361 Patent and/or the '010 Patent were referred to or discussed.

**Document Request No. 31:**

Produce all documents and communications that relate to any alleged non-infringing alternatives to any of the claims of the '361 Patent and/or the '010 Patent.

**Document Request No. 32:**

Produce all documents and communications that relate to any efforts made or contemplated by you or Finjan to avoid the infringement of the '361 Patent and/or the '010 Patent.

**Document Request No. 33:**

Produce all documents and communications relating to any prior art searches relating to the '361 Patent and/or the '010 Patent conducted by you or on your behalf.

**Document Request No. 34:**

Produce all documents and communications that relate to your document retention policies.

**Document Request No. 35:**

Produce all opinions of counsel relating to the '361 Patent and/or the '010 Patent.

**Document Request No. 36:**

Produce all prior art to the Finjan patents in suit.

**Document Request No. 37:**

a)      Produce any and all documents and/or information found and/or found at one time, in your possession and/or under your control, and/or under the control of any person/s acting on your behalf, that should reasonably be viewed to be material and/or of importance to this discovery and/or to any of the Finjan patents in suit, including but not limited to, any judicial documents, affidavits and relevant correspondences.

b)      Produce any and all documentation and/or information, in the event that following the disclosure of the materials requested hereinabove:

        (i)      any additional documentation and/or information come to light and/or are produced;

        (ii)     any disclosed documentation and/or information changes or alters;

        (iii)    any new development which could materially affect the disclosure, or any other activity which would reasonably be viewed to be of importance to this disclosure.

- 11 -

**B**

## ANNEX B

The witness will be asked questions related to the following topics:

### DEFINITIONS

The following definitions are applicable to the terms used in this Annex B.

      1.     The term "document" or "documents" means the "original" or a "duplicate" as those terms are defined in Rule 1001 of the Federal Rules of Evidence and/or Rule 34 of the Federal Rules of Civil Procedure, and includes, but is not limited to, any e-mail transmission, book, pamphlet, letter, memorandum, correspondence, telegram, report, record, file, note, agreement, working paper, guideline, draft, chart, paper, diary, minutes or resolution of meetings or other written, recorded, printed, or electronic material which is in your possession, custody, or control or to which you have, have had, or can obtain access. The term "document" or "documents" also includes any photograph, picture, film, audio recording, video recording, tape, videotapes, CDs, DVDs, data compilation or computer record, however produced or reproduced.

      2.     The term "communications" means, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer or exchange of information of any nature whatsoever, by or to whomever, whether oral or written or whether face-to-face, by telephone, mail, personal delivers or otherwise, including, but not limited to, letters, correspondence, conversations, memoranda, dialogue, discussions, meetings, interviews, consultations, agreements and other understandings.

      3.     The term "person" means any individual, corporation, firm, partnership, governmental body, incorporated or unincorporated association, or other legal or commercial entity. The acts and knowledge of a "person" as used herein are defined to embrace acts and knowledge of directors, employees, officers, directors, agents, representatives, consultants,

1

agents, or other persons (including attorneys) acting for or on behalf of the "person." The masculine includes the feminine and vice versa; and the singular includes the plural and vice versa.

4. The term "intellectual property" as used herein includes, but is not limited to, discoveries, inventions, U.S. patents, foreign patents, U.S. patent applications, and foreign patent applications.

5. The phrase "prior art for any intellectual property" as used herein means preexisting intellectual property that concerns or deals with a similar, analogous, or related technical subject matter.

6. The phrase "referring or relating to" as used herein includes, but is not limited to, the following meanings (in whole or in part): referring to, relating to, concerning, evidencing, respecting, constituting, regarding, mentioning, reflecting, involving, discussing, describing, responding to, bearing upon, in connection with, identifying, pertaining to, or is in any way logically or factually relevant to the matter described in the request.

7. The term "Finjan" means Finjan Software, Ltd., as well as any and all predecessors, successors, subsidiaries, divisions, assigns, parent corporations, and affiliates thereof, and all past or present directors, officers, agents, employees, consultants, representatives, and others acting for or on any or all of their behalves.

8. The name "Secure Computing" means Secure Computing Corp., CyberGuard Corp., Webwasher AG, CipherTrust, Inc., as well as any and all predecessors, successors, subsidiaries, divisions, assigns, parent corporations, and affiliates thereof, and all past or present directors, officers, agents, employees, consultants, representatives, and others acting for or on any or all of their behalves.

