IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation,<br><br>   Plaintiff-Counterdefendant,<br><br>   v.<br><br>SECURE COMPUTING CORPORATION, a Delaware corporation, CYBERGUARD, CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100,<br><br>   Defendants-Counterclaimants. | C. A. No. 06-369 GMS |

**PLAINTIFF FINJAN SOFTWARE, LTD.'S SUPPLEMENTAL NOTICE OF TAKING DEPOSITION OF DEFENDANTS SECURE COMPUTING CORPORATION, CYBERGUARD CORPORATION, AND WEBWASHER AG PURSUANT TO FED.R.CIV.P. 30(b)(6)**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Finjan Software, Ltd. ("Finjan") will take the deposition, upon oral examination, of the person or persons designated to testify on behalf of Defendants Secure Computing Corporation, Cyberguard Corporation, and Webwasher AG (collectively, "Defendants") regarding the subject matters set forth in Schedule A.

The deposition will commence on August 20, 2007, at 9:30 a.m. at Potter Anderson Corroon LLP, Hercules Plaza, 1313 North Market Street, 6th Floor, Wilmington, Delaware, 19801 or at a time and place agreed upon by the parties. The deposition will be taken before a notary public or other officer authorized to administer an oath and will continue from day to day until concluded, or may be continued until completed at a future date or dates.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to Fed.R.Civ.P. 30(b)(2), the deposition will be videotaped and/or recorded stenographically.

|  |  |
|---|---|
|  | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL |  |
| Paul J. Andre<br>Perkins Coie LLP<br>101 Jefferson Drive<br>Menlo Park, CA  94025-1114<br>(650) 838-4300 | By: /s/ Philip A. Rovner<br>       Philip A. Rovner (#3215)<br>       Hercules Plaza<br>       P. O. Box 951<br>       Wilmington, DE  19899<br>       (302) 984-6000<br>       provner@potteranderson.com |
| Dated:  July 12, 2007<br>806785 | Attorneys for Plaintiff Finjan Software, Ltd. |

## SCHEDULE A

## DEFINITIONS

1.  The term "Finjan" shall mean Plaintiff Finjan Software, Ltd.

2.  The terms "you," "your" or "Defendants" shall mean Defendant Secure Computing Corporation, Cyberguard, Corporation, and Webwasher AG, collectively, and for each entity, its present and former directors, officers, employees, parent organization(s), subsidiary organization(s), predecessors in interest, successors in interest, divisions, servants, agents, attorneys, consultants, partners, associates, investigators, representatives, accountants, financial advisors, distributors and any other person acting on its behalf, pursuant to its authority or subject to its control.

3.  The term "Secure Computing" shall mean Defendant Secure Computing Corporation.

4.  The term "Cyberguard" shall mean Defendant Cyberguard Corporation.

5.  The term "Webwasher" shall mean Defendant Webwasher AG.

6.  The term "Action" refers to the lawsuit filed in the United States District Court, District of Delaware, on June 5, 2006, styled *Finjan Software, Ltd. v. Secure Computing Corporation, Cyberguard Corporation, Webwasher AG, and Does 1 through 100*, Civil Action No. 06-00369 GMS.

7.  The term "'194 Patent" shall mean United States Patent No. 6,092,194 entitled "System and Method for Protecting a Computing and a Network from Hostile Downloadables," the application leading to this patent, and any related patent application, including any WIPO, EPO, or other foreign counterpart application or patents, any continuations, continuations in part, division, reissues, reexaminations, extensions or parents thereof.

8. The term "'780 Patent" shall mean United States Patent No. 6,804,780 entitled "System and Method for Protecting a Computing and a Network from Hostile Downloadables," the application leading to this patent, and any related patent application, including any WIPO, EPO, or other foreign counterpart application or patents, any continuations, continuations in part, division, reissues, reexaminations, extensions or parents thereof.

9. The term "'822 Patent" shall mean United States Patent No. 7,058,822 entitled "Malicious Mobile Code Runtime Monitoring System and Methods," the application leading to this patent, and any related patent application, including any WIPO, EPO, or other foreign counterpart application or patents, any continuations, continuations in part, division, reissues, reexaminations, extensions or parents thereof.

10. The term "Patents-in-Suit" shall mean the '194 Patent, the '780 Patent and the '822 Patent.

11. The term "SCM Product" shall mean the product advertised or marketed by Defendants as "Webwasher Secure Content Management (SCM) Suite."

