IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation, | ) ) ) | |
| Plaintiff-Counterdefendant, | ) ) | Civil Action No. 06-00369 GMS |
| v. | ) ) ) | |
| SECURE COMPUTING CORPORATION, a Delaware corporation; CYBERGUARD CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100, | ) ) ) ) ) ) | |
| Defendants-Counterclaimants. | ) | |

### [PROPOSED] ORDER GRANTING
### MOTION FOR ISSUANCE OF LETTER OF REQUEST

This matter having been opened to the Court by Defendants-Counterclaimants Secure Computing Corporation, Cyberguard Corporation, and Webwasher AG, upon a motion for an issuance of a Letter of Request seeking the assistance of the appropriate judicial authority in Israel in procuring testimony and documents from Shlomo Touboul, for use at the trial in this action, and the Court having considered all papers submitted in support of the motion, HEREBY ORDERS THAT:

The Letter of Request, attached hereto, be issued to the appropriate judicial authority in Israel requesting assistance of that Court, as explained in the Letter of Request.



Honorable Gregory M. Sleet
United States District Court
District of Delaware

RLF1-3176287-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation, | ) ) ) | |
| Plaintiff-Counterdefendant, | ) ) | Civil Action No. 06-00369 GMS |
| v. | ) ) ) | |
| SECURE COMPUTING CORPORATION, a Delaware corporation; CYBERGUARD CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100, | ) ) ) ) ) ) | |
| Defendants-Counterclaimants. | ) | |

## LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
## (LETTER ROGATORY)

**FROM:** **THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

**TO:** **THE APPROPRIATE JUDICIAL AUTHORITY IN ISRAEL**

The United States District Court for the District of Delaware presents its compliments to you and requests your assistance in the following manner:

### INTRODUCTION

1. This letter requests international judicial assistance in obtaining the production of documents and oral testimony in a civil proceeding now pending in the United States District Court for the District of Delaware as Docket No. 06-00369 between Defendants-Counterclaimants Secure Computing Corporation, Cyberguard Corporation, and Webwasher AG ("Secure Computing") and Plaintiff-Counterdefendant Finjan Software, Ltd. ("Finjan"). This action is governed by the federal laws of the United States. The United States District Court for the District of Delaware is a competent court of law and equity, located in the city of Wilmington, State of Delaware, United States. The Honorable Gregory M. Sleet presides over

this matter. Trial in this matter is currently scheduled to take place in March 2008. Fact discovery is currently scheduled to be completed by September 14, 2007; and

2. Secure Computing is represented in the United States by Ron Schutz, Jake Holdreith, Christopher Seidl, and Trevor Foster of the law firm of Robins, Kaplan, Miller & Ciresi L.L.P., 2800 LaSalle Plaza, 800 LaSalle Avenue, Minneapolis, Minnesota 55402 and Frederick L. Cottrell, III of the law firm of Richards Layton & Finger, One Rodney Square, P.O. Box 551, Wilmington, DE 19899. Secure Computing, and the officers of the Court to be appointed to carry out the necessary actions in Israel, will be represented in Israel by Orrin Persky of the law firm of E.S. Shimron, I. Molho, Persky & Co.; and

3. Finjan is represented by Paul J. Andre of the law firm of Perkins Coie, 101 Jefferson Drive, Menlo Park, California 94025 and Philip A. Rovner of the law firm of Potter Anderson & Corroon LLP, 1313 North Market Street, Hercules Plaza, Sixth Floor, P.O. Box 951, Wilmington, DE 19801; and

4. This Court requests the assistance described herein as necessary in the interests of justice. The assistance requested is that the appropriate judicial authority of Israel compel the production of documents and things in the custody and/or control of the below-named individual and, after a sufficient time to allow the review of such documents but no earlier than 14 days after the production of such documents, the appearance of the below named individual for oral deposition:

>Shlomo Touboul
>Kefar Haim 26
>Kefar Haim 42945, ISRAEL
>Telephone Number +972-54-4227780

5. This Court further requests that the Ministry of Justice in Israel appoint a Judge to hear the requested oral deposition. Pursuant to the laws of the Hague Convention, Defendants-

counterclaimants in the above-captioned action have been appointed as "officers of the Court" and are hereby authorized to ask questions of Mr. Touboul, gather documents from Mr. Touboul, and transport documents of Mr. Touboul and his representatives in accordance with the Federal Rules of Civil Procedure and 22 C.F.R. § 92.56. Counsel who will participate include the named counsel in paragraphs 2 and 3 above. In addition, the foresaid counsel for the Defendants-counterclaimants, as "officers of the Court" shall appoint one or more qualified stenographer(s), videographer(s), and/or translators(s) to record and translate the oral deposition; and,

## FACTS

6.      In this lawsuit, Finjan asserts that Secure Computing infringes U.S. Patent 6,092,194 ("the '194 patent"), U.S. Patent 7,058,822 ("the '822 patent"), and U.S. Patent 6,804,780 ("the '780 patent"). Secure Computing denies Finjan's allegations on various grounds, including that the '194 patent is invalid, unenforceable, and not infringed, and that the '822 and '780 patents are invalid and not infringed; and,

