IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation, </br></br> Plaintiff-Counterdefendant, </br></br> v. </br></br> SECURE COMPUTING CORPORATION, a Delaware corporation; CYBERGUARD CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100, </br></br> Defendants-Counterclaimants. | ) </br> ) </br> ) </br> ) </br> ) C. A. No. 06-369 GMS </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

## DEFENDANTS' NOTICE OF SUBPOENA TO SQUIRE, SANDERS & DEMPSEY L.L.P.

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 45, defendants Secure Computing Corporation, Cyberguard Corporation and Webwasher AG have requested that Squire, Sanders & Dempsey L.L.P. produce the documents requested in Attachment A of the attached Subpoena (Exhibit A hereto) on July 9, 2007 at Cady Reporting Services, Inc., 55 Public Square, Suite 1225, Cleveland, Ohio 44113.

OF COUNSEL:

Ronald J. Schutz
Jake M. Holdreith
Christopher A. Seidl
Trevor J. Foster
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

Dated: July 20, 2007

/s/ Kelly E. Farnan
Fredrick L. Cottrell, III (#2555)
cottrell@rlf.com
Kelly E. Farnan (#4395)
farnan@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys for Defendants Secure Computing Corporation, Cyberguard Corporation and Webwasher AG*

RLF1-3180418-1

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 20, 2007, I electronically filed the foregoing with the Clerk of Court using CM/ECF and caused the same to be served on the defendant at the addresses and in the manner indicated below:

**HAND DELIVERY**

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street,
Hercules Plaza, 6th Floor
Wilmington, DE 19899-0951

I further certify that on July 20, 2007, the foregoing document was sent to the following non-registered participants in the manner indicated:

**FEDERAL EXPRESS**

Paul J. Andre
Radhika Tandon
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114

*Kelly E. Furnan*
Kelly E. Furnan (#4395)

RLF1-3155985-1

# EXHIBIT A

AO 88 (Rev. 11/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

NORTHERN   DISTRICT OF   OHIO

FINJAN SOFTWARE, LTD.,

    Plaintiff-Counterdefendant,

V.

SECURE COMPUTING CORPORATION et. al.,

    Defendant-Counterclaimant.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  06-00369 GMS
District of Delaware

TO: Squire, Sanders & Dempsey L.L.P.
c/o George C. Gazdick
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): *See Attachment A*

| PLACE | DATE AND TIME |
| --- | --- |
| Cady Reporting Services, Inc. 55 Public Square, Suite 1225 Cleveland, Ohio 44113 | July 9, 2007, 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) [signature], Counsel for Defendants-CounterClaimants | DATE 6-20-07 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Christopher Seidl, Robins, Kaplan, Miller & Ciresi L.L.P., 2800 LaSalle Plaza, 800 LaSalle Ave, Minneapolis, MN 55402. 612-349-8500

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on reverse)

---

[1] If action is pending in district other than district of issuance, state district under case number

MP3 20230439.1

AO 88 (Rev. 11/91) (Subpoena in a Civil Case)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 6/21/2007 | 4900 Key Tower, Cleveland, OH. 44114 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Squire, Sanders + Dempsey | Richard Gurbst, Esq. |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Gerard Mosback | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct

Executed on 6/21/2007 @ 10:30 am
DATE

SIGNATURE OF SERVER

100 Erieview Tower
ADDRESS OF SERVER

Cleve., OH. 44114

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service. serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3) (A) On timely motion. the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

MP3 20230439 1

ATTACHMENT "A" TO SUBPOENA FOR THE PRODUCTION
OF DOCUMENTS ISSUED TO SQUIRE, SANDERS, AND DEMPSEY, L.L.P.

Pursuant to Federal Rules of Civil Procedure 26, 34, and 45, you are requested to produce the following documents:

**Definitions and Instructions**

The following definitions are applicable to the terms used in this Schedule A.

1. The term "document" or "documents" means the "original" or a "duplicate" as those terms are defined in Rule 1001 of the Federal Rules of Evidence and/or Rule 34 of the Federal Rules of Civil Procedure, and includes, but is not limited to, any e-mail transmission, book, pamphlet, letter, memorandum, correspondence, telegram, report, record, file, note, agreement, working paper, guideline, draft, chart, paper, diary, minutes or resolution of meetings or other written, recorded, printed, or electronic material which is in your possession, custody, or control or to which you have, have had, or can obtain access. The term "document" or "documents" also includes any photograph, picture, film, audio recording, video recording, tape, videotapes, CDs, DVDs, data compilation or computer record, however produced or reproduced.

2. The term "communications" means, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer or exchange of information of any nature whatsoever, by or to whomever, whether oral or written or whether face-to-face, by telephone, mail, personal delivers or otherwise, including, but not limited to, letters, correspondence, conversations, memoranda, dialogue, discussions, meetings, interviews, consultations, agreements and other understandings.

3. The term "person" means any individual, corporation, firm, partnership, governmental body, incorporated or unincorporated association, or other legal or commercial entity. The acts and knowledge of a "person" as used herein are defined to embrace acts and

knowledge of directors, employees, officers, directors, agents, representatives, consultants, agents, or other persons (including attorneys) acting for or on behalf of the "person." The masculine includes the feminine and vice versa; and the singular includes the plural and vice versa.

4.  The phrase "referring or relating to" as used herein, includes, but is not limited to, the following meanings (in whole or in part): referring to, relating to, concerning, evidencing, respecting, constituting, regarding, mentioning, reflecting, involving, discussing, describing, responding to, bearing upon, in connection with, identifying, pertaining to, or is in any way logically or factually relevant to the matter described in the request.

