IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation, | ) <br> ) <br> ) |
| Plaintiff-Counterdefendant, | ) <br> ) |
| v. | C. A. No. 06-369 GMS <br> ) <br> ) |
| SECURE COMPUTING CORPORATION, a Delaware corporation; CYBERGUARD CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100, | ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Defendants-Counterclaimants. | ) |

### DEFENDANTS' NOTICE OF SUBPOENA TO SYMANTEC CORP.

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 45, defendants Secure Computing Corporation, Cyberguard Corporation and Webwasher AG have requested that Symantec Corporation produce the documents requested in Attachment A of the attached Subpoena (Exhibit A hereto) on July 20, 2007 at Richards, Layton & Finger, 920 North King Street, Wilmington, DE 19801.

OF COUNSEL:

Ronald J. Schutz
Jake M. Holdreith
Christopher A. Seidl
Trevor J. Foster
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

Dated: July 20, 2007

/s/ Kelly E. Farnan
Fredrick L. Cottrell, III (#2555)
cottrell@rlf.com
Kelly E. Farnan (#4395)
farnan@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys for Defendants Secure Computing Corporation, Cyberguard Corporation and Webwasher AG*

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 20, 2007, I electronically filed the foregoing with the Clerk of Court using CM/ECF and caused the same to be served on the defendant at the addresses and in the manner indicated below:

### HAND DELIVERY

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street,
Hercules Plaza, 6th Floor
Wilmington, DE 19899-0951

I further certify that on July 20, 2007, the foregoing document was sent to the following non-registered participants in the manner indicated:

### FEDERAL EXPRESS

Paul J. Andre
Radhika Tandon
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114

*Kelly E. Farnan*
Kelly E. Farnan (#4395)

RLF1-3155985-1

EXHIBIT A

AO 88 (Rev. 11/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF   DELAWARE

| FINJAN SOFTWARE, LTD., | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| Plaintiff-Counterdefendant, | |
| V. | Case Number:[1]  06-00369 GMS |
| | District of Delaware |
| SECURE COMPUTING CORPORATION et. al., | |
| Defendant-Counterclaimant. | |

TO: Symantec Corp.
    c/o Corporation Trust Company
    Corporation Trust Center
    209 Orange Street
    Wilmington, DE 19801

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): *See Attachment A*

| PLACE | DATE AND TIME |
|---|---|
| Richards, Layton & Finger, P.A.<br>Attn: Kelly A. Farnan<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801 | July 20, 2007, 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] , Counsel for Defendants-CounterClaimants | 7-6-07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Christopher Seidl, Robins, Kaplan, Miller & Ciresi L.L.P., 2800 LaSalle Plaza, 800 LaSalle Ave, Minneapolis, MN 55402. 612-349-8500

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on reverse)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 11/91) (Subpoena in a Civil Case)

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                      DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B)( iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

## ATTACHMENT "A" TO SUBPOENA OF SYMANTEC CORP.

Pursuant to Federal Rules of Civil Procedure 26, 34, and 45, you are requested to produce the following documents:

### INSTRUCTIONS

1.   Symantec Corp. should respond to each and every request separately and fully unless it is objected to, in which event the reason for all objections shall be specifically and separately stated.

2.   In producing documents, provide all documents known or available to you, whether such documents or things are within the direct possession, custody, or control of Symantec, or any parent, subsidiary, or affiliated corporation, or any present or former employees, agents, officers, directors, representatives, contractors, consultants, or attorneys.

3.   Electronic documents must be produced in an intelligible format together with a description of the system from which it was derived sufficient to permit rendering of the materials intelligible.

4.   If any document or thing is withheld under a claim of privilege, furnish a list signed by the person supervising Symantec's response identifying each such document by production number together with the following information:

    a.   The date of such document or thing;

    b.   The place at which such document or thing was created and the medium involved;

    c.   The identity of each person who has custody or control of the document or thing;

    d.    The name, title, position, and contact information of every recipient of the original or any copy of the document or thing;

    e.    The number of pages in any document and any attachments, or a full and complete description of any thing;

    f.    The identity of each person involved, together with his or her job title at the time of creation of the document or thing;

    g.    The subject matter of the document or thing;

    h.    The basis on which the privilege is claimed; and

    i.    Whether any non-privileged matter is contained within the document or thing;

    j.    The precise location of any redactions if the document or thing is redacted;

## DEFINITIONS

For purposes of these requests, the following terms shall have the meaning set forth below.

1. The term "Symantec" shall refer to Symantec Corp., and includes, without limitation, its divisions, subsidiaries, directors, agents, representatives, attorneys, employees, and any predecessor with an interest.

2. The term "Finjan" means Finjan Software, Ltd., as well as any and all predecessors, successors, subsidiaries, divisions, assigns, parent corporations, and affiliates thereof, and all past or present directors, officers, agents, employees, consultants, representatives, and others acting for or on any or all of their behalves.

3. The term "person" means any individual, firm, partnership, incorporated or unincorporated association, or any other legal or commercial entity.

4. The term "document[s]" shall refer broadly to all categories of tangible and intangible information envisioned by Rule 34(a) of the Federal Rules of Civil Procedure, without limitation as to the type of document (whether copy or original), and shall include without limitation any writings or tangible objects produced or reproduced mechanically, electronically, photographically, or chemically. "Document[s]" shall further be defined to include things. No material may be withheld on the ground that it is not a "document."

5. The terms "refer," "referring," "relate," or "relating" as used herein, include, but are not limited to, the following meanings: bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, concerning, mentioning, in connection with, pertaining to, respecting, regarding, responding to, or in any way factually or logically relevant to the matter described in the request.

## DOCUMENTS REQUESTED

### REQUEST NO. 1:

Documents sufficient to show the development by Symantec, prior to Nov. 6, 1997, of any software and/or hardware that is capable of preventing the execution of Java applets, ActiveX controls, JavaScript scripts or Visual Basic scripts.

### REQUEST NO. 2

Documents sufficient to show the sale by Symantec, prior to Nov. 6, 1997, of any software and/or hardware that is capable of preventing the execution of Java applets, ActiveX controls, JavaScript scripts or Visual Basic scripts.

**REQUEST NO. 3**

Documents sufficient to show any marketing or advertising by Symantec, prior to Nov. 6, 1997, of any software and/or hardware that is capable of preventing the execution of Java applets, ActiveX controls, JavaScript scripts or Visual Basic scripts.

**REQUEST NO. 4:**

Any technical documents, development documents, or inventor notes that relate to the Java class file scanner extension for Norton Antivirus prior to Nov. 6, 1997.

**REQUEST NO. 5:**

A copy of each version of software marketed as Norton Antivirus prior to Nov. 6, 1997 that includes the capability to scan Java applets and/or ActiveX controls.

**REQUEST NO. 6:**

Any documents that refer to U.S. Patent No. 6,092,194.

**REQUEST NO. 7:**

Any documents that refer to any license or agreement between Symantec and Finjan Software related to U.S. Patent No. 6,092,194.