IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation, <br><br> Plaintiff-Counterdefendant, <br><br> v. <br><br> SECURE COMPUTING CORPORATION, a Delaware corporation, CYBERGUARD, CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100, <br><br> Defendants-Counterclaimants. | Civil Action No. 06-369 (GMS) |

**PLAINTIFFS/COUNTERDEFENDANTS FINJAN SOFTWARE LTD.'S AND FINJAN SOFTWARE, INC.'S REPLY TO COUNTERCLAIMS OF SECURE COMPUTING CORPORATION AND AFFIRMATIVE DEFENSES**
**-AND-**
**PLAINTIFF/COUNTERDEFENDANT FINJAN SOFTWARE, INC.'S CAUSES OF ACTION AGAINST DEFENDANT SECURE COMPUTING**

## REPLY TO COUNTERCLAIMS

Plaintiffs/Counterdefendants, Finjan Software, Ltd. and Finjan Software, Inc. (collectively "Finjan"), respond to the September 13, 2007 Counterclaims (the "Counterclaims") of Defendant/Counterclaimant Secure Computing Corporation ("Secure Computing") as follows:

1.  Finjan admits that Secure Computing Corporation is a corporation organized and existing under the laws of the State of Delaware, with its corporate headquarters at 4810 Harwood Road, San Jose, California 95124. Except as expressly admitted, Finjan lacks knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 48 of the Counterclaims and on that basis denies those allegations.

2. Finjan admits the allegations contained in Paragraph 49 and 50 of the Counterclaims.

3. The allegations contained in Paragraphs 51 through 53 of the Counterclaims are legal conclusions and do not require a responsive pleading. To the extent a response is required, Finjan does not dispute that jurisdiction is proper under 28 U.S.C. §1338(a) and under the Federal Declaratory Judgment Act, Title 28, sections 2201 and 2202 and that personal jurisdiction over Finjan and venue within this judicial district is proper.

4. Finjan admits the allegations contained in Paragraph 54 of the Counterclaims.

5. Finjan denies the allegations contained in Paragraphs 55 through 60 of the Counterclaims.

6. Finjan lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraphs 61 and 62 of the Counterclaims and on that basis denies those allegations.

7. Finjan denies the allegations contained in Paragraphs 63 through 66 of the Counterclaims.

**First Affirmative Defense - Noninfringement**

8. Finjan does not infringe, contributorily infringe, or induce the infringement of any valid claim of United States Patent No. 7,185,361 or United States Patent No. 6,357,010 either by literal infringement or by infringement under the doctrine of equivalents.

**Second Affirmative Defense - Invalidity**

9. The claims of United States Patent No. 7,185,361 and United States Patent No. 6,357,010 are invalid for failing to comply with the requirements set forth in the patent laws of

the United States, Title 35, United States Code, including without limitation Sections 102, 103 and 112 thereof.

### Third Affirmative Defense – Failure to State Claim

10. Secure Computing fails to state a claim upon which relief can be granted.

### Fourth Affirmative Defense – Claims Barred

11. Secure Computing's claims are barred by the doctrines of waiver, estoppel and laches.

## CAUSES OF ACTION ARISING FROM COUNTERCLAIMS

Plaintiff/Counterdefendant Finjan Software, Inc. ("Finjan USA"), for its causes of action against Defendant/Counterclaimant Secure Computing Corporation ("Secure Computing"), states as follows:

### FOURTH CAUSE OF ACTION

### (Finjan USA v. Secure Computing - Declaratory Judgment - '361 Patent)

12. Finjan USA incorporates by reference the allegations made in Paragraphs 1 through 11 above and Paragraphs 1 through 25 of Finjan Software Ltd.'s April 5, 2007 Amended Complaint for Patent Infringement.

13. An actual controversy exists between Finjan USA and Secure Computing over the alleged infringement of United States Patent No. 7,185,361 (the "'361 Patent") and over the alleged validity of the '361 Patent.

14. Finjan USA does not infringe, contributorily infringe or induce the infringement of any valid claim of the '361 Patent either by literal infringement or by infringement under the doctrine of equivalents.

