IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINJAN SOFTWARE, LTD., | ) |
|       Plaintiff-Counterdefendant, | ) ) ) |
| v. | ) )   Civil Action No. 06-369 (GMS) |
| SECURE COMPUTING CORPORATION, *et al.*, | ) ) ) ) |
|       Defendants-Counterclaimants. | ) ) ) |

### ORDER CONSTRUING THE TERMS OF U.S. PATENT NOS. 6,092,194; 6,804,780; 7,058,822; 6,357,010; AND 7,185,361

On October 24, 2007, the court held a *Markman* hearing in this patent infringement action concerning U.S. Patent Nos. 6,092,194 (the "'194 patent"); 6,804,780 (the "'780 patent"); 7,058,822 (the "'822 patent"); 6,357,010 (the "'010 patent"); and 7,185,361 (the "'361 patent") (collectively, the "patents-in-suit"). Finjan owns the '194 patent, the '780 patent, and the '822 patent (the "Finjan patents"). Secure owns the '010 patent and the '361 patent (the "Secure patents").

With respect to the Finjan patents, after having considered the submissions of the parties and hearing oral argument on the matter, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that, as used in the asserted claims of the indicated patent,

1. The '194 patent term "addressed to a client" is construed to have its plain and ordinary meaning.[1]

---

[1] "In some cases, the ordinary meaning of claim language as understood by a person of skill in the art may be readily apparent even to lay judges, and claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir.

2.  The '194 patent term "Downloadable" is construed as "an executable application program, which is downloaded from a source computer and run on the destination computer."[2]

3.  The '194 patent term "server that serves as a gateway to the client" is construed to have its plain and ordinary meaning.[3]

4.  The '780 patent term "performing a hashing function on the Downloadable and the fetched software components to generate a Downloadable ID" is construed as "performing a hashing function on the Downloadable together with its fetched software components to generate a Downloadable ID."[4]

5.  The '822 patent term "downloadable-information" is construed to have its plain and ordinary meaning.[5]

6.  The '822 patent term "evaluating the detection indicators" is construed to have its plain and ordinary meaning.[6]

7.  The '822 patent term "information-destination" is construed as "client."[7]

---

2005) (internal citations omitted). The court further observes that the defendant's proposed construction would unjustifiably narrow the term's broad scope, which was not explicitly limited or redefined by the specification. *Id.*, 415 F.3d at 1316.

[2] Since the parties agree that this term lacks ordinary meaning, the court construes the term "only as broadly as provided for by the patent itself." *Irdeto Access, Inc. v. Echostar Satellite Corp.*, 383 F.3d 1295, 1300 (Fed. Cir. 2004). In doing so, the court declines to replace the '194 patent specification's explicit definition with a conflicting portion of the '194 patent's prosecution history. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1316 (Fed. Cir. 2005) (internal citations omitted). Finjan's citations to the prosecution histories and specifications of related, subsequently issued patents likewise do not persuade the court to reject this lexicography. *Id.*

[3] See footnote 1 with respect to ordinary meaning.

[4] The court's construction reflects how the inventor understood and used the term, as evinced by the patent's prosecution history. *Phillips*, 415 F.3d at 1317; (*see* D.I. 123 at JA2060 (the '780 patent's Application, Amendment and Response to Office Action, July 31, 2003).)

[5] See footnote 1 with respect to ordinary meaning.

[6] See footnote 1 with respect to ordinary meaning.

8. The '822 patent term "information-recommunicator" is construed as "server."[8]

9. The '822 patent term "level of downloadable-information characteristic and executable code characteristic correspondence" is construed to have its plain and ordinary meaning.[9]

With respect to the Secure patents, after having likewise considered the submissions of the parties and hearing oral argument on the matter of Secure's patents, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that, as used in the asserted claims of the indicated patent,

1. The '010 patent term "document control server" is construed to have its plain and ordinary meaning.[10]

2. The '010 patent term "role" is construed as "membership in a group of one or more."[11]

3. The '361 patent term "firewall" is construed to have its plain and ordinary meaning.[12]

4. The '361 patent term "a server having at least one directory that can be accessed using a network protocol" is construed to have its plain and ordinary meaning.[13]

---

[7] The specification contemplates broad meaning for this and the following term. '822 patent at 07:45-64 (describing many examples of what can constitute a "server" and a "client"). Thus, while the specification presumes a client-server configuration for purposes of explanation, the claims' scope includes many different configurations of interconnected elements. '822 patent at 06:63-07:02. The court therefore construes this and the following term according to the patentee's lexicography in the specification. *CCS Fitness, Inc. v. Brunswick Corp.*, 288 F.3d 1359, 1366 (Fed. Cir. 2002).

[8] See footnote 7. The court observes that the specification repeatedly equates this disputed term with "server." *E.g.*, '822 patent at 02:56-60, 07:06, and 07:54.

[9] See footnote 1 with respect to ordinary meaning.

[10] See footnote 1 with respect to ordinary meaning.

[11] The court declines to adopt Finjan's proposed construction, which would collapse various invention components into the term "role." The court's construction, by contrast, reflects the invention's description in the claims and the specification. *Philips*, 415 F.3d at 1316 (internal citations omitted); '010 patent at claim 1 (describing various distinct components of the invention); *id.* at 07:35-40 (using "role" to mean groups to which individual clients or users could belong).

[12] The court declines to read the preferred embodiment's Lightweight Directory Access Protocol limitation onto the claims, particularly in light of certain dependent claims that add this limitation to the applicable independent claims. *Philips*, 415 F.3d at 1314-17 (internal citations omitted). See footnote 1 with respect to ordinary meaning.

5. The '361 patent term "authorization filter" is construed to have its plain and ordinary meaning.[14]

6. The '361 patent term "directory schema that is predefined by said entity" is construed to have its plain and ordinary meaning.[15]

7. The '361 patent term "network protocol" is construed to have its plain and ordinary meaning.[16]

Dated: December 11, 2007                    /s/ Gregory M. Sleet
                                            UNITED STATES DISTRICT JUDGE

---

[13] See footnote 12.

[14] See footnote 12.

[15] See footnote 12.

[16] See footnote 12.