IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation, | ) ) ) |
| Plaintiff-Counterdefendant, | ) ) ) |
| v. | ) )  C. A. No. 06-00369 GMS |
| SECURE COMPUTING CORPORATION, a Delaware corporation; CYBERGUARD CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100, | ) ) ) ) ) ) ) |
| Defendants-Counterclaimants. | ) |

**REPLY BRIEF IN SUPPORT OF SECURE COMPUTING'S MOTION
TO EXCLUDE CUMULATIVE EXPERT TESTIMONY OF
<u>MATTHEW BISHOP AND TODD HEBERLEIN</u>**

OF COUNSEL:
Ronald J. Schutz
Jake M. Holdreith
Christopher A. Seidl
Trevor J. Foster
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

Fredrick L. Cottrell, III (#2555)
cottrell@rlf.com
Kelly E. Farnan (#4395)
farnan@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys For Defendants*

Dated: January 7, 2008

RLF1-3241361-1

## INTRODUCTION

Secure Computing moved to exclude expert testimony of Matthew Bishop and Todd Heberlein from their opening expert reports. The basis for excluding this testimony is that it is cumulative, unnecessary, and should be excluded under Federal Rules of Evidence Rule 403, 702, and this Court's Pretrial Order.

## ARGUMENT

Finjan's experts, Bishop, Heberlein, and Vigna, all state in their opening reports that they will each be giving a tutorial on the technology and concepts of Finjan's patents in suit. Finjan incorrectly cites In re Jacoby Airplanes Crash Litig., 2007 U.S. Dist. LEXIS 69291 (D.N.J. 2007 Sept. 19, 2007), for the proposition that "it is only appropriate for a Court to exclude expert witness testimony as cumulative where the Court determines that two experts will testify about the 'exact same issues' and where 'essentially identical evidence' is being presented." Finjan Opp. at 2. On the contrary, Jacoby stated that "[e]vidence is 'cumulative' when it adds very little to the probative force of the other evidence in the case, so that if it were admitted its contribution to the determination of truth would be outweighed by its contribution to the length of trial, with all the potential for confusion, as well as prejudice to other litigants, who must wait longer for their trial, that a long trial creates." Jacoby, 2007 U.S. Dist LEXIS at *45-46. The facts of Jacoby involved whether or not a certain document would be entered into evidence not whether an expert would be allowed to engage in lengthy testimony.

All three of Finjan's experts indicate that they are going to give a tutorial of the technology involved in this case. Finjan appears to take the position that some tutorials will be more general than others. For instance, Finjan states that Bishop and Heberlein will be testifying on different topics because "Dr. Bishop briefly discusses a definition of a 'gateway' while Mr.

Heberlein discusses the differences between a 'packet filtering gateway' and an 'application gateway.'" Finjan Opp. at 4. But this appears to plainly be cumulative testimony. There is no reason why Mr. Heberlein cannot provide a definition of both the general term "gateway" and the more specific types of gateways. More still, Vigna also provides his own definition of the term "gateway." Vigna Opening Report at ¶ 15. Similar redundancies would occur throughout this generalized testimony.

All three of the experts indicate that the tutorials regarding the technology in the case may include "graphic depictions and/or tables and charts for exhibits to aid the Court." Bishop Opening Report at ¶ 6; Vigna Opening Report at ¶ 8; Jaeger Opening Report at ¶ 6; Jaeger Rebuttal Report at ¶ 6. Three experts, all giving tutorials on the technology in the case, will add very little to the probative force of the evidence. On the other hand, allowing Finjan to have three experts that all give tutorials on the technology runs a substantial risk of confusing the jury and prejudicing Secure Computing. Moreover, testimony that includes charts and other demonstratives takes a significant amount of Court time. Much more important issues can be tried instead of needlessly wasting the Court's time rehashing the general terms and fields of the invention. This is exactly the type of cumulative and time-consuming testimony that the Federal Rules of Evidence are intended to prevent.

Finally, the Court's form Final Pretrial Order states that "only one expert witness on each subject for each party will be permitted to testify absent good cause shown." See Final Pretrial Order, n.5. These experts are all giving general overviews of the same technology and Finjan has not shown good cause for using more than one expert for the same subject. Consequently, Secure Computing's motion should be granted.

- 2 -
RLF1-3241361-1

- 3 -

                                   */s/ Kelly E. Farnan*
                                   Fredrick L. Cottrell, III (#2555)
                                   cottrell@rlf.com
                                   Kelly E. Farnan (#4395)
                                   farnan@rlf.com

OF COUNSEL:                        Richards, Layton & Finger
Ronald J. Schutz                 One Rodney Square, P.O. Box 551
Jake M. Holdreith               Wilmington, DE 19899
Christopher A. Seidl           (302) 651-7700
Trevor J. Foster                 *Attorneys For Defendants*
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500


Dated: January 7, 2008

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 7, 2008, I electronically filed the foregoing with the Clerk of Court using CM/ECF and caused the same to be served on the defendant at the addresses and in the manner indicated below:

**HAND DELIVERY**

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street,
Hercules Plaza, 6th Floor
Wilmington, DE  19899-0951

I further certify that on January 7, 2008, the foregoing document was sent to the following non-registered participants in the manner indicated:

**FEDERAL EXPRESS**

Paul J. Andre
Radhika Tandon
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA  94025-1114

*Kelly E. Farnan*
Kelly E. Farnan (#4395)