IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation,<br><br>          Plaintiff,<br><br>          v.<br><br>SECURE COMPUTING CORPORATION, a Delaware corporation, CYBERGUARD, CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100,<br><br>          Defendants. | Civil Action No. 06-369 GMS |

### FINJAN SOFTWARE, LTD.'S SPECIAL VERDICT FORM

**A.   Finjan's Patent Infringement Claims Against Defendants**

**Literal Infringement**

1. Do you find that Finjan has proven by a preponderance of the evidence that Defendants have literally infringed any of the asserted claims of U.S. Patent No. 6,092,194?

       YES _____       NO _____

[If you answered "Yes" to Question 1], please mark the claims you found to be infringed:

| | | | |
|---|---|---|---|
| Claim 1: _____ | Claim 2: _____ | Claim 3: _____ | Claim 4: _____ |
| Claim 5: _____ | Claim 6: _____ | Claim 7: _____ | Claim 8: _____ |
| Claim 9: _____ | Claim 10: _____ | Claim 11: _____ | Claim 12: _____ |
| Claim 13: _____ | Claim 14: _____ | Claim 24: _____ | Claim 25: _____ |
| Claim 26: _____ | Claim 27: _____ | Claim 28: _____ | Claim 29: _____ |
| Claim 30: _____ | Claim 32: _____ | Claim 33: _____ | Claim 34: _____ |
| Claim 35: _____ | Claim 36: _____ | Claim 65: _____ | |

2. Do you find that Finjan has proven by a preponderance of the evidence that Defendants have literally infringed any of the asserted claims of U.S. Patent No. 6,804,780?

    YES _____          NO_____

[If you answered "Yes" to Question 2], please mark the claims you found to be infringed:

| Claim 1: \_\_\_\_\_ | Claim 2: \_\_\_\_\_ | Claim 3: \_\_\_\_\_ | Claim 4: \_\_\_\_\_ |
|---|---|---|---|
| Claim 5: \_\_\_\_\_ | Claim 6: \_\_\_\_\_ | Claim 7: \_\_\_\_\_ | Claim 8: \_\_\_\_\_ |
| Claim 9: \_\_\_\_\_ | Claim 10: \_\_\_\_\_ | Claim 11: \_\_\_\_\_ | Claim 12: \_\_\_\_\_ |
| Claim 13: \_\_\_\_\_ | Claim 14: \_\_\_\_\_ | Claim 15: \_\_\_\_\_ | Claim 16: \_\_\_\_\_ |
| Claim 17: \_\_\_\_\_ | Claim 18: \_\_\_\_\_ | | |

3. Do you find that Finjan has proven by a preponderance of the evidence that Defendants have literally infringed any of the asserted claims of U.S. Patent No. 7,058,822?

    YES _____          NO_____

[If you answered "Yes" to Question 3], please identify the claims you found to be infringed:

| Claim 1: \_\_\_\_\_ | Claim 2: \_\_\_\_\_ | Claim 4: \_\_\_\_\_ | Claim 6: \_\_\_\_\_ |
|---|---|---|---|
| Claim 8: \_\_\_\_\_ | Claim 9: \_\_\_\_\_ | Claim 12: \_\_\_\_\_ | Claim 13: \_\_\_\_\_ |
| Claim 15: \_\_\_\_\_ | Claim 16: \_\_\_\_\_ | Claim 17: \_\_\_\_\_ | Claim 18: \_\_\_\_\_ |
| Claim 20: \_\_\_\_\_ | Claim 21: \_\_\_\_\_ | Claim 22: \_\_\_\_\_ | Claim 24: \_\_\_\_\_ |
| Claim 26: \_\_\_\_\_ | Claim 27: \_\_\_\_\_ | Claim 28: \_\_\_\_\_ | Claim 29: \_\_\_\_\_ |
| Claim 31: \_\_\_\_\_ | Claim 32: \_\_\_\_\_ | Claim 34: \_\_\_\_\_ | Claim 35: \_\_\_\_\_ |

**Infringement Under The Doctrine of Equivalents**

4. If you found that Defendants did not literally infringe some or all of the claims of U.S. Patent No. 6,092,194 under Question 1, do you find that Finjan has proven by a preponderance of the evidence that Defendants infringed any of those claims under the doctrine of equivalents? **[Skip this question if you answered "Yes" and found literal infringement of all asserted claims of U.S. Patent No. 6,092,194 under Question 1]**

   YES _____    NO _____

   [If you answered "Yes" to Question 4], please mark the claims you found to be infringed:

