IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation,<br><br>        Plaintiff,<br><br>        v.<br><br>SECURE COMPUTING CORPORATION, a Delaware corporation, CYBERGUARD, CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100,<br><br>        Defendants. | C. A. No. 06-369-GMS<br><br>**PUBLIC VERSION** |

**FINJAN'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE TESTIMONY OF
DAN WALLACH'S INVALIDITY OPINION REGARDING FINJAN'S
<u>THREE PATENTS IN SUIT</u>**

OF COUNSEL

Paul J. Andre
Lisa Kobialka
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114
(650) 838-4300

Dated: December 27, 2007
Public Version: January 14, 2008

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

Attorneys for Plaintiff
Finjan Software, Ltd.

## I. INTRODUCTION

Plaintiff Finjan Software, Ltd.("Finjan") hereby moves *in limine* to exclude the opinion testimony of Defendants Secure Computing Corporation's, Cyberguard Corporation's, and Webwasher AG's ("Defendants") sole technical expert, Dan Wallach ("Wallach"), regarding the alleged invalidity of United States Patent Nos. 6,092,194 ("the '194 Patent"), 6,804,780 ("the '780 Patent"), and 7,058,822 ("the '822 Patent"). Wallach provides no substantive analysis of invalidity in his expert report. Moreover, applying his own standards as who may qualify as one skilled in the art, Wallach admits that he is unqualified as an expert witness under Federal Rules of Evidence 702, 703, and 403. Furthermore, Defendants should not be permitted to present any opinion testimony beyond what he presented in his opening expert report, as opposed to Wallach's amended report which added new opinions not addressed in the original report, served 9 days after opening expert disclosures were due.

## II. BACKGROUND

Defendants allege that claims 1-14, 24-30, 32-36, and 65 of the '194 Patent, claims 1-18 of the '780 Patent and claims 1, 2, 4, 5, 6, 8, 9, 12, 13, 14-22, 24, and 26-35 of the '822 Patent (collectively "the Finjan Patents Claims") are invalid. However, in its opening expert report by Dan Wallach, Defendants do not address the validity of claims 32-36 and 65 of the '194 Patent. Defendants served Wallach's Opening Expert Report on November 21, 2007 and then attempted to serve an amended report 9 days later on November 30, 2007, which added invalidity charts for claims 32-36 and 65 of the '194 Patent. See Affidavit of Meghan Ashley Wharton in Support of Finjan's Motion *in Limine* No. 1 ("Wharton Aff."), ¶¶ 2-3, Exs. 1-2.

In his Opening Report, Wallach provides opinions regarding the validity of some of the Finjan Patent Claims, and also briefly provides an opinion on infringement of Defendants' asserted patent claims (See Finjan's Motion *In Limine* No. 2). Id., ¶ 2, Ex. 1. Wallach addresses invalidity through a few summary paragraphs and referenced some claim charts (Exhibits C-L). Id., Ex. 1 at ¶¶ 19-26. Wallach's Opening Expert Report also states that a "person of ordinary skill in the art would have a computer science, computer engineering or electrical engineering

degree with at least five (5) years of experience in the computer industry." Id., Ex. 1 at ¶ 27. The priority date for the '194 and '780 Patents is November 8, 1996. Wallach graduated with his B.S. in May 1993, but did not have at least five (5) years of experience in the computer industry by 1996 when Finjan's patent applications were filed. Id., ¶ 2, Ex. 1 at Ex. A.

