IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | C. A. No. 06-369-GMS |
| v. | ) ) ) | **PUBLIC VERSION** |
| SECURE COMPUTING CORPORATION, a Delaware corporation, CYBERGUARD, CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**FINJAN'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE EXPERT OPINION
AND TESTIMONY OF DAN WALLACH REGARDING ALLEGED
<u>INFRINGEMENT OF SECURE COMPUTING PATENTS</u>**

OF COUNSEL

Paul J. Andre
Lisa Kobialka
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114
(650) 838-4300

Dated: December 27, 2007
Public Version: January 14, 2008

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

Attorneys for Plaintiff
Finjan Software, Ltd.

## I.   INTRODUCTION

Finjan Software, Ltd. ("Finjan") hereby moves *in limine* to exclude the opinion testimony of Defendants Secure Computing Corporation's, Cyberguard Corporation's and Webwasher AG's ("Defendants") sole technical expert, Dan Wallach ("Mr. Wallach"), with respect to Finjan's alleged infringement of Secure Computing Corporation's ("Secure") patents ("Secure patents"). In his three page summary on infringement, Mr. Wallach fails to state a legally sufficient basis for his opinion on infringement of the 14 patent claims that Secure is asserting against Finjan as required by Federal Rule of Civil Procedure 26(a)(2)(B). Allowing Mr. Wallach to testify at trial would violate Federal Rules of Evidence 702 and 703, and be unfairly prejudicial under Federal Rule of Evidence 403.

## II.   BACKGROUND

Opening expert reports were exchanged on November 21, 2007 and the only technical expert that served an opening report on behalf of Defendants was Dan Wallach. Affidavit of Meghan Ashley Wharton in Support of Motion *in Limine* No. 2 to Exclude Expert Opinion and Testimony of Dan Wallach Regarding Alleged Infringement of Secure Computing Patents ("Wharton Aff."), ¶ 2, Ex. 1 (Wallach Expert Report). Mr. Wallach's Expert Report puts forth opinions regarding the alleged infringement of the Secure patents, U.S. Patent Nos. 7,185,361 ("the '361 patent") and 6,357,010 ("the '010 patent"). Id. at Exs. M-N.

The infringement portion of Mr. Wallach's expert report begins on page 29 of his 32 page report and includes referenced exhibits. The analysis provides a very general summary of the technology that is the subject of the Secure patents and then sets forth a sweeping conclusion that Finjan's products infringe the asserted claims of the Secure patents. It appears that Mr. Wallach is alleging direct literal infringement of claims 1-5, 7-12, 14 and 15 of the '361 patent, and claim 37 of the '010 patent, as well as indirect (inducing) literal infringement for claims 8-12 and 14 of the '361 patent. Mr. Wallach makes no mention of the doctrine of equivalents, nor does he identify any alleged equivalent structures in the accused Finjan products.

## III. ARGUMENT

### A. Mr. Wallach's Opinion Regarding Direct Infringement Should Be Excluded

Mr. Wallach's opinion offered in his report concerning the alleged infringement of the Secure patents is entirely conclusory and fails to meet the minimum standard for evidentiary reliability under the Federal Rules of Evidence and the Federal Rules of Civil Procedure. In Daubert v. Merell Dow Pharm., Inc., the Supreme Court held that expert testimony should only be admitted at trial if relevant and reliable. Expert opinion is reliable if "supported by appropriate validation, i.e., 'good grounds,' based on what is known." Daubert v. Merell Dow Pharm., Inc., 509 U.S. 579, 590 (1993). These "grounds" must be stated in the expert's written report and "must contain a complete statement of all opinions the witness will express *and the basis and reasons for them.*" Fed. R. Civ. Proc. 26(a)(2)(B) (emphasis added). Federal Rules of Evidence 702 and 703 require that an expert's testimony be "based upon sufficient facts or data" and be the product of "reliable principles and methods" that are "reliably" applied to the facts of the case. Fed. R. Evid. 702.

