IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>SECURE COMPUTING CORPORATION, a Delaware corporation; CYBERGUARD CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 06-369 GMS<br>)<br>)<br>)<br>) **PUBLIC VERSION**<br>)<br>)<br>)<br>)<br>) |

## SECURE COMPUTING CORPORATION'S MOTION TO EXCLUDE CUMULATIVE EXPERT TESTIMONY OF MATTHEW BISHOP AND TODD HEBERLEIN

### INTRODUCTION

Defendants Secure Computing Corporation, Cyberguard Corporation and Webwasher AG (collectively "Secure Computing") hereby move to exclude expert testimony of Matthew Bishop and Todd Heberlein from their opening expert reports that will not assist the jury and that is cumulative. The testimony of both witnesses, as disclosed in their opening expert reports, will not assist the jury and should be excluded under Rule 702 of the Federal Rules of Evidence, and is cumulative and should be excluded under Rule 403 of the Federal Rules of Evidence and Footnote 5 to the Court's form Final Pretrial Order. Specifically, the subject matter of both witness's testimony is already addressed in the opening expert report of Giovanni Vigna, Plaintiff Finjan Software, Ltd. ("Finjan")'s third technical expert.[1] Accordingly, Mr. Bishop and Mr. Heberlein should be precluded from providing unhelpful and cumulative testimony at trial.

---

[1] Finjan has two additional experts (or a total of 5 experts): another technical expert, Dr. Trent Jaeger, and a damages expert, Russell Parr. Jaeger and Parr are not subject to this motion.

## BACKGROUND

Finjan contends that Secure Computing's Webwasher and Cyberguard TSP products infringe claims 1-14, 24-30, 32-36 and 65 of United States Patent No. 6,092,194, claims 1-18 of United States Patent No. 6,804,780, and claims 1, 2, 4, 6, 8, 9, 12, 13, 15-18, 20-22, 24, 26-29, 31, 32, 34 and 35 of United States Patent No. 7,058,822. In its support of its infringement claims, Finjan served the opening expert reports of Matthew Bishop ("Bishop's report"), Todd Heberlein ("Heberlein's report") and Giovanni Vigna ("Vigna's report"). See Exs. 1-3.

Bishop indicates in his opening report that he will be giving a tutorial on the technology and concepts of Finjan's patents in suit. Ex. 1, ¶ 6. The remainder of his report appears to be his opinions and discussion regarding the technology and concepts related to the Finjan patents-in-suit. This discussion includes a very broad description of computer networks and broad techniques for securing various computers and networks. Ex. 1, ¶¶ 7-22.

Heberlein also indicates that he may give a tutorial on the technology and concepts of the Finjan patents-in-suit. Ex. 2, ¶ 6. Likewise, Heberlein gives a broad description of computer networks and broad techniques for securing various computers and networks. Ex. 2, ¶¶ 7-24. In addition to generally giving a tutorial of the patents-in-suit, Heberlein's opening report appears to make a generalized infringement analysis of the Webwasher product. Ex. 2, ¶¶ 25-34.

Vigna's opening report similarly states that he "may give a tutorial of the technology in this case, including terms and concepts involved with the technology discussed in the '194, '780, and '822 Patents . . . ." Ex. 3, ¶ 8. Vigna then gives both a broad and more specific opinion regarding the technology of the Finjan patents-in-suit. Ex. 3, ¶¶ 12-27. Vigna also provides a lengthy infringement analysis regarding claims of the '194, '780, and '822 patents. Ex. 3, ¶¶ 39-247.

## ARGUMENT

Fed. R. Evid. 702 states that an expert witness may testify if the expert "will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 403 states that relevant evidence may excluded if its probative value is outweighed by the danger of the "presentation of needless presentation of cumulative evidence." This Court's form Final Pretrial Order explicitly states that "only one expert witness on each subject for each party will be permitted to testify absent good cause shown." *See* Final Pretrial Order, fn. 5 at http://www.ded.uscourts.gov/GMSmain.htm.

Under Rule 702 of the Federal Rules of Evidence, the Court may preclude expert testimony that fails to assist the jury in understanding evidence or determining a fact in issue. The Third Circuit has determined that cumulative expert testimony may be considered unhelpful under Rule 702, and has indicated that it would exclude cumulative testimony on this basis. *See Goldblum v. Klem*, --F.3d--, 2007 WL 4210769, at *16 (3rd Cir. Nov. 30, 2007). In *Goldblum*, the Third Circuit affirmed the exclusion of expert testimony as exceeding the scope of remand, and also noted that "it would have been completely appropriate for the court to have explained its discretion in precluding cumulative expert testimony on the basis that it would not have been helpful to it in understanding the evidence or determining a fact in issue." *Id.*; *cf. Justice v. Carter*, 972 F.2d 951, 957 (8th Cir. 1992) (affirming exclusion of evidence offered in support expert testimony "as cumulative and, therefore, not useful in assisting the jury in evaluating the expert testimony."). The cumulative opinions disclosed in the opening reports of Heberlein and Bishop will not assist the jury as required by Rule 702, and should therefore be excluded.

