IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation,<br><br>        Plaintiff,<br><br>        v.<br><br>SECURE COMPUTING CORPORATION, a Delaware corporation, CYBERGUARD, CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100,<br><br>        Defendants. | C. A. No. 06-369-GMS<br><br>**PUBLIC VERSION** |

**FINJAN'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE EXPERT OPINION AND TESTIMONY OF CARL G. DEGEN RELATING TO <u>INFRINGEMENT OF FINJAN'S PATENTS</u>**

OF COUNSEL

Paul J. Andre
Lisa Kobialka
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114
(650) 838-4300

Dated: December 27, 2007
Public Version: January 14, 2008

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

Attorneys for Plaintiff
Finjan Software, Ltd.

## I.  INTRODUCTION

Plaintiff Finjan Software, Ltd. ("Finjan") hereby moves *in limine* to exclude (a) any testimony at trial by Carl G. Degen ("Mr. Degen"), damages expert for Defendants Secure Computing Corporation ("Secure Computing"), Cyberguard Corporation and Webwasher AG (collectively "Defendants") to the extent it relates to Mr. Degen's opinions that certain of Defendants' accused products do not infringe the Finjan patents and any damages amounts calculated relying on those opinions; and (b) certain text and exhibits in the Response Expert Report of Carl G. Degen ("Response Expert Report") served in this matter on December 12, 2007 to the extent the text or exhibit relates to or is derived from Mr. Degen's stated conclusions regarding Defendants' infringement of the Finjan patents. Mr. Degen's expert opinion makes conclusions regarding infringement issues with respect to the Finjan patents that are beyond the scope of his technical knowledge and beyond the stated purpose of the Response Expert Report. This Court should limit such testimony at trial, including any related opinion disclosed in Mr. Degen's Response Expert Report because his opinions on patent infringement as disclosed in his expert report are improper under the Federal Rules of Evidence and Federal Rule of Civil Procedure Rule 26(a)(2)(B).

## II.  BACKGROUND

On December 12, 2007, as agreed by both parties, Finjan and Defendants exchanged rebuttal expert reports. Affidavit of Meghan Ashley Wharton in Support of Finjan's Motion *in Limine* No. 3 to Exclude Expert Opinion and Testimony of Carl G. Degen Relating to Infringement of Finjan's Patents ("Wharton Aff."), ¶ 2. Defendants submitted the response expert report of Dan Wallach, Defendants' sole technical expert, who gave an opinion regarding the questions of (a) the validity of Secure Computing's two patents-in-suit: U.S. Patent Nos. 7,185,361 and 6,357,010 and (b) Defendants' infringement of Finjan's patents-in-suit: U.S. Patent Nos. 6,092,194, 6,804,780 and 7,058,822 (the "Finjan patents"). Id., ¶ 3. Defendants also submitted Mr. Degen's Response Expert Report setting forth his opinions regarding damages to

be paid by Defendants if Defendants' accused products are found to infringe the Finjan patents. Id.,

Mr. Degen is an economist. Id., ¶ 4, Ex. 1 at App. A (Carl G. Degen Resume). He is not a technical expert in the present case and has no education or experience relating to computer science. Id. Mr. Degen has no "specialized knowledge [that] will assist the trier of fact to understand" the question of Defendants' accused products' infringement of the Finjan patents. Id.; Fed. R. Evid. 702.

Mr. Degen opined in the Response Expert Report that he was "not offering any opinions regarding validity or infringement of any patents in the case" and he "assumed that Finjan's patents are valid and infringed by Secure Computing's accused products." Wharton Aff., ¶ 4, Ex. 1 at ¶ 3. However, Mr. Degen's Response Expert Report included numerous statements analyzing Defendants' accused products' infringement/noninfringement of the Finjan patents and conclusions that certain of Defendants' accused products do not infringe the Finjan patents. Id., ¶ 4, Ex. 1 at ¶¶ 11, 13, 15, 16, 17, 42, 47, 48, 54, 55 and 59. For example, Mr. Degen asserts in his Response Expert Report that "[t]hroughout my report I identify Webwasher software modules that do not incorporate proactive scanning." Id., ¶ 4, Ex. 1 at ¶ 42. The Webwasher product as a whole is an accused product.

