IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation,<br>　　　　　　　Plaintiff,<br>　　v.<br>SECURE COMPUTING CORPORATION, a Delaware corporation; CYBERGUARD CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100,<br>　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>　Civil Action No. 06-369 GMS<br><br>　**PUBLIC VERSION** |

### SECURE COMPUTING CORPORATION'S MOTION TO EXCLUDE EXPERT TESTIMONY OF GIOVANNI VIGNA REGARDING ALLEGED INFRINGEMENT OF PATENT CLAIMS NOT ADDRESSED IN VIGNA'S OPENING EXPERT REPORT

### INTRODUCTION

Defendants Secure Computing Corporation, Cyberguard Corporation and Webwasher AG (collectively "Secure Computing") hereby move to exclude all expert testimony of Giovanni Vigna ("Vigna") regarding his opinions concerning Secure Computing's alleged infringement of claims 6, 8, 15, 20, 21, 26, 34 and 35 of U.S. Patent No. 7,058,822 (the "'822 Patent"). Each of these claims are dependent claims. In Vigna's opening expert report, in which he purports to offer an opinion on infringement of Finjan's Patents, Vigna failed to address the claims upon which the above-mentioned claims are dependent. The Court should limit Vigna's testimony regarding his infringement analysis to only those claims Vigna properly addressed in his report and, therefore, exclude Vigna from testifying regarding claims 6, 8, 15, 20, 21, 26, 34 and 35 of the '822 patent.

### BACKGROUND

Finjan contends that Secure Computing's Webwasher and Cyberguard TSP products infringe claims 1, 2, 4, 6, 8, 9, 12, 13, 15-18, 20-22, 24, 26-29, 31, 32, 34 and 35 of the '822

patent. On November 21, 2007, in support of its infringement claims, Finjan served the expert report of Giovanni Vigna ("Vigna"). Attached as Ex. 1.

In his report, Vigna opined in part that Secure Computing infringes certain claims of the '822 Patent, both literally and under the doctrine of equivalents. Vigna's report does not provide any infringement analysis for independent claim 5, upon which claims 6 and 8 are dependent. Ex. 1, ¶¶ 183, 185. Nor does he consider independent claim 14, upon which claim 15 is dependent, or claim 19, upon which claims 20 and 21 are dependent. *Id.*, ¶ 206, 219, 221. He also fails to provide an infringement analysis for claim 25, upon which claim 26 is dependent, and for claim 33, upon which claims 34 and 35 are dependent. *Id.*, ¶¶ 227, 244, 246.

## ARGUMENT

A determination of infringement requires a two-step analysis: claims must first be construed to determine their proper meaning and scope, and then properly construed claims must be compared to the accused device. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995). To establish infringement, a patentee must prove that the accused device contains every limitation of a given patent claim exactly or by a substantial equivalent. *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991); *see also Inpro II Licensing, S.A.R.L. v. T-Mobile USA, Inc.*, 450 F.3d 1350, 1357-58 (Fed. Cir. 2006). Claims may be written in independent or dependent form. 35 U.S.C. § 112. A dependent claim contains a reference to a claim previously set forth, and then specifies a further limitation of the subject matter claimed. *Id.* Therefore, to determine what a dependent claim covers, it is necessary to look at both the dependent claim and the other claim or claims to which it refers. According to the Federal Circuit: "it is axiomatic that dependent claims cannot be found infringed unless the claims from which they depend have been found to have been infringed." *Wahpeton Canvas Co., Inc. v.*

RLF1-3237835-1

*Frontier, Inc.*, 870 F.2d 1546, 1553 (Fed. Cir. 1989); *see also Monsanto Co. v. Syngenta Seeds, Inc.*, 503 F.3d 1352, 1359 (Fed. Cir. 2007).

In his expert report, Vigna asserts that dependent claims 6, 8 15, 20, 21, 26, 34, and 35 of the '822 Patent are infringed by Secure Computing. Vigna does not, however, address the claims upon which these claims depend – independent claims 5, 14, 19, 25 and 33, respectively – and does not opine upon whether the limitations of these independent claims are contained in the accused device. Therefore, Vigna lacks sufficient grounds for opining that the dependent claims 6, 8 15, 20, 21, 26, 34, and 35 are infringed by the Webwasher product. *Wahpeton Canvas*, 870 F.2d at 1553 (stating "dependent claims cannot be found infringed unless the claims from which they depend have been found to have been infringed."). Accordingly, Vigna's testimony on '822 Patent claims 6, 8 15, 20, 21, 26, 34 and 35 should be excluded.

## CONCLUSION

For the foregoing reasons, Secure Computing respectfully requests that the Court exclude the testimony of Giovanni Vigna as it relates to alleged infringement of claims 6, 8, 15, 20, 21, 26, 34 and 35 of U.S. Patent No. 7,058,822.

|  |  |
|---|---|
| | /s/ Kelly E. Farnan |
| OF COUNSEL: | Fredrick L. Cottrell, III (#2555) |
| Ronald J. Schutz | cottrell@rlf.com |
| Jake M. Holdreith | Kelly E. Farnan (#4395) |
| Christopher A. Seidl | farnan@rlf.com |
| Trevor J. Foster | Richards, Layton & Finger |
| Robins, Kaplan, Miller & Ciresi L.L.P. | One Rodney Square, P.O. Box 551 |
| 2800 LaSalle Plaza | Wilmington, DE 19899 |
| 800 LaSalle Avenue | (302) 651-7700 |
| Minneapolis, MN 55402 | *Attorneys For Defendants* |
| (612) 349-8500 | |

Dated: December 27, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2007 true and correct copies of the foregoing document were caused to be served on counsel of record at the following addresses as indicated:

**HAND DELIVERY & E-MAIL**

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street,
Hercules Plaza, 6th Floor
Wilmington, DE 19899-0951

**FEDERAL EXPRESS & E-MAIL**

Paul J. Andre
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114


_Kelly E. Farnan_
Kelly E. Farnan (#4395)

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 14, 2008, I electronically filed the foregoing with the Clerk of Court using CM/ECF and caused the same to be served on the defendant at the addresses and in the manner indicated below:

### HAND DELIVERY

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street,
Hercules Plaza, 6th Floor
Wilmington, DE  19899-0951

I further certify that on January 14, 2008, the foregoing document was sent to the following non-registered participants in the manner indicated:

### FEDERAL EXPRESS

Paul J. Andre
Radhika Tandon
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA  94025-1114

*Kelly E. Farnan*
Kelly E. Farnan (#4395)

RLF1-3155985-1

# EXHIBIT 1
# (redacted in its entirety)