IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation, | ) ) ) | |
| Plaintiffs, | ) ) ) | Civil Action No. 06-369 GMS |
| v. | ) ) ) | PUBLIC VERSION |
| SECURE COMPUTING CORPORATION, a Delaware corporation, CYBERGUARD, CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF FINJAN SOFTWARE, LTD.'S OPPOSITION TO SECURE COMPUTING CORPORATION'S MOTION *IN LIMINE* TO EXCLUDE EXPERT TESTIMONY OF GIOVANNI VIGNA REGARDING INFRINGEMENT OF PATENT CLAIMS NOT ALLEGEDLY ADDRESSED IN VIGNA'S OPENING EXPERT REPORT**

OF COUNSEL:

Paul J. Andre
Lisa Kobialka
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114
(650) 838-4300

Dated: January 4, 2008
Public Version: January 14, 2008

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

Attorneys for Plaintiff
Finjan Software, Ltd.

## I. INTRODUCTION

Defendants Secure Computing Corporation, Cyberguard Corporation and Webwasher AG's (collectively "Secure Computing") motion should be denied with respect to Claims 6, 8, and 15 because Dr. Giovanni Vigna's ("Dr. Vigna") expert report ("Dr. Vigna's report") addresses every limitation of those claims, and clearly states his opinion that Secure Computing infringes those claims. Contrary to Secure Computing's arguments, Dr. Vigna addresses the limitations found in Claims 5 and 14 – dependent claims from which Claims 6, 8 and 15 further depend -- in paragraphs 181 and 200 of his report. Accordingly, Dr. Vigna should not be excluded from testifying about the limitations of Claim 5 and 14 just because the format of his report is not to Secure Computing's liking. He wrote his report to be clear as possible, and only used separate paragraphs for the asserted claims. Because Claims 5 and 14 have not been asserted by themselves, the analysis of these claims was not separated out into distinct paragraphs. Rather, the limitations of these claims were included in the analysis of their respective independent claims. Because all of the limitations of Claims 5 and 14 were considered in Dr. Vigna's report, dependant Claims 6, 8, and 15 should not be excluded at trial.

With regard to claims 20, 21, 26, 34 and 35, Finjan does not oppose Secure Computing's motion and Dr. Vigna will not be testifying at trial regarding those claims.

## II. FACTUAL BACKGROUND

On November 21, 2007, Finjan served its opening expert report of Dr. Vigna asserting infringement of Finjan's Patents, including United States Patent No. 7,058,822 ("the '822 Patent"). In his expert report, Dr. Vigna detailed the infringement of Claims 1, 2, 4, 6, 8, 9, 12, 13, 15-18, 22, 24, 27-29, 31 and 32 in the '822 Patent. As shown in the report, Dr. Vigna addressed each asserted claim in a separate paragraph.     REDACTED     If a claim was not asserted, but its limitations required consideration by virtue of being a dependent claim, those limitations were considered in the analysis of the independent claim.

### III.  ARGUMENT

An expert is allowed to testify at trial as to the information contained within their expert report. Fed. R. Civ. P. 26(a)(2)(B). Dr. Vigna properly disclosed and considered all of the limitations of Claims 6, 8 and 15. Secure Computing argues that Dr. Vigna does not address the limitations of Claims 5 and 14 in his report and therefore is allowed to testify regarding any claims which depend from Claims 5 and 14.[1] However, after a cursory review of Dr. Vigna's report, it can easily be determined that he did in fact address the limitations recited in Claims 5 and 14. Claim 5 recites:

> "5.  The method of Claim 4, wherein the sandboxed package is formed such that the **mobile protection code will be executed** by the information-destination **before** the downloadable-information."

In discussing Claim 4, Dr. Vigna's report states:

REDACTED

Similarly, Claim 14 recites:

> "14.  The system of Claim 13, wherein the sandboxed package is formed for receipt by the information-destination such that the **mobile protection code is executed before the downloadable-information**."

In paragraph 200, which discusses Claim 13, Dr. Vigna writes:

REDACTED

As can be seen from the above quotations, Claims 5 and 14 require the mobile protection

---

[1] Claim 6 depends upon Claim 5, while Claim 8 depends upon Claim 6. Claim 15 depends upon Claim 14.

code to be executed *before* the downloadable-information. Dr. Vigna states in his report that

REDACTED

Thus, he did consider and disclose all of the limitations of Claims 5 and 14 in his expert report. As such, he should be permitted to testify at trial regarding Claims 6, 8 and 15 because the claims from which they depend were discussed in detail in Dr. Vigna's report.

Secure Computing appears to be complaining about the fact that Dr. Vigna did not use a separate paragraph to discuss the infringement of the additional limitation of Claims 5 and 14, even though Finjan is not asserting those claims. Instead, in his opinion regarding infringement of the asserted claims, Dr. Vigna discusses the infringement of every claim limitation in the paragraphs discussing the asserted claims. In other words, Dr. Vigna specifically expresses his opinion regarding infringement of every claim limitation of Claims 6, 8 and 15 – otherwise, he would not be able to provide an infringement opinion as to those claims. Nowhere does Secure Computing argue that all the limitations were not discussed, nor does it argue that all of the asserted claims are specifically discussed in Dr. Vigna's report. Therefore, because all of the limitations of dependant Claims 6, 8, and 15, including the limitation of Claims 5 and 14, were considered in Dr. Vigna's report, his opinion regarding the infringement of Claims 6, 8, and 15 should not be excluded at trial.

## IV.  CONCLUSION

For the reasons set out above, Finjan respectfully submits that Secure Computing's motion *in Limine* to preclude Finjan from asserting infringement of Claims 6, 8 and 15 should be denied.

///

///

///

|  |  |
|---|---|
| | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL | |
| | By: /s/ Philip A. Rovner |
| Paul J. Andre | Philip A. Rovner (#3215) |
| Lisa Kobialka | Hercules Plaza |
| Perkins Coie LLP | P. O. Box 951 |
| 101 Jefferson Drive | Wilmington, DE  19899 |
| Menlo Park, CA  94025-1114 | (302) 984-6000 |
| (650) 838-4300 | provner@potteranderson.com |
| | |
| Dated: January 4, 2008 | *Attorneys for Plaintiff* |
| Public Version:  January 14, 2008 | *Finjan Software, Ltd.* |
| 842590 | |

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on January 14, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

> Frederick L. Cottrell, III, Esq.
> Kelly E. Farnan, Esq.
> Richards, Layton & Finger, P.A.
> One Rodney Square
> 920 N. King Street
> Wilmington, DE  19801
> cottrell@rlf.com; farnan@rlf.com

I hereby certify that on January 14, 2008 I have sent by E-mail the foregoing document to the following non-registered participants:

> Jake M. Holdreith, Esq.
> Christopher A. Seidl, Esq.
> Robins, Kaplan, Miller & Ciresi L.L.P.
> 2800 LaSalle Plaza
> 800 LaSalle Avenue
> Minneapolis, MN 55402
> jmholdreith@rkmc.com; caseidl@rkmc.com

> /s/ Philip A. Rovner
> Philip A. Rovner (#3215)
> Potter Anderson & Corroon LLP
> Hercules Plaza
> P.O. Box 951
> Wilmington, Delaware 19899
> (302) 984-6000
> E-mail: provner@potteranderson.com