IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 06-00369 GMS |
| v. | ) ) ) | |
| SECURE COMPUTING CORPORATION, a Delaware corporation; CYBERGUARD CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100, | ) ) ) ) ) ) ) | **PUBLIC VERSION** |
| Defendants. | ) | |

**SECURE COMPUTING CORPORATION'S MOTION TO PRECLUDE FINJAN FROM ASSERTING INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS**

**INTRODUCTION**

Defendants Secure Computing Corporation, Cyberguard Corporation and Webwasher AG (collectively "Secure Computing") hereby move to preclude Finjan from asserting infringement under the doctrine of equivalents at trial. During the prosecution of the patents in suit, Finjan made amendments to its claims in order to avoid prior art. These amendments narrowed the scope of subject matter claimed, and were made for substantial reasons related to patentability. Therefore, under the doctrine of prosecution history estoppel, Finjan should be prohibited from asserting infringement under the doctrine of equivalents.

**BACKGROUND**

Finjan contends that Secure Computing's Webwasher and Cyberguard TSP products infringe, both literally and under the doctrine of equivalents, claims 1-14, 24-30, 32-36 and 65 of United States Patent No. 6,092,194, claims 1-18 of United States Patent No. 6,804,780, and claims 1, 2, 4, 6, 8, 9, 12, 13, 15-18, 20-22, 24, 26-29, 31, 32, 34 and 35 of United States Patent

No. 7,058,822. In its support of its infringement claims, Finjan served the opening expert report of Matthew Bishop, Todd Heberlein, and Giovanni Vigna.[1] For each and every limitation of the asserted claims of the Finjan patents-in-suit, Vigna gives an opinion that the Secure Computing's accused products satisfy the limitations under the doctrine of equivalents. *See* Ex. 1.

During the prosecution of the patents in suit, Finjan made several amendments to its claims in order to avoid prior art. For example, Finjan made an amendment to its claims in order to avoid prior art with respect to at least the following limitations:

**The '194 Patent**

- Finjan Amendment – May 6, 1999 - "An incoming Downloadable addressed to a client, by a server that serves as a gateway to the client " and "preventing execution of the Downloadable " *See* Ex. 2, at 2, 3, 5 (Amendment and Response received May 6, 1999).

- Finjan Preliminary Amendment – October 27, 1999 - "Downloadable security profile data pertaining to the Downloadable" *See* Ex. 3, at 2-3 (Preliminary Amendment received Oct. 27, 1999).

- Examiner's Amendment – January 3, 2000 - "The Downloadable security profile data includes a list a suspicious computer operations that may be attempted by the Downloadable." *See* Ex. 4, at 2-3 (Examiner's Amendment mailed 1/3/2000).

**The '780 Patent**

- Finjan Amendment – August 6, 2003 – "A Downloadable that includes one or more references to software components required by the Downloadable." *See* Ex. 5, at 3-5 (Amendment and Response received Aug. 6, 2003).

- Finjan Amendment – March 3, 2004 - "performing a hashing function" *See* Ex. 6, at 2-4. (Amendment and Response received Mar. 3, 2004).

---

[1] Secure Computing has moved to exclude the opening expert opinions of Bishop and Heberlein under Rules 403 and 702 of the Federal Rules of Evidence, and Footnote 5 to the Court's form Final Pretrial Order.

## ARGUMENT

To establish infringement, a patentee must prove that the accused device contains every limitation of a given patent claim exactly or by a substantial equivalent. *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991); *see also Inpro II Licensing, S.A.R.L. v. T-Mobile USA, Inc.*, 450 F.3d 1350, 1357-58 (Fed. Cir. 2006). A product or a process that does not correspond to the literal terms of a patent claim may still infringe under the doctrine of equivalents. Under this doctrine, a product or process infringes a claim if it differs only insubstantially – for example, if it performs substantially the same function in substantially the same way to obtain the same result as the claimed subject matter. *See Searfoss v. Pioneer Consol. Corp.*, 374 F.3d 1142, 1150 (Fed. Cir. 2004).

