IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation, <br><br> Plaintiff, <br><br> v. <br><br> SECURE COMPUTING CORPORATION, a Delaware corporation, CYBERGUARD, CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100, <br><br> Defendants. | Civil Action No. 06-369 GMS <br><br><br> **PUBLIC VERSION** |

**PLAINTIFF FINJAN SOFTWARE, LTD.'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE ALLEGEDLY CUMULATIVE EXPERT TESTIMONY OF MATTHEW BISHOP AND TODD HEBERLEIN**

OF COUNSEL:

Paul J. Andre
Lisa Kobialka
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114
(650) 838-4300

Dated: January 4, 2008
Public Version: January 14, 2008

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

Attorneys for Plaintiff
Finjan Software, Ltd.

## I.     INTRODUCTION

Defendants' Motion to Exclude the Expert Testimony of Dr. Matthew Bishop and Mr. Todd Heberlein ("Motion") should be denied because the expert opinions of Dr. Giovanni Vigna ("Dr. Vigna"), Dr. Bishop, and Mr. Heberlein, as disclosed in their respective opening expert reports, address distinct and separate subjects and are not cumulative. U.S.D.C. Form Final Pretrial Order n.5. Testimony from each of these expert witnesses will "assist the trier of fact to understand the evidence or to determine [] fact[s] in issue" specifically related to the referenced subjects. Fed. R. Evid. 702. Exclusion of the testimony of any of the experts in question will hinder the jury's ability to adequately understand and evaluate the facts presented in the case and will result in unfair prejudice to Finjan Software Ltd. and Finjan Software, Inc. (collectively "Finjan"). Fed. R. Evid. 402, 403.

## II.    BACKGROUND

As can be seen from a cursory examination of Finjan's expert reports, each expert's testimony will relate to a distinct and different subject involved in the case. As disclosed in Dr. Bishop's expert report, Dr. Bishop intends to provide at trial a simple and general discussion of the concepts involved in network security and define common terms and concepts used in the academic study of computer networks and network security. *See* Motion, Exh. 1 (Bishop Expert Report) at ¶ 2. He will be providing the jury with a reference of basic computer network security terms and concepts and his intent is to provide a tutorial on the relevant technology.

Unlike Dr. Bishop's tutorial testimony, Mr. Heberlein's testimony in Finjan's case-in-chief will be limited to an overview of the evolution of network security technology given from Mr. Heberlein's unique perspective as someone who has worked extensively in the computer network security market.[1] *Id.*, Exh. 2 (Heberlein Expert Report) at ¶ 2. As set forth in his report, Mr. Heberlein will use a series of detailed diagrams to present to the jury a discussion of (a) the

---

[1] Mr. Heberlein also submitted a timely rebuttal report in this case on issues of validity. Defendants' Motion does not address Mr. Heberlein's rebuttal report and it is not at issue in this motion.

evolution of the World Wide Web and the rise in Internet-borne threats to businesses operating in today's marketplace; (b) the historic and current approaches to network security issues and related trends; and (c) the Webwasher product's current approach to network security (including the use of Finjan's patented technology) as a means of meeting consumer demand and keeping pace with market trends. Id. This testimony not only supports Finjan's infringement case, but also its case for damages, as it relates to the importance of Finjan's patented technology to the industry. Finjan does not have another expert who can provide testimony on this subject matter, as it is based in part on Mr. Heberlein's unique background and experience.

In contrast, Dr. Vigna will provide a detailed element-by-element analysis regarding Defendants' infringement of the asserted claims in Finjan's patents. Id., Exh. 3 (Vigna Expert Report). Dr. Vigna's testimony will discuss the technology disclosed in Finjan's patents only to the extent necessary to support his infringement analysis and opinion testimony at trial. Id. While Dr. Vigna "may give a tutorial," any discussion of the technology put forth by him will be limited to Finjan's patents and Defendants' infringement, as disclosed in his expert report. Id.

### III.  ARGUMENT

Finjan's experts are necessary to cover distinct subject matter. Defendants' single conclusory paragraph in its Motion that these experts are cumulative does not address the substance of these experts' proposed testimony. In re Jacoby Airplane Crash Litig., 2007 WL 2746833, at *13 (D.N.J. Sept. 19, 2007) (citing Robert S. v. Stetson Sch., Inc., 256 F.3d 159, 170 (3d Cir. 2001) (it is only appropriate for a Court to exclude expert witness testimony as cumulative where the Court determines that two experts will each testify about the "exact same issues" and where "essentially identical evidence" is being presented.)

### A.  The Expert Reports At Issue Do Not Disclose Opinions About The Exact Same Issues And Do Not Rely On Essentially Identical Evidence

Finjan's experts are providing different testimony, as is evidenced by their expert reports and the fact that these experts rely on different evidence for their opinion and tutorial. For example, the expert testimony of Dr. Vigna and Dr. Bishop are not on the exact same issues. Dr.

Vigna will provide expert testimony at trial on infringement based on deposition testimony and documents regarding the infringing products and Finjan's patents. Id., Exh.3 at ¶ 4. Unlike Dr. Bishop's expert report, Dr. Vigna's expert report does not disclose opinions as to general concepts relating to the technology involved in the action and Dr. Vigna does not intend to testify on this subject. Dr. Bishop, in contrast, will provide a general overview and tutorial of the technology by providing testimony about the simple meaning of terms used in the computer networks and network security field. The evidence he considered is Finjan's patents and articles that he and others in the industry published. Dr. Bishop's expert opinion does not discuss Finjan's patents or Defendants' products or infringement. Thus, Dr. Bishop and Dr. Vigna are addressing different issues and do not involve "essentially identical evidence." See id., Exh. 1; Jacoby, at *13.

