IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation, | ) ) ) ) | Civil Action No. 06-369 GMS |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **PUBLIC VERSION** |
| SECURE COMPUTING CORPORATION, a Delaware corporation, CYBERGUARD, CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100, | ) ) ) ) ) | |
| Defendants. | | |

**PLAINTIFF FINJAN SOFTWARE, LTD.'S OPPOSITION TO SECURE COMPUTING CORPORATION'S MOTION *IN LIMINE* TO PRECLUDE FINJAN FROM ASSERTING INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS**

OF COUNSEL:

Paul J. Andre
Lisa Kobialka
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114
(650) 838-4300

Dated: January 4, 2008
Public Version: January 14, 2008

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

Attorneys for Plaintiff
Finjan Software, Ltd.

## I.   INTRODUCTION

Defendants' motion *in limine* to exclude Finjan Software Ltd.'s ("Finjan") doctrine of equivalents ("DOE") infringement claims ("Motion") seeks to have this Court make a *per se* finding that all amendments to claims automatically bar any DOE infringement claim regardless of the nature and substance of the amendment. However, as this Court is aware, this is simply not the law. Amendments are common during patent prosecution, and the Supreme Court has clearly stated that amendments are not a *per se* bar to the doctrine of equivalents. <u>Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.</u>, 535 U.S. 722 (2002) ("Festo VIII"). The simple fact is that Finjan has appropriate claims for infringement under the DOE for all of its asserted claims of its three patents, which have been properly disclosed and provided to Defendants in the expert report of Dr. Giovanni Vigna ("Dr. Vigna"). Wholly apart from the fact that this appears to be yet another attempt by Defendants to seek summary adjudication of an issue in direct disregard of this Court's Amended Scheduling Order and the parties' stipulation barring the filing of summary judgment motions, the only way Defendants can make this argument is by omitting the threshold analysis required for such a determination and argue in conclusory fashion in ***two short paragraphs*** that prosecution history estoppel applies wholesale to ***all*** the asserted claims in three different patents, even though most of these claims were never amended. Since there are no legal or factual bases for permitting Defendants to foreclose Finjan's claims under the DOE, this motion should be denied.

## II.   FACTUAL BACKGROUND

Finjan timely served the opening expert report of Dr. Vigna asserting infringement of Finjan's Patents, U.S. Patent Nos. 6,092,194 ("the '194 Patent"), 6,804,780 ("the '780 Patent") and 7,058,822 ("the '822 Patent"). That report contained a limitation-by-limitation opinion on infringement under DOE for every asserted claim.[1] The ***majority*** of the claims in the '194 and

---

[1] *See e.g.*, Motion, Ex. 1 at ¶¶ 43, 46, 48, 50, 72, 74, 76, 78, 91, 93, 96, 98, 104, 106, 110, 112, 121, 123, 125, 127, 145, 147, 149, 152, 159, 161, 167, 170, 172, 189, 191, 193, 195, 199, 201, 203, 205, 207, 210, 212, 214, 216, 218, 220, 222, 224, 226, 228, 230, 233, 235, 237, 239, 241, 243, 245, and 247.

'780 Patents were not amended during prosecution. *See* Motion, Ex. 2 (Preliminary Amendment, Oct. 27, 1999), Ex. 3 (Amendment and Response, May 6, 1999), Ex. 4 (Examiner's Amendment, Jan. 3, 2000); *see also* id., Ex. 5 (Amendment and Response, Aug. 6, 2003), Ex. 6 (Amendment and Response, Mar. 3, 2004).  With respect to claims asserted against Defendants, claims 3-11, 24-29, 30 and 33-36 of the '194 Patent and claims 2, 4, 5, 6, 10, 12, 13, and 14 of the '780 Patent[2] were ***never*** amended during the prosecution of these patents.  Id.  The scope of the claims in the '822 Patent was not amended ***at all*** during prosecution.  *See* Amendment and Response, Mar. 7. 2005 and Supplemental Amendment, April 5, 2005 (attached hereto as Exs. 1-2, respectively). As is apparent from the lack of analysis in Defendants' opening brief, the amendments made to the '194 and '780 Patents are not related in any way to the DOE infringement analysis disclosed in Dr. Vigna's report.  In fact, Defendants do nothing in their Motion to suggest that the amendments are somehow tied to the infringement analysis Finjan has provided in support of its infringement claim under DOE.

### III.    ARGUMENT

In their Motion, Defendants argue that Finjan should be excluded from making ***any*** infringement arguments under the doctrine of equivalents.  They base this conclusion solely upon prosecution history estoppel.  As a threshold legal matter, prosecution history estoppel requires that a claim element be amended in a manner altering the claim's scope.  *See* <u>Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.</u>, 344 F.3d 1359, 1365 (Fed. Cir. 2003) ("Festo IX").  Defendants, however, failed to address the fact that the majority of the asserted claims in the '194 and '780 Patents were not amended during prosecution, and the scope of the claims in the '822 Patent was not altered ***at all***.  Prosecution history estoppel ***cannot*** be used to bar the use of the doctrine of equivalents on claim limitations which were not amended.  *See* <u>U.S. Philips Corp. v. Iwaski Elec. Co.</u>, 505 F.3d 1371, 1380 (prosecution estoppel inapplicable when no amendment

---

[2] *See* Motion, Ex. 5 (Amendment and Response Aug. 6, 2003) and Ex. 6 (Amendment and Response, Mar. 3, 2004).

made to claim) (citations omitted).  Defendants provide absolutely no support, and make no
arguments for why Finjan should be barred from infringement under the DOE for these claims.

