IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 06-369 GMS |
| v. | ) ) ) | **PUBLIC VERSION** |
| SECURE COMPUTING CORPORATION, a Delaware corporation, CYBERGUARD, CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF FINJAN SOFTWARE, LTD.'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 1 TO EXCLUDE TESTIMONY OF DAN WALLACH'S INVALIDITY OPINION REGARDING FINJAN'S THREE PATENTS-IN-SUIT**

OF COUNSEL:

Paul J. Andre
Lisa Kobialka
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114
(650) 838-4300

Dated: January 7, 2008
Public Version: January 14, 2008

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

Attorneys for Plaintiff
Finjan Software, Ltd.

### A. DEFENDANTS' OPPOSITION FAILS TO ADDRESS INSUFFICIENCY OF DR. WALLACH'S EXPERT REPORT

Defendants fail specifically to address the conclusory nature of the Wallach expert report. In their opposition, Defendants simply state that because their claim charts address the individual elements of the claims, they contain the requisite level of analysis needed under the Federal Rules of Evidence. However, Defendants noticeably do not rebut one of the primary bases for Finjan's motion *in limine*: that an expert must do more than merely assert that an element in the prior art is the same as the element in the claim. Rather, an expert report must contain analysis **connecting** prior art with the claim element. *Motion* at 2-3; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 157 (1999). Defendants seem to rely upon the length of the claim charts attached to Wallach's Opening Expert Report as an indication of analysis. In reality, the bulk associated with the claim charts is almost completely due to the placement of eight copies of the '194 Patent claims and lengthy excerpts, and not from any actual analysis. Moreover, the charts themselves simply do not address how the alleged prior art is linked to the claim element. Accordingly, reliance solely upon the claim charts is not reliable.

With respect to Finjan's motion to exclude any Wallach testimony regarding invalidity under 35 U.S.C. §112, Defendants do not address Finjan's argument regarding Wallach's lack of opinion on indefiniteness, enablement, and written description. Defendants argue only that Wallach will testify that one "would not know how to make and use the alleged invention" of the '822 patent, but they do not provide any citation or reference to his expert report where Wallach makes such an opinion. Finjan has reviewed the Wallach report thoroughly and can not locate any reference to invalidity under 35 U.S.C. §112. In his "Summary of Opinions Related to Invalidity" (pages 7-8), Wallach does not address invalidity of the '822 patent on the grounds of indefiniteness, enablement, and written description. His section entitled "Legal Standards for Invalidity" (pages 9-10) does not mention 35 U.S.C. §112. Finally, in his summary conclusion regarding invalidity of the '822 patent (pages 25-28), Wallach never provides the opinion that any claim of the '822 patent is invalid under 35 U.S.C. §112. Since defendants cannot point to

anywhere in the Wallach report addressing invalidity under 35 U.S.C. §112, Wallach should be excluded from testifying regarding these subjects.

### B. DEFENDANTS HAVE NOT ESTABLISHED THAT WALLACH HAS THE RELEVANT SKILL IN THE ART AT THE TIME OF INVENTION

Defendants argue that even though Wallach was not one skilled in the art at the time of invention, he is qualified to give an invalidity opinion because he could gain this knowledge at a later time.[1] However, even if true, Defendants never even attempt to demonstrate that Wallach's current knowledge is equivalent to a person of skill in the art at *the time of the invention*. Quite the contrary, Wallach improperly appears to be using his current knowledge, which one would expect to be much more than what was known in the computer science field in 1996, to speculate how one who was actually skilled in the art at the time of the invention would have interpreted the prior art. This type of 20/20 hindsight is precisely what one may ***not*** do when viewing prior art for the purposes of determining validity. *See Para-Ordnance Mfg., Inc. v. SGS Importers Intern, Inc.*, 73 F.3d 1085, 1087 (C.A. Fed. 1995). Because Wallach admits that he is not one skilled in the art at the time of the invention, his opinion is simply not reliable on this subject and should be excluded.

