IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation, | ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | |
| SECURE COMPUTING CORPORATION, a Delaware corporation; CYBERGUARD CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100, | ) ) ) ) ) ) | Civil Action No. 06-369 GMS<br><br>**PUBLIC VERSION** |
| Defendants. | ) | |

### SECURE COMPUTING'S OPPOSITION TO FINJAN'S MOTION IN LIMINE NO. 1 TO EXCLUDE TESTIMONY OF DAN WALLACH'S INVALIDITY OPINION <u>REGARDING FINJAN'S THREE PATENTS IN SUIT</u>

OF COUNSEL:
Ronald J. Schutz
Jake M. Holdreith
Christopher A. Seidl
Trevor J. Foster
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

Fredrick L. Cottrell, III (#2555)
cottrell@rlf.com
Kelly E. Farnan (#4395)
farnan@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys For Defendants*

Dated: January 4, 2008

RLF1-3238068-1

## INTRODUCTION

Finjan's motion to exclude opinions and testimony of Secure Computing's technical expert, Dan Wallach should be denied because: (1) Dr. Wallach provided a full limitation-by-limitation analysis of his opinions regarding the invalidity of the three Finjan patents-in-suit; (2) Dr. Wallach is qualified to give expert testimony on the subject matter of the lawsuit; and (3) Dr. Wallach's supplementation did not provide any new opinions that were not in his original report and Finjan has not demonstrated any harm or prejudice by the supplementation.

## LEGAL STANDARD

There are two basic legal issues relevant to the instant motion: disclosure and reliability. With respect to disclosure, Federal Rule of Civil Procedure 26(a)(2)(B)(i) requires disclosure of "a complete statement of all opinions the witness will express and the basis and reasons for them." With respect to the reliability of expert testimony, Federal Rule of Evidence 702 requires that "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Motions to exclude expert testimony are committed to the court's discretion, and the court's inquiry should be a flexible one. Astrazeneca LP v. Tap Pharm. Prods., 444 F. Supp. 2d 278, 286 (D. Del. 2006). Moreover, the Third Circuit has indicated, "the exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." In re Paoli R.R. Yard Pcb Litig., 35 F.3d 717, 792 (3d Cir. 1994).

## ARGUMENT

**I.  DR. WALLACH'S OPINION REGARDING THE INVALIDITY OF THE FINJAN PATENT CLAIMS IS RELIABLE AND WAS PROPERLY DISCLOSED.**

Dr. Wallach's report contains a complete statement of his opinions and the basis and reasons for them. See, e.g., Ex. 1, Wallach Opening Report, at 7-8. Dr. Wallach provides such a

limitation-by-limitation analysis in his report. Dr. Wallach provides a narrative summary of his opinions and the reasons in the narrative section of his report. Id. at 1-32. In addition to this disclosure, Dr. Wallach's report includes roughly 100 pages of claim charts that analyze, limitation-by-limitation, each prior art reference against the asserted claims. Id. The claim charts point out specifically and separately for each limitation of each asserted claim where Dr. Wallach finds corresponding structure in the prior art. This analysis is precisely what the Federal Circuit requires: "[a] single prior art reference that discloses, either expressly or inherently, each limitation of a claim invalidates that claim by anticipation." Perricone v. Medicis Pharm. Corp., 432 F.3d 1368, 1375 (Fed. Cir. 2005).

Finjan's further argument that Dr. Wallach should not be permitted to testify regarding the indefiniteness of the '822 patent is misplaced. Dr. Wallach is not being called for the purpose of testifying regarding the legal standards of indefiniteness. In fact, a technical expert should not be allowed to provide expert testimony on legal standards. Dr. Wallach is, however, providing his substantive and expert opinion that one of ordinary skill in the art at the time of the invention would not have understood how to make and use the alleged invention recited in the '822 claims based on the '822 specification. Dr. Wallach further provides his opinion that there is no structure disclosed in the patent specification that would allow one of ordinary skill in the art to actually understand or build the alleged invention. These technical questions are subjects that Dr. Wallach is qualified to speak about.

## II. DR. WALLACH IS FULLY QUALIFIED AS AN EXPERT WHO CAN OPINE ON HOW ONE OF ORDINARY SKILL IN THE ART WOULD HAVE UNDERSTOOD THE PATENT AT THE TIME OF THE INVENTION.

Finjan's claim that Dr. Wallach is not qualified to testify as an expert unless he was actually one of ordinary skill at the time of the invention is legally incorrect. While it is true that claim construction is viewed through the eyes of "a person of ordinary skill in the art in question

at the time of the invention," Philips, 415 F.3d 1303, 1303 (Fed. Cir. 2005) (en banc), it does not follow that a qualified expert must have been a person of such skill at that time. On the contrary, such a conclusion would make it nearly impossible to find an expert witness to opine on a relatively old patent. One court dealing with this precise issue stated:

> [P]laintiff rests on the notion that an expert must have been skilled in the art at the time of invention, but that is not so. The expert must be qualified to testify about what a person with ordinary skill in the art must have understood at the time of the invention, but the expert's knowledge of that may have come later.

Baldwin Graphic Sys. v. Siebert, Inc., 2006 U.S. Dist. LEXIS 90743, *3 (D. Ill. Dec. 14, 2006); see also Cardiac Pacemakers, Inc. v. St. Jude Med., Inc., 2002 U.S. Dist. LEXIS 4000 (D. Ind. Feb. 13, 2002) (finding meritless the "remarkable proposition that only those who were skilled in the art at the time of the invention may be qualified to offer opinions on the issue of obviousness"). Finally, Finjan's own expert, Dr. Vigna, was not one of ordinary skill in the art at the time of the alleged invention. He graduated with an M.S. in computer engineering in 1994, see Ex. 2, Vigna Opening Report Ex. A, and would thus also be excluded using Finjan's argument because he lacked the requisite experience at the time of the invention.

