## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 06-369 GMS |
| v. | ) ) | **PUBLIC VERSION** |
| SECURE COMPUTING CORPORATION, a Delaware corporation, CYBERGUARD, CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100, | ) ) ) ) ) ) | |
| Defendants. | | |

**PLAINTIFF FINJAN SOFTWARE, LTD.'S REPLY IN SUPPORT OF ITS
MOTION *IN LIMINE* NO. 2 TO EXCLUDE EXPERT OPINION AND
TESTIMONY OF DAN WALLACH REGARDING ALLEGED
<u>INFRINGEMENT OF SECURE COMPUTING'S PATENTS</u>**

OF COUNSEL:

Paul J. Andre
Lisa Kobialka
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114
(650) 838-4300

Dated: January 7, 2008
Public Version: January 14, 2008

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

Attorneys for Plaintiff
Finjan Software, Ltd.

A.    **WALLACH'S OPINION REGARDING DIRECT INFRINGEMENT**

Defendants' expert, Dan Wallach ("Wallach"), failed to provide "sufficient facts or data" in his initial expert report to make his infringement testimony at trial reliable under the Federal Rules of Evidence 702 and 703, and his dearth of analysis is unfairly prejudicial to Finjan under the Federal Rules of Evidence 403. Defendants' opposition does not even attempt to address the substantive deficiencies of the Wallach report, but instead attempts to redirect the Court's attention to Wallach's ultimate conclusion. Defendants would have the Court believe that Finjan's only problem with the Wallach report is "a factual dispute with Dr. Wallach regarding his conclusions." Opp. at 2. That is simply not the case. The problem with the Wallach report is that it contains nothing but Wallach's own conclusions, such that Wallach's conclusions are not reliable or based upon a proper application of principles and methods to the facts of the case. Wallach provides no discussion or analysis as to how he reached his conclusions, and there is nothing to show how Finjan's allegedly infringing products are linked to the various claim limitations. This type of self-serving *ipse dixit* analysis – *it infringes because I say so* – is wholly unacceptable under the Federal Rules of Evidence and prevailing case law.

Try as they might, Defendants themselves cannot point to anything in Wallach's report that would support his ultimate conclusions. For example, Defendants still have been unable to show where or how Wallach defines the terms "server" and "firewall" in his report (both of which are material elements), or why he believes Finjan's products satisfy these elements. Defendants' opposition is completely silent as to where Wallach addressed a definition of the term "server" in his report, nor can they point to anything in his report that would indicate that Finjan's products satisfy the "server" claim element. Opp. at 3. As evidence of the definition of the term "firewall," Defendants point to Wallach's brief two-sentence statement in his report where he states that "Vital Security NG appliances are devices that perform various firewall services for small and large businesses. These firewall services are directed at securing the information coming into and going out of a coporation's [sic] network." Wharton Aff., ¶ 2, Ex. 1 at 30. The two glaring problems with Defendants' position are (1) these statements do not show

how Wallach has defined the term "firewall," only showing that Wallach believes Vital Security NG appliances perform firewall services, and (2) these statements were not placed in Wallach's claim chart next to the claim element "firewall," so there is nothing in his analysis to show how or why he believes the "firewall" element is met by Finjan's products. *Id.* ¶ 2, Ex. 1 at M:1.

Defendants' opposition is even more obtuse regarding the remaining deficiencies pointed out in Finjan's motion. In response to Finjan pointing out that Wallach changed the actual language of the user manual for the Vital Security User Guide, Defendants now contend that it was done in order to make the sentence "grammatically correct." However, a simple read of the altered sentence demonstrates there is nothing grammatically incorrect with the sentence ("Vital Security can be deployed as a transparent HTTP proxy, in conjunction with a third-party content switch or a layer-4-router in the network."). Moreover, Wallach testified in deposition

REDACTED                                      Opp. Ex. 3 at 182:1-5.

