IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 06-369 GMS |
| v. | ) ) | |
| SECURE COMPUTING CORPORATION, a Delaware corporation, CYBERGUARD, CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100, | ) ) ) ) ) ) ) | **PUBLIC VERSION** |
| Defendants. | ) ) | |

**PLAINTIFF FINJAN SOFTWARE, LTD.'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 3 TO EXCLUDE EXPERT OPINION AND TESTIMONY OF CARL G. DEGEN RELATING TO INFRINGEMENT OF FINJAN'S PATENTS**

OF COUNSEL:

Paul J. Andre
Lisa Kobialka
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA  94025-1114
(650) 838-4300

Dated: January 7, 2008
Public Version: January 14, 2008

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE  19899
(302) 984-6000
provner@potteranderson.com

Attorneys for Plaintiff
Finjan Software, Ltd.

Finjan Software, Inc.'s motion in limine to exclude certain portions of the Response Expert Report of Carl G. Degen ("Response Expert Report") and any related testimony should be granted because Mr. Degen inappropriately opines on questions of infringement – the ultimate issue in Finjan's case-in-chief.

As is clearly evidenced by a review of the Response Expert Report, Mr. Degen reviewed selected evidence put forth in depositions and then made an independent determination that certain of Defendants' products do not infringe the Finjan patents. Any allegation by Defendants that Mr. Degen "does not provide any opinion. . . regarding whether or not Secure Computing infringes the Finjan patents" is clearly false. [Opp'n at 1] Based on his determination that certain of Defendants' accused products do not include the patented technology, Mr. Degen proceeds to opine that those accused products do not infringe. That is true despite the fact that Mr. Degen has never actually seen or used one of the accused products.

Throughout the Opposition, Defendants cite deposition testimony that Mr. Degen purportedly relied on in making his infringement determination regarding the accused products. [Opp'n at 2-3] The question now before the Court is not whether or not Mr. Degen's infringement opinions are supported by evidence or deposition testimony. The question is whether or not Mr. Degen is qualified to offer opinions at trial regarding infringement. The answer to that question is clearly no. Mr. Degen is an economist. He does not have a background in computer science and is not qualified to opine regarding questions of patent infringement in that field. Mr. Degen has no specialized training or knowledge making him qualified to review deposition testimony in an effort to determine whether or not certain accused products infringe the Finjan patents.

In their Opposition, Defendants attempt to characterize Mr. Degen's infringement opinion as a sort of direct response to statements contained in the expert report of Finjan damages expert Russell Parr. [Opp'n. at 2] Defendants' characterization is without merit. In his report, Mr. Parr reviewed the pleadings and other case-related documents and drafted a damages opinion based on a presumption that each and every product accused of infringing the Finjan patents in fact

infringed the Finjan patents. Unlike Mr. Degen, Mr. Parr did not cite to any evidence in the case or deposition testimony purporting to support or contradict the parties' contentions regarding infringement. Mr. Degen's infringement determinations should not be viewed as responsive to Mr. Parr's report because Mr. Parr did include opinion or analysis regarding whether or not Defendants' accused products actually infringe the Finjan patents.

Throughout the Opposition, Defendants assert that Finjan's motion to exclude Mr. Degen's testimony is actually Finjan's "disagreement with Mr. Degen's analysis and should therefore be addressed through cross examination, not a motion in limine." [Opp'n at 1, 4] In support of that position, Defendants cite a single case, *AstraZeneca LP v. TAP Pharm. Prods., Inc.* 444 F. Supp 2d. 278 (D. Del. 2006). [Opp'n at 3-4] The *AstraZeneca* decision, however, does not support Defendants' position. *Id.* at 293-94. In *AstraZeneca,* plaintiff successfully moved to exclude the testimony of one of the defendant's experts because the expert witness report was shown to "invade the province of the fact-finder because [it was found to] constitute [the expert's] belief as to the weight of the testimony [and] go to the ultimate issue" in the case. *Id.* at 293.

Similar to the plaintiff in *AstraZeneca*, Finjan has moved this Court to exclude certain portions of Mr. Degen's expert report and any related testimony because those portions (a) constitute Mr. Degen's belief as to the weight of the testimony, and (b) go to the ultimate issue in the case. As is clearly demonstrated by a review of Mr. Degen's testimony and Defendants' Opposition brief, Mr. Degen evaluated deposition testimony and reached the conclusions contained in the disputed portions of his expert report based on the great weight he gave the selected testimony he reviewed. Based solely on his review of that testimony, Mr. Degen made an infringement determination. Such conduct by a damages expert is clearly inappropriate because such evaluations of testimony and legal determinations are clearly within the province of the jury. *Id.*

Further, similar to the situation in *AstraZeneca,* the disputed portions of Mr. Degen's report "go to the ultimate issue" in the present case. *Id.* Finjan asserts that the accused products

2

infringe the Finjan patents. The bulk of the testimony presented by Finjan in its case-in-chief will be aimed at proving that the accused products in fact infringe the Finjan patents. Mr. Degen has apparently reviewed selected portions of the evidence and made his own determination as to the question of whether or not certain accused products infringe the Finjan patents. Such a determination clearly constitutes on opinion as to the ultimate issue in the case and, when made by an expert witness allegedly offering an opinion on damages, is wholly inappropriate. *Id.* This Court should follow the principles set forth in *AstraZeneca* and exclude the troublesome portions of Mr. Degen's report and related testimony that purports to analyze the infringement evidence in the case and opine as to the ultimate issue in the case. *Id.* at 293-94.

Finally, contrary to Defendants' contention, the *Cryovac* case cited in Finjan's motion is exactly on point. *Cyrovac, Inc. v. Pechiney Plastic Packaging, Inc.*, 430 F. Supp. 2d 346, 364-365 (D. Del. 2006). [Opp'n at 5] In *Cyrovac*, the court excluded what it determined to be a legal determination contained in an expert opinion. *Id.* The damages expert in *Cyrovac* performed analysis of evidence and made a determination as to a central question in the case – whether or not a group of documents constituted contracts. *Id.* at 365. Similarly, in this case, Mr. Degen analyzed evidence and made a determination as to the central question in this case – whether or not certain accused products infringe the Finjan patents. The court in *Cyrovac* explicitly confined Cyrovac's damages expert to "opinion on what the damages award in this case should be if the opposing party's legal positions are accepted." *Id.* at 366. Likewise, in this case, Mr. Degen's testimony should be confined to opining on what the damages award in this case should be if Finjan's legal positions regarding the accused products infringement of the Finjan patents are accepted.

| | |
|---|---|
| OF COUNSEL | POTTER ANDERSON & CORROON LLP |
| Paul J. Andre<br>Lisa Kobialka<br>Perkins Coie LLP<br>101 Jefferson Drive<br>Menlo Park, CA  94025-1114<br>(650) 838-4300 | By: /s/ Philip A. Rovner<br>    Philip A. Rovner (#3215)<br>    Hercules Plaza<br>    P. O. Box 951<br>    Wilmington, DE  19899<br>    (302) 984-6000<br>    provner@potteranderson.com |
| Dated: January 7, 2008<br>Public Version: January 14, 2008<br>842607 | *Attorneys for Plaintiff*<br>*Finjan Software, Ltd.* |

4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on January 14, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Frederick L. Cottrell, III, Esq.
Kelly E. Farnan, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
cottrell@rlf.com; farnan@rlf.com

I hereby certify that on January 14, 2008 I have sent by E-mail the foregoing document to the following non-registered participants:

Jake M. Holdreith, Esq.
Christopher A. Seidl, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
jmholdreith@rkmc.com; caseidl@rkmc.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com