IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation,<br>  Plaintiff,<br>v.<br>SECURE COMPUTING CORPORATION, a Delaware corporation; CYBERGUARD CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100,<br>  Defendants. | Civil Action No. 06-369 GMS<br><br>**REDACTED<br>PUBLIC VERSION** |

## SECURE COMPUTING'S OPPOSITION TO FINJAN'S MOTION IN LIMINE NO. 2 TO EXCLUDE EXPERT OPINION AND TESTIMONY OF DAN WALLACH REGARDING ALLEGED INFRINGEMENT OF SECURE COMPUTING'S PATENTS

OF COUNSEL:
Ronald J. Schutz
Jake M. Holdreith
Christopher A. Seidl
Trevor J. Foster
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

Fredrick L. Cottrell, III (#2555)
cottrell@rlf.com
Kelly E. Farnan (#4395)
farnan@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys For Defendants*

Dated: January 4, 2008

RLF1-3238068-1

## INTRODUCTION

Finjan's second motion to exclude the infringement opinions and testimony of Secure Computing's technical expert, Dan Wallach, should be denied, because Dr. Wallach provided a complete limitation-by-limitation analysis of his opinions indicating why Finjan's products infringe the Secure Computing patents-in-suit. Finjan simply ignores the full contents of Dr. Wallach's report and deposition testimony in its brief, in order to criticize the conclusions of Dr. Wallach's report.

## LEGAL STANDARD

As recited in Secure Computing's response to Finjan's first motion in limine, there are two basic legal issues relevant to the instant motion: disclosure and reliability. With respect to disclosure, Federal Rule of Civil Procedure 26(a)(2)(B)(i) requires disclosure of "a complete statement of all opinions the witness will express and the basis and reasons for them." With respect to the reliability of expert testimony, Federal Rule of Evidence 702 requires that "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Motions to exclude expert testimony are committed to the court's discretion, and the court's inquiry should be a flexible one. Astrazeneca LP v. Tap Pharm. Prods., 444 F. Supp. 2d 278, 286 (D. Del. 2006). Moreover, the Third Circuit has indicated, "the exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." In re Paoli R.R. Yard Pcb Litig., 35 F.3d 717, 792 (3d Cir. 1994).

## ARGUMENT

### I. DR. WALLACH'S OPINION REGARDING DIRECT INFRINGEMENT OF SECURE COMPUTING'S PATENT CLAIMS IS RELIABLE AND WAS PROPERLY DISCLOSED.

Dr. Wallach's report contains a complete statement of his opinions and the basis and reasons for them. Federal Circuit law requires that "each limitation in the asserted claim be found present in the accused device or process" in order to show literal infringement. Baxter Healthcare Corp. v. Spectramed, Inc., 49 F.3d 1575, 1582 (Fed. Cir. 1995). This is precisely what Dr. Wallach did. Dr. Wallach's infringement analysis consists of claim charts, Ex. 2, Wallach Report Ex. M-N, detailing his analysis of infringement and a narrative description of his infringement analysis. Id. at 28-32. Dr. Wallach's claim charts separately identify each claim limitation in one cell and identify where that particular limitation is found to be present in the Finjan products in a corresponding cell. Thus, Dr. Wallach provides a very specific analysis of precisely where he finds each element.

Finjan focuses on specific issues with which it appears to have a factual dispute with Dr. Wallach regarding his conclusions. Of course, these issues are properly resolved through cross examination. For example, Finjan first criticizes Dr. Wallach's analysis of Claim 1 in the '361 patent for not describing why a "secure web gateway product" is a system for authorizing client access to a network resource. Finjan MIL 2 at 2. This criticism is inconsistent with Finjan's own expert, Dr. Jaeger, who stated that the preamble of Claim 1 is not a limitation. Ex. 1, Jaeger Opening Report, at ¶ 18.

Finjan alternately claims that Dr. Wallach's description of "server" and "firewall" in the context of several other limitations is insufficient.

REDACTED

Finjan never provides an analysis of why such a statement related to a term that has an ordinary meaning to one of skill in the art fails to meet the reliability standards of expert testimony.

Finjan even resorts to claiming that Dr. Wallach intentionally changed a quote in order to show infringement. Finjan MIL 2 at 3. Finjan neglected, however, to indicate that Dr. Wallach testified that the reason he added the comma and "as" to the quote as he signified in brackets in his report, was because he thought the sentence was not grammatically correct without the "as." Ex. 3, Wallach Depo., at 181:5-11. Moreover, Dr. Wallach stated in his deposition that it makes no difference to his opinion whether the correction is made or not—Finjan's device infringes either way. Id. at 181:19-25.

