IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation,<br>                    Plaintiff,<br>      v.<br>SECURE COMPUTING CORPORATION, a Delaware corporation; CYBERGUARD CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100,<br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No 06-369 GMS<br>)<br>) **REDACTED**<br>) **PUBLIC VERSION**<br>) |

**SECURE COMPUTING'S OPPOSITION TO
FINJAN'S MOTION IN LIMINE NO. 3 TO EXCLUDE
<u>EXPERT OPINION AND TESTIMONY OF CARL G. DEGEN</u>**

OF COUNSEL:
Ronald J. Schutz
Jake M. Holdreith
Christopher A. Seidl
Trevor J. Foster
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

Fredrick L. Cottrell, III (#2555)
cottrell@rlf.com
Kelly E. Farnan (#4395)
farnan@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys For Defendants*

Dated: January 4, 2008

## INTRODUCTION

Finjan's motion to exclude opinions and testimony of Secure Computing's damages expert, Carl Degen, should be denied because Mr. Degen's rebuttal expert opinions are properly limited to damages issues, which are entirely within his expert qualifications, and properly rebut the opinions of Finjan's damages expert, Russell Parr. Mr. Degen does not opine regarding the law or regarding whether or not Finjan's patents are infringed. To the contrary, Mr. Degen appropriately assumes that Finjan's patents are valid and infringed for purposes of analyzing damages.

The real genesis of Finjan's motion is not the reliability or relevance of Mr. Degen's opinions, nor Mr. Degen's qualifications. Rather, it is a disagreement between Mr. Degen and Finjan's expert Mr. Parr regarding what products should be included in the damages analysis, which should be dealt with by Finjan through cross examination, not a motion in limine. It is undisputed that Secure Computing's "proactive scanning functionality" is the technology at issue. However, Finjan's expert Mr. Parr improperly opines that, for alleged infringement by Secure Computing accused products - Webwasher software, Webwasher appliances, and Cyberguard TSP appliances - all sales of accused products should be included in the damages analysis, regardless of whether the product sold actually had the accused "proactive scanning functionality." Mr. Degen rebuts this opinion, and properly discloses his opinion that the royalty base should be limited to products that include the accused technology - proactive scanning - and he deducts from his damages calculations sales of accused products that do not include the "proactive scanning functionality." Mr. Degen never offers as his own independent opinion or conclusion whether any particular product includes proactive scanning. Mr. Degen properly relies on his review of deposition testimony and conversations with Secure Computing personnel with knowledge. Secure Computing will prove at trial, through competent evidence and

testimony, which products include proactive scanning and which products do not. Finjan's disagreement with Mr. Degen's analysis goes to the weight of Mr. Degen's testimony and should be addressed through cross examination at trial. Finjan's motion should be denied.

## BACKGROUND

On December 12, 2007, Secure Computing served the Response Report of Carl G. Degen. *See* Wharton Aff., Ex. 1. For the Response Report, Mr. Degen was "asked by the attorneys for [Secure Computing] to review and comment on the report of Russell L. Parr dated November 21, 2007 (the Parr Report)" and to measure damages relating to Secure Computing's alleged infringement of Finjan's patents. *Id.*, ¶ 2. In the Parr Report, Finjan's damages expert Mr. Parr opines regarding damages for Secure Computing's alleged infringement by Secure Computing's Webwasher software, Webwasher appliance, and Cyberguard TSP appliance. *See* Ex. 1 attached hereto, p. 5 (Parr Report). Mr. Parr purports to address damages only for accused products that include the "infringing proactive scanning functionality." *Id.*, pp. 5-6. However, Mr. Parr includes in his damages analysis all revenue from sales of Webwasher software, Webwasher appliances, and Cyberguard TSP appliances, regardless of whether the product actually has the accused proactive scanning functionality. *Id.*, p. 5 & Parr Ex. 3.

In response to the Parr Report, Mr. Degen states: "I am not offering any opinions regarding validity or infringement of any patents in this case. For purposes of this report, I have assumed that Finjan's patents are valid and infringed by Secure Computing's accused products." Wharton Aff., Ex 1, ¶ 3. Mr. Degen does not provide any opinion regarding the law or any opinion regarding whether or not Secure Computing infringes Finjan's patents.

Mr. Degen's Response Report states that Mr. Parr's royalty base is "overstated" because, *inter alia*, Mr. Parr includes "revenues from products I understand do not use the accused technology [and] from Webwasher software modules that do not incorporate the accused

functionality." *Id*., ¶ 11.

