IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation, | ) ) ) | |
| Plaintiff-Counterdefendant, | ) ) ) | |
| v. | ) ) | C. A. No. 06-00369 GMS |
| SECURE COMPUTING CORPORATION, a Delaware corporation; CYBERGUARD CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100, | ) ) ) ) ) ) | **REDACTED PUBLIC VERSION** |
| Defendants-Counterclaimants. | ) | |

**REPLY BRIEF IN SUPPORT OF SECURE COMPUTING'S MOTION IN LIMINE
TO PRECLUDE FINJAN FROM ASSERTING INFRINGEMENT
<u>UNDER THE DOCTRINE OF EQUIVALENTS</u>**

OF COUNSEL:
Ronald J. Schutz
Jake M. Holdreith
Christopher A. Seidl
Trevor J. Foster
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

Fredrick L. Cottrell, III (#2555)
cottrell@rlf.com
Kelly E. Farnan (#4395)
farnan@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys For Defendants*

Dated: January 7, 2008

## INTRODUCTION

Secure Computing moved to exclude Finjan from asserting infringement under the doctrine of equivalents. The basis for Secure Computing's motion is that Finjan made narrowing amendments that were substantially related to patentability. Consequently, Finjan is presumptively estopped from asserting the doctrine of equivalents with respect to these claims. Finjan cannot, and Dr. Vigna, Finjan's technical expert, made no attempt to, rebut this presumption.

To be clear, Secure Computing listed six limitations that Finjan added during prosecution that narrow either the '194 patent or the '780 patent. Finjan correctly points out that these amendments were made to asserted claims 1, 32, and 65 of the '194 patent and asserted claims 1, 9, 17, and 18 of the '780 patent. This means that an amendment was made to every asserted independent claim in the '194 and '780 patent. Secure Computing is currently asking this Court to exclude Finjan's assertion of doctrine of equivalents with respect to the amended limitations within each of these claims. Secure Computing is not, at this time, asking the Court to exclude Finjan's doctrine of equivalents assertions on other limitations if there are any.

## ARGUMENT

As stated in Secure Computing's Motion, under Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., 344 F.3d 1359 (Fed. Cir. 2003) ("Festo IX"), if an amendment narrows the scope of subject matter claimed, and is made for a substantial reason related to patentability, then a patent holder is presumed to have "surrendered all territory between the original claim limitation and the amended claim limitation." Id. at 1367. Finjan did not rebut this presumption.

First, Finjan only attempted to argue that one of the six added limitations did not constitute a narrowing amendment: namely "preventing execution of the Downloadable."

Consequently, Finjan has not provided any reason to contest the fact that the other five amendments were narrowing amendments added to avoid particular prior art. With respect to the only amendment that Finjan specifically contests did not narrow, Finjan asserts that this amendment broadened the claim by changing "discarding the Downloadable" to "preventing execution of the Downloadable by the Client." Motion Ex. 2, 3, 5. This argument is plainly incorrect, because as noted by Finjan, the examiner rejected the claims because Chang "teaches discarding the Downloadable." Id. at 8. In response to that rejection, Finjan amended the claim to eliminate the "discarding" limitation and include "the preventing execution . . . by the client" limitation. As Finjan argued, "one skilled in the art would not know to combine McManis and Chang because McManis is directed at systems for examining byte code which is to be executed by the browser currently executing and Chang is directed at stand-alone applications which are not to be executed by the browser." Id. Here, Finjan attempted to amend the claim in order to avoid Chang, because Chang did not relate to execution by the Client. Given that Finjan has presented no argument with respect to five of the limitations identified and an unpersuasive argument with respect to the remaining limitation, all six of the amendments are narrowing and the presumption against the doctrine of equivalents applies.

Finjan next identifies that it is possible to rebut the presumption, but fails to give any credible reason that the presumption can be rebutted for any of these six amendments. Finjan states that there is no surrender because any equivalent would be unforeseeable at the time of the application because, Finjan asserts, "Finjan's Patents were the first to every [sic] use behavior-based technology in the security software field." This analysis is insufficient for two reasons. First, there is no attempt to identify how the equivalent on which Vigna is relying would be unforeseeable. In fact, Finjan's analysis would erase the doctrine of prosecution history estoppel

- 2 -

because, if a patent is novel, then, in Finjan's view, all equivalents are unforeseeable. Second, it is plainly incorrect to assert that behavior-based techniques of identifying threats was invented by Finjan.

## REDACTED

Finally, Finjan claims that the rationale for the amendments bear no more than a tangential relationship to the equivalent. Finjan specifically states that the amendments are tangential because "[t]he equivalents at issue includes the requirement of the amendment." Finjan Opp. at 5. Finjan also gives an example in which Vigna's equivalent analysis includes the amended requirement of "list of suspicious computer operations." Id. at 4. This argument is somewhat unclear. If Finjan is saying that Vigna is not attempting to claim an equivalent to the limitation "list of suspicious computer operations" or any of the other amended limitations Secure Computing has identified, then that is exactly the remedy Secure Computing is seeking. If Finjan is still stating that Vigna is allowed to claim an equivalent to, for example, a list, then this argument should be rejected, because then the amendment is directly related to the equivalent.

### CONCLUSION

For the reasons discussed above, Finjan's motion to exclude Finjan from asserting infringement of certain limitations in claims 1, 32, and 65 of the '194 patent and claims 1, 9, 17, and 18 of the '780 patent by doctrine of equivalents should be granted.

- 3 -

OF COUNSEL:
Ronald J. Schutz
Jake M. Holdreith
Christopher A. Seidl
Trevor J. Foster
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

/s/ Kelly E. Farnan
Fredrick L. Cottrell, III (#2555)
cottrell@rlf.com
Kelly E. Farnan (#4395)
farnan@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys For Defendants*

Dated: January 7, 2008

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2008 true and correct copies of the foregoing document were caused to be served on counsel of record at the following addresses as indicated:

**HAND DELIVERY & E-MAIL**

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street,
Hercules Plaza, 6th Floor
Wilmington, DE 19899-0951

**FEDERAL EXPRESS & E-MAIL**

Paul J. Andre
Radhika Tandon
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114

*Kelly E. Farnan*
Kelly E. Farnan (#4395)

RLF1-3156581-1

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 14, 2008, I electronically filed the foregoing with the Clerk of Court using CM/ECF and caused the same to be served on the defendant at the addresses and in the manner indicated below:

**HAND DELIVERY**

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street,
Hercules Plaza, 6th Floor
Wilmington, DE 19899-0951

I further certify that on January 14, 2008, the foregoing document was sent to the following non-registered participants in the manner indicated:

**FEDERAL EXPRESS**

Paul J. Andre
Radhika Tandon
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)

# EXHIBIT 1
# (redacted in its entirety)