IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINJAN SOFTWARE, LTD, an Israel corporation, | ) ) ) |
| Plaintiff-Counterdefendant, | ) ) ) |
| v. | ) C. A. No. 06-00369 GMS ) |
| SECURE COMPUTING CORPORATION, a Delaware corporation; CYBERGUARD CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100, | ) ) ) **PUBLIC VERSION** ) ) ) ) |
| Defendants-Counterclaimants. | ) |

**REPLY BRIEF IN SUPPORT OF SECURE COMPUTING'S MOTION TO EXCLUDE EXPERT TESTIMONY OF GIOVANNI VIGNA REGARDING ALLEGED INFRINGEMENT OF PATENT CLAIMS NOT ADDRESSED IN VIGNA'S OPENING EXPERT REPORT**

OF COUNSEL:
Ronald J. Schutz
Jake M. Holdreith
Christopher A. Seidl
Trevor J. Foster
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

Fredrick L. Cottrell, III (#2555)
cottrell@rlf.com
Kelly E. Farnan (#4395)
farnan@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys For Defendants*

Dated: January 7, 2008

## INTRODUCTION

Secure Computing moved to exclude opinions related to Secure Computing's alleged infringement of dependent claims 6, 8, 15, 20, 21, 26, 34, and 35 of U.S. Patent No. 7,058,822 ("'822 patent"). The basis for excluding these opinions is that each of these dependent claims depend on a preceding claim that included limitations for which Dr. Vigna did not provide an opinion or analysis. Finjan, in its opposition, conceded that Dr. Vigna's opinion that Secure Computing infringes claims 20, 21, 26, 34, and 35 of the '822 patent should be excluded because Dr. Vigna did not provide his opinion for preceding limitations on which those claims depend. Finjan incorrectly asserts, however, that Dr. Vigna included an opinion related to the claim limitation on which claims 6, 8, and 15 depend.

## ARGUMENT

As previously stated, the Federal Circuit has held that "it is axiomatic that dependent claims cannot be found infringed unless the claims from which they depend have been found to have been infringed." Claims 6 and 8 are both dependent on claim 5. Claim 15 is dependent on claim 14. Finjan concedes that Dr. Vigna did not separately address claims 5 and 14, but instead asserts that elsewhere in his report, Dr. Vigna included analysis that can now be applied to these limitations. This should not be allowed.

Claims 5 and 14 include limitations that are not present, not even in substantially similar form, in any of Finjan's other asserted claims. Dr. Vigna's report *never* references claim limitations anywhere in his report that are the same or substantially similar to the limitations in claims 5 and 14. Indeed, to this day, Vigna has not supplied an opinion on the limitations recited in claims 5 and 14. Instead, Finjan, not Vigna, cherry picked a sentence from an entirely different claim limitation and now asserts that this sentence applies to claims 5 and 14. This has resulted

in prejudice to Secure Computing, because Secure Computing's expert, Dr. Wallach, was not given an opportunity to rebut this new cross application. It also prejudices Secure Computing because Secure Computing was not afforded the opportunity to depose Vigna on this issue. Consequently, these opinions should be excluded.

The prejudice created by Finjan's position is highlighted when compared to Finjan's argument against allowing Dr. Wallach to supplement his claim charts. In the case of Secure Computing's supplementation, Dr. Wallach inadvertently forgot to include a claim chart for claims 32-36 and 65. All of the limitations within these claims, however, existed either in identical or nearly identical form in other asserted claims for which Dr. Wallach gave a detailed analysis. Despite the existence of his opinions related to the same limitations elsewhere, Secure Computing immediately notified Finjan that supplementation would be forthcoming. Dr. Wallach supplemented his opinion by literally copying text from his opening report and pasting it next to the identical or nearly identical limitation in claims 32-36 and 65. Vigna, on the other hand, did not include an analysis of similar limitations in his original report, did not supplement before rebuttal reports, and has still not supplemented to this day.

## CONCLUSION

For the reasons discussed above, Finjan's motion to exclude Dr. Vigna's opinion of Secure Computing's alleged infringement of claims 6, 8, 15, 20, 21, 26, 34, and 35 should be granted.

|  |  |
|---|---|
| OF COUNSEL:<br>Ronald J. Schutz<br>Jake M. Holdreith<br>Christopher A. Seidl<br>Trevor J. Foster<br>Robins, Kaplan, Miller & Ciresi L.L.P.<br>2800 LaSalle Plaza<br>800 LaSalle Avenue<br>Minneapolis, MN 55402<br>(612) 349-8500 | /s/ Kelly E. Farnan<br>Fredrick L. Cottrell, III (#2555)<br>cottrell@rlf.com<br>Kelly E. Farnan (#4395)<br>farnan@rlf.com<br>Richards, Layton & Finger<br>One Rodney Square, P.O. Box 551<br>Wilmington, DE 19899<br>(302) 651-7700<br>*Attorneys For Defendants* |

Dated: January 7, 2008

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 7, 2008, I electronically filed the foregoing with the Clerk of Court using CM/ECF and caused the same to be served on the defendant at the addresses and in the manner indicated below:

### HAND DELIVERY

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street,
Hercules Plaza, 6th Floor
Wilmington, DE 19899-0951

I further certify that on January 7, 2008, the foregoing document was sent to the following non-registered participants in the manner indicated:

### FEDERAL EXPRESS

Paul J. Andre
Radhika Tandon
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114

_/s/ Kelly E. Farnan_
Kelly E. Farnan (#4395)

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 14, 2008, I electronically filed the foregoing with the Clerk of Court using CM/ECF and caused the same to be served on the defendant at the addresses and in the manner indicated below:

### HAND DELIVERY

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street,
Hercules Plaza, 6th Floor
Wilmington, DE 19899-0951

I further certify that on January 14, 2008, the foregoing document was sent to the following non-registered participants in the manner indicated:

### FEDERAL EXPRESS

Paul J. Andre
Radhika Tandon
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114

*Kelly E. Farnan*
Kelly E. Farnan (#4395)

RLF1-3155985-1