IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation, | ) ) ) |
| Plaintiff-counterdefendants, | ) ) C.A. No. 06-369-GMS |
| v. | ) ) ) |
| SECURE COMPUTING CORPORATION, a Delaware corporation; CYBERGUARD CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100, | ) ) ) ) ) ) |
| Defendants-counterclaimants. | ) |

### DEFENDANTS' OFFER OF PROOF REGARDING "ADDRESSED TO A CLIENT"

The Court having ruled at trial on March 6, 2008, that Securing Computing is not permitted to offer evidence before the jury of the opinions of its expert Dan Wallach regarding the ordinary meaning of "addressed to a client" as that term is used in the asserted '194 patent, and having ruled that the Defendants are therefore permitted to file this written offer of proof (Tr. at p. 810), Defendants would show through the testimony of Dan Wallach and through documents:

1. That the ordinary meaning of "addressed to a client" in the claims of the '194 patent is "sent to the client computer's network address," which refers to using the IP address of the client computer to route packets over a network, based on the understanding of one of ordinary skill in the art in the context of the claims and in view of the specification.

RLF1-3260533-1

2. That the accused products that include WebWasher code operate as a proxy server or as an icap server to a proxy server. Further that WebWasher, when operating as a proxy, whether transparent or not, always opens its own socket from the proxy to the remote web server. Further that the web server believes it is talking to the proxy server, not the client, and the web server does not know the IP address nor the network address of the client.

3. That because the web server connected to a WebWasher proxy server only sees the network address of the proxy server, not the network address of the client, the Downloadable sent from the web server and received by WebWasher is not and can not be "addressed to the client."

4. That when WebWasher is in icap mode, it receives only messages addressed to itself from the proxy server using the icap protocol, and therefore does not receive packets "addressed to a client."

5. That the definition of "addressed to a client" offered by Finjan's expert Dr. Vigna and by Finjan is based on a faulty premise to the extent it is based on the testimony of Christophe Alme at page 100 lines 11-23 of the Alme interview transcript, because that testimony is not intended to and does not purport to define "addressed to a client" in the '194 patent, and instead Mr. Alme states that in the sentence that was the subject of the question "a file addressed to a client does not make real sense with the network security idea in mind."

6. That as a result, the accused products do not infringe any claim of the '194 patent.

OF COUNSEL:

Ronald J. Schutz
Jake M. Holdreith
Christopher A. Seidl
Trevor J. Foster
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

Dated: March 6, 2008

*/s/ Kelly E. Farnan*
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Kelly E. Farnan (#4395)
farnan@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

***ATTORNEYS FOR SECURE COMPUTING***

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 6, 2008, I electronically filed the foregoing with the Clerk of Court using CM/ECF and caused the same to be served on the Plaintiff at the addresses and in the manner indicated below:

**E-MAIL**
Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street,
Hercules Plaza, 6th Floor
Wilmington, DE 19899-0951

I further certify that on March 6, 2008, the foregoing document was sent to the following non-registered participants in the manner indicated:

**E-MAIL**

Paul J. Andre
Lisa Kobialka
King & Spalding, LLP
1000 Bridge Parkway, Suite 100
Redwood Shores, CA 94065

Kelly E. Farnan (#4395)