IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation, | ) ) ) |
| Plaintiff-counterdefendants, | ) ) C.A. No. 06-369-GMS ) |
| v. | ) ) |
| SECURE COMPUTING CORPORATION, a Delaware corporation; CYBERGUARD CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100, | ) ) ) ) ) ) |
| Defendants-counterclaimants. | ) ) |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR JUDGMENT AS A MATTER OF LAW TO DENY FINJAN'S CLAIM OF WILLFUL INFRINGEMENT

Defendants Secure Computing Corporation, CyberGuard Corporation, and Webwasher AG (collectively "Secure Computing") have moved for judgment as a matter of law to deny Finjan's claims of willful infringement of U.S. Patent Nos. 6,092,194, 6,804,780, and 7,058,822. Finjan has failed to meet the exceptionally high burden of proving by clear and convincing evidence that Secure Computing acted with objective recklessness.

### LEGAL STANDARD

Entry of judgment as a matter of law under Rule 50 is appropriate after a party is fully heard on an issue at trial, if "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Walter v. Holiday Inns, Inc.*, 985 F.2d 1232, 1238 (3d Cir. 1993).

RLF1-3261037-1

The issue in this particular motion is willful infringement. In order for a patentee to prove willful infringement, it must prove objective recklessness. In particular, a patentee must show two things by clear and convincing evidence: (1) that the "infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent;" and (2) that "objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer." In re Seagate Technology, LLC, 497 F.3d 1360, 1371 (Fed. Cir. 2007), *cert denied* (Feb. 25, 2008).

## ARGUMENT

**I.. FINJAN HAS FAILED TO SHOW THAT ANY SECURE COMPUTING EMPLOYEE ACTED WITH KNOWLEDGE OF AN OBJECTIVELY HIGH RISK OF INFRINGING A VALID PATENT.**

The evidence has shown that Secure Computing does not infringe any valid patent. Secure Computing has demonstrated that the patents are not infringed because Webwasher does not make a "list of suspicious computer operations" and does not receive a Downloadable "addressed to a client." Moreover, Secure Computing has shown that the prior art invalidates the Finjan patents. These points prove that there is not an objectively high risk that these patents are both valid and infringed. Because, however, Secure Computing has not concluded its case of invalidity and non-infringement, it is most helpful, at this time in the case, to focus on Finjan's failure to show any *knowledge* of an objectively high risk that its actions would constitute infringement of a valid patent.

**A. Finjan Has Failed to Prove Secure Computing Acted With Knowledge of Finjan's Patents.**

With respect to knowledge of the patent, the following facts make it unreasonable for a jury to conclude that Secure Computing willfully infringed the asserted claims of the three Finjan patents:

- Finjan has failed to put forth a single piece of evidence that Secure Computing was on notice of the '780 and '822 Patents prior to the filing of this lawsuit.

- Finjan has introduced only <u>one</u> Webwasher document that references the '194 patent. (PTX-38). That same document includes references to fourteen other patents. *Id.* These other patents even included patents that Secure Computing is relying on to invalidate the Finjan patents in this case.

- Finjan put forward no testimony from the author of the only document referencing the '194 patent. (PTX-38).[1]

- Finjan has failed to make any connection between the author of PTX-38, Roland Cuny, and the development of proactive scanning.

Roland Cuny's notes on the patent do not demonstrate that Mr. Cuny had any reason to believe that Webwasher may infringe the '194 patent. There is no evidence that he performed an infringement analysis or spoke with anybody regarding potential infringement of the '194 patent. At best, the document proves that Mr. Cuny was aware of prior art that could invalidate Finjan's patents.

**B.    Secure Computing Did Not Copy Finjan's Product.**

*In re Seagate* requires more than an argument that an alleged infringer copied the patentee's product in order to prove willful infringement. The patentee still must prove that the accused infringer had knowledge that its actions had an objectively high risk of infringing a valid patent. Mr. Andre argued, however, that Finjan proved objective recklessness based on the deposition evidence that Secure Computing allegedly "copied" Finjan's products.. The testimony, however, proves the opposite—Webwasher did not copy Finjan's products. In

---

[1] The *only* testimony on that document (PTX-38) follows in deposition testimony from Martin Stecher:
"Is this document a summary of the research that Roland Cuny was doing? Answer: Almost everything that Mr. Cuny did was documented within the intranet by Mr. Cuny himself; and regard to this task, he saved or he put this content on intranet." Trial Transcript (Rough) Day 2:321:1-8.

particular, Mr. Stecher testified that Webwasher did not choose the option to copy Finjan. Trial Transcript (Rough) 319:1-3 (Question: Which of these options did Webwasher pursue? Answer: None of them was implemented). Instead Webwasher chose "more diverse methods" and a "rules and category-based system with media types" that was implemented based on further meetings in order to improve the performance rate of the product. Trial Transcript (Rough), Day 2, 319:4-12. Likewise, Mr. Alme stated that he merely saw screenshots of Finjan's product. *Id.* at 306:12-16. Furthermore, Mr. Berzau merely testified that he saw the Finjan GUI and it did not include proactive scanning. Trial Transcript (Rough) Day 3, 581:2-4 ("Was one of the configuration options ProActive scanning? Answer: No.").

Moreover, in order to prove "copying" a product is even relevant to willful infringement, Finjan must prove that its product is an embodiment of the patents. Finjan did not make any attempt to prove that its product was an embodiment of the patent. Finjan did not have any expert do a limitation-by-limitation analysis of the product to prove that Finjan's products fell within the three patents in suit. Consequently, even if Secure Computing had copied Finjan's product, it would be wholly irrelevant to the willful infringement analysis.

## CONCLUSION

*In re Seagate* has placed the bar for proving willful infringement exceptionally high. Secure Computing had an objectively reasonable basis to conclude that Webwasher's proactive scanning feature did not infringe Finjan's patents and that Finjan's patents were invalid. Secure Computing had no knowledge of the '194, '780, and '822 patents. Secure Computing had no basis to conclude it infringed the '194 patent. Finally, Secure Computing did not copy Finjan's products, and, in any case, Finjan's products have not been shown to be embodiments of the Finjan patents. The evidence submitted is not sufficient to conclude by clear and convincing

evidence that Secure Computing willfully infringed. Consequently we request that this Court grant Secure Computing's motion pursuant to Fed. R. Civ. P. Rule 50 to deny Finjan's claim of willful infringement on the '194, '780, and '822 patents.

OF COUNSEL:

Ronald J. Schutz
Jake M. Holdreith
Christopher A. Seidl
Trevor J. Foster
ROBINS, KAPLAN, MILLER &
CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

Dated: March 10, 2008

*/s/ Kelly E. Farnan*
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Kelly E. Farnan (#4395)
farnan@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

***ATTORNEYS FOR SECURE COMPUTING***

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 10, 2008, I electronically filed the foregoing with the Clerk of Court using CM/ECF and caused the same to be served on the plaintiff at the addresses and in the manner indicated below:

E-MAIL AND HAND DELIVERY

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street,
Hercules Plaza, 6th Floor
Wilmington, DE 19899-0951

I further certify that on March 10, 2008, the foregoing document was sent to the following non-registered participants in the manner indicated:

E-MAIL

Paul J. Andre
Radhika Tandon
King & Spalding, LLP
1000 Bridge Parkway, Suite 100
Redwood Shores, CA 94065

*Kelly E. Farnan*
Kelly E. Farnan (#4395)

RLF1-3155985-1