IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 06-369 GMS |
| v. | ) ) | |
| SECURE COMPUTING CORPORATION, a Delaware corporation, CYBERGUARD, CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## JOINT SPECIAL VERDICT FORM

A. **Finjan Software Ltd.'s ("Finjan Software") Patent Infringement Claims Against Secure Computing Corporation, Cyberguard Corporation, Webwasher AG ("Secure Computing")**

**Literal Infringement**

1. Do you find that Finjan Software has proven by a preponderance of the evidence that Secure Computing literally infringes any of the asserted claims of U.S. Patent No. 6,092,194? *Answer this question regarding infringement of the '194 patent with "Yes" or "No." A "Yes" is a finding for Finjan. A "No" is a finding for Secure Computing.*

   YES _____     NO _____

   If you answered "NO," please proceed to Question No. 2.

   If you answered "YES," please mark the claims you found to be infringed:

   Claim 1: _____   Claim 2: _____   Claim 3: _____   Claim 4: _____

   Claim 5: _____   Claim 6: _____   Claim 7: _____   Claim 8: _____

   Claim 9: _____   Claim 10: _____  Claim 11: _____  Claim 12: _____

   Claim 13: _____  Claim 14: _____  Claim 24: _____  Claim 25: _____

   Claim 26: _____  Claim 27: _____  Claim 28: _____  Claim 29: _____

   Claim 30: _____  Claim 32: _____  Claim 33: _____  Claim 34: _____

   Claim 35: _____  Claim 36: _____  Claim 65: _____

2. Do you find that Finjan Software has proven by a preponderance of the evidence that Secure Computing literally infringes any of the asserted claims of U.S. Patent No. 6,804,780? *Answer this question regarding infringement of the '780 patent with "Yes" or "No." A "Yes" is a finding for Finjan. A "No" is a finding for Secure Computing.*

   YES _____     NO _____

   If you answered "NO", please proceed to Question No. 3.

   If you answered "YES," please mark the claims you found to be infringed:

   Claim 1: _____   Claim 2: _____   Claim 3: _____   Claim 4: _____

   Claim 5: _____   Claim 6: _____   Claim 9: _____   Claim 10: _____

   Claim 11: _____  Claim 12: _____  Claim 13: _____  Claim 14: _____

   Claim 18: _____

3. Do you find that Finjan Software has proven by a preponderance of the evidence that Secure Computing literally infringes any of the asserted claims of U.S. Patent

No. 7,058,822? *Answer this question regarding infringement of the '822 patent with "Yes" or "No." A "Yes" is a finding for Finjan. A "No" is a finding for Secure Computing.*

  YES _____      NO_____

If you answered "NO," please proceed to Question No. 4.

If you answered "YES," please mark the claims you found to be infringed:

Claim 4: \_\_\_\_  Claim 6: \_\_\_\_  Claim 8: \_\_\_\_  Claim 12:\_\_\_\_

Claim 13:\_\_\_\_

**Infringement Under The Doctrine of Equivalents**[1]

**<u>Skip Question 4 if you answered "YES" to Question 1 and found literal infringement of all asserted claims of U.S. Patent No. 6,092,194.</u>**

4. If you did not find that Secure Computing literally infringes some or all of the claims of U.S. Patent No. 6,092,194 under Question 1, do you find that Finjan Software has proven by a preponderance of the evidence that Secure Computing infringes any of those claims under the doctrine of equivalents? *Answer this question regarding infringement of the '194 patent under the doctrine of equivalents with "Yes" or "No." A "Yes" is a finding for Finjan. A "No" is a finding for Secure Computing.*[2]

    YES _____    NO _____

If you answered "NO", please proceed to Question No. 5.

If you answered "YES," please mark the claims you found to be infringed under the doctrine of equivalents:

| | | | |
|---|---|---|---|
| Claim 1: _____ | Claim 2: _____ | Claim 3: _____ | Claim 4: _____ |
| Claim 5: _____ | Claim 6: _____ | Claim 7: _____ | Claim 8: _____ |
| Claim 9: _____ | Claim 10: _____ | Claim 11: _____ | Claim 12: _____ |
| Claim 13: _____ | Claim 14: _____ | Claim 24: _____ | Claim 25: _____ |
| Claim 26: _____ | Claim 27: _____ | Claim 28: _____ | Claim 29: _____ |
| Claim 30: _____ | Claim 32: _____ | Claim 33: _____ | Claim 34: _____ |
| Claim 35: _____ | Claim 36: _____ | Claim 65: _____ | |

---

[1] Secure Computing objects to any claim or assertion by Finjan of alleged infringement by Secure Computing under the Doctrine of Equivalents. Finjan should be barred from asserted Doctrine of Equivalents based on prosecution history estoppel. Therefore, Questions 4, 5, and 6 should not be included in this Joint Verdict Form.

