## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation, | ) ) ) | Civil Action No. 06-369 GMS |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SECURE COMPUTING CORPORATION, a Delaware corporation, CYBERGUARD, CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## JOINT SPECIAL VERDICT FORM

A.    **Finjan Software Ltd.'s ("Finjan Software") Patent Infringement Claims Against Secure Computing Corporation, Cyberguard Corporation, Webwasher AG ("Secure Computing")**

**Literal Infringement**

1.    Do you find that Finjan Software has proven by a preponderance of the evidence that Secure Computing literally infringes any of the asserted claims of U.S. Patent No. 6,092,194? *Answer this question regarding infringement of the '194 patent with "Yes" or "No." A "Yes" is a finding for Finjan. A "No" is a finding for Secure Computing.*

YES _____            NO_____

If you answered "NO," please proceed to Question No. 2.

If you answered "YES," please mark the claims you found to be infringed:

| | | | |
|---|---|---|---|
| Claim 1: _____ | Claim 2: _____ | Claim 3: _____ | Claim 4: _____ |
| Claim 5: _____ | Claim 6: _____ | Claim 7: _____ | Claim 8: _____ |
| Claim 9: _____ | Claim 10: ____ | Claim 11: ____ | Claim 12:____ |
| Claim 13:____ | Claim 14: ____ | Claim 24: ____ | Claim 25:____ |
| Claim 26:____ | Claim 27: ____ | Claim 28: ____ | Claim 29:____ |
| Claim 30:____ | Claim 32: ____ | Claim 33: ____ | Claim 34:____ |
| Claim 35:____ | Claim 36: ____ | Claim 65: ____ | |

2.    Do you find that Finjan Software has proven by a preponderance of the evidence that Secure Computing literally infringes any of the asserted claims of U.S. Patent No. 6,804,780? *Answer this question regarding infringement of the '780 patent with "Yes" or "No." A "Yes" is a finding for Finjan. A "No" is a finding for Secure Computing.*

YES _____            NO_____

If you answered "NO", please proceed to Question No. 3.

If you answered "YES," please mark the claims you found to be infringed:

| | | | |
|---|---|---|---|
| Claim 1: _____ | Claim 2: _____ | Claim 3: _____ | Claim 4: _____ |
| Claim 5: _____ | Claim 6: _____ | Claim 9: _____ | Claim 10:____ |
| Claim 11:____ | Claim 12:____ | Claim 13:____ | Claim 14:____ |
| Claim 18:____ | | | |

**3.**    Do you find that Finjan Software has proven by a preponderance of the evidence that Secure Computing literally infringes any of the asserted claims of U.S. Patent No. 7,058,822? *Answer this question regarding infringement of the '822 patent with "Yes" or "No." A "Yes" is a finding for Finjan. A "No" is a finding for Secure Computing.*

YES _____          NO _____

If you answered "NO," please proceed to Question No. 4.

If you answered "YES," please mark the claims you found to be infringed:

Claim 4: _____          Claim 6: _____          Claim 8: _____          Claim 12:_____

Claim 13:_____

**Infringement Under The Doctrine of Equivalents**

**Skip Question 4 if you answered "YES" to Question 1 and found literal infringement of all asserted claims of U.S. Patent No. 6,092,194.**

4.    If you did not find that Secure Computing literally infringes some or all of the claims of U.S. Patent No. 6,092,194 under Question 1, do you find that Finjan Software has proven by a preponderance of the evidence that Secure Computing infringes any of those claims under the doctrine of equivalents? *Answer this question regarding infringement of the '194 patent under the doctrine of equivalents with "Yes" or "No." A "Yes" is a finding for Finjan.  A "No" is a finding for Secure Computing.*

          YES _____          NO_____

If you answered "NO", please proceed to Question No. 5.

If you answered "YES," please mark the claims you found to be infringed under the doctrine of equivalents:

Claim 1: _____          Claim 2: _____          Claim 3: _____          Claim 4: _____

Claim 5: _____          Claim 6: _____          Claim 7: _____          Claim 8: _____

Claim 9: _____          Claim 10:_____          Claim 11:_____          Claim 12:_____

Claim 13:____          Claim 14: _____          Claim 24:_____          Claim 25:_____

Claim 26:____          Claim 27: _____          Claim 28: _____          Claim 29:_____

Claim 30:____          Claim 32:_____          Claim 33:_____          Claim 34:_____

Claim 35:____          Claim 36:_____          Claim 65:_____

**Skip Question 5 if you answered "YES" to Question 2 and found literal infringement of all asserted claims of U.S. Patent No. 6,804,780.**

5.   If you did not find that Secure Computing literally infringes some or all of the claims of U.S. Patent No. 6,804,780 under Question 2, do you find that Finjan Software has proven by a preponderance of the evidence that Secure Computing infringes any of those claims under the doctrine of equivalents? *Answer this question regarding infringement of the '780 patent under the doctrine of equivalents with "Yes" or "No." A "Yes" is a finding for Finjan. A "No" is a finding for Secure Computing.*

   YES _____          NO_____

   If you answered "NO," please proceed to Question No. 6.

