IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation,<br><br>        Plaintiff-Counterdefendant,<br><br>        v.<br><br>SECURE COMPUTING CORPORATION, a Delaware corporation; CYBERGUARD CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100,<br><br>        Defendants-Counterclaimants. | C. A. No. 06-369 GMS |

**DEFENDANTS-COUNTERCLAIMANTS' MOTION FOR JUDGMENT
AS A MATTER OF LAW PURSUANT TO FED. R. CIV. P. 50**

Defendants-counterclaimants Secure Computing Corporation, Cyberguard Corporation, and Webwasher AG ("hereinafter Secure Computing") hereby move for judgment as a matter of law, pursuant to Federal Rule of Civil Procedure Rule 50, including Rule 50(a), as follows:

(1) Judgment as a matter of law that Secure Computing does not literally infringe, or infringe under the Doctrine of Equivalents, any asserted claim of United Stated Patent No. 6,092,194.

(2) Judgment as a matter of law that Secure Computing does not literally infringe, or infringe under the Doctrine of Equivalents, any asserted claim of United Stated Patent No. 6,804,780.

(3) Judgment as a matter of law that Secure Computing does not literally infringe, or infringe under the Doctrine of Equivalents, any asserted claim of United Stated Patent No. 7,058,822.

(4) Judgment as a matter of law that Finjan Software Ltd. has not proved, by clear and convincing evidence, that any infringement by Secure Computing was willful.

(5) Judgment as a matter of law that Finjan Software Ltd. has not proved, by a preponderance of the evidence, any damages.

(6) Judgment as a matter of law that Finjan has not proved that this is an exceptional case.

(7) Judgment as a matter of law that Secure Computing has proven by clear and convincing evidence that all asserted claims of U.S. Patent No. 6,092,194 are invalid because they are anticipated by prior art.

(8) Judgment as a matter of law that Secure Computing has proven by clear and convincing evidence that all asserted claims of U.S. Patent No. 6,804,780 are invalid because they are anticipated by prior art.

(9) Judgment as a matter of law that Secure Computing has proven by clear and convincing evidence that all asserted claims of U.S. Patent No. 7,058,822 are invalid because they are anticipated by prior art.

(10) Judgment as a matter of law that Secure Computing has proven by clear and convincing evidence that all asserted claims of U.S. Patent No. 6,092,194 are invalid because they are obvious in light of the prior art.

(11) Judgment as a matter of law that Secure Computing has proven by clear and convincing evidence that all asserted claims of U.S. Patent No. 6,804,780 are invalid because they are obvious in light of the prior art.

(12)    Judgment as a matter of law that Secure Computing has proven by clear and convincing evidence that all asserted claims of U.S. Patent No. 7,058,822 are invalid because they are obvious in light of the prior art.

(13)    Judgment as a matter of law that Secure Computing has proven by a preponderance of the evidence that Finjan literally infringes all of the asserted claims of U.S. Patent No. 7,185,361.

(14)    Judgment as a matter of law that Secure Computing has proven by a preponderance of the evidence that Finjan literally infringes all of the asserted claims of U.S. Patent No. 6,357,010.

(15)    Judgment as a matter of law that Secure Computing has proven by a preponderance of the evidence that Finjan has induced infringement of all of the asserted claims of U.S. Patent No. 7,185,361.

(16)    Judgment as a matter of law that Finjan has failed to prove by clear and convincing evidence that the asserted claims of U.S. Patent No. 7,185,361 are invalid because they are anticipated by prior art.

(17)    Judgment as a matter of law that Finjan has failed to prove by clear and convincing evidence that the asserted claims of U.S. Patent No. 6,357,010 are invalid because they are anticipated by prior art.

(18)    Judgment as a matter of law that Finjan has failed to prove by clear and convincing evidence that the asserted claims of U.S. Patent No. 7,185,361 are invalid because they are obvious in light of the prior art.

RLF1-3262014-1

(19) Judgment as a matter of law that Finjan has failed to prove by clear and convincing evidence that the asserted claims of U.S. Patent No. 6,357,010 are invalid because they are obvious in light of the prior art.

(20) Judgment as a matter of law that Secure Computing has proved by a preponderance of evidence, damages as a result of Finjan's infringement of U.S. Patent No. 7,185,361 and U.S. Patent No. 6,357,010.

(21) Judgment as a matter of law that Secure Computing has proved that this is an exceptional case.

(22) Judgment as a matter of law in favor of Secure Computing on any claim or defense in this matter, including but not limited to any claim on which Finjan has the burden of proof and on any defense asserted by Secure Computing, and on any claim on which Secure Computing has the burden of proof and on any defense asserted by Finjan.

OF COUNSEL:
Ronald J. Schutz
Jake M. Holdreith
Christopher A. Seidl
Trevor J. Foster
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402

*Kelly E. Farnan*
Fredrick L. Cottrell, III (#2555)
cottrell@rlf.com
Kelly E. Farnan (#4395)
farnan@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys For Defendants*

Dated: March 12, 2008

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 12, 2008, I electronically filed the foregoing with the Clerk of Court using CM/ECF and caused the same to be served on the plaintiff at the addresses and in the manner indicated below:

E-MAIL AND HAND DELIVERY

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street,
Hercules Plaza, 6th Floor
Wilmington, DE 19899-0951

I further certify that on March 12, 2008, the foregoing document was sent to the following non-registered participants in the manner indicated:

E-MAIL and FEDERAL EXPRESS

Paul J. Andre
Lisa Kobialka
King & Spalding, LLP
1000 Bridge Parkway, Suite 100
Redwood Shores, CA 94065

Kelly E. Farnan (#4395)

RLF1-3155985-1