2

9.     The "Finjan patents in suit" refers to U.S. Patent Nos. 6,092,194, 6,804,780, and 7,058,822, the applications leading to these patents, and any related patent or patent application, including any WIPO, EPO, or other foreign counterpart application or patent, any continuations, continuations in part, division, reissues, reexaminations, extensions, or parents thereof.

10.    The term "Finjan Security Products" means each and every product developed, designed, manufactured, distributed, advertised, marketed, sold, and/or offered for sale by you for protecting a computer, computer network, or digital information, including but not limited to: Vital Security Internet 1Box appliances, Vital Security for Documents (aka Finjan Mirage), SurfinShield, SurfinGuard, SurfinBoard, SurfinGate, and all Vital Security web appliances including but not limited to Vital Security NG-1100, Vital Security NG-5100, Vital Security 5300, and Vital Security NG-8100.

11.    The term "'361 Patent" refers to  U.S. Patent No. 7,185,361, the application leading to this patent, and any related patent application.

12.    The term "'010 Patent" refers to U.S. Patent No. 6,357,010, the application leading to this patent, and any related patent application.

13.    The "Action" refers to the lawsuit filed in the District of Delaware entitled Finjan Software, Ltd. v. Secure Computing Corporation, Cyberguard Corporation, Webwasher AG, and Does 1 through 100, Civil Action No. 06-369 GMS.

## TOPICS

1.     Your professional experience, including but not limited to former and current employment, all author and co-authored publications and educational experience.

2.     Past and current corporate and organizational structure of Finjan, from 1996 to the present.

3.      Conception, design, structure, development, operation and features of the Finjan Security Products.

4.      Finjan's marketing and marketing strategies relating to marketing, licensing, and selling Finjan Security Products.

5.      The operation, maintenance, support, instructions, and consulting services provided by Finjan to its customers relating to Finjan Security Products.

6.      Finjan's and/or your knowledge of Secure Computing and the '010 Patent and/or the '361 Patent.

7.      The market and competition relating to Finjan Security Products.

8.      Assessment by Finjan of the value of Finjan's technology and/or intellectual property relating to Finjan Security Products, including but not limited to market and intellectual property analysis.

9.      Assessment by Finjan of the value of Secure Computing's technology and/or intellectual property.

10.     Licensing of any Finjan Security Products by Finjan at any time and licensing of any Finjan intellectual property by Finjan.

11.     Past, current, and projected sales, revenues, gross profits and net profits generated from the Finjan Security Products from the date of first sale.

12.     With respect to each claim of the Finjan patents in suit, the alleged conception, reasonable diligence toward reduction to practice, and first actual reduction to practice of the subject matter defined by each claim

13.     Finjan's alleged ownership of the Finjan patents in suit.

14.     The Finjan patents in suit.

4

15.     The prosecution of the Finjan patents in suit.

16.     Prior art to the Finjan patents in suit.

17.     Finjan's relationship, affiliation, association, or connection to or with Microsoft, Inc., including but not limited to, any formal or informal agreement or arrangement Finjan has with Microsoft, Inc. relating to any intellectual property, including any of the Finjan patents in suit.

18.     Communications between Finjan and Secure Computing relating to the Action

19.     Communications between you and Finjan relating to the Action.

20.     The documents produced by you in response to Secure Computing's document requests in Annex A.

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation, | ) ) ) | |
| Plaintiff-Counterdefendant, | ) ) | Civil Action No. 06-00369 GMS |
| v. | ) ) ) | |
| SECURE COMPUTING CORPORATION, a Delaware corporation; CYBERGUARD CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100, | ) ) ) ) ) ) | |
| Defendants-Counterclaimants. | ) | |

**[PROPOSED] ORDER GRANTING
MOTION FOR ISSUANCE OF LETTER OF REQUEST**

This matter having been opened to the Court by Defendants-Counterclaimants Secure

Computing Corporation, Cyberguard Corporation, and Webwasher AG, upon a motion for an

issuance of a Letter of Request seeking the assistance of the appropriate judicial authority in

Israel in procuring testimony and documents from Shlomo Touboul, for use at the trial in this

action, and the Court having considered all papers submitted in support of the motion, HEREBY

ORDERS THAT:

The Letter of Request, attached hereto, be issued to the appropriate judicial authority in

Israel requesting assistance of that Court, as explained in the Letter of Request.

_____
Honorable Gregory M. Sleet
United States District Court
District of Delaware