12. The term "Behavior-Based Security Products" shall mean each and every product developed, designed, manufactured, distributed, advertised, marketed, sold, and offered for sale by Defendants as a behavior-based security solution for a Web gateway, messaging gateway, and network gateway, including, but not limited to, Proactive Scanning, SmartFilter, IronMail E-Mail Gateway Security Appliance, IronIM Instant Messaging Gateway Security Appliance, IronNet Multi-Protocol Policy and Compliance Gateway Security Appliance, SnapGear, Sidewinder G2 Security Appliance, and CyberGuard TSP Security Appliance.

13. The term "'010 Patent" shall mean United States Patent No. 6,357,010 entitled "System and Method for Controlling Access to Documents Stored on an Internal Network," the

application leading to this patent, and any related patent application, including any WIPO, EPO, or other foreign counterpart application or patents, any continuations, continuations in part, division, reissues, reexaminations, extensions or parents thereof.

14. The term "'361 Patent" shall mean United States Patent No. 7,185,361 entitled "System, Method and Computer Program Product for Authenticating Users Using a Lightweight Directory Access Protocol (LDAP) Directory Server," the application leading to this patent, and any related patent application, including any WIPO, EPO, or other foreign counterpart application or patents, any continuations, continuations in part, division, reissues, reexaminations, extensions or parents thereof.

15. The term "communication" shall mean every manner or method of disclosure, transfer or exchange of information, whether orally or by document, and whether face to face, by telephone, mail, e-mail, facsimile, personal delivery, or through another medium, and shall include, but is not limited to, discussions, conversations, negotiations, conferences, meetings, speeches, memoranda, letters, correspondence, notes and statements or questions.

16. The terms "relating to," "relate to," "refer to," and "referring to" shall mean, but are not limited to, referring to, alluding to, responding to, concerning, connected with, commenting on, in respect of, about, regarding, discussing, showing, identifying, describing, mentioning, reflecting, analyzing, comprising, constituting, evidencing, supporting, refuting, contradicting, memorializing, and pertaining to.

17. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make all relevant responses to be inclusive rather than exclusive. The singular of any word or phrase shall include the plural of such word or phrase. The term "any" shall mean "any and all" and the term "any" shall mean "any and all."

## DEPOSITION TOPICS

1. Conception, design, structure, development, operation and features of the SCM Product and Behavior-Based Security Products.

2. Communications within Secure Computing, Cyberguard and Webwasher, with each other and/or with any third parties that relate to Finjan, the Patents-in-Suit, and/or the Action.

3. Secure Computing, Cyberguard and Webwasher's knowledge of Finjan and/or the Patents-in-Suit.

4. Acquisition of Webwasher by Cyberguard.

5. Acquisition of Cyberguard by Secure Computing.

6. Corporate and organizational structure of Secure Computing, Webwasher and Cyberguard prior to and subsequent to each of the acquisitions set forth in Topic Nos. 4 and 5.

7. Competitive landscape relating to SCM and Behavior-Based Security Products prior to and subsequent to each of the acquisitions set forth in Topic Nos. 4 and 5.

8. Assessment by Secure Computing of the value of Webwasher and/or Cyberguard's technology and/or intellectual property relating to their SCM Product and Behavior-Based Security Products prior to each of the acquisitions set forth in Topic Nos. 4 and 5, including but not limited to market and intellectual property analysis.

9. Assessment of the value of Secure Computing's technology and/or intellectual property relating to its SCM Product and/or Behavior-Based Security Products prior to and subsequent to each of the acquisitions set forth in Topic Nos. 4 and 5, including but not limited to market and intellectual property analysis.

10. Assessment by Secure Computing, Cyberguard and Webwasher of the value of Finjan's technology and/or intellectual property at any time.

11. Factual basis for the alleged invalidity and unenforceability of the Patents-in-Suit by Secure Computing, including but not limited to identification of all potentially invalidating prior art.

12. Factual basis for the alleged non-infringement of the Patents-in-Suit by Defendants.

13. Licensing of any of the SCM Product and Behavior-Based Security Products by the Defendants at any time.

14. Third party legal claims and assertions against the Defendants that relate to the SCM Product or Behavior-Based Security Products.

15. Sales, revenue, gross profits and net profits generated from the SCM Product and Behavior-Based Security Products from the date of first sale to the present.

16. Any basis for a good faith belief that Defendants do not willfully infringe the Patents-in-Suit.

17. Factual basis for the alleged infringement of the '010 and '361 Patents by Finjan.

18. Process which lead to the conception and reduction to practice of the '010 and '361 Patents.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on July 12, 2007, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Frederick L. Cottrell, III, Esq.
Kelly E. Farnan, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
cottrell@rlf.com; farnan@rlf.com

I hereby certify that on July 12, 2007 I have sent by E-mail the foregoing document to the following non-registered participants:

Jake M. Holdreith, Esq.
Christopher A. Seidl, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
jmholdreith@rkmc.com; caseidl@rkmc.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com