7.      Secure Computing asserts that Finjan's Vital Security web appliances, including Vital Security Internet 1Box™, NG-1100, NG-5100, and NG-8100 products, infringe Secure Computing's U.S. Patent 7,185,361 ("the '361 patent") and Finjan's Vital Security products, including the Vital Security™ for Documents (aka Finjan Mirage) product, infringe Secure Computing's U.S. Patent 6,357,010 ("the '010 patent"); and,

8.      Mr. Touboul has highly relevant information related to this lawsuit and his testimony and documents are important for Secure Computing to be able to prosecute its claims against Finjan and defend itself against Finjan's claims and are needed for use at trial in this action; and,

9.      Mr. Touboul was the founder of Finjan and is Finjan's former CEO. As CEO, Touboul was Finjan's most senior corporate officer and responsible for the day to day business

activities of the company. As the founder and former CEO, Mr. Touboul has knowledge and possession of documents related to Finjan's infringement claims and Secure Computing's infringement claims, including but not limited to Finjan's development, manufacture, marketing, and sales of the Finjan accused products; and,

10. Mr. Touboul is also the named inventor on the '194 and '780 patents. Mr. Touboul is not named as an inventor on the face of the '822 patent, however, Finjan has filed a Request to Correct Inventorship adding Mr. Touboul as an inventor of the '822 patent. As the named inventor of the '194 patent and '780 patent, and alleged inventor of the '822 patent, Mr. Touboul has knowledge and possession of documents related to Finjan's infringement claims and Secure Computing's defenses, including the alleged validity and enforceability of the patents and the scope of the inventions; and,

11. It has been shown to this Court that it appears necessary for the purposes of justice that Mr. Touboul, within your jurisdiction, be examined there and be required to produce, for inspection and copying sufficiently in advance of the deposition but no later than 14 days prior to the deposition, and to authenticate documents within his possession, power, custody, or control as enumerated in Annex A hereto; and,

12. Secure Computing attempted to obtain this evidence through informal means. In particular, Secure Computing requested that Finjan's counsel accept service on behalf of Mr. Touboul. Mr. Touboul did not authorize this arrangement. Secure Computing also attempted to contact Mr. Touboul informally by letter and was unsuccessful in gaining Mr. Touboul's voluntary appearance for deposition and production of documents. Therefore, Secure Computing cannot obtain evidence from Mr. Touboul other than by means of this Letter of Request; and,

13. Mr. Touboul resides in Kefar-Haim, Israel, and is therefore not subject to the process of the United States District Court for the District of Delaware. The documents listed in Annex A to this Letter of Request and the testimony sought from Mr. Touboul is evidence that would be subject to subpoena by Secure Computing if Mr. Touboul were subject to the processes of the United States District Court for the District of Delaware; and,

14. Other than by means of this Letter of Request, there is no way through which evidence can be obtained from Mr. Touboul. As a result, the testimony and documents requested cannot reasonably be obtained without the assistance of appropriate judicial authority in Israel; and,

15. This Court is authorized by Rule 28(b) of the Federal Rules of Civil Procedure to issue this Letter of Request to the appropriate judicial authority in Israel, requesting assistance in this matter; and

## REQUEST FOR ASSISTANCE

16. You are requested, in furtherance of justice, to cause Mr. Touboul, who is in your jurisdiction, to appear before a duly authorized and appointed Judge at the Israeli Magistrates Court of Jerusalem, as determined by the Israeli Authorities, on a date prior to September 14, 2007, by the means ordinarily used in your jurisdiction to secure attendance to answer questions related to the subject matter listed in Annex B hereto, under oath or affirmation upon oral deposition, such deposition to continue from day to day until completed, and to produce, at least 14 days prior to deposition, the documents within his possession, control or power enumerated in Annex A hereto and incorporated by reference; and

17. You are further requested to cause this deposition to be reduced to writing and certified by the Court, and cause said deposition, with all exhibits marked and attested, to be returned to us under cover duly sealed and addressed to the Clerk of the United States District

Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Room 4324, Lockbox 19, Wilmington, DE 19801, United States; and

18. You are further requested to permit the deposition to be conducted in accordance with the United States Federal Rules of Evidence and Federal Rules of Civil Procedure, which are applicable rules in this Court; and

19. You are further requested to conduct the deposition, to the extent possible, in the English language; and

20. You are further requested to permit the examination and all proceedings thereto to be taken and recorded by a court-appointed transcriber and to be videotaped in its entirety.

This Court expresses its appreciation to you for your courtesy and assistance in this matter and states that it shall be ready and willing to do the same for you in a similar matter when required.

Dated: July 11, 2007

BY THE COURT:

_____
Honorable Gregory M. Sleet
United States District Court
District of Delaware

I certify that the foregoing is an official document of the United States District Court for the District of Delaware to which the Seal of the Court has been applied.

FILED
JUL 1 3 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

_____
Clerk of Court

6

RLF1-3176270-1