5.  The name "Secure Computing" means Secure Computing Corp., CyberGuard Corp., Webwasher AG, CipherTrust, Inc., as well as any and all predecessors, successors, subsidiaries, divisions, assigns, parent corporations, and affiliates thereof, and all past or present directors, officers, agents, employees, consultants, representatives, and others acting for or on any or all of their behalves.

6.  The term "Asserted Finjan Patents" means United States Patent Nos 6,092,194 ("'194"), 6,804,780 ("'780"), and 7,058,822 ("'822).

7.  The term "Related Finjan Patents" means any patent or patent application that claims priority to any patent or patent application to which any of the Asserted Finjan Patents claim priority.

8.  The term "Finjan Foreign Patent Counterparts" means all patent applications and patents issued thereon, filed with any non-United States patent office (1) that claim priority from any of the Asserted Finjan Patents, (2) that claim priority from any patent or patent application

from which any of the Asserted Finjan Patents claim priority, or (3) from which any of the Asserted Finjan Patents claim priority.

9. The name "Finjan" means Finjan Software, Ltd., as well as any and all predecessors, successors, subsidiaries, divisions, assigns, parent corporations, and affiliates thereof, and all past or present directors, officers, agents, employees, consultants, representatives, and others acting for or on any or all of their behalves.

10. The term "Asserted Secure Computing Patents" means United States Patent Nos. 6,357,010 ("'010 Patent") and 7,185,361 ("'361 Patent").

11. The terms "Squire Sanders," "you," "your," or "yours" refers to Squire, Sanders, & Dempsey LLP, and its current and all former attorneys, partners, employees, agents, and anyone else acting or purporting to act on its behalf, including any agent having possession, custody, knowledge, or responsibility for any document or information called for by these requests, as well as any entity owned or controlled by Squire Sanders, and including the former law firm of Graham & James LLP.

## REQUESTS FOR DOCUMENTS

**Document Request No. 1:**

Produce all documents referring or relating to your involvement in the conception, design, description, development, disclosure, or testing of any alleged inventions described or claimed in the Asserted Finjan Patents, Related Finjan Patents or Finjan Foreign Patent Counterparts.

**Document Request No. 2:**

Produce all documents constituting, referring, or relating to the research and development notes and records (including but not limited to lab notebooks) of each of the named inventors of

the Asserted Finjan Patents, Related Finjan Patents, or Finjan Foreign Patent Counterparts, and any other individuals who contributed to or worked on the conception, design, development, or reduction to practice of any alleged inventions described or claimed in the Asserted Finjan Patents, Related Finjan Patents or Finjan Foreign Patent Counterparts.

**Document Request No. 3:**

Produce all documents referring or relating to the conception, design, description, development, disclosure, or testing of any alleged invention described or claimed in the Asserted Finjan Patents, Related Finjan Patents or Finjan Foreign Patent Counterparts, including, without limitation:

(a) all documents referring or relating to any written description of any alleged invention;

(b) all documents referring or relating to any drawing, diagram, or other depiction pertaining to any alleged invention;

(c) all documents referring or relating to the first disclosure and first recorded disclosure of any alleged invention;

(d) all documents referring or relating to any other disclosure of any alleged invention;

(e) all documents referring or relating to the first disclosure of any alleged invention to a third party not under any obligation or confidentiality with respect to the alleged invention; and

(f) all documents referring or relating to the first conception of any alleged invention, including documents demonstrating the first conception of any alleged invention.

**Document Request No. 4:**

Produce all documents referring or relating to the reduction to practice (actual or constructive) or any alleged invention described or claimed in the Asserted Finjan Patents, Related Finjan Patents or Finjan Foreign Patent Counterparts, including, without limitation:

(a) all documents referring or relating to any effort or activity to reduce to practice any alleged invention;

(b) all documents describing the activities of each named inventor of any alleged invention, and the activities of any others directed toward reducing any alleged invention to practice;

(c) all documents referring or relating to the first actual reduction of any alleged invention to practice;

(d) all documents referring or relating to any alleged attorney or patent agent diligence directed toward constructive reduction to practice of any alleged invention; and

(e) all invention disclosure documents.

**Document Request No. 5:**

Produce all documents referring or relating to any of Finjan's making, use, first offer for sale, sale, and first disclosure to potential customers of the subject matter claimed in the Asserted Finjan Patents, Related Finjan Patents or Finjan Foreign Patent Counterparts.

**Document Request No. 6:**

Produce all documents, including but not limited to prosecution histories, referring or relating to the filing, preparation, or prosecution of the Asserted Finjan Patents, Related Finjan Patents or Finjan Foreign Patent Counterparts. This request includes without limitation:

(a) each document constituting, referring or relating to communications regarding any aspect of the preparation and prosecution of said applications;

(b) each document constituting, referring or relating to communications regarding said patents, or patent applications, or any cited prior art;

(c) each document constituting, referring or relating to communications to and from any patent office, patent receiving office, or international patent body (such as WIPO);

(d) each document referring or relating to any affidavit, oath or declaration filed, proposed to be filed or considered for filing by any person involved in the preparation and prosecution of said patents or patent applications in connection with such preparation and prosecution proceedings; and

(e) each document referring or relating to any experiment, research, investigation, development, analysis, study or evaluation performed by or on behalf of Finjan, or the alleged inventors, referring or relating to the preparation and prosecution of said patents or patent applications.

**Document Request No. 7:**

Produce all documents referring or relating to any communications regarding Asserted Finjan Patents, Related Finjan Patents or Finjan Foreign Patent Counterparts, or the subject matter of same.

**Document Request No. 8:**

Produce all documents referring or relating to Asserted Secure Computing Patents that you received from Finjan, sent to Finjan, or were the subject of any communications with Finjan.

**Document Request No. 9:**

Produce all documents referring or relating to Asserted Secure Computing Patents that you reviewed, considered, or referenced in connection with your work on matters relating to Finjan.