15. Each and every claim of the '361 Patent is invalid under 35 U.S.C. § 102.

16. Each and every claim of the '361 Patent is invalid under 35 U.S.C. § 103.

17. Each and every claim of the '361 Patent is invalid under 35 U.S.C. § 112.

18. All claims of the '361 Patent are invalid for failure to meet one or more conditions of patentability specified in Part II of Title 35 of the United States Code.

## FIFTH CAUSE OF ACTION

### (Finjan USA v. Secure Computing - Declaratory Judgment – '010 Patent)

19. Finjan USA incorporates by reference the allegations made in Paragraphs 1 through 18 above and Paragraphs 1 through 25 of Finjan Software Ltd.'s Amended Complaint for Patent Infringement.

20. An actual controversy exists between Finjan USA and Secure Computing over the alleged infringement of United States Patent No. 6,357,010 (the "'010 Patent") and over the alleged validity of the '010 Patent.

21. Finjan USA does not infringe, contributorily infringe or induce the infringement of any valid claim of the '010 Patent either by literal infringement or by infringement under the doctrine of equivalents.

22. Each and every claim of the '010 Patent is invalid under 35 U.S.C. § 102.

23. Each and every claim of the '010 Patent is invalid under 35 U.S.C. § 103.

24. Each and every claim of the '010 Patent is invalid under 35 U.S.C. § 112.

25. All claims of the '010 Patent are invalid for failure to meet one or more conditions of patentability specified in Part II of Title 35 of the United States Code.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs/Counterdefendants Finjan Software Ltd. and Finjan Software, Inc. deny that Defendant/Counterclaimant Secure Computing Corporation is entitled to any relief

for its Counterclaims and prays for judgment in favor of Plaintiffs/Counterdefendants Finjan Software Ltd. and Finjan Software, Inc. as set forth in Paragraphs A through E of the Amended Complaint for Patent Infringement and as follows:

F.  That Defendant/Counterclaimant Secure Computing take nothing by its Counterclaims and that the Counterclaims against Plaintiffs/Counterdefendants Finjan Software Ltd. and Finjan Software, Inc. be dismissed with prejudice;

G.  That Plaintiffs/Counterdefendants Finjan Software Ltd. and Finjan Software, Inc. be found not to infringe, either directly, indirectly, contributorily, or otherwise, and be found not to have induced the infringement of United States Patent No. 7,185,361 and United States Patent No. 6,357,010;

H.  That United States Patent No. 7,185,361 be found invalid and unenforceable;

I.  That United States Patent No. 6,357,010 be found invalid and unenforceable;

J.  That Plaintiffs/Counterdefendants Finjan Software Ltd. and Finjan Software, Inc. be awarded costs, disbursements and attorneys' fees incurred in defending themselves in connection with the Counterclaims; and

K.  That Plaintiffs/Counterdefendants Finjan Software Ltd. and Finjan Software, Inc. be awarded such other and further relief as the Court deems just, equitable and proper.

|  |  |
|---|---|
| OF COUNSEL | POTTER ANDERSON & CORROON LLP |
| Paul J. Andre<br>Perkins Coie LLP<br>101 Jefferson Drive<br>Menlo Park, CA 94025-1114<br>(650) 838-4300 | By: _____<br>Philip A. Rovner (#3215)<br>Hercules Plaza<br>P. O. Box 951<br>Wilmington, DE 19899<br>(302) 984-6000<br>provner@potteranderson.com |
| Dated: September 27, 2007<br>821963 | *Attorneys for Plaintiffs/Counterdefendants* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on September 27, 2007, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Frederick L. Cottrell, III, Esq.
Kelly E. Farnan, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE  19801
cottrell@rlf.com; farnan@rlf.com

I hereby certify that on September 27, 2007 I have sent by E-mail the foregoing document to the following non-registered participants:

Jake M. Holdreith, Esq.
Christopher A. Seidl, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
jmholdreith@rkmc.com; caseidl@rkmc.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com