   Claim 1: _____    Claim 2: _____    Claim 3: _____    Claim 4: _____

   Claim 5: _____    Claim 6: _____    Claim 7: _____    Claim 8: _____

   Claim 9: _____    Claim 10: _____   Claim 11: _____   Claim 12: _____

   Claim 13: _____   Claim 14: _____   Claim 24: _____   Claim 25: _____

   Claim 26: _____   Claim 27: _____   Claim 28: _____   Claim 29: _____

   Claim 30: _____   Claim 32: _____   Claim 33: _____   Claim 34: _____

   Claim 35: _____   Claim 36: _____   Claim 65: _____

5. If you found that Defendants did not literally infringe some or all of the claims of U.S. Patent No. 6,804,780 under Question 2, do you find that Finjan has proven by a preponderance of the evidence that Defendants infringed any of those claims under the doctrine of equivalents? **[Skip this question if you answered "Yes" and found literal infringement of all asserted claims of U.S. Patent No. 6,804,780 under Question 2]**

   YES _____    NO _____

   [If you answered "Yes" to Question 5], please mark the claims you found to be infringed:

   Claim 1: _____    Claim 2: _____    Claim 3: _____    Claim 4: _____

   Claim 5: _____    Claim 6: _____    Claim 7: _____    Claim 8: _____

   Claim 9: _____    Claim 10: _____   Claim 11: _____   Claim 12: _____

   Claim 13: _____   Claim 14: _____   Claim 15: _____   Claim 16: _____

   Claim 17: _____   Claim 18: _____

6. If you found that Defendants did not literally infringe some or all of the claims of U.S. Patent No. 7,058,822 under Question 3, do you find that Finjan has proven by a preponderance of the evidence that Defendants infringed any of those claims under the doctrine of equivalents? **[Skip this question if you answered "Yes" and found literal infringement of all asserted claims of U.S. Patent No. 7,058,822 under Question 3]**

    YES _____                   NO_____

[If you answered "Yes" to Question 6], please identify the claims you found to be infringed:

| Claim 1: \_\_\_\_ | Claim 2: \_\_\_\_ | Claim 4: \_\_\_\_ | Claim 6: \_\_\_\_ |
|---|---|---|---|
| Claim 8: \_\_\_\_ | Claim 9: \_\_\_\_ | Claim 12: \_\_\_\_ | Claim 13: \_\_\_\_ |
| Claim 15: \_\_\_\_ | Claim 16: \_\_\_\_ | Claim 17: \_\_\_\_ | Claim 18: \_\_\_\_ |
| Claim 20: \_\_\_\_ | Claim 21: \_\_\_\_ | Claim 22: \_\_\_\_ | Claim 24: \_\_\_\_ |
| Claim 26: \_\_\_\_ | Claim 27: \_\_\_\_ | Claim 28: \_\_\_\_ | Claim 29: \_\_\_\_ |
| Claim 31: \_\_\_\_ | Claim 32: \_\_\_\_ | Claim 34: \_\_\_\_ | Claim 35: \_\_\_\_ |

**Willful Infringement**

7. If you answered "Yes" to Questions 1, 2, 3, 4, 5, or 6, was Defendants' infringement willful?

    YES _____                   NO_____

**B.    Defendants' Patent Invalidity Claims Against Finjan**

**Anticipation**

8.  Do you find that Defendants have proven by clear and convincing evidence that any of the asserted claims of U.S. Patent No. 6,092,194 are invalid because they are anticipated by prior art?

    YES _____    NO _____

    [If you answered "Yes" to Question 8], please identify the claims you found to be anticipated by prior art:

    Claim 1: _____    Claim 2: _____    Claim 3: _____    Claim 4: _____

    Claim 5: _____    Claim 6: _____    Claim 7: _____    Claim 8: _____

    Claim 9: _____    Claim 10: _____   Claim 11: _____   Claim 12: _____

    Claim 13: _____   Claim 14: _____   Claim 24: _____   Claim 25: _____

    Claim 26: _____   Claim 27: _____   Claim 28: _____   Claim 29: _____

    Claim 30: _____   Claim 32: _____   Claim 33: _____   Claim 34: _____

    Claim 35: _____   Claim 36: _____   Claim 65: _____

9.  Do you find that Defendants have proven by clear and convincing evidence that any of the asserted claims of U.S. Patent No. 6,804,780 are invalid because they are anticipated by prior art?

    YES _____    NO _____

    [If you answered "Yes" to Question 9], please identify the claims you found to be anticipated by prior art:

    Claim 1: _____    Claim 2: _____    Claim 3: _____    Claim 4: _____

    Claim 5: _____    Claim 6: _____    Claim 7: _____    Claim 8: _____

    Claim 9: _____    Claim 10: _____   Claim 11: _____   Claim 12: _____

    Claim 13: _____   Claim 14: _____   Claim 15: _____   Claim 16: _____

    Claim 17: _____   Claim 18: _____

10. Do you find that Defendants have proven by clear and convincing evidence that any of the asserted claims of U.S. Patent No. 7,058,822 are invalid because they are anticipated by prior art?