### III. ARGUMENT

#### A. Dr. Wallach's Opinion Regarding the Invalidity of the Finjan Patent Claims is Legally Insufficient

The Wallach Opening Report's few summary paragraphs and referenced claim charts do not satisfy the disclosure requirement for expert reports under the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 26(a)(2)(B)(i) requires that an expert report contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Additionally, expert testimony is not admissible unless it is reliable as required under Federal Rules of Evidence 702 and 703. Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589-90 (1993). Federal Rule of Evidence 702 requires that an expert opinion be "based upon sufficient facts and data" as well as the "product of reliable principles and methods" that are "reliably" applied to the facts of the case. Reliable expert opinion evidence requires that an "expert's opinion must be based on the methods and procedures of science rather than on subjective belief or unsupported speculation." Oddi v. Ford Motor Co., 234 F.3d 136, 158 (2000) (quoting In re Paoli R.R. Yard PCB Litig., 35 F3d 717, 742 (3d Cir. 1994)); *see also* Kumho Tire Co. v. Carmichael, 526 U.S. 137, 157 (1999) ("nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert") (quotation omitted). Permitting Wallach to testify at trial as an expert on the alleged invalidity of Finjan's patents would unfairly prejudice Finjan in light of Wallach's expert disclosures and deposition, and thus, should be excluded under Federal Rule of Evidence 403.

Wallach's opinions regarding the alleged invalidity of Finjan's Patents are based on his unsupported speculation and provide no analysis indicating how his conclusions were reached.

Wallach references claim charts which simply recite an excerpt from an alleged prior art reference and then state that the claim limitation is met without any analysis. For example, for the third element of Claim 1 of the '194 Patent, Wallach only states:

| preventing execution of the Downloadable by the client if the security policy has been violated. | Shiao discloses "there is a need for an intelligent firewall that provides real-time security testing of network packets, which may include executable code such as applets, and determines the risk level, i.e., trust worthiness, of each packet before permitting a lower-risk subset of the network packets to execute on anyone of the secure computers" (2:25-31) which meets this limitation of the '194 patent. |

Wharton Aff., ¶ 2, Ex. 1 at Ex. C.

Wallach provides no analysis of how this quote meets the claim element, yet these are the only type of assertions he makes throughout his report.[1] He provides no analysis on how specific claim limitations are met, and fails to specify how he reaches this conclusion. Thus, Finjan is left only to speculate as to what aspect of the quoted reference Wallach believes discloses the claimed element, and how those aspects can be considered the same as the claimed element when they are clearly not the same. Permitting Wallach to provide expanded opinions on these references at trial when it was not disclosed in his expert report would be prejudicial to Finjan, and in violation of the Federal Rules of Civil Procedure and Evidence.

In addition to excluding Wallach's testimony regarding invalidity based on obviousness and anticipation, Wallach should also be precluded from testifying at trial regarding invalidity based on the alleged indefiniteness of the '822 patent claims under 35 U.S.C. § 112. Wallach failed to provide any "basis and reasons" as required under Federal Rule of Civil Procedure 26(a)(2)(B)(i) in support of an indefiniteness argument. Wallach briefly discusses the

---

[1] Wallach does not correct these omissions in his amended report where he addresses additional claims for the first time. For example, when he applies the Shiao reference to Claim 32 of the '194 Patent, Wallach provides <u>nothing</u> on how the claim element "a security policy" is met (the box in the chart is literally left blank) but still concludes the claim is anticipated. Wharton Aff., ¶ 2, Ex. 1 at Ex. C; <u>id.</u>, ¶ 4, Ex. 3 (Wallach Rough Deposition Transcript at 134:5-17).

indefiniteness of claims of the '822 patent in one paragraph. See id., ¶ 2, Ex. 1 at ¶ 94. Wallach does not state a legal standard for invalidity under § 112 anywhere in his reports. Furthermore, Wallach, himself, is not "one of ordinary skill in the art." See infra Part C. Thus, Wallach is not qualified to give an opinion, as he states in his report, regarding whether "one of ordinary skill in the art" would "understand how to construct the particular functional component." For these reasons, Wallach's proposed testimony on invalidity is unreliable, and he should be excluded from testifying at trial regarding the alleged invalidity of the Finjan Patent Claims.