Mr. Wallach's conclusory opinions regarding the alleged infringement of the Secure patents does not provide the basis and reasons for Mr. Wallach's opinion regarding direct infringement of the Secure patents. Mr. Wallach puts forth his opinion of infringement by merely cutting and pasting language from Finjan documents or deposition transcripts without explaining the connection between the quoted language and the claim elements. Id.

For the first element of Claim 1 of the '361 Patent, Mr. Wallach merely quotes from Finjan's website without any explanation for how the phrase "gateway products for the enterprise market" is specifically a "system for authorizing client access to a network resource." Id., ¶ 2, Ex. 1 at Ex. M. For the second element of the same claim, Mr. Wallach again quotes from Finjan's Vital Security User Guide and fails to explain how the "server" element of Claim 1 is found in Finjan's products. Id.

For the third element, Mr. Wallach concludes without support that "Finjan's Vital Security product is a firewall." Id. Mr. Wallach gives no explanation of what a "firewall" is and

whether a "firewall" is found in Finjan's products. Id. In fact, Mr. Wallach misquotes the Vital Security User Guide in order to mischaracterize Finjan's product. Id. The Vital Security User Guide states:

> "Vital Security can be deployed as a transparent HTTP proxy, in conjunction with a third-party content switch or a layer-4-router in the network."

Id., ¶ 3, Ex. 2 (Vital Security User Guide) at FIN008740. However, in his report, Mr. Wallach intentionally misquotes this document and inserts a comma before the word "or" and inserts the word "as" before "a layer," as follows:

> "Vital Security can be deployed as a transparent HTTP proxy, in conjunction with a third-party content switch, or *as* a layer-4-router in the network."

Id., ¶ 2, Ex. 1 at Ex. M (emphasis added). By rewriting Finjan's user guide, Mr. Wallach attempts to claim that Finjan's product "can be deployed as a . . . layer-4-router in the network" rather than acting "in conjunction" with one, as the Vital Security User Guide actually states. Manipulating a standalone quote from the Vital Security User Guide appears to be the only way Mr. Wallach can justify his opinion regarding the subject claim element.

For the fourth element of Claim 1, Mr. Wallach states that "[g]roups and roles are synonymous" which appears to be an argument that was meant to be for the '010 Patent but was misplaced in the chart since the '361 Patent claims do not concern "roles". Id. For the fifth element, Mr. Wallach quotes from a document, but fails to cite to any document. Id. Finjan can only assume that Mr. Wallach failed to cite to a document because one did not exist. Dependent claims 2-5 and 7 likewise fail for the same reasons, as they depend upon claim 1.

Also unreliable are Mr. Wallach's opinions for the two other independent claims of the '361 patent. For Claim 8, Mr. Wallach omits any mention of where query is found in Finjan's product. For Claim 15, Mr. Wallach omits any mention of how the Finjan product enables a processor to implement an authentication process. Id. The claims that depend upon claim 8 or have the same elements as claim 8 and 15 fail for the same reasons.

Mr. Wallach provides improper, conclusory statements for his opinion regarding Finjan's alleged infringement of the '010 Patent. To support his claim of infringement of Claim 37, the only asserted claim, Mr. Wallach references three documents, one of which is a third party document by Presence Limited ("Presence"), a company located in the UK. Id., at Ex. N. Contrary to Mr. Wallach's report, Finjan offered Secure the opportunity to review source code related to Vital Security for Enterprise Documents and Vital Security for Documents, but Secure did not seek to review it. Thus, Mr. Wallach cannot claim that he was not "given access to the source code." Wharton Aff., ¶ 2, Ex. 1 at ¶109. Like Mr. Wallach's defective analysis of the '361 Patent, Mr. Wallach cuts and pastes quoted language from Finjan documents and the Presence document into the claim chart of the '010 Patent, but does not provide *any* linking explanation of how the quotes link to the claim elements of the '010 Patent. Id., at Exs. M-N.

To support his infringement opinion, Mr. Wallach quotes language from Finjan documents out of context, manipulates standalone quotes from the Vital Security User Guide, and relies upon conclusory statements without providing any substantial basis for support. Consequently, Mr. Wallach should be prohibited from testifying on the topic of the alleged direct literal infringement of the Secure patents at trial because Mr. Wallach's opinion fails to comply with the Fed. R. Civ. Proc. and Evid. and satisfy the minimum standards required by Daubert.