The Court may prohibit the introduction of cumulative evidence pursuant to Rule 403 of the Federal Rules of Evidence. For example, in *Robert S. v. Stetson School*, the Third Circuit

affirmed the exclusion of a cumulative expert report under Rule 403. *Robert S. v. Stetson School, Inc.*, 256 F.3d 159, 170 (3rd Cir. 2001). In *Stetson School*, the proposed testimony of plaintiff's expert was offered to explain "the ramifications, and implications, of uninvited physical conduct by staff with Plaintiff," a former victim of sexual abuse. *Id.* The plaintiff introduced testimony of two additional experts regarding "the impact that the alleged physical and mental abuse" of the plaintiff "could have on someone with his history." *Id.* The district court ruled that, because the two additional experts "addressed the same issues" that the third expert proposed to address, the third expert's testimony was excluded, and Third Circuit affirmed. *Id.*; *see also LaPlace-Bayard v. Batlle*, 295 F.3d 157, 161 (1st Cir. 2002)(affirming exclusion of cumulative expert opinion regarding post-operative care).

Like the cumulative experts in *Stetson School* and *Batlle*, the testimony of Heberlein and Bishop in their opening reports should be excluded because it is cumulative to one another, as well as to the testimony of Vigna. Specifically, any general tutorial regarding the technology and concepts of the Finjan patents-in-suit that is given by Bishop or Heberlein is duplicative of the testimony of Vigna. Vigna already states that he may give a tutorial of the technology in this case, including terms and concepts involved with the '194, '780, and '822 patents. Ex. 3, ¶ 8. Vigna also gives opinions regarding the technology of the Finjan patents-in-suit. Ex. 3, ¶¶ 12-27. This section of Vigna's opening report, thus, renders Bishop's opening report entirely duplicative and the majority of Heberlein's opening report duplicative. Moreover, the portion of Heberlein's report regarding infringement is entirely duplicative to Vigna's more detailed report related to infringement.

Finally, pursuant to Footnote 5 of the Court's form Final Pretrial Order, given the cumulative nature of their expert reports, Heberlein and Bishop should be precluded from

testifying at trial. This Court's form Final Pretrial Order explicitly states that "only one expert witness on each subject for each party will be permitted to testify absent good cause shown." *See* http://www.ded.uscourts.gov/GMSmain.htm. As explained above, Vigna, Bishop, and Heberlein purport to opine on the same subject matters and, therefore, Bishop and Heberlein's opening reports should be excluded.

## CONCLUSION

For the foregoing reasons, Secure Computing respectfully requests that the Court exclude the expert testimony of Matthew Bishop and Todd Heberlein relating to their opening expert reports.

OF COUNSEL:

Ronald J. Schutz
Jake M. Holdreith
Christopher A. Seidl
Trevor J. Foster
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

*Kelly E. Farnan* (signature)
Fredrick L. Cottrell, III (#2555)
cottrell@rlf.com
Kelly E. Farnan (#4395)
farnan@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys For Defendants*

Dated: December 27, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2007 true and correct copies of the foregoing document were caused to be served on counsel of record at the following addresses as indicated:

### HAND DELIVERY & E-MAIL

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street,
Hercules Plaza, 6th Floor
Wilmington, DE 19899-0951

### FEDERAL EXPRESS & E-MAIL

Paul J. Andre
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114

Kelly E. Farnan (#4395)

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 14, 2008, I electronically filed the foregoing with the Clerk of Court using CM/ECF and caused the same to be served on the defendant at the addresses and in the manner indicated below:

**HAND DELIVERY**

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street,
Hercules Plaza, 6th Floor
Wilmington, DE  19899-0951

I further certify that on January 14, 2008, the foregoing document was sent to the following non-registered participants in the manner indicated:

**FEDERAL EXPRESS**

Paul J. Andre
Radhika Tandon
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA  94025-1114

*Kelly E. Farnan*
Kelly E. Farnan (#4395)

RLF1-3155985-1

# EXHIBITS 1-3
# (redacted in their entirety)