In support of his noninfringement conclusions, Mr. Degen cites to deposition testimony, documents produced by the parties during the course of discovery and "conversations" with individuals employed at Secure Computing.[1] Id. Mr. Degen's statements in the Response Expert Report imply that Mr. Degen reviewed evidence in the record, analyzed the Finjan

---

[1] For example, Mr. Degen cites to

REDACTED

Id., ¶ 4, Ex. 1 at ¶ 16.

patents, and then specifically concluded that certain of Defendants' accused products did not include technology that infringes the Finjan patents. Id.

Finally, Mr. Degen prepared several "Figures" ("Report Exhibits") based on the improper infringement conclusions stated in the Response Expert Report. Id., ¶ 4, Ex. 1 at Figs. 1, 2, 2A and 7. These Report Exhibits purport to demonstrate revenue, royalty and damages calculations for Defendants' accused products. Id., at Figs. 1, 2 and 2A. However, based on the noninfringement opinions regarding certain accused products made throughout the Response Expert Report, Mr. Degen dramatically reduced the royalty base to exclude revenue from Defendants' products that Mr. Degen believes to be noninfringing. The improper reduction of the royalty base caused Mr. Degen's final damages number to be substantially lower than obtained by Finjan's damages expert. It also caused Mr. Degen's damages calculation to be substantially lower than the number would have been had Mr. Degen actually presumed that all of Defendants' accused products infringe the Finjan patents.

### III.    ARGUMENT

As discussed above, Mr. Degen's Response Expert Report included numerous opinions concluding that certain of Defendants' accused products do not infringe the Finjan patents and references to several Report Exhibits analyzing damages based upon those opinions. Mr. Degen's inclusion of such opinions are improper. In order for an expert opinion (either written or testimonial) to be admissible at trial, it must be both reliable and relevant. Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589 (1993). An expert providing an expert opinion must be "qualified as an expert by knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Defendants bear the "burden of establishing that the pertinent admissibility requirements are met by a preponderance of the evidence." Fed. R. Evid. 702 (2000 Amendment Notes); see also Daubert, 509 U.S. at 592 n.10. Mr. Degen's Response Expert Report regarding damages owed by Defendants improperly included opinions and analysis regarding issues of patent infringement that are well beyond the scope of his expert qualifications.

As certain portions of Mr. Degen's Response Expert Report and exhibits thereto improperly opine on the issue of whether Defendants' accused products infringe the Finjan patents, this Court should (a) prohibit Mr. Degen from presenting at trial any testimony and demonstratives or exhibits, including the Response Exhibits, to the extent they involve his opinions regarding infringement and (b) limit the scope of Mr. Degen's expert testimony at trial to the damages based on the presumption that the Finjan patents are valid and infringed by all of Defendants' accused products. Cryovac, Inc. v. Pechiney Plastic Packaging, Inc., 430 F.Supp.2d 346, 364-65 (D.Del. 2006) (excluding improper portions of a damages expert opinion because it went "beyond opining on what the appropriate measure of damages should be and [made] what amount[ed] to legal argument on patent and contract law" and limiting the damages expert's testimony "at trial to opining on what the damages award should be").

## IV.  CONCLUSION

For such reasons, this Court should exclude at trial the expert testimony of Carl Degen regarding infringement opinions.

OF COUNSEL

Paul J. Andre
Lisa Kobialka
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114
(650) 838-4300

Dated: December 27, 2007
Public Version: January 14, 2008
842539

POTTER ANDERSON & CORROON LLP

By: /s/ Philip A. Rovner
    Philip A. Rovner (#3215)
    Hercules Plaza
    P. O. Box 951
    Wilmington, DE 19899
    (302) 984-6000
    provner@potteranderson.com

*Attorneys for Plaintiff*
*Finjan Software, Ltd.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on January 14, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Frederick L. Cottrell, III, Esq.
Kelly E. Farnan, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
cottrell@rlf.com; farnan@rlf.com

I hereby certify that on January 14, 2008 I have sent by E-mail the foregoing document to the following non-registered participants:

Jake M. Holdreith, Esq.
Christopher A. Seidl, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
jmholdreith@rkmc.com; caseidl@rkmc.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com