The doctrine of equivalents can be limited under "prosecution history estoppel." This doctrine prohibits a patent holder from using the doctrine of equivalents to resurrect subject matter surrendered in proceedings before the Patent and Trademark Office. *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 117 S. Ct. 1040, 1051 (1997). Prosecution history estoppel is invoked based on amendments made to claims during prosecution. In *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 344 F.3d 1359, 68 U.S.P.Q.2d 1321 (Fed. Cir. 2003) ("Festo IX"), the Federal Circuit held that if an amendment narrows the scope of subject matter claimed, and is made for a substantial reason related to patentability, then a patent holder is presumed to have "surrendered all territory between the original claim limitation and the amended claim limitation." *Id.* at 1367. In determining whether the presumption applies, the question is whether the reason for the narrowing amendment is substantially related to patentability. Reasons for a narrowing amendment that is substantially related to patentability include: resolving prior art issues under 35 U.S.C. §§ 102 or 103; resolving patentable subject matter and

utility issues under 35 U.S.C. § 101; resolving written description, enablement and best mode issues under 35 U.S.C. § 112, para. 1; and resolving definiteness issues under 35 U.S.C. § 112, para.2. *Festo VIII*, 122 S. Ct. at 1840. Even a voluntary amendment can be substantially related to patentability. *Festo IX*, 344 F.3d at 1366. Finally, if no reason for the narrowing amendment is found in the prosecution history, then the amendment is presumed to be made for reasons of patentability, and the patentee has the burden to rebut the presumption. *Id.*

Each of the '194 claim amendments listed in the background section are narrowing amendments that were made for reasons substantially related to patentability. First, the '194 Patent was amended to include the limitation of "an incoming Downloadable addressed to a client, by a server that serves as a gateway to the client " and  "preventing execution of the Downloadable" in order to avoid the examiner's rejection based on the prior art of McManis and Chang. *See* Ex. 2, at 8 (Amendment and Response received May 6, 1999). The '194 Patent was also amended to include the limitation of "Downloadable security profile data pertaining to the Downloadable" in order to avoid the examiner's rejection based on the prior art of McManis, Boebert, Deo, and Ji. *See* Ex. 3, at 4-6 (Preliminary Amendment received Oct. 27, 1999). Finally, the '194 Patent was amended by the examiner to include the limitation that "the Downloadable security profile data includes a list a suspicious computer operations that may be attempted by the Downloadable." *See* Ex. 4, at 2-3 (Examiner's Amendment mailed 1/3/2000). The examiner stated that this amendment was the reason for allowance of the patent. *Id.* at 3-4.

Likewise, each of the '780 claim amendments listed in the background section are narrowing amendments that were made for reasons substantially related to patentability. First, the '780 patent was amended to include the limitation of "a Downloadable that includes one or more references to software components required by the Downloadable" in order to avoid the

rejection based on the prior art references of Apperson et al and Khare. *See* Ex. 5, at 7-8 (Amendment and Response received Aug. 6, 2003). Second, the '780 patent was amended to include the limitation of "performing a hashing function" in order to indicate that a particular type of function had to be performed to meet the limitation. Consequently, prosecution history estoppel is presumed as to the above limitations and Dr. Vigna provided no basis for rebutting this presumption. *See* Ex. 1. Likewise, the file history does not provide a basis for rebutting the presumption of prosecution history estoppel.

## CONCLUSION

For the foregoing reasons, Secure Computing respectfully requests that the Court preclude Finjan from asserting infringement by Secure Computing under the doctrine of equivalents.

OF COUNSEL:

Ronald J. Schutz
Jake M. Holdreith
Christopher A. Seidl
Trevor J. Foster
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

/s/ Kelly E. Farnan
Fredrick L. Cottrell, III (#2555)
cottrell@rlf.com
Kelly E. Farnan (#4395)
farnan@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys For Defendants*

Dated: December 27, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2007 true and correct copies of the foregoing document were caused to be served on counsel of record at the following addresses as indicated:

### HAND DELIVERY & E-MAIL

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street,
Hercules Plaza, 6th Floor
Wilmington, DE 19899-0951

### FEDERAL EXPRESS & E-MAIL

Paul J. Andre
Radhika Tandon
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114

*Kelly E. Farnan*
Kelly E. Farnan (#4395)

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 14, 2008, I electronically filed the foregoing with the Clerk of Court using CM/ECF and caused the same to be served on the defendant at the addresses and in the manner indicated below:

**HAND DELIVERY**

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street,
Hercules Plaza, 6th Floor
Wilmington, DE 19899-0951

I further certify that on January 14, 2008, the foregoing document was sent to the following non-registered participants in the manner indicated:

**FEDERAL EXPRESS**

Paul J. Andre
Radhika Tandon
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114

Kelly E. Farnan (#4395)

# EXHIBITS 1-6
# (redacted in their entirety)