      The expert testimony of Mr. Heberlein will not be cumulative of Dr. Vigna's testimony. The expert reports of Dr. Vigna and Mr. Heberlein relate to two completely different subjects. Unlike Dr. Vigna's detailed analysis of Defendants' infringement of Finjan's patents, Mr. Heberlein will give an overview of the past and present network security market and discuss different technological solutions to problems presented to network security vendors to support Finjan's infringement and damages case against Defendants. See id., ¶ 4, Exh. 2. His expert testimony will place the technologies at issue into perspective with regard to the broader network security market. He provides definitions of terms in the industry, which no other expert will be providing, and gives a framework for the industry and how the patented technology fits within the industry. The evidence that he relied upon is unlike any other expert, as it includes market analysis reports and is also based on his personal experience and knowledge as someone with years of experience working in the industry.

      Furthermore, Mr. Heberlein's testimony addresses distinctly different subject matter than the testimony to be offered by Dr. Bishop. As a preliminary matter, Dr. Bishop and Mr. Heberlein have very different backgrounds and experience, and reach their respective conclusions using different perspectives. See id., Exhs. 1-2. Dr. Bishop provides his expert

opinions as a Professor of Computer Science while Mr. Heberlein provides his expert opinions as a founder of a network security company. Id., Exh. 1 at ¶¶ 1-2; Exh. 2 at ¶¶ 1-2; *see* Ortho-McNeil Pharm. Inc. v. Barr Lab., Inc., 2006 WL 1805897 at *4 (D.N.J. June 29, 2006) (finding two expert doctors' testimonies not cumulative when one expert derives knowledge from clinical practice and other expert derives knowledge from academia, each having a "meaningfully different skill set and background"). Neither reviewed the same materials in preparation for their reports with the exception of Finjan's patents-in-suit. In preparation, Dr. Bishop reviewed two academic textbooks on computer science and computer networks while Mr. Heberlein reviewed market analysis reports for forming their opinions. *Compare* id., Exh. 1 at ¶ 5 *with* id., Exh. 2 at ¶ 5.

Furthermore, Dr. Bishop's testimony will define terms and provide knowledge to the jury as a foundation so that the jury can easily digest the testimony of the other expert witnesses testifying in the action. Mr. Heberlein, by contrast, will provide the jury with information regarding the network security market and the historic and current approaches taken by network security providers to meet the needs of consumers and provide network protection in an increasingly dangerous age, based on his knowledge and relevant experience. Id., Exh. 2. The terminology Mr. Heberlein will discuss will differ from that addressed by Dr. Bishop. For example, Dr. Bishop briefly discusses a definition of a "gateway" while Mr. Heberlein discusses the differences between a "packet filtering gateway" and an "application gateway." *Compare* id., Exh. 1 at ¶¶ 11-16 *with* id., Exh. 2 at ¶ 12. Mr. Heberlein also discusses the concept of "layered security," performance challenges at the gateway, sandboxing, blended threats, and other terms that relate to network security solutions in the real world. Such testimony is beyond the scope of what will be Dr. Bishop's concise informational testimony. *Compare* id., Exh. 1 *with* id., Exh. 2.

### B.   The Testimony Of These Experts Will Assist The Trier Of Fact To Understand The Evidence And/Or Determine A Fact In Issue In The Action

The testimony of Dr. Vigna, Dr. Bishop, and Mr. Heberlein should be admitted at trial. Each of the witnesses in question will provide testimony as to different subjects, which "will

assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Moreover, as described above, each expert's testimony is both relevant and probative of the facts and issues in this case, and should be admitted by this Court under Federal Rules of Evidence 402 and 403.

For example, Dr. Bishop will assist the jury to understand basic concepts and terms that will be used throughout the trial. These terms and concepts appear throughout the documentary evidence that will be presented at trial and will be used extensively by the expert and law witnesses testifying at trial. His testimony will assist the jury in understanding the vast documentary and testimonial evidence that will be presented at trial and assist the jury in deciding issues of fact relating to that evidence. Mr. Heberlein's expert testimony will focus on a different area, and assist the jury to understand the evolution of network security solutions and evaluate the importance of the parties' products and technologies as part of that evolution, as well as the evolution of solutions offered by network security vendors, as someone with deep experience in the industry. Id., Exhs. 1-3.

Given the different subject matter of Finjan's experts, any tutorial they give, to the extent any such tutorial is necessary, will be substantively different and relate to different aspects of technology, as disclosed in their respective expert reports.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion should be denied.

POTTER ANDERSON & CORROON LLP

OF COUNSEL

Paul J. Andre
Lisa Kobialka
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA  94025-1114
(650) 838-4300

Dated: January 4, 2008
Public Version: January 14, 2008

By: /s/ Philip A. Rovner
Philip A. Rovner (#3215)
Hercules Plaza
P. O. Box 951
Wilmington, DE  19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Plaintiff*
*Finjan Software, Ltd.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on January 14, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Frederick L. Cottrell, III, Esq.
Kelly E. Farnan, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
cottrell@rlf.com; farnan@rlf.com

I hereby certify that on January 14, 2008 I have sent by E-mail the foregoing document to the following non-registered participants:

Jake M. Holdreith, Esq.
Christopher A. Seidl, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
jmholdreith@rkmc.com; caseidl@rkmc.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com