For the claims actually amended during prosecution, Defendants rely upon a faulty
assumption of *per se* abolition of the doctrine of equivalents when any amendment has been
made to a claim limitation.  Amendments are common during patent prosecution, and the
Supreme Court has clearly stated that amendments are not a *per se* bar to the doctrine of
equivalents.  *See* Festo VIII, 535 U.S. at 728, 735 (citing Warner-Jenkinson Co., Inc. v. Hilton
Davis Chem. Co., 520 U.S. 17 at 30-32) ("prosecution history estoppel does not arise in every
instance when a patent application is amended").  For prosecution history estoppel to be applied,
the amendments must narrow the scope of the claims, and the doctrine of equivalents arguments
must be attempting to capture territory surrendered during prosecution of the patent.  Festo IX,
344 F.3d at 1366.

A preliminary requirement for barring the use of the doctrine of equivalents through
prosecution history estoppel is a narrowing amendment to a claim element.  Festo IX, 344 F.3d at
1366 (citing Pioneer Magentics, Inc. v. Micro Linear Corp., 330 F.3d 1352, 1356 (Fed. Cir.
2003).  Despite arguing that Finjan should be completely barred from using the doctrine of
equivalents, Defendants fail to address most of the amended claims[3], presumably because many
of the amendments did not narrow the scope of the claims.[4]  For the limited number of
amendments Defendants specifically address, they simply state in a conclusory manner that each
amendment is narrowing.  However, some amendments claimed by Defendants to be narrowing
actually **expanded** the claim language, making prosecution history estoppel inapplicable to the

---

[3] Defendants only present arguments related to claims 1, 32, and 65 of the '194 Patent and claims
1, 9, 17 and 18 of the '780 Patent.  *See* Motion at 2.

[4] For example, all limitations in asserted Claims 12, 13, and 14 in the '194 Patent and Claims 3
and 11 in the '780 Patent were amended which either expanded or maintained the claim scope.

claim limitation.[5]  Secure Computing has not even attempted to prove that all amendments made were narrowing in light of the prosecution history.  *See* Honeywell Int'l, Inc. v. Hamilton Sundstrand Corp., 378 F.Supp.2d 459, 477 (D. Del. 2005) (it is "inaccurate and imprudent to conclude that an amendment narrows the scope of a claim by merely giving the original and amended limitations a cursory, side-by-side comparison, without first exploring the entire prosecution history").

Furthermore, Finjan should not be barred from pursuing infringement under DOE because the specific equivalents described in Dr. Vigna's expert report were not surrendered during prosecution of Finjan's Patents.  Prosecution history estoppel only limits equivalents in the territory between the original claim limitation and the amended claim limitation.  Festo IX, 344 F.3d at 1367 (citing Festo VIII, 535 U.S. at 740).  Defendants never address how Finjan's DOE arguments attempt to regain territory surrendered during prosecution, and never attempt to connect any amendment made to any DOE position found in Vigna's expert report, likely because they cannot.  The amendments made to the '194 and '780 Patents did not surrender the equivalents argued by Dr. Vigna's.  For example, claim 1 of the '194 Patent was amended to include "the Downloadable security profile data includes a list of suspicious computer operations that may be attempted by the Downloadable".  Dr. Vigna does not attempt to regain territory in his opinion regarding infringement under DOE.[6]  The equivalents presented by Dr. Vigna included the added requirement of a list of suspicious computer operations, and there is no attempt to regain territory allegedly surrendered during the amendment.

Even if Defendants had performed the proper analysis and made the requisite argument

---

[5] For example, a claim limitation in claim 1 in the '194 Patent was expanded to "preventing execution of the Downloadable" from the narrower element "discarding the Downloadable".  Motion, Ex. 2.

[6] "The Webwasher product performs substantially the same function because
                              REDACTED                              Motion, Ex. 1 (Vigna
Expert Report) at ¶ 46.

with analysis that an amendment to the asserted claims was narrowing in a manner giving rise to

the presumption of estoppel, Finjan could have easily rebutted such a presumption. The few

amendments made during the prosecution of the '194 and '780 Patent cannot be reasonably

viewed as surrendering the specific equivalents positions taken in Dr. Vigna's expert report. For

example, an amendment is not reasonably seen as surrendering an equivalent if the equivalent

was unforeseeable at the time of application. Festo IX, 344 F.3d at 1369 (citing Festo VIII, 535

U.S. at 740). In this case, Finjan's Patents were the first to every use behavior-based technology

in the security software field, and as such are considered pioneering patents. Accordingly, there

is no possible way to foresee what potential equivalents might come onto the market after the

disclosure of these invention and any amendments made during prosecution. In addition, if

Defendants would have provided a proper analysis of their estoppel argument, Finjan could have

demonstrated that the rationale underlying any amendment may bear not more than a tangential

relationship to the equivalent. Festo VIII, 535 U.S. at 740-41. The rationale for all equivalents

presented by Dr. Vigna bears no more than a tangential relationship to the amendments made

because the equivalents at issue includes the requirements of the amendment, and therefore what

is claimed to be equivalent is unrelated to the amended element. *See* Insituform Tech., Inc. v.