### C. DEFENDANTS PROVIDED ADDITIONAL ARGUMENTS IN THE AMENDED EXPERT REPORT WHICH WERE NOT IN THE ORIGINAL REPORT

Wallach's amended expert report included his opinion that claims 32-36 and 65 of the '194 patent are invalid. That opinion was ***not*** included in his initial expert report. Nonetheless, Defendants represent to this Court that Wallach's amended report "provided no opinions that were not in his original report."[2] Opp at 3. If that were the case, Defendants would not have needed to amend Wallach's initial report, much less take over a week to do so. That they chose

---

[1] Defendants' argument regarding the applicability of this standard to Dr. Vigna is misplaced. Dr. Vigna is presented as an expert for infringement and was not required to analyze prior art at the time of the invention.

[2] Defendants' argument regarding the rebuttal report of Trent Jaeger is incomprehensible because Dr. Jaeger did not provide a validity rebuttal to Wallach's expert report on the '194 Patent. His rebuttal report was completely related to Finjan's non-infringement of Defendants' patents.

2

to do so speaks volumes.

This is not a difficult issue. Mr. Wallach, whether intentionally or by oversight, did not provide an opinion in his initial report that claims 32-36 and 65 of the '194 patent were invalid. Nine days later, Defendants sought to amend Wallach's expert report to include just such an opinion. Defendants have not provided any reasonable explanation as to why such an amendment was made, but instead offer the ridiculous argument that no new opinions were expressed in the amended report. Moreover, Finjan was materially prejudiced as it had less time to prepare its rebuttal report. *Motion* at 4-5. Because Defendants have not provided any basis for amending Wallach's initial expert report, any new material added to the amended report should be excluded at trial pursuant to Federal Rules of Evidence 403, 702 and 703.

### D. WALLACH PROVIDES INSUFFICIENT BASIS TO CONCLUDE THAT THE FIREWALL TOOLKIT ANTICIPATES THE CLAIMS OF THE '194 PATENT.

In his opening expert report, Wallach claims that he did not believe the Firewall Toolkit contained a list of suspicious computer operations, but that he may change this opinion upon knowing how Finjan understood the term. Defendants are attempting to manipulate the terms in a manner which allows Wallach to hold two conflicting definitions of "list of suspicious computer operations", one definition for invalidity of the '194 Patent and one definition for Defendants' infringement of the '194 Patent. Wallach asserts that now that he knows how Finjan understands the term he believes the FWTK invalidates the '194 Patent. However, this understanding is not in Wallach's expert report, and is contradictory to his understanding of "list of suspicious computer operations" in his rebuttal report. Under Federal Rule of Civil Procedure 26(a)(2)(B)(i), for Wallach to testify on this subject he was required to provide his complete opinion regarding the anticipation of the '194 Patent by the FWTK in his opening expert report. Because Wallach failed to include a complete analysis in his expert report regarding this reference, he should be excluded from providing such testimony at trial.

3

OF COUNSEL

Paul J. Andre
Lisa Kobialka
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114
(650) 838-4300

Dated: January 7, 2008
Public Version: January 14, 2008
842609

POTTER ANDERSON & CORROON LLP

By: /s/ Philip A. Rovner
    Philip A. Rovner (#3215)
    Hercules Plaza
    P. O. Box 951
    Wilmington, DE 19899
    (302) 984-6000
    provner@potteranderson.com

*Attorneys for Plaintiff*
*Finjan Software, Ltd.*

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on January 14, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Frederick L. Cottrell, III, Esq.
Kelly E. Farnan, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
cottrell@rlf.com; farnan@rlf.com

I hereby certify that on January 14, 2008 I have sent by E-mail the foregoing document to the following non-registered participants:

Jake M. Holdreith, Esq.
Christopher A. Seidl, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
jmholdreith@rkmc.com; caseidl@rkmc.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com