### III. DR. WALLACH'S SUPPLEMENTATION PROVIDED NO OPINIONS THAT WERE NOT IN HIS ORIGINAL REPORT.

Dr. Wallach provided his opening invalidity report on Nov. 21, 2007. See Ex. 1, Wallach Report. In that report, Dr. Wallach provided a narrative statement and summary of his opinion that he understood that these asserted claims of the '194 patent were Claims "1-14, 24-30, 32-36, and 65" and that all of the asserted claims were anticipated or otherwise rendered obvious by several prior art references. See id. at 7-8. Thus, Dr. Wallach clearly stated his opinion.

In addition to his narrative, Dr. Wallach also attached charts with a limitation-by-limitation analysis of Claims 1-14 and 24-30 to his November 21 report. These claims recite the limitations found in all of the asserted claims, including claims 32-36 and 65, in method form.

3

Substantially the same limitations are recited in claims 32-36 and 65 in apparatues form. Through inadvertence, Dr. Wallach did not include duplicative claim charts for these duplicative apparatus claims on November 21. On November 27, 2007, following the Tanksgiving Holiday Weekend, Secure Computing notified Finjan that Dr. Wallach did not explicitly apply his analysis from Claims 1 and 8-11 to Claims 32-36 and 65 in a claim chart and that he would provide that supplemental chart on November 30, 2007. See Ex. 3, Letter from Trevor Foster to James Hannah. As promised, Dr. Wallach provided the supplemental charts on November 30, 2007 and the chart literally copied and pasted Dr. Wallach's analysis from Claims 1 and 8-11 into the corresponding and substantially identical limitations of Claims 32-36 and 65. See Ex. 4, Wallach Supplemental Charts. No new substantive analysis, opinions, basis, or reasoning was included in the supplemental chart for his conclusion, indicated in his original report, that Claims 32-36 and 65 are invalid.

Furthermore, Finjan has not demonstrated any harm or prejudice by the supplementation. Because Dr. Wallach literally copied cells from his original report and pasted them next to the corresponding limitations in the supplemental report, no new analysis was required on the part of Finjan. In fact, Finjan's statement that it "could not even begin to prepare a response" is demonstrably false given that Dr. Jaeger's rebuttal report does respond to Dr. Wallach's analysis. See Ex. 5, Jaeger Rebuttal Report. Even more telling, Dr. Jaeger copies his own analysis for why he believes that Claims 1 and 8-11 are valid and pastes those statements next to the corresponding limitations in Claims 32-36 and 65. See id.

IV.  **DR. WALLACH PROVIDES A SUFFICIENT BASIS FOR CONCLUDING THAT THE FIREWALL TOOLKIT ANTICIPATES THE CLAIMS OF THE '194 PATENT.**

Finjan misrepresents Dr. Wallach's report and deposition testimony to come to the conclusion that he admits that the Firewall Toolkit does not include a "list" and thus does not

anticipate the claims of the '194 patent. Dr. Wallach included, in his original report, a statement that he did not find a list of suspicious computer operations in the Firewall Toolkit (FWTK), if "list" is given its ordinary and correct meaning in computer science. However, the subsequent sentences in his report state that he understands that Finjan accuses Webwasher of including a list of suspicious computer operations and that his analysis of FWTK may change based on Finjan's interpretation of a list of suspicious computer operations. See Ex. 1, Wallach Report Ex. D, at 1. In Dr. Wallach's deposition, he stated that he did not find a list of suspicious computer operations in FWTK if "list" is given its ordinary meaning in computer science, but when he was provided with Finjan's *broader* definition of a list of suspicious computer operations by Finjan's attorney, he stated that the FWTK would satisfy that definition and thus anticipates the claims of the '194 patent. See, e.g., Ex. 6, Wallach Depo., at 63:2-66:16. If Finjan agrees to stipulate that Dr. Wallach's definition of "list of suspicious computer operations" is correct and withdraws its assertion that Secure Computing infringes the claims of the '194 patent, then Secure Computing will withdraw the FWTK as an anticipatory reference.

## CONCLUSION

For the reasons discussed above, Finjan's motion to exclude the expert invalidity opinions and testimony of Dan Wallach should be denied.

OF COUNSEL:
Ronald J. Schutz
Jake M. Holdreith
Christopher A. Seidl
Trevor J. Foster
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

*/s/ Kelly E. Farnan*
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Kelly E. Farnan (#4395)
farnan@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys For Defendants*

Dated: January 4, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2008 true and correct copies of the foregoing document were caused to be served on counsel of record at the following addresses as indicated:

**HAND DELIVERY & E-MAIL**

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street,
Hercules Plaza, 6th Floor
Wilmington, DE 19899-0951

**FEDERAL EXPRESS & E-MAIL**

Paul J. Andre
Radhika Tandon
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114

*Kelly E. Farnan*
Kelly E. Farnan (#4395)

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 14, 2008, I electronically filed the foregoing with the Clerk of Court using CM/ECF and caused the same to be served on the defendant at the addresses and in the manner indicated below:

HAND DELIVERY

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street,
Hercules Plaza, 6th Floor
Wilmington, DE 19899-0951

I further certify that on January 14, 2008, the foregoing document was sent to the following non-registered participants in the manner indicated:

FEDERAL EXPRESS

Paul J. Andre
Radhika Tandon
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114

*Kelly E. Farnan*
Kelly E. Farnan (#4395)