Nonetheless, Defendants now argue that the alteration of the sentence made no difference in Wallach's ultimate conclusion, claiming that Wallach bases his opinion on the fact that Vital Security would still infringe under his "definition of firewall," which, as stated above, is notably absent from his report. *Id.* at 182:21-24. However, Wallach testified

REDACTED

*Id.* at 182:12-18. As such, his opinion is simply not reliable.

Defendants did not even attempt to rebut Finjan's arguments for the remaining elements of the asserted claims of the '361 patent. They also failed to rebut the fact that Wallach's infringement analysis of Claim 37 of the '010 patent was insufficient because he improperly relied upon statements made by a third party, Presence Limited ("Presence"), a company located in the U.K., in order to prove Finjan's infringement of the '010 patent. Wallach substantially relied upon a third party's statements in his claim chart of the '010 patent. Indeed, the U.K. document was the *sole* source he relied upon to make his infringement analysis for the majority of the elements of Claim 37 of the '010 patent. Wharton Aff., ¶ 2, Ex.1 at N. Furthermore, Wallach provides no cited authority for how he reached the conclusion that there are three ways

- 2 -

a Vital Security for Documents Server might integrate with an internal web server. Wharton Aff., ¶ 2, Ex.1, at N:3-4. Wallach's infringement opinions are also without basis because he fails to cite to the Vital Security for Documents source code that was provided for his review, and, instead, relies upon a 2-page marketing flyer, and refers to Vital Security for SSL not Vital Security for Documents (the alleged infringing product).

**B.    WALLACH'S OPINION REGARDING INDIRECT INFRINGEMENT**

Defendants' sole reference to a location within the Wallach report wherein he allegedly provided an opinion regarding inducing infringement is at "paragraph 105 of his report." The entirety of paragraph 105 of Wallach report is as follows:

REDACTED

Nowhere in his report does Wallach describe what "conduct" allegedly induces others to infringe these claims, nor does he provide any specific behavior that would constitute infringement. Defendants argue that since he makes passing reference to "several technical manuals" he has provided an adequate basis for his conclusory opinion. However, he never explains which technical user manuals he refers to, and provides no other substantive analysis regarding evidence of indirect infringement as opposed to any other kind of infringement. His opinion on inducing infringement is not "specific," nor does it state his "basis and reasons." Thus, it should be excluded as unreliable under Federal Rule of Evidence 702.

In addition, Defendants do not oppose Finjan's motion to exclude any testimony regarding contributory infringement. Accordingly, this Court should exclude Wallach's trial testimony related to contributory infringement.

**C.    WALLACH'S OPINION REGARDING INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS**

Defendants do not rebut any of Finjan's arguments that Wallach should be precluded from testifying on infringement of the '361 or '010 patents under the doctrine of equivalents. Thus, this Court should exclude Wallach's trial testimony related to the doctrine of equivalents based on the uncontested reasons set forth in its opening brief.

- 3 -

POTTER ANDERSON & CORROON LLP

OF COUNSEL

Paul J. Andre
Lisa Kobialka
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114
(650) 838-4300

Dated: January 7, 2008
Public Version: January 14, 2008
842606

By: /s/ Philip A. Rovner
    Philip A. Rovner (#3215)
    Hercules Plaza
    P. O. Box 951
    Wilmington, DE 19899
    (302) 984-6000
    provner@potteranderson.com

    *Attorneys for Plaintiff*
    *Finjan Software, Ltd.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on January 14, 2008, the within document
was filed with the Clerk of the Court using CM/ECF which will send notification of such
filing(s) to the following; that the document was served on the following counsel as
indicated; and that the document is available for viewing and downloading from
CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Frederick L. Cottrell, III, Esq.
Kelly E. Farnan, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
cottrell@rlf.com; farnan@rlf.com

I hereby certify that on January 14, 2008 I have sent by E-mail the
foregoing document to the following non-registered participants:

Jake M. Holdreith, Esq.
Christopher A. Seidl, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
jmholdreith@rkmc.com; caseidl@rkmc.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com