Finjan makes several other undeveloped criticisms of Dr. Wallach's analysis of the '361 patent that do not relate to the reliability of Dr. Wallach's testimony. Finjan is, of course, free to cross examine Dr. Wallach regarding his analysis, but there is nothing that Finjan identifies that would lead to the exclusion of Dr. Wallach's testimony. As stated above, Dr. Wallach's report provides a complete limitation-by-limitation analysis of his opinions of direct infringement of the '361 patent.

With respect to Dr. Wallach's infringement analysis of the '010 patent, Finjan simply makes a conclusory and incorrect statement that Dr. Wallach "does not provide *any* linking explanation of how the quotes [of marketing materials within his claim charts] link to the claim elements." Finjan MIL 2 at 4. However, Dr. Wallach does provide an explanation of how the quotes meet the claim limitations when it is not evident, for example, Dr. Wallach gives a four-paragraph explanation of how the Vital Security for Documents server intercepts and retrieves documents from an internal web server. See Ex. 2, Wallach Opening Report, Ex. N, at 3-4. For the other quotations, Dr. Wallach provides his opinion that the quoted language demonstrates that Finjan meets the particular limitation and the quote makes the basis for his conclusion self-evident. For example,

REDACTED

This method of analysis is more than sufficient to meet the principles of reliability and disclosure.

Finally, Finjan's argument would result in the exclusion of Finjan's own experts. Finjan's technical experts do not provide an analysis and definition for each of the limitations of Finjan's own patents. For example, Dr. Vigna's report makes no attempt to define the term "software component" in the '780 patent, nor does he make any attempt to describe the difference between an "obtaining" step and "fetching" step in his report. See Ex. 4, Vigna Opening Report, at ¶ 118.

## II. DR. WALLACH PROVIDES A COMPLETE AND SUFFICIENT ANALYSIS OF INDIRECT INFRINGEMENT.

Contrary to Finjan's brief, Dr. Wallach does provide an opinion for his conclusion that Finjan induces infringement of Claims 8, 9, 10, 11, 12, and 14. In particular, Dr. Wallach states

in paragraph 105 of his report that "Finjan's conduct" induces infringement and he states in the following paragraph that he "base[s] [his] infringement analysis in part on several technical user manuals in which the instructions direct the user or purchaser of the product to use the product in such a way as to perform all of the limitations included in the asserted method claims." Id. at ¶ 106. This is consistent with Dr. Wallach's recitation in the legal standard section that the underlying direct infringement for inducement may be shown by a "customer following the instructions for using the product." Id. at 98. This report provides his opinion and analysis for his conclusion and Finjan provides no reason for why it is unreliable under the Federal Rules of Evidence.

Yet again, Finjan's analysis would also exclude its own expert from testifying regarding indirect infringement. In fact, Finjan's expert, Dr. Vigna, provides absolutely no reference to indirect infringement in his infringement analysis.

## CONCLUSION

For the reasons discussed above, Finjan's motion to exclude the expert infringement opinions and testimony of Dan Wallach should be denied.

*/s/ Kelly E. Farnan*

OF COUNSEL:  
Ronald J. Schutz  
Jake M. Holdreith  
Christopher A. Seidl  
Trevor J. Foster  
Robins, Kaplan, Miller & Ciresi L.L.P.  
2800 LaSalle Plaza  
800 LaSalle Avenue  
Minneapolis, MN 55402  
(612) 349-8500  

Frederick L. Cottrell, III (#2555)  
cottrell@rlf.com  
Kelly E. Farnan (#4395)  
farnan@rlf.com  
Richards, Layton & Finger  
One Rodney Square, P.O. Box 551  
Wilmington, DE 19899  
(302) 651-7700  
*Attorneys For Defendants*

Dated: January 4, 2008

5

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2008 true and correct copies of the foregoing document were caused to be served on counsel of record at the following addresses as indicated:

### HAND DELIVERY & E-MAIL

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street,
Hercules Plaza, 6th Floor
Wilmington, DE 19899-0951

### FEDERAL EXPRESS & E-MAIL

Paul J. Andre
Radhika Tandon
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)

# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 14, 2008, I electronically filed the foregoing with the Clerk of Court using CM/ECF and caused the same to be served on the defendant at the addresses and in the manner indicated below:

### HAND DELIVERY

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street,
Hercules Plaza, 6th Floor
Wilmington, DE 19899-0951

I further certify that on January 14, 2008, the foregoing document was sent to the following non-registered participants in the manner indicated:

### FEDERAL EXPRESS

Paul J. Andre
Radhika Tandon
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114

Kelly E. Farnan (#4395)

RLF1-3155985-1

EXHIBITS 1-5

(redacted in their entirety)