**REDACTED**

Mr. Degen states that he has "seen no evidence, and Mr. Parr performs no analysis, that suggests that these [non-proactive scanning] modules derive the basis of demand from the accused proactive scanning functionality." *Id* Mr. Degen deducts from his damages calculations sales of accused products that do not include the "proactive scanning functionality." *Id.*, ¶¶ 5, 11, 15, 16, and Fig. 2 and 2A

**REDACTED**

Mr. Degen also includes Figure 2 to his Response Report, showing his corrections and deductions to Mr. Parr's royalty base. *Id*, Fig 2 and 2A. Figure 2 and 2A provide sequential deductions to allow for adjustments, if necessary. *Id*; *see also* Ex. 3 attached hereto, p. 129, ll. 6-22; p 131, ll. 1-15 (Rough Trans. Of Degen Deposition).

## ARGUMENT

Motions to exclude expert testimony are committed to the court's discretion, and the court's inquiry should be a flexible one. *Astrazeneca Lp v Tap Pharm Prods.*, 444 F. Supp. 2d

278, 286 (D. Del. 2006). Criticisms of an expert that go to the weight of the expert's testimony, rather than the admissibility of that testimony, do not disqualify the expert, rather, are more properly addressed through cross examination at trial. *Id.* at 289-90. Here, Finjan's disagreements with Mr. Degen's analysis should be addressed through cross examination, not a motion in limine.

As explained above, Mr. Degen's Response Report does not include any opinions or conclusions regarding the law or whether or not Secure Computing infringes Finjan's patents. Mr. Degen states that he is "not offering any opinions regarding validity or infringement of any patents in this case. For purposes of this report, I have assumed that Finjan's patents are valid and infringed by Secure Computing's accused products." Wharton Aff., Ex. 1, ¶ 3. Mr. Degen rebuts Mr. Parr's opinion that, for alleged infringement by Secure Computing accused products - Webwasher software, Webwasher appliances, and Cyberguard TSP appliances - all sales of accused products should be included in the damages analysis, regardless of whether the product actually has the accused "proactive scanning functionality." Mr. Degen deducts from his damages calculations sales of accused products that do not have the "proactive scanning functionality." *Id.*, ¶¶ 5, 11, 15, 16, and Fig. 2. Mr. Degen never offers as his own independent opinion or conclusion whether any particular product includes proactive scanning. As explained above, Mr. Degen makes these deductions based on facts he learned from deposition testimony (Martin Stecher), and conversations (Christoph Alme) with Secure Computing personnel who have knowledge. It is entirely appropriate for Mr. Degen to rely upon these sources to understand what products to include in his damages analysis. Secure Computing will prove at trial, through competent evidence and testimony, which products include proactive scanning and which products do not. Mr. Degen should not be precluded from explaining what he included in the royalty base, what he excluded from the royalty base, and why he made exclusions. To the

4

extent Finjan disagrees with Mr. Degen's exclusions, Finjan's disagreement goes to the weight of Mr. Degen's testimony and should be addressed through cross examination of Mr. Degen at trial.

The lone case cited by Finjan, *Cryovac, Inc. v. Pechiney Plastic Packaging, Inc.*, 430 F. Supp. 2d 346 (D. Del. 2006), is not on point. In *Cryovac*, the plaintiff moved to exclude the defendant's damages expert opinions "on the basis that they contain improper opinions on patent and contract law." *Id.* at 364. The court granted the motion because "testimony on substantive areas of patent or contract law is impermissible." *Id.* Here, as explained above, Mr. Degen does not opine on the law. Therefore, Finjan's motion should be denied.

## CONCLUSION

For the reasons discussed above, Finjan's motion to exclude the expert opinions and testimony of Carl Degen should be denied.

*/s/ Kelly E. Farnan*
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Kelly E. Farnan (#4395)
farnan@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys For Defendants*

OF COUNSEL:
Ronald J. Schutz
Jake M. Holdreith
Christopher A. Seidl
Trevor J. Foster
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

Dated: January 4, 2008

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 14, 2008, I electronically filed the foregoing with the Clerk of Court using CM/ECF and caused the same to be served on the defendant at the addresses and in the manner indicated below:

**HAND DELIVERY**

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street,
Hercules Plaza, 6th Floor
Wilmington, DE 19899-0951

I further certify that on January 14, 2008, the foregoing document was sent to the following non-registered participants in the manner indicated:

**FEDERAL EXPRESS**

Paul J. Andre
Radhika Tandon
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114

_/s/ Kelly E. Farnan_
Kelly E. Farnan (#4395)

# EXHIBITS 1-2
# (redacted in their entirety)