[2] Secure Computing objects to any claim or assertion by Finjan of alleged infringement by Secure Computing under the Doctrine of Equivalents. Finjan should be barred from asserted Doctrine of Equivalents based on prosecution history estoppel.

**Skip Question 5 if you answered "YES" to Question 2 and found literal infringement of all asserted claims of U.S. Patent No. 6,804,780.**

5.  If you did not find that Secure Computing literally infringes some or all of the claims of U.S. Patent No. 6,804,780 under Question 2, do you find that Finjan Software has proven by a preponderance of the evidence that Secure Computing infringes any of those claims under the doctrine of equivalents? *Answer this question regarding infringement of the '780 patent under the doctrine of equivalents with "Yes" or "No." A "Yes" is a finding for Finjan. A "No" is a finding for Secure Computing.*[3]

    YES _____    NO _____

    If you answered "NO," please proceed to Question No. 6.

    If you answered "YES," please mark the claims you found to be infringed under the doctrine of equivalents:

    Claim 1: _____   Claim 2: _____   Claim 3: _____   Claim 4: _____

    Claim 5: _____   Claim 6: _____   Claim 9: _____   Claim 10: _____

    Claim 11: _____  Claim 12: _____  Claim 13: _____  Claim 14: _____

    Claim 18: _____

**Skip Question 6 if you answered "YES" to Question 3 and found literal infringement of all asserted claims of U.S. Patent No. 7,058,822.**

6.  If you did not find that Secure Computing literally infringes some or all of the claims of U.S. Patent No. 7,058,822 under Question 3, do you find that Finjan Software has proven by a preponderance of the evidence that Secure Computing infringes any of those claims under the doctrine of equivalents? *Answer this question regarding infringement of the '822 patent under the doctrine of equivalents with "Yes" or "No." A "Yes" is a finding for Finjan. A "No" is a finding for Secure Computing.*[4]

    YES _____    NO _____

    If you answered "NO," please proceed to Question No. 7.

---

[3] Secure Computing objects to any claim or assertion by Finjan of alleged infringement by Secure Computing under the Doctrine of Equivalents. Finjan should be barred from asserted Doctrine of Equivalents based on prosecution history estoppel.

[4] Secure Computing objects to any claim or assertion by Finjan of alleged infringement by Secure Computing under the Doctrine of Equivalents. Finjan should be barred from asserted Doctrine of Equivalents based on prosecution history estoppel.

If you answered "YES," please mark the claims you found to be infringed under the doctrine of equivalents:

Claim 4: _____     Claim 6: _____     Claim 8: _____     Claim 12: _____

Claim 13: _____

**Willful Infringement[5]**

7.  If your answer was "YES" for any of Questions 1, 2, 3, 4, 5, or 6, was Secure Computing's infringement willful?

    YES _____          NO _____

---

[5] Secure Computing has moved for judgment as a matter of law to dismiss Finjan's willful infringement claims.

6

**B.     Secure Computing's Patent Invalidity Claims Against Finjan Software**

**Anticipation**

8. Do you find that Secure Computing has proven by clear and convincing evidence that any of the asserted claims of U.S. Patent No. 6,092,194 are invalid because they are anticipated by prior art? *Answer this question regarding validity of the '194 patent with "Yes" or "No." A "Yes" is a finding for Secure Computing. A "No" is a finding for Finjan.*

   YES _____          NO _____

   If you answered "NO," please proceed to Question No. 9.