   If you answered "YES," please mark the claims you found to be infringed under the doctrine of equivalents:

   Claim 1: _____      Claim 2: _____     Claim 3: _____     Claim 4: ____

   Claim 5: _____      Claim 6: _____     Claim 9: _____     Claim 10:____

   Claim 11:_____      Claim 12:_____     Claim 13:_____     Claim 14:____

   Claim 18:_____

**Skip Question 6 if you answered "YES" to Question 3 and found literal infringement of all asserted claims of U.S. Patent No. 7,058,822.**

6.   If you did not find that Secure Computing literally infringes some or all of the claims of U.S. Patent No. 7,058,822 under Question 3, do you find that Finjan Software has proven by a preponderance of the evidence that Secure Computing infringes any of those claims under the doctrine of equivalents? *Answer this question regarding infringement of the '822 patent under the doctrine of equivalents with "Yes" or "No." A "Yes" is a finding for Finjan. A "No" is a finding for Secure Computing.*

   YES _____          NO_____

   If you answered "NO," please proceed to Question No. 7.

   If you answered "YES," please mark the claims you found to be infringed under the doctrine of equivalents:

   Claim 4: ____      Claim 6: ____     Claim 8: ____     Claim 12:____

   Claim 13:____

**Willful Infringement**

7.    If your answer was "YES" for any of Questions 1, 2, 3, 4, 5, or 6, was Secure Computing's infringement willful?

        YES _____            NO_____

**B.    Secure Computing's Patent Invalidity Claims Against Finjan Software**

**Anticipation**

8.    Do you find that Secure Computing  has proven by clear and convincing evidence that any of the asserted claims of U.S. Patent No. 6,092,194 are invalid because they are anticipated by prior art?  *Answer this question regarding validity of the '194 patent with "Yes" or "No."  A "Yes" is a finding for Secure Computing.  A "No" is a finding for Finjan.*

YES _____                NO_____

If you answered "NO," please proceed to Question No. 9.

If you answered "YES," please mark the claims you found to be anticipated by prior art:

| | | | |
|---|---|---|---|
| Claim 1: _____ | Claim 2: _____ | Claim 3: _____ | Claim 4: ____ |
| Claim 5: _____ | Claim 6: _____ | Claim 7: _____ | Claim 8: ____ |
| Claim 9: _____ | Claim 10:_____ | Claim 11:_____ | Claim 12:____ |
| Claim 13:____ | Claim 14: _____ | Claim 24:_____ | Claim 25:____ |
| Claim 26:____ | Claim 27: _____ | Claim 28: _____ | Claim 29:____ |
| Claim 30:____ | Claim 32:_____ | Claim 33:_____ | Claim 34:____ |
| Claim 35:____ | Claim 36:_____ | Claim 65:_____ | |

9.    Do you find that Secure Computing  has proven by clear and convincing evidence that any of the asserted claims of U.S. Patent No. 6,804,780 are invalid because they are anticipated by prior art?  *Answer this question regarding validity of the '780 patent with "Yes" or "No."  A "Yes" is a finding for Secure Computing.  A "No" is a finding for Finjan.*

YES _____                NO_____

If you answered "NO," please proceed to Question No. 10.

If you answered "YES," please mark the claims you found to be anticipated by prior art:

| | | | |
|---|---|---|---|
| Claim 1: _____ | Claim 2: _____ | Claim 3: _____ | Claim 4: ____ |
| Claim 5: _____ | Claim 6: _____ | Claim 9: _____ | Claim 10:____ |
| Claim 11:____ | Claim 12:_____ | Claim 13:_____ | Claim 14:____ |
| Claim 18:_____ | | | |

**10.** Do you find that Secure Computing has proven by clear and convincing evidence that any of the asserted claims of U.S. Patent No. 7,058,822 are invalid because they are anticipated by prior art? *Answer this question regarding validity of the '822 patent with "Yes" or "No." A "Yes" is a finding for Secure Computing. A "No" is a finding for Finjan.*

YES _____          NO_____

If you answered "NO," please proceed to Question No. 11.