   YES _____        NO _____

   [If you answered "Yes" to Question 10], please identify the claims you found to be anticipated by prior art:

   Claim 1: _____   Claim 2: _____   Claim 4: _____   Claim 6: _____

   Claim 8: _____   Claim 9: _____   Claim 12: _____  Claim 13: _____

   Claim 15: _____  Claim 16: _____  Claim 17: _____  Claim 18: _____

   Claim 20: _____  Claim 21: _____  Claim 22: _____  Claim 24: _____

   Claim 26: _____  Claim 27: _____  Claim 28: _____  Claim 29: _____

   Claim 31: _____  Claim 32: _____  Claim 34: _____  Claim 35: _____

**Obviousness**

11. Do you find that Defendants have proven by clear and convincing evidence that any of the asserted claims of U.S. Patent No. 6,092,194 are invalid because the prior art makes them obvious?

   YES _____        NO _____

   [If you answered "Yes" to Question 11], please identify the claims you found to be obvious:

   Claim 1: _____   Claim 2: _____   Claim 3: _____   Claim 4: _____

   Claim 5: _____   Claim 6: _____   Claim 7: _____   Claim 8: _____

   Claim 9: _____   Claim 10: _____  Claim 11: _____  Claim 12: _____

   Claim 13: _____  Claim 14: _____  Claim 24: _____  Claim 25: _____

   Claim 26: _____  Claim 27: _____  Claim 28: _____  Claim 29: _____

   Claim 30: _____  Claim 32: _____  Claim 33: _____  Claim 34: _____

   Claim 35: _____  Claim 36: _____  Claim 65: _____

12. Do you find that Defendants have proven by clear and convincing evidence that any of the asserted claims of U.S. Patent No. 6,804,780 are invalid because the prior art makes them obvious?

   YES _____    NO _____

   [If you answered "Yes" to Question 12], please identify the claims you found to be obvious:

   | Claim 1: ____ | Claim 2: ____ | Claim 3: ____ | Claim 4: ____ |
   |---|---|---|---|
   | Claim 5: ____ | Claim 6: ____ | Claim 7: ____ | Claim 8: ____ |
   | Claim 9: ____ | Claim 10: ____ | Claim 11: ____ | Claim 12: ____ |
   | Claim 13: ____ | Claim 14: ____ | Claim 15: ____ | Claim 16: ____ |
   | Claim 17: ____ | Claim 18: ____ | | |

13. Do you find that Defendants have proven by clear and convincing evidence that any of the asserted claims of U.S. Patent No. 7,058,822 are invalid because the prior art makes them obvious?

   YES _____    NO _____

   [If you answered "Yes" to Question 13], please identify the claims you found to be obvious:

   | Claim 1: ____ | Claim 2: ____ | Claim 4: ____ | Claim 6: ____ |
   |---|---|---|---|
   | Claim 8: ____ | Claim 9: ____ | Claim 12: ____ | Claim 13: ____ |
   | Claim 15: ____ | Claim 16: ____ | Claim 17: ____ | Claim 18: ____ |
   | Claim 20: ____ | Claim 21: ____ | Claim 22: ____ | Claim 24: ____ |
   | Claim 26: ____ | Claim 27: ____ | Claim 28: ____ | Claim 29: ____ |
   | Claim 31: ____ | Claim 32: ____ | Claim 34: ____ | Claim 35: ____ |

C. **Defendants' Inequitable Conduct Claim**

14. Do you find that Defendants have proven by clear and convincing evidence that Finjan had the intent to mislead or deceive the patent examiner and withheld or misrepresented information that was significant and material to the patent examiner's evaluation of the application related to U.S. Patent No. 6,092,194?

   YES _____    NO _____

D. **Damages for Finjan's Patent Infringement Claims Against Defendants**

15. If you have found that Defendants have infringed one or more of the asserted claims of U.S. Patent No. 6,092,194, U.S. Patent No. 6,804,780, and/or U.S. Patent No. 7,058,822, and that those claims are valid, then what is the reasonable royalty rate to which Finjan has proven by a preponderance of the evidence and the amount of sales that the royalty rate should be applied to?

    _____ %    $_____

E. **Secure Computing's Patent Infringement Claims Against Finjan**

   **Literal Infringement**

16. Do you find that Secure Computing has proven by a preponderance of the evidence that Finjan has literally infringed any of the asserted claims of U.S. Patent No. 7,185,361?

    YES _____    NO _____

    [If you answered "Yes" to Question 16], please mark the claims you found to be infringed:

    Claim 1: _____    Claim 2: _____    Claim 3: _____    Claim 4: _____

    Claim 5: _____    Claim 7: _____    Claim 8: _____    Claim 9: _____

    Claim 10: _____   Claim 11: _____   Claim 12: _____   Claim 14: _____

    Claim 15: _____

17. Do you find that Secure Computing has proven by a preponderance of the evidence that Finjan has literally infringed Claim 37 of U.S. Patent No. 6,357,010?