    **B.    Dr. Wallach Lacks the Ordinary Skill in the Art Required To Form An Opinion Regarding Validity of the Finjan Patent Claims**

The Federal Circuit Court made clear in Philips v. AWH Corp., that the "ordinary and customary meaning of a claim term is the meaning that the terms would have to a person of ordinary skill in the art in question *at the time of the invention*, i.e., at the effective filing date of the patent application." 415 F.3d 1303, 1303 (Fed. Cir. 2005) (en banc) (emphasis added). Wallach's Opening Expert Report states a "person of ordinary skill in the art would have a computer science, computer engineering or electrical engineering degree with at least five (5) years of experience in the computer industry including specific experience in the field of computer security." Wharton Aff., ¶ 2, Ex. 1 at ¶ 27. Wallach graduated with a B.S. in May 1993. Id., Ex. 1 at Ex. A. From his graduation date to the date of invention (November 8, 1996), a period of only a little more than three years had elapsed. Wallach does not have the requisite 5 years of experience in the computer industry to qualify. At deposition, he admitted the same. Id., ¶ 4, Ex. 3 at 40:22-41:9). Thus, by his own standard, he is not one skilled in the art at the time of the invention, and therefore lacks the requisite knowledge to testify to this subject.

    **C.    Amending The Invalidity Charts Nine Days Late Was Improper And Caused Material Prejudice to Finjan**

Wallach should be prohibited from testifying regarding the invalidity of claims 32-36 and 65 in the '194 Patent because his opening expert report did not address these claims. Without any explanation, Wallach amended his report 9 days after the required service date to add invalidity charts for these claims. Wharton Aff., ¶ 3, Ex. 2. Even at deposition, Wallach had no

good reason for failing to address these claims in his opening expert report. Id., ¶ 4, Ex. 3 at14:24-15:7. As a result, Finjan was materially prejudiced by significantly shortening the time for Finjan to address these claims in its rebuttal expert reports. In fact, two-thirds of the asserted independent claims were not addressed at all in the original opening expert report. Without those claims, Finjan could not even begin to prepare a response. Indeed, Finjan's experts were prepared to respond to Defendants' report based on the timeline the parties agreed upon and the amended report with new opinions over a week after the deadline significantly reduced the time that Finjan had to consider and address Defendants' report. Permitting amendment after the deadline for opening reports to the detriment of Finjan when there was no reasonable explanation for why these claims were not addressed in the opening report should not be permitted, as it would eliminate the significance, need and importance of such deadlines.

### D. The Firewall Toolkit 2.0 Beta Release Anticipation Arguments Are Legally Insufficient On Their Face And Should be Excluded

Wallach should be prohibited from using the Firewall Toolkit 2.0 Beta release reference ("FWTK reference") for anticipation because he acknowledges the reference does not anticipate any of the '194 Patent claims. Wallach admits, "I do not find a specific example of a "list" of suspicious computer operation in the FWTK program." Id., ¶ 2, Ex. 1 at ¶ 48. An expert report is required to contain a "complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. Proc. 26(a)(2)(B). By his own admission Wallach does not argue the FWTK included a "list of suspicious computer operation", which is an element of *every* asserted claim in the '194 Patent. Wallach should be excluded from using the FWTK as an anticipation reference because on their face his arguments are legally insufficient, and therefore the reference is irrelevant for this purpose. Fed. R. Evid. 402.

## IV. CONCLUSION

Finjan respectfully requests that the Court exclude any invalidity testimony by Dan Wallach at trial pertaining to the Finjan Patent Claims for the reasons stated above.

|  |  |
|---|---|
| | **POTTER ANDERSON & CORROON LLP** |
| OF COUNSEL | |
| | By: /s/ Philip A. Rovner |
| Paul J. Andre | Philip A. Rovner (#3215) |
| Lisa Kobialka | Hercules Plaza |
| Meghan Ashley Wharton | P. O. Box 951 |
| Perkins Coie LLP | Wilmington, DE 19899 |
| 101 Jefferson Drive | (302) 984-6000 |
| Menlo Park, CA 94025-1114 | provner@potteranderson.com |
| (650) 838-4300 | |
| | *Attorneys for Plaintiff* |
| Dated: December 27, 2007 | *Finjan Software, Ltd.* |
| Public Version: January 14, 2008 | |
| 842576 | |

- 6 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on January 14, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Frederick L. Cottrell, III, Esq.
Kelly E. Farnan, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
cottrell@rlf.com; farnan@rlf.com

I hereby certify that on January 14, 2008 I have sent by E-mail the foregoing document to the following non-registered participants:

Jake M. Holdreith, Esq.
Christopher A. Seidl, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
jmholdreith@rkmc.com; caseidl@rkmc.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com