### B. Mr. Wallach's Opinion Regarding Indirect Infringement Should Be Excluded

Mr. Wallach fails to provide any opinion regarding indirect infringement, including inducing infringement. Mr. Wallach does not use the terms "indirect infringement" or "contributory infringement"[1] anywhere in his report. Id., ¶ 2, Ex. 1. While Mr. Wallach recites the legal standard for inducement to infringe under 35 U.S.C. § 271(b) in his report, the only further discussion on the subject is the unsupported statement that Finjan "induces infringement

---

[1] Mr. Wallach makes no mention of contributory infringement under 35 U.S.C. §271(c), and as such it will not be addressed in this motion.

of the following method claims: 8, 9, 10, 11, 12, and 14." Id. at ¶ 105. He does not provide *any* analysis or opinion regarding how Finjan induces infringement. Without more detail, Mr. Wallach's opinion regarding inducing infringement is without "basis" and unreliable under the Federal Rules of Evidence. Thus, Mr. Wallach should be prohibited from testifying regarding Finjan's alleged indirect infringement of the Secure patents at trial.

### C. Wallach's Opinion Regarding Infringement Under the Doctrine of Equivalents Should Be Excluded

Mr. Wallach should also be precluded from giving any testimony regarding the alleged Finjan infringement of the Secure patents under the doctrine of equivalents. "A plaintiff asserting infringement under the doctrine of equivalents 'must present *evidence* and *argument* concerning the doctrine and *each* of its *elements*...The evidence and argument on the doctrine of equivalents cannot merely be subsumed in plaintiff's case for literal infringement.'" Honeywell Intern, Inc. v. Universal Avionics Sys. Corp., 347 F.Supp.2d 129, 131 (D.Del. 2004).

Though Secure Computing initially alleged infringement of its patents under the doctrine of equivalents, Mr. Wallach, Defendants' sole technical expert, failed to provide any opinion whatsoever regarding the subject. First, Mr. Wallach does not even state the legal standard for the doctrine of equivalents in his limited infringement analysis or in the attached charts. Wharton Aff., ¶ 2, Ex. 1. Furthermore, Mr. Wallach fails to provide *any* substantive opinion regarding how Finjan's products would allegedly infringe under the doctrine of equivalents, i.e. "perform substantially the same function in substantially the same way to obtain the same result" as the alleged claimed inventions. Graver Tank & Mfg. Co., Inc. v. Linde Air Prods. Co., 339 U.S. 605, 608 (1950) (citations omitted); Wharton Aff., ¶ 2, Ex. 1. Mr. Wallach could not properly testify on infringement under the doctrine of equivalents without providing a "basis and reasons" for expert opinion, and his testimony at trial regarding infringement under the doctrine of equivalents should be excluded. Fed. R. Civ. P. 26(a)(2)(B).

| | |
|---|---|
| OF COUNSEL<br><br>Paul J. Andre<br>Lisa Kobialka<br>Perkins Coie LLP<br>101 Jefferson Drive<br>Menlo Park, CA 94025-1114<br>(650) 838-4300<br><br>Dated: December 27, 2007<br>Public Version: January 14, 2008<br>942572 | POTTER ANDERSON & CORROON LLP<br><br>By: /s/ Philip A. Rovner<br>  Philip A. Rovner (#3215)<br>  Hercules Plaza<br>  P. O. Box 951<br>  Wilmington, DE 19899<br>  (302) 984-6000<br>  provner@potteranderson.com<br><br>*Attorneys for Plaintiff*<br>*Finjan Software, Ltd.* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on January 14, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Frederick L. Cottrell, III, Esq.
Kelly E. Farnan, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
cottrell@rlf.com; farnan@rlf.com

I hereby certify that on January 14, 2008 I have sent by E-mail the foregoing document to the following non-registered participants:

Jake M. Holdreith, Esq.
Christopher A. Seidl, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
jmholdreith@rkmc.com ; caseidl@rkmc.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com