CAT Contracting, Inc., 385 F.3d 1360, 1370 (Fed. Cir. 2004) (no indication in the prosecution

history of any relationship between the narrowing amendment and the alleged equivalent in this

case, such that patentee successfully rebutted the presumption and the equivalents was

tangential). Finally, had Defendants provided any argument to support their estoppel argument,

Finjan could have provided reasons why the patentee could not be expected to have described an

insubstantial substitute. For example, the amendments would be an insubstantial substitute

because what is argued to be equivalent is nearly identical to the claim limitation. However,

because Defendants did nothing more than to make a short conclusory argument in two short

paragraphs as to why all of Finjan's DOE claims should be precluded, Finjan cannot specifically

rebut Defendants' conclusory *per se* arguments.

POTTER ANDERSON & CORROON LLP

OF COUNSEL

Paul J. Andre
Lisa Kobialka
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA  94025-1114
(650) 838-4300

Dated: January 4, 2008
Public Version: January 14, 2008

By:  /s/ Philip A. Rovner
      Philip A. Rovner (#3215)
      Hercules Plaza
      P. O. Box 951
      Wilmington, DE  19899
      (302) 984-6000
      provner@potteranderson.com

      *Attorneys for Plaintiff*
      *Finjan Software, Ltd.*

# Exhibit 1

2131
CFW

PTO/SB/21 (09-04)
Approved for use through 07/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# TRANSMITTAL FORM

*(to be used for all correspondence after initial filing)*

| | |
|---|---|
| Application Number | 09/861,229 |
| Filing Date | May 17, 2001 |
| First Named Inventor | Yigal Mordechai EDERY |
| Art Unit | 2131 |
| Examiner Name | Christopher A. REVAK |
| Attorney Docket Number | 43426.00014 |

Total Number of Pages in This Submission    12

OIPE JC-6 MAR 1 1 2005 TRADE

## ENCLOSURES (check all that apply)

| | | |
|---|---|---|
| ☐ Fee Transmittal Form | ☐ Drawing(s) | ☐ After Allowance Communication to TC |
| ☐ Fee Attached | ☐ Licensing-related Papers | ☐ Appeal Communication to Board of Appeals and Interferences |
| ☒ Amendment / Reply [Total 10 pages] | ☐ Petition | ☐ Appeal Communication to TC (Appeal Notice, Brief, Reply Brief) |
| ☐ After Final | ☐ Petition to Convert to a Provisional Application | ☐ Proprietary Information |
| ☐ Affidavits/declaration(s) | ☐ Power of Attorney, Revocation Change of Correspondence Address | ☐ Status Letter |
| ☐ Extension of Time Request | ☐ Terminal Disclaimer | ☒ Other Enclosure(s) *(please identify below):* Return Postcard |
| ☐ Express Abandonment Request | ☐ Request for Refund | |
| ☐ Information Disclosure Statement | ☐ CD, Number of CD(s) _____ | |
| | ☐ Landscape Table on CD | |
| ☐ Certified Copy of Priority Document(s) | ☒ The Director is hereby authorized to charge any fees which may be required, or credit any overpayment, to **Deposit Account Number 05-0150**. | |
| ☐ Reply to Missing Parts / Incomplete Application | I have enclosed a duplicate copy of this sheet.    [Total 2 pages] | |
| ☐ Reply to Missing Parts under 37 CFR 1.52 or 1.53 | | |

## SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT

| | |
|---|---|
| Firm | Squire, Sanders & Dempsey L.L.P. |
| Signature | |
| Printed Name | Marc A. Sockol |
| Date | March 7, 2005 |
| Reg. No. | 40,823 |

## CERTIFICATE OF TRANSMISSION/MAILING

I hereby certify that this correspondence is being facsimile transmitted to the USPTO or deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to: Mail Stop AMENDMENT, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450 on the date shown below.

| Signature | Cathi L.G. Thoorsell | | |
|---|---|---|---|
| Typed or printed name | Cathi L.G. Thoorsell | Date | March 7, 2005 |

This collection of information is required by 37 CFR 1.5. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*



PATENT
Attorney Docket No.: 43426.00014

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:                    Examiner:    Revak

          Edery *et al.*

Serial No.:    09/861,229                Art Unit:    2131

Filed:    5/17/01

Title:    Malicious Mobile Code Runtime Monitoring System and Methods

Mail Stop AMENDMENT
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

### AMENDMENT AND RESPONSE

Sir:

      In response to the Office Action dated December 7, 2004, the three-month deadline for response ending on March 7, 2005, please amend the above-identified application as follows:

1

PATENT
Attorney Docket No.: 43426.00014

IN THE SPECIFICATION:

Please amend the first paragraph of the application on page 2 as follows:

"PRIORITY REFERENCE TO RELATED APPLICATIONS

This application claims benefit of and hereby incorporates by reference provisional application serial number 60/205,591, entitled "Computer Network Malicious Code Run-time Monitoring," filed on May 17, 2000 by inventors Nimrod Itzhak Vered, et al. This application is also a Continuation-In-Part of and hereby incorporates by reference patent application serial number 09/539,667, now U.S. Patent No. 6,804,780, entitled "System and Method for Protecting a Computer and a Network From Hostile Downloadables" filed on March 30, 2000 by inventor Shlomo Touboul. This application is also a Continuation-In-Part of and hereby incorporates by reference patent application serial number 09/551,302, now U.S. Patent No. 6,480,962, entitled "System and Method for Protecting a Client During Runtime From Hostile Downloadables", filed on April 18, 2000 by inventor Shlomo Touboul."