   If you answered "YES," please mark the claims you found to be anticipated by prior art:

   | Claim 1: ____ | Claim 2: ____ | Claim 3: ____ | Claim 4: ____ |
   | Claim 5: ____ | Claim 6: ____ | Claim 7: ____ | Claim 8: ____ |
   | Claim 9: ____ | Claim 10: ____ | Claim 11: ____ | Claim 12: ____ |
   | Claim 13: ____ | Claim 14: ____ | Claim 24: ____ | Claim 25: ____ |
   | Claim 26: ____ | Claim 27: ____ | Claim 28: ____ | Claim 29: ____ |
   | Claim 30: ____ | Claim 32: ____ | Claim 33: ____ | Claim 34: ____ |
   | Claim 35: ____ | Claim 36: ____ | Claim 65: ____ | |

9. Do you find that Secure Computing has proven by clear and convincing evidence that any of the asserted claims of U.S. Patent No. 6,804,780 are invalid because they are anticipated by prior art? *Answer this question regarding validity of the '780 patent with "Yes" or "No." A "Yes" is a finding for Secure Computing. A "No" is a finding for Finjan.*

   YES _____          NO _____

   If you answered "NO," please proceed to Question No. 10.

   If you answered "YES," please mark the claims you found to be anticipated by prior art:

   | Claim 1: ____ | Claim 2: ____ | Claim 3: ____ | Claim 4: ____ |
   | Claim 5: ____ | Claim 6: ____ | Claim 9: ____ | Claim 10: ____ |
   | Claim 11: ____ | Claim 12: ____ | Claim 13: ____ | Claim 14: ____ |
   | Claim 18: ____ | | | |

7

10. Do you find that Secure Computing has proven by clear and convincing evidence that any of the asserted claims of U.S. Patent No. 7,058,822 are invalid because they are anticipated by prior art? *Answer this question regarding validity of the '822 patent with "Yes" or "No." A "Yes" is a finding for Secure Computing. A "No" is a finding for Finjan.*

YES _____    NO_____

If you answered "NO," please proceed to Question No. 11.

If you answered "YES," please mark the claims you found to be anticipated by prior art:

Claim 4: \_\_\_\_\_    Claim 6: \_\_\_\_\_    Claim 8: \_\_\_\_\_    Claim 12:\_\_\_\_

Claim 13:\_\_\_\_

**Obviousness**

11. Do you find that Secure Computing has proven by clear and convincing evidence that any of the asserted claims of U.S. Patent No. 6,092,194 are obvious in light of the prior art? *Answer this question regarding validity of the '194 patent with "Yes" or "No." A "Yes" is a finding for Secure Computing. A "No" is a finding for Finjan.*

YES _____    NO_____

If you answered "NO", please proceed to Question No. 12.

If you answered "YES," please mark the claims you found to be obvious in light of the prior art:

| | | | |
|---|---|---|---|
| Claim 1: \_\_\_\_\_ | Claim 2: \_\_\_\_\_ | Claim 3: \_\_\_\_\_ | Claim 4: \_\_\_\_\_ |
| Claim 5: \_\_\_\_\_ | Claim 6: \_\_\_\_\_ | Claim 7: \_\_\_\_\_ | Claim 8: \_\_\_\_ |
| Claim 9: \_\_\_\_\_ | Claim 10: \_\_\_\_\_ | Claim 11: \_\_\_\_\_ | Claim 12: \_\_\_\_\_ |
| Claim 13:\_\_\_\_ | Claim 14: \_\_\_\_\_ | Claim 24:\_\_\_\_\_ | Claim 25: \_\_\_\_\_ |
| Claim 26:\_\_\_\_ | Claim 27: \_\_\_\_\_ | Claim 28: \_\_\_\_\_ | Claim 29:\_\_\_\_\_ |
| Claim 30:\_\_\_\_ | Claim 32: \_\_\_\_\_ | Claim 33:\_\_\_\_\_ | Claim 34:\_\_\_\_\_ |
| Claim 35:\_\_\_\_ | Claim 36: \_\_\_\_\_ | Claim 65:\_\_\_\_\_ | |

12. Do you find that Secure Computing has proven by clear and convincing evidence that any of the asserted claims of U.S. Patent No. 6,804,780 are obvious in light of the prior art? *Answer this question regarding validity of the '780 patent with*

8

*"Yes" or "No." A "Yes" is a finding for Secure Computing. A "No" is a finding for Finjan.*

YES ______ NO______

If you answered "NO", please proceed to Question No. 13.