If you answered "YES," please mark the claims you found to be anticipated by prior art:

Claim 4: _____          Claim 6: _____          Claim 8: _____          Claim 12:_____

Claim 13:_____

**Obviousness**

**11.** Do you find that Secure Computing has proven by clear and convincing evidence that any of the asserted claims of U.S. Patent No. 6,092,194 are obvious in light of the prior art? *Answer this question regarding validity of the '194 patent with "Yes" or "No." A "Yes" is a finding for Secure Computing. A "No" is a finding for Finjan.*

YES _____          NO_____

If you answered "NO", please proceed to Question No. 12.

If you answered "YES," please mark the claims you found to be obvious in light of the prior art:

| | | | |
|---|---|---|---|
| Claim 1: _____ | Claim 2: _____ | Claim 3: _____ | Claim 4: _____ |
| Claim 5: _____ | Claim 6: _____ | Claim 7: _____ | Claim 8: _____ |
| Claim 9: _____ | Claim 10:_____ | Claim 11:_____ | Claim 12:_____ |
| Claim 13:_____ | Claim 14: _____ | Claim 24:_____ | Claim 25:_____ |
| Claim 26:_____ | Claim 27: _____ | Claim 28: _____ | Claim 29:_____ |
| Claim 30:_____ | Claim 32:_____ | Claim 33:_____ | Claim 34:_____ |
| Claim 35:_____ | Claim 36:_____ | Claim 65:_____ | |

12.   Do you find that Secure Computing has proven by clear and convincing evidence that any of the asserted claims of U.S. Patent No. 6,804,780 are obvious in light of the prior art? *Answer this question regarding validity of the '780 patent with "Yes" or "No." A "Yes" is a finding for Secure Computing. A "No" is a finding for Finjan.*

YES _____          NO_____

If you answered "NO", please proceed to Question No. 13.

If you answered "YES," please mark the claims you found to be obvious in light of the prior art:

Claim 1: _____    Claim 2: _____    Claim 3: _____    Claim 4: _____

Claim 5: _____    Claim 6: _____    Claim 9: _____    Claim 10:_____

Claim 11:_____    Claim 12:_____    Claim 13:_____    Claim 14:_____

Claim 18:_____

13.   Do you find that Secure Computing has proven by clear and convincing evidence that any of the asserted claims of U.S. Patent No. 7,058,822 are obvious in light of the prior art? *Answer this question regarding validity of the '822 patent with "Yes" or "No." A "Yes" is a finding for Secure Computing. A "No" is a finding for Finjan.*

YES _____          NO_____

If you answered "NO", please proceed to Question No. 14.

If you answered "YES," please mark the claims you found to be obvious in light of the prior art:

Claim 4: _____    Claim 6: _____    Claim 8: _____    Claim 12:_____

Claim 13:_____

**C.**     **Damages for Finjan Software's Patent Infringement Claims Against Secure Computing**

**Webwasher Software**

14.     If you have found that one or more of the asserted claims of U.S. Patent No. 6,092,194, U.S. Patent No. 6,804,780, and/or U.S. Patent No. 7,058,822 are valid and infringed by Secure Computing's Webwasher Software, then what is the reasonable royalty rate to which Finjan Software has proven by a preponderance of the evidence and the amount of sales of the Webwasher Software that the royalty rate should be applied to?

_____ %     $_____

**Webwasher Hardware Appliances**

15.     If you have found that one or more of the asserted claims of U.S. Patent No. 6,092,194, U.S. Patent No. 6,804,780, and/or U.S. Patent No. 7,058,822 are valid and infringed by Secure Computing's Webwasher Hardware Appliances, then what is the reasonable royalty rate to which Finjan Software has proven by a preponderance of the evidence and the amount of sales of the Webwasher Hardware Appliances that the royalty rate should be applied to?

_____ %     $_____

**Cyberguard TSP Hardware Appliances**

16.     If you have found that one or more of the asserted claims of U.S. Patent No. 6,092,194, U.S. Patent No. 6,804,780, and/or U.S. Patent No. 7,058,822 are valid and infringed by Secure Computing's Cyberguard TSP Hardware Appliances, then what is the reasonable royalty rate to which Finjan Software has proven by a preponderance of the evidence and the amount of sales of the Cyberguard TSP Hardware Appliances that the royalty rate should be applied to?

_____ %     $_____

**D.    Secure Computing Corporation's ("Secure Computing") Patent Infringement Claims Against Finjan Software, Ltd. and Finjan Software, Inc. ("Finjan")**

**Literal Infringement**

17.    Do you find that Secure Computing has proven by a preponderance of the evidence that Finjan literally infringes any of the asserted claims of U.S. Patent No. 7,185,361? *Answer this question regarding infringement of the '361 patent with "Yes" or "No." A "Yes" is a finding for Secure Computing. A "No" is a finding for Finjan.*

    YES _____            NO_____

If you answered "NO," please proceed to Question No. 18.