    YES _____    NO _____

**Infringement Under The Doctrine of Equivalents**

18.  If you found that Finjan did not literally infringe some or all of the claims of U.S. Patent No. 7,185,361 under Question 16, do you find that Secure Computing has proven by a preponderance of the evidence that Finjan has infringed any of those claims under the doctrine of equivalents?  **[Skip this question if you answered "Yes" and found literal infringement of all asserted claims of U.S. Patent No. 7,185,361 under Question 16]**

    YES _____    NO_____

    [If you answered "Yes" to Question 18], please mark the claims you found to be infringed:

    Claim 1: \_\_\_\_\_    Claim 2: \_\_\_\_\_    Claim 3: \_\_\_\_\_    Claim 4: \_\_\_\_

    Claim 5: \_\_\_\_\_    Claim 7: \_\_\_\_\_    Claim 8: \_\_\_\_\_    Claim 9: \_\_\_\_

    Claim 10:\_\_\_\_\_    Claim 11:\_\_\_\_\_    Claim 12:\_\_\_\_    Claim 14:\_\_\_\_

    Claim 15:\_\_\_\_\_

19.  If you found that Finjan did not literally infringe Claim 37 of U.S. Patent No. 6,357,010 under Question 17, do you find that Secure Computing has proven by a preponderance of the evidence that Finjan has infringed that claim under the doctrine of equivalents?  **[Skip this question if you answered "Yes" and found literal infringement of Claim 37 of U.S. Patent No. 6,357,010 under Question 17]**

    YES _____    NO_____

**Willful Infringement of U.S. Patent No. 7,185,361**

20.  If you answered "Yes" to Question 16 or 18, was Finjan's infringement willful?

    YES _____    NO_____

**Willful Infringement of U.S. Patent No. 6,357,010**

21.  If you answered "Yes" to Question 17 or 19, was Finjan's infringement willful?

    YES _____    NO_____

F. **Finjan's Patent Invalidity Claims Against Secure Computing**

**Anticipation**

22. Do you find that Finjan has proven by clear and convincing evidence that any of the asserted claims of U.S. Patent No. 7,185,361 are invalid because they are anticipated by prior art?

    YES _____    NO _____

    [If you answered "Yes" to Question 22], please mark the claims you found to be anticipated by prior art:

    Claim 1: _____   Claim 2: _____   Claim 3: _____   Claim 4: _____

    Claim 5: _____   Claim 7: _____   Claim 8: _____   Claim 9: _____

    Claim 10: _____  Claim 11: _____  Claim 12: _____  Claim 14: _____

    Claim 15: _____

23. Do you find that Finjan has proven by clear and convincing evidence that Claim 37 of U.S. Patent No. 6,357,010 is invalid because it is anticipated by prior art?

    YES _____    NO _____

**Obviousness**

24. Do you find that Finjan has proven by clear and convincing evidence that any of the asserted claims of U.S. Patent No. 7,185,361 are invalid because the prior art makes them obvious?

    YES _____    NO _____

    [If you answered "Yes" to Question 24], please mark the claims you found to be obvious:

    Claim 1: _____   Claim 2: _____   Claim 3: _____   Claim 4: _____

    Claim 5: _____   Claim 7: _____   Claim 8: _____   Claim 9: _____

    Claim 10: _____  Claim 11: _____  Claim 12: _____  Claim 14: _____

    Claim 15: _____

25. Do you find that Finjan has proven by clear and convincing evidence that Claim 37 of U.S. Patent No. 6,357,010 is invalid because the prior art makes it obvious?

    YES _____    NO _____

G. **Damages for Secure Computing's Patent Infringement Claims Against Finjan**

26. If you have found that Finjan has infringed one or more of the asserted claims of U.S. Patent No. 7,185,361 and that those claims are valid, then what is the reasonable royalty rate to which Secure Computing has proven by a preponderance of the evidence and the amount of sales that the royalty rate should be applied to?

    _____%  $_____

27. If you have found that Finjan has infringed one or more of the asserted claims of U.S. Patent No. 6,357,010 and that those claims are valid, then what is the reasonable royalty rate to which Secure Computing has proven by a preponderance of the evidence and the amount of sales that the royalty rate should be applied to?

    _____%  $_____

_____
FOREPERSON

841274

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on January 7, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Frederick L. Cottrell, III, Esq.
Kelly E. Farnan, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
cottrell@rlf.com; farnan@rlf.com

I hereby certify that on January 7, 2008 I have sent by E-mail the foregoing document to the following non-registered participants:

Jake M. Holdreith, Esq.
Christopher A. Seidl, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
jmholdreith@rkmc.com; caseidl@rkmc.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com