2

PATENT
Attorney Docket No.: 43426.00014

IN THE CLAIMS:

Claims 1-7.    Canceled.

8.    (Currently amended) <u>A processor-based method, comprising:</u>

<u>receiving downloadable-information;</u>

<u>determining whether the downloadable-information includes executable code; and</u>

<u>causing mobile protection code to be communicated to at least one information-</u>
<u>destination of the downloadable-information, if the downloadable-information is determined to</u>
<u>include executable code,</u>

~~The method of claim 1,~~ wherein the determining comprises performing one or more
analyses of the downloadable-information, the analyses producing detection-indicators indicating
whether a correspondence is detected between a downloadable-information characteristic and at
least one respective executable code characteristic, and evaluating the detection-indicators to
determine whether the downloadable-information includes executable code.

9.    (Original) The method of claim 8, wherein at least one of the detection-indicators
indicates a level of downloadable-information characteristic and executable code characteristic
correspondence.

10.    (Original) The method of claim 8, wherein the evaluating includes assigning a weighted
level of importance to at least one of the indicators.

11.    (Currently amended) <u>A processor-based method, comprising:</u>

<u>receiving downloadable-information;</u>

<u>determining whether the downloadable-information includes executable code; and</u>

<u>causing mobile protection code to be communicated to at least one information-</u>
<u>destination of the downloadable-information, if the downloadable-information is determined to</u>
<u>include executable code,</u>

PATENT
Attorney Docket No.: 43426.00014

~~The method of claim 1,~~ wherein the causing mobile protection code to be communicated comprises forming a sandboxed package including the mobile protection code and the downloadable-information, and causing the sandboxed package to be communicated to the at least one information-destination.

12.    (Original)  The method of claim 10, wherein the sandboxed package is formed such that the mobile protection code will be executed by the information-destination before the downloadable-information.

13.    (Original)  The method of claim 11, wherein the sandboxed package further includes protection policies according to which the mobile protection code is operable.

14.    (Original)  The method of claim 13, wherein the sandboxed package is formed for receipt by the information-destination such that the mobile protection code is received before the downloadable-information, and the downloadable information before the protection policies.

15.    (Original)  The method of claim 13, wherein the protection policies correspond with at least one of the information-destination and a user of the information destination.

Claims 16-20. Canceled.

21.    (Currently amended)  A processor-based system, comprising:
        an information monitor for receiving downloadable-information;
        a content inspection engine communicatively coupled to the information monitor for determining whether the downloadable-information includes executable code; and
        a protection agent engine communicatively coupled to the content inspection engine for causing mobile protection code ("MPC") to be communicated to at least one information-destination of the downloadable-information, if the downloadable-information is determined to include executable code,

4

PATENT
Attorney Docket No.: 43426.00014

~~The system of claim 16,~~ wherein the content inspection engine comprises one or more downloadable-information analyzers for analyzing the downloadable-information, each analyzer producing therefrom a detection indicator indicating whether a downloadable-information characteristic corresponds with an executable code characteristic, and an inspection controller communicatively coupled to the analyzers for determining whether the indicators indicate that the downloadable-information includes executable code.

22.    (Original) The system of claim 21, wherein at least one of the detection-indicators indicates a level of downloadable-information characteristic and executable code characteristic correspondence.

23.    (Original) The system of claim 21, wherein the evaluating includes assigning a weighted level of importance to at least one of the detection-indicators.

24.    (Currently amended)  <u>A processor-based system, comprising:</u>
    <u>an information monitor for receiving downloadable-information;</u>
    <u>a content inspection engine communicatively coupled to the information monitor for determining whether the downloadable-information includes executable code; and</u>
    <u>a protection agent engine communicatively coupled to the content inspection engine for causing mobile protection code ("MPC") to be communicated to at least one information-destination of the downloadable-information, if the downloadable-information is determined to include executable code.</u>
    ~~The system of claim 16,~~ wherein the sandboxed package engine comprises an MPC generator for providing the MPC, a linking engine coupled to the MPC generator for forming a protection agent including the MPC and the downloadable-information, and a transfer engine for causing the protection agent to be communicated to the at least one information-destination.

25.    (Original) The system of claim 24, wherein the protection agent engine further comprises a policy generator communicatively coupled to the linking engine for providing protection policies according to which the MPC is operable.

PATENT
Attorney Docket No.: 43426.00014

26.     (Original)  The system of claim 25, wherein the sandboxed package is formed for receipt by the information-destination such that the mobile protection code is executed before the downloadable-information.

27.     (Original)  The system of claim 26, wherein the protection policies correspond with policies of at least one of the information-destination and a user of the information destination.

Claims 28-34. Canceled.

35.     (Currently amended)  A processor-based method, comprising:
        receiving, at an information re-communicator, downloadable-information, including executable code; and
        causing mobile protection code to be executed by a mobile code executor at a downloadable-information destination such that one or more operations of the executable code at the destination, if attempted, will be processed by the mobile protection code.
        The method of claim 30, wherein the causing is accomplished by forming a sandboxed package including the mobile protection code and the downloadable-information, and causing the sandboxed package to be delivered to the downloadable-information destination.