If you answered "YES," please mark the claims you found to be obvious in light of the prior art:

| | | | |
|---|---|---|---|
| Claim 1: _____ | Claim 2: _____ | Claim 3: _____ | Claim 4: _____ |
| Claim 5: _____ | Claim 6: _____ | Claim 9: _____ | Claim 10:_____ |
| Claim 11:_____ | Claim 12:_____ | Claim 13:_____ | Claim 14:_____ |
| Claim 18:_____ | | | |

**13.** Do you find that Secure Computing has proven by clear and convincing evidence that any of the asserted claims of U.S. Patent No. 7,058,822 are obvious in light of the prior art? *Answer this question regarding validity of the '822 patent with "Yes" or "No." A "Yes" is a finding for Secure Computing. A "No" is a finding for Finjan.*

YES ______ NO______

If you answered "NO", please proceed to Question No. 14.

If you answered "YES," please mark the claims you found to be obvious in light of the prior art:

| | | | |
|---|---|---|---|
| Claim 4: ____ | Claim 6: ____ | Claim 8: ____ | Claim 12:____ |
| Claim 13:____ | | | |

C.  **Damages for Finjan Software's Patent Infringement Claims Against Secure Computing**

**Webwasher Software**

14.  If you have found that one or more of the asserted claims of U.S. Patent No. 6,092,194, U.S. Patent No. 6,804,780, and/or U.S. Patent No. 7,058,822 are valid and infringed by Secure Computing's Webwasher Software, then what is the reasonable royalty rate to which Finjan Software has proven by a preponderance of the evidence and the amount of sales of the Webwasher Software that the royalty rate should be applied to?

    _____% $_____

**Webwasher Hardware Appliances**

15.  If you have found that one or more of the asserted claims of U.S. Patent No. 6,092,194, U.S. Patent No. 6,804,780, and/or U.S. Patent No. 7,058,822 are valid and infringed by Secure Computing's Webwasher Hardware Appliances, then what is the reasonable royalty rate to which Finjan Software has proven by a preponderance of the evidence and the amount of sales of the Webwasher Hardware Appliances that the royalty rate should be applied to?

    _____% $_____

**Cyberguard TSP Hardware Appliances**

16.  If you have found that one or more of the asserted claims of U.S. Patent No. 6,092,194, U.S. Patent No. 6,804,780, and/or U.S. Patent No. 7,058,822 are valid and infringed by Secure Computing's Cyberguard TSP Hardware Appliances, then what is the reasonable royalty rate to which Finjan Software has proven by a preponderance of the evidence and the amount of sales of the Cyberguard TSP Hardware Appliances that the royalty rate should be applied to?

    _____% $_____

D. **Secure Computing Corporation's ("Secure Computing") Patent Infringement Claims Against Finjan Software, Ltd. and Finjan Software, Inc. ("Finjan")**

**Literal Infringement**

17. Do you find that Secure Computing has proven by a preponderance of the evidence that Finjan literally infringes any of the asserted claims of U.S. Patent No. 7,185,361? *Answer this question regarding infringement of the '361 patent with "Yes" or "No." A "Yes" is a finding for Secure Computing. A "No" is a finding for Finjan.*

    YES _____     NO _____

If you answered "NO," please proceed to Question No. 17.

If you answered "YES," please mark the claims you found to be infringed:

Claim 1: _____   Claim 2: _____   Claim 3: _____   Claim 4: _____

Claim 5: _____   Claim 7: _____   Claim 8: _____   Claim 9: _____

Claim 10: _____  Claim 11: _____  Claim 12: _____  Claim 14: _____

Claim 15: _____

18. Do you find that Secure Computing has proven by a preponderance of the evidence that Finjan literally infringes Claim 37 of U.S. Patent No. 6,357,010? *Answer this question regarding infringement of the '010 patent with "Yes" or "No." A "Yes" is a finding for Secure Computing. A "No" is a finding for Finjan.*

    YES _____     NO _____

**Inducing Infringement**[6]

**Skip Question 19 if you answered "NO" to Question 17 and did not find literal infringement of the '361 patent.**

19. Do you find that Secure Computing has proven by a preponderance of the evidence that Finjan has induced infringement of any of the asserted claims of U.S. Patent No. 7,185,361? *Answer this question regarding inducing infringement of the '361 patent with "Yes" or "No." A "Yes" is a finding for Secure Computing. A "No" is a finding for Finjan.*[7]

   YES _____    NO _____

   If you answered "NO," please proceed to Question No. 19.