If you answered "YES," please mark the claims you found to be infringed:

Claim 1: _____        Claim 2: _____        Claim 3: _____        Claim 4: _____

Claim 5: _____        Claim 7: _____        Claim 8: _____        Claim 9: _____

Claim 10:_____        Claim 11:_____        Claim 12:____        Claim 14:____

Claim 15:_____

18.    Do you find that Secure Computing has proven by a preponderance of the evidence that Finjan literally infringes Claim 37 of U.S. Patent No. 6,357,010? *Answer this question regarding infringement of the '010 patent with "Yes" or "No." A "Yes" is a finding for Secure Computing. A "No" is a finding for Finjan.*

    YES _____            NO_____

**Inducing Infringement**

**Skip Question 19 if you answered "NO" to Question 17 and did not find literal infringement of the '361 patent.**

19.    Do you find that Secure Computing has proven by a preponderance of the evidence that Finjan has induced infringement of any of the asserted claims of U.S. Patent No. 7,185,361? *Answer this question regarding inducing infringement of the '361 patent with "Yes" or "No." A "Yes" is a finding for Secure Computing. A "No" is a finding for Finjan.*

YES _____                    NO_____

If you answered "NO," please proceed to Question No. 20.

If you answered "YES," please mark the claims you found to be infringed by inducement:

Claim 1: _____      Claim 2: _____      Claim 3: _____      Claim 4: _____

Claim 5: _____      Claim 7: _____      Claim 8: _____      Claim 9: _____

Claim 10:_____      Claim 11:_____      Claim 12:____      Claim 14:_____

E.    **Finjan's Patent Invalidity Claims Against Secure Computing**

**Anticipation**

20.    Do you find that Finjan has proven by clear and convincing evidence that any of the asserted claims of U.S. Patent No. 7,185,361 are invalid because they are anticipated by prior art? *Answer this question regarding validity of the '361 patent with "Yes" or "No." A "Yes" is a finding for Finjan. A "No" is a finding for Secure Computing.*

YES _____                    NO_____

If you answered "NO," please proceed to Question No. 21.

If you answered "YES," please mark the claims you found to be anticipated by prior art:

Claim 1: _____      Claim 2: _____      Claim 3: _____      Claim 4: _____

Claim 5: _____      Claim 7: _____      Claim 8: _____      Claim 9: _____

Claim 10:_____      Claim 11:_____      Claim 12:____      Claim 14:_____

Claim 15:_____

12

21.   Do you find that Finjan has proven by clear and convincing evidence that Claim 37 of U.S. Patent No. 6,357,010 is invalid because it is anticipated by prior art? *Answer this question regarding validity of the '010 patent with "Yes" or "No." A "Yes" is a finding for Finjan. A "No" is a finding for Secure Computing.*

YES _____          NO_____

If you answered "NO", please proceed to Question No. 22.

**Obviousness**

22.   Do you find that Finjan has proven by clear and convincing evidence that any of the asserted claims of U.S. Patent No. 7,185,361 are obvious in light of the prior art? *Answer this question regarding validity of the '361 patent with "Yes" or "No." A "Yes" is a finding for Finjan. A "No" is a finding for Secure Computing.*

YES _____          NO_____

If you answered "NO," please proceed to Question No. 23.

If you answered "YES," please mark the claims you found to be obvious in light of the prior art:

Claim 1: _____     Claim 2: _____     Claim 3: _____     Claim 4: ____

Claim 5: _____     Claim 7: _____     Claim 8: _____     Claim 9: ____

Claim 10:_____     Claim 11:_____     Claim 12:____     Claim 14:____

Claim 15:_____

23.   Do you find that Finjan has proven by clear and convincing evidence that Claim 37 of U.S. Patent No. 6,357,010 is invalid because it is obvious in light of the prior art?

YES _____          NO_____

**F.     Damages for Secure Computing's Patent Infringement Claims Against Finjan**

24.     If you have found that one or more of the asserted claims of U.S. Patent No. 7,185,361 are valid and infringed by Finjan's Vital Security NG Appliances, then what is the reasonable royalty rate to which Secure Computing has proven by a preponderance of the evidence and the amount of sales that the royalty rate should be applied to?

_____%   $_____

25.     If you have found that Claim 37 of U.S. Patent No. 6,357,010 is valid and infringed by Finjan's Vital Security for Documents, then what is the reasonable royalty rate to which Secure Computing has proven by a preponderance of the evidence and the amount of sales that the royalty rate should be applied to?

_____%   $_____

_____        _____

FOREPERSON

_____        _____

_____        _____

_____        _____