36.     (Original)  The method of claim 35, wherein the sandboxed package further includes protection policies according to which the processing by the mobile protection code is conducted.

37.     (Original)  A sandboxed package formed according to the method of claim 35.

38.     (Original)  A sandboxed package formed according to the method of claim 36.

39.     (Original)  The method of claim 36, wherein the forming comprises generating the mobile protection code, generating the sandboxed package, and linking the mobile protection code, protection policies and downloadable-information.

PATENT
Attorney Docket No.: 43426.00014

40.     (Original)  The method of claim 39, wherein the generating of at least one of the mobile protection code and the protection policies is conducted in accordance with one or more destination-characteristics of the destination.

41.     (Original)  The method of claim 40, wherein the destination-characteristics include characteristics corresponding to at least one of a destination user, a destination device and a destination process.

42.     (Original)  The method of claim 35, wherein the causing the sandboxed package to be executed includes communicating the sandboxed package to a communication buffer of the information re-communicator.

Claims 43-51. Canceled.

52.     (Currently amended)  A processor-based system, comprising:
        receiving means for receiving, at an information re-communicator, downloadable-information, including executable code; and
        mobile code means communicatively coupled to the receiving means for causing mobile protection code to be executed by a mobile code executor at a downloadable-information destination such that one or more operations of the executable code at the destination, if attempted, will be processed by the mobile protection code,
        The system of claim 47, wherein the causing is accomplished by forming a sandboxed package including the mobile protection code and the downloadable-information, and causing the sandboxed package to be delivered to the downloadable-information destination.

53.     (Original)  The system of claim 52, wherein the sandboxed package further includes protection policies according to which the processing by the mobile protection code is conducted.

7

PATENT
Attorney Docket No.: 43426.00014

54.    (Original)  The system of claim 53, wherein the forming comprises generating the mobile protection code, generating the protection policies, and linking the mobile protection code, protection policies and downloadable-information.

55.    (Original)  The system of claim 54, wherein the generating of at least one of the mobile protection code and the protection policies is conducted in accordance with one or more destination-characteristics of the destination.

56.    (Original)  The system of claim 55, wherein the destination-characteristics include characteristics corresponding to at least one of a destination user, a destination device and a destination process.

57.    (Currently amended)  The system of ~~claim 46~~ claim 52, wherein the causing the sandboxed package to be executed includes communicating the sandboxed package to a communication buffer of the information re-communicator.

58.    (Currently amended)  The system of ~~claim 47~~ claim 57, wherein the re-communicator is at least one of a firewall and a network server.

59.    (Currently amended)  The system of ~~claim 47~~ claim 58, wherein executing the mobile protection code at the destination causes downloadable ~~interfaces~~ a resource at the destination to be modified such that at least one attempted operation of the executable code is diverted to the mobile protection code.

Claims 60-76. Canceled

8

PATENT
Attorney Docket No.: 43426.00014

## REMARKS

Claims 1-76 were pending in the above-identified patent application. Claims 1-7, 16-20, 28-34, 43-51 and 60-76 were rejected. Claims 8-15, 21-27, 35-42 and 52-59 were deemed allowable if rewritten into independent form to overcome the objections. Claims 33, 34, 50, 51, 73 and 74 were objected to as containing improper use of trademarks. Claims 57-59 were objected for improper dependencies. Claims 1-28, 30-59 and 61-75 were objected to as directed to nonstatutory matter. Claims 8, 11, 21, 24, 35, 52 and 57-59 are being amended. Claims 1-7, 16-20, 28-34, 43-51 and 60-76 are being canceled. Claims 8-15, 21-27, 35-42 and 52-59 remain pending. Reconsideration is respectfully requested.

In paragraph 2, the Examiner requested correction of the priority claim to update then-pending applications as now-allowed patents. Applicant has amended the specification accordingly.

In paragraph 3, the Examiner objected to claims 33, 34, 50, 51, 73 and 74 as containing improper use of trademarks. These claims have been canceled. Accordingly, the objection is now moot.

In paragraph 4, the Examiner objected to claims 57-59 for improper dependencies. Claim 57 has been amended to depend from claim 52, claim 58 has been amended to depend from claim 57 and claim 58 has been amended to depend from claim 57. Applicant believes that the claims now depend on appropriate classes and contain no antecedent basis problems.

In paragraphs 5 and 6, the Examiner objected to claims 1-28, 30-59 and 61-75 as being directed to nonstatutory matter. Applicant is amending each of the independent claims now pending to include the language "processor-based" in the preamble. Applicant believes that the claims are directed to statutory matter.

9

PATENT
Attorney Docket No.: 43426.00014

In paragraphs 7 and 8, the Examiner rejected claims 1-7, 16-20, 28-34, 43-51 and 60-76 under 35 USC § 102(e) over Golan. Applicant is canceling claims 1-7, 16-20, 28-34, 43-51 and 60-76 without prejudice. The rejection is now moot.

In paragraph 9, the Examiner indicated that claims 8-15, 21-27, 35-42 and 52-59 would be allowable if rewritten into independent form to overcome the rejections. Applicant has amended the claims to place them into independent form and has addressed each of the Examiner's objections. Applicant believes that claims 8-15, 21-27, 35-42 and 52-59 are now in condition for allowance.

If the Examiner has any questions, he is invited to contact the undersigned.