   If you answered "YES," please mark the claims you found to be infringed by inducement:[8]

   Claim 1: _____    Claim 2: _____    Claim 3: _____    Claim 4: _____

   Claim 5: _____    Claim 7: _____    Claim 8: _____    Claim 9: _____

   Claim 10: _____   Claim 11: _____   Claim 12: _____   Claim 14: _____

   YES _____    NO _____

E. **Finjan's Patent Invalidity Claims Against Secure Computing**

   **Anticipation**

20. Do you find that Finjan has proven by clear and convincing evidence that any of the asserted claims of U.S. Patent No. 7,185,361 are invalid because they are anticipated by prior art? *Answer this question regarding validity of the '361 patent with "Yes" or "No." A "Yes" is a finding for Finjan. A "No" is a finding for Secure Computing.*

   YES _____    NO _____

---

[6] Finjan Software, Ltd. and Finjan Software, Inc. object to any question regarding inducing infringement. Secure Computing cannot prove indirect infringement because it has no evidence of direct infringement by a third party. Moreover, Secure Computing's expert did not provide any opinion of indirect infringement in his expert report or at trial for Claims 1-5, 7, and 15 of the '361 patent and Claim 37 of the '010 patent.

[7] Id.

[8] Secure Computing's inducement claims are supported by Dr. Wallach's opening report at ¶¶ 106, 98, 102, and 103, and corresponding claim charts, and in trial testimony at Trial Day 5, pp. 1019-1020, 1013-1016, and 1028-1029.

12

If you answered "NO," please proceed to Question No. 20.

If you answered "YES," please mark the claims you found to be anticipated by prior art:

Claim 1: _____   Claim 2: _____   Claim 3: _____   Claim 4: _____

Claim 5: _____   Claim 7: _____   Claim 8: _____   Claim 9: _____

Claim 10: _____  Claim 11: _____  Claim 12: _____  Claim 14: _____

Claim 15: _____

21. Do you find that Finjan has proven by clear and convincing evidence that Claim 37 of U.S. Patent No. 6,357,010 is invalid because it is anticipated by prior art? *Answer this question regarding validity of the '010 patent with "Yes" or "No." A "Yes" is a finding for Finjan. A "No" is a finding for Secure Computing.*

    YES _____        NO _____

If you answered "NO", please proceed to Question No. 21.

**Obviousness**

22. Do you find that Finjan has proven by clear and convincing evidence that any of the asserted claims of U.S. Patent No. 7,185,361 are obvious in light of the prior art? *Answer this question regarding validity of the '361 patent with "Yes" or "No." A "Yes" is a finding for Finjan. A "No" is a finding for Secure Computing.*

    YES _____    NO_____

    If you answered "NO," please proceed to Question No. 22.

    If you answered "YES," please mark the claims you found to be obvious in light of the prior art:

    Claim 1: _____    Claim 2: _____    Claim 3: _____    Claim 4: _____

    Claim 5: _____    Claim 7: _____    Claim 8: _____    Claim 9: _____

    Claim 10: _____    Claim 11: _____    Claim 12: _____    Claim 14: _____

    Claim 15: _____

23. Do you find that Finjan has proven by clear and convincing evidence that Claim 37 of U.S. Patent No. 6,357,010 is invalid because it is obvious in light of the prior art?

    YES _____    NO_____

F. **Damages for Secure Computing's Patent Infringement Claims Against Finjan**

24. If you have found that one or more of the asserted claims of U.S. Patent No. 7,185,361 are valid and infringed by Finjan's Vital Security NG Appliances, then what is the reasonable royalty rate to which Secure Computing has proven by a preponderance of the evidence and the amount of sales that the royalty rate should be applied to?

    _____% $_____

25. If you have found that one or more of the asserted claims of U.S. Patent No. 6,357,010 are valid and infringed by Finjan's Vital Security for Documents, then what is the reasonable royalty rate to which Secure Computing has proven by a preponderance of the evidence and the amount of sales that the royalty rate should be applied to?

    _____% $_____

_____
FOREPERSON

15

_____        _____
_____        _____
_____        _____