Respectfully submitted,

Dated: March 7, 2005

Squire, Sanders & Dempsey L.L.P.
600 Hansen Way
Palo Alto, CA  94304-1043
Telephone (650) 856-6500
Facsimile  (650) 843-8777

By _____

Marc A. Sockol
Attorney for Applicants
Reg. No. 40,823

CERTIFICATE OF MAILING

I hereby certify that this paper (along with any paper referred to as being attached or enclosed) is being deposited with the United States Postal Service on the date shown below with sufficient postage as first class mail in an envelope addressed to Mail Stop AMENDMENT, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450, on

Date: March 7, 2005 By: _____
                          Cathi L.G. Thoorsell

PaloAlto/79846.1

10

# Exhibit 2

PTO/SB/21 (09-04)
Approved for use through 07/31/2006. OMB 0851-0031
U.S. Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# TRANSMITTAL FORM

*(to be used for all correspondence after initial filing)*

| | |
|---|---|
| Application Number | 09/861,229 |
| Filing Date | May 17, 2001 |
| First Named Inventor | Yigal Mordechai EDERY |
| Art Unit | 2131 |
| Examiner Name | Christopher A. REVAK |
| Attorney Docket Number | 43426.00014 |

Total Number of Pages in This Submission   15

## ENCLOSURES (check all that apply)

☐ Fee Transmittal Form
  ☐ Fee Attached
☒ Supplemental Amendment [Total 11 pages]
  ☐ After Final
  ☐ Affidavits/declaration(s)
☐ Extension of Time Request
☐ Express Abandonment Request
☐ Information Disclosure Statement
☐ Certified Copy of Priority Document(s)
☐ Reply to Missing Parts / Incomplete Application
  ☐ Reply to Missing Parts under 37 CFR 1.52 or 1.53

☐ Drawing(s)
☐ Licensing-related Papers
☐ Petition
☐ Petition to Convert to a Provisional Application
☐ Power of Attorney, Revocation Change of Correspondence Address
☐ Terminal Disclaimer
☐ Request for Refund
☐ CD, Number of CD(s) _____
  ☐ Landscape Table on CD

☒ The Director is hereby authorized to charge any fees which may be required, or credit any overpayment, to **Deposit Account Number 05-0150**.

I have enclosed a duplicate copy of this sheet.        [Total 2 pages]

☐ After Allowance Communication to TC
☐ Appeal Communication to Board of Appeals and Interferences
☐ Appeal Communication to TC (Appeal Notice, Brief, Reply Brief)
☐ Proprietary Information
☐ Status Letter
☒ Other Enclosure(s) *(please identify below):*

Return Postcard

## SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT

| Firm | Squire, Sanders & Dempsey L.L.P. |
|---|---|
| Signature | *[signature]* |
| Printed Name | Marc A. Sockol |
| Date | April 5, 2005 | Reg. No. | 40,823 |

## CERTIFICATE OF TRANSMISSION/MAILING

I hereby certify that this correspondence is being facsimile transmitted to the USPTO or deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to: Mail Stop AMENDMENT, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450 on the date shown below.

| Signature | *[signature]* | | |
|---|---|---|---|
| Typed or printed name | Cathi L.G. Thoorsell | Date | April 5, 2005 |

This collection of information is required by 37 CFR 1.5. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PaloAlto/81644.1

2131

PATENT
Attorney Docket No.: 43426.00014

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re Application of: | | Examiner: | Revak |
| | Edery *et al.* | | |
| Serial No.: | 09/861,229 | Art Unit: | 2131 |
| Filed: | 5/17/01 | | |
| Title: | Malicious Mobile Code Runtime Monitoring System and Methods | | |

Mail Stop AMENDMENT
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

## SUPPLEMENTAL AMENDMENT

Sir:

Please amend the above-identified application as follows:

1

PATENT
Attorney Docket No.: 43426.00014

<u>IN THE SPECIFICATION:</u>

On page 30, please amend the paragraph beginning on line 15 as follows:

"Finally, transfer engine 406 ~~of protection agent engine 303~~ provides for receiving and causing linking engine 405 (or other protection) results to be transferred to a destination user device/process.  As depicted, transfer engine 406 is configured to receive and transfer a Downloadable, a determined non-executable or a sandboxed package.  However, transfer engine 406 can also be provided in a more configurable manner, such as was already discussed for other system 400 elements. (Any one or more of system 400 elements might be configurably implemented in accordance with a particular application.)  Transfer engine 406 can perform such transfer, for example, by adding the information to a server transfer queue (not shown) or utilizing another suitable method."

PATENT
Attorney Docket No.: 43426.00014

IN THE CLAIMS:

Claims 1-7.    Canceled.

8.    (Previously presented)  A processor-based method, comprising:

receiving downloadable-information;

determining whether the downloadable-information includes executable code; and

causing mobile protection code to be communicated to at least one information-destination of the downloadable-information, if the downloadable-information is determined to include executable code,

wherein the determining comprises performing one or more analyses of the downloadable-information, the analyses producing detection-indicators indicating whether a correspondence is detected between a downloadable-information characteristic and at least one respective executable code characteristic, and evaluating the detection-indicators to determine whether the downloadable-information includes executable code.

9.    (Original)  The method of claim 8, wherein at least one of the detection-indicators indicates a level of downloadable-information characteristic and executable code characteristic correspondence.

10.    (Original)  The method of claim 8, wherein the evaluating includes assigning a weighted level of importance to at least one of the indicators.

11.    (Previously presented)  A processor-based method, comprising:

receiving downloadable-information;

determining whether the downloadable-information includes executable code; and

causing mobile protection code to be communicated to at least one information-destination of the downloadable-information, if the downloadable-information is determined to include executable code,

3

PATENT
Attorney Docket No.: 43426.00014

wherein the causing mobile protection code to be communicated comprises forming a sandboxed package including the mobile protection code and the downloadable-information, and causing the sandboxed package to be communicated to the at least one information-destination.

12.    (Currently amended)  The method of <u>claim 11</u> ~~claim 10~~, wherein the sandboxed package is formed such that the mobile protection code will be executed by the information-destination before the downloadable-information.

13.    (Currently amended)  The method of <u>claim 12</u> ~~claim 11~~, wherein the sandboxed package further includes protection policies according to which the mobile protection code is operable.

14.    (Original)  The method of claim 13, wherein the sandboxed package is formed for receipt by the information-destination such that the mobile protection code is received before the downloadable-information, and the downloadable information before the protection policies.

15.    (Original)  The method of claim 13, wherein the protection policies correspond with at least one of the information-destination and a user of the information destination.

Claims 16-20.  Canceled.

21.    (Currently amended)  A processor-based system, comprising:
        an information monitor for receiving downloadable-information;
        a content inspection engine communicatively coupled to the information monitor for determining whether the downloadable-information includes executable code; and
        a <u>packaging</u> ~~protection agent~~ engine communicatively coupled to the content inspection engine for causing mobile protection code ("MPC") to be communicated to at least one information-destination of the downloadable-information, if the downloadable-information is determined to include executable code,
        wherein the content inspection engine comprises one or more downloadable-information analyzers for analyzing the downloadable-information, each analyzer producing therefrom a

4

PATENT
Attorney Docket No.: 43426.00014

detection indicator indicating whether a downloadable-information characteristic corresponds with an executable code characteristic, and an inspection controller communicatively coupled to the analyzers for determining whether the indicators indicate that the downloadable-information includes executable code.

22.     (Original)  The system of claim 21, wherein at least one of the detection-indicators indicates a level of downloadable-information characteristic and executable code characteristic correspondence.

23.     (Original)  The system of claim 21, wherein the evaluating includes assigning a weighted level of importance to at least one of the detection-indicators.

24.     (Currently amended)  A processor-based system, comprising:

an information monitor for receiving downloadable-information;

a content inspection engine communicatively coupled to the information monitor for determining whether the downloadable-information includes executable code; and

a packaging ~~protection agent~~ engine communicatively coupled to the content inspection engine for causing mobile protection code ("MPC") to be communicated to at least one information-destination of the downloadable-information, if the downloadable-information is determined to include executable code,

wherein the packaging ~~sandboxed package~~ engine comprises an MPC generator for providing the MPC, a linking engine coupled to the MPC generator for forming a sandbox package ~~protection agent~~ including the MPC and the downloadable-information, and a transfer engine for causing the sandbox package ~~protection agent~~ to be communicated to the at least one information-destination.

25.     (Currently amended)  The system of claim 24, wherein the packaging ~~protection agent~~ engine further comprises a policy generator communicatively coupled to the linking engine for providing protection policies according to which the MPC is operable.

PATENT
Attorney Docket No.: 43426.00014

26.    (Original)  The system of claim 25, wherein the sandboxed package is formed for receipt by the information-destination such that the mobile protection code is executed before the downloadable-information.

27.    (Original)  The system of claim 26, wherein the protection policies correspond with policies of at least one of the information-destination and a user of the information destination.

Claims 28-34. Canceled.

35.    (Previously presented)  A processor-based method, comprising:

receiving, at an information re-communicator, downloadable-information, including executable code; and

causing mobile protection code to be executed by a mobile code executor at a downloadable-information destination such that one or more operations of the executable code at the destination, if attempted, will be processed by the mobile protection code,

wherein the causing is accomplished by forming a sandboxed package including the mobile protection code and the downloadable-information, and causing the sandboxed package to be delivered to the downloadable-information destination.

36.    (Original)  The method of claim 35, wherein the sandboxed package further includes protection policies according to which the processing by the mobile protection code is conducted.

37.    (Original)  A sandboxed package formed according to the method of claim 35.

38.    (Original)  A sandboxed package formed according to the method of claim 36.

39.    (Original)  The method of claim 36, wherein the forming comprises generating the mobile protection code, generating the sandboxed package, and linking the mobile protection code, protection policies and downloadable-information.

6

PATENT
Attorney Docket No.: 43426.00014

40.    (Original)  The method of claim 39, wherein the generating of at least one of the mobile protection code and the protection policies is conducted in accordance with one or more destination-characteristics of the destination.

41.    (Original)  The method of claim 40, wherein the destination-characteristics include characteristics corresponding to at least one of a destination user, a destination device and a destination process.

42.    (Original)  The method of claim 35, wherein the causing the sandboxed package to be executed includes communicating the sandboxed package to a communication buffer of the information re-communicator.

Claims 43-51. Canceled.

52.    (Previously presented)  A processor-based system, comprising:
        receiving means for receiving, at an information re-communicator, downloadable-information, including executable code; and
        mobile code means communicatively coupled to the receiving means for causing mobile protection code to be executed by a mobile code executor at a downloadable-information destination such that one or more operations of the executable code at the destination, if attempted, will be processed by the mobile protection code,
        wherein the causing is accomplished by forming a sandboxed package including the mobile protection code and the downloadable-information, and causing the sandboxed package to be delivered to the downloadable-information destination.

53.    (Original)  The system of claim 52, wherein the sandboxed package further includes protection policies according to which the processing by the mobile protection code is conducted.

PATENT
Attorney Docket No.: 43426.00014

54.    (Original)  The system of claim 53, wherein the forming comprises generating the mobile protection code, generating the protection policies, and linking the mobile protection code, protection policies and downloadable-information.

55.    (Original)  The system of claim 54, wherein the generating of at least one of the mobile protection code and the protection policies is conducted in accordance with one or more destination-characteristics of the destination.

56.    (Original)  The system of claim 55, wherein the destination-characteristics include characteristics corresponding to at least one of a destination user, a destination device and a destination process.

57.    (Previously presented)  The system of claim 52, wherein the causing the sandboxed package to be executed includes communicating the sandboxed package to a communication buffer of the information re-communicator.

58.    (Previously presented)  The system of claim 57, wherein the re-communicator is at least one of a firewall and a network server.

59.    (Previously presented)  The system of claim 58, wherein executing the mobile protection code at the destination causes downloadable interfaces a resource at the destination to be modified such that at least one attempted operation of the executable code is diverted to the mobile protection code.

Claims 60-76. Canceled

Please add the following new claims:

77.  (New)  The method of claim 35, wherein the re-communicator is at least one of a firewall and a network server.

PATENT
Attorney Docket No.: 43426.00014

78. (New) The method of claim 35, wherein the sandboxed package has a same file type as the downloadable-information, thereby causing the mobile code executor to be unaware that the protected package is not a normal downloadable.

79. (New) The method of claim 78, wherein the sandboxed package is formed using concatenation of a mobile protection code, a policy, and a downloadable.

80. (New) The method of claim 35, wherein executing the mobile protection code at the destination causes downloadable interfaces to resources at the destination to be modified such that at least one attempted operation of the executable code is diverted to the mobile protection code.

PATENT
Attorney Docket No.: 43426.00014

## REMARKS

Claims 8-15, 21-27, 35-42 and 52-59 were pending and deemed allowable. Claims 12, 13, 21, 24 and 25 are being amended. Claims 77-80 are being added. Claims 8-15, 21-27, 35-42, 52-59 and 77-80 are now pending. Reconsideration is respectfully requested.

The specification on page 30 is being amended to correct a statement clearly incorrect. The transfer engine 406 is part of the protection engine 400 of Fig. 4 (and possibly part of the protection engine 310 of Fig. 3). However, the transfer engine 406 is not a part of the information being transferred, e.g., the sandbox package 340 and/or the not executable potential Downloadable 331, as referenced by element 303 (see Fig. 3 and the discussion of Fig. 3 in the specification at pages 19-24).

Claims 12 and 13 are being amended to correct dependencies.

Claims 21, 24 and 25 are being amended to correct element names. In claims 21 and 24, "protection agent engine" is being amended to more properly recite "packaging engine", as identified in the specification (see for example the paragraph on page 26 beginning with "Packaging engine 403" and discussing Fig. 4). In claims 24 and 25, "sandbox package engine" is being amended to more properly recite the "packaging engine" and to provide proper antecedent basis (again, see for example the paragraph on page 26 beginning with "Packaging engine 403" and discussing Fig. 4). In claim 24, "protection agent" is being amended to more properly recite "sandbox package" as identified in the specification (see for example the paragraph on page 28 beginning with "Linking agent 405" and discussing Fig. 4) and to provide proper antecedent basis (see for example claim 26).

Since claims 77-80 depend directly or indirectly from claim 35, previously deemed allowable, applicant believes claims 77-80 also to be allowable. Applicant respectfully submits that claims 77-80 do not add new matter (see for example original claims 43-46).

Applicant believes the claims still to be allowable. If the Examiner has any questions, he is invited to contact the undersigned.

Respectfully submitted,

Dated: _April 5, 2005_

By _M. A. Sockol_

Squire, Sanders & Dempsey L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043
Telephone (650) 856-6500
Facsimile (650) 843-8777

Marc A. Sockol
Attorney for Applicants
Reg. No. 40,823

<u>CERTIFICATE OF MAILING</u>

I hereby certify that this paper (along with any paper referred to as being attached or enclosed) is being deposited with the United States Postal Service on the date shown below with sufficient postage as first class mail in an envelope addressed to Mail Stop AMENDMENT, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450, on

Date: _April 5, 2005_ By: _Cathi L.G. Thoorsell_

Cathi L.G. Thoorsell

PaloAlto/81047

11

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on January 14, 2008, the within document

was filed with the Clerk of the Court using CM/ECF which will send notification of such

filing(s) to the following; that the document was served on the following counsel as

indicated; and that the document is available for viewing and downloading from

CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Frederick L. Cottrell, III, Esq.
Kelly E. Farnan, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
cottrell@rlf.com; farnan@rlf.com

I hereby certify that on January 14, 2008 I have sent by E-mail the

foregoing document to the following non-registered participants:

Jake M. Holdreith, Esq.
Christopher A. Seidl, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
jmholdreith@rkmc.com ; caseidl@rkmc.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com