**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 06-369 GMS |
| v. | ) ) ) | |
| SECURE COMPUTING CORPORATION, a Delaware corporation, CYBERGUARD, CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**FINJAN'S MOTION FOR JUDGMENT AS A MATTER OF LAW**

   Finjan Software Limited and Finjan Software Incorporated (collectively "Finjan")

hereby move for judgment as a matter of law pursuant to all appropriate provisions under the

Federal Rules of Civil Procedure, including Rule 50(a) as follows:

    1.  Finjan renews its motion for judgment as a matter of law made orally on

March 7, 2008.

    2.  Judgment as a matter of law that Secure Computing Corporation,

Cyberguard Corporation and Webwasher AG (collectively, "Defendants") failed to present

sufficient evidence to meet their burden of proof by clear and convincing evidence for their

claim that the asserted claims of U.S. Patent No. 6,092,194 (hereinafter referred to as the "'194

patent") are invalid for any reason, including but not limited to, as anticipated by the prior art

pursuant to 35 U.S.C. §102; and/or are invalid as obvious by the prior art pursuant to 35 U.S.C.

§103.

3.    Judgment as a matter of law that Defendants failed to present sufficient evidence to meet their burden of proof by clear and convincing evidence for their claim that the asserted claims of U.S. Patent No. 6,804,780 (hereinafter referred to as the "'780 patent") are invalid for any reason, including but not limited to, as anticipated by the prior art pursuant to 35 U.S.C. §102; or are invalid as obvious by the prior art pursuant to 35 U.S.C. §103.

4.    Judgment as a matter of law that Defendants failed to present sufficient evidence to meet their burden of proof by clear and convincing evidence for their claim that the asserted claims of U.S. Patent No. 7,058,822 (hereinafter referred to as the "'822 patent") are invalid for any reason, including but not limited to, as anticipated by the prior art pursuant to 35 U.S.C. §102; or are invalid as obvious by the prior art pursuant to 35 U.S.C. §103.  For example, and this is but one non-limiting example, Defendants failed to address one of the claim elements in claim 4 of the '822 patent when it provided its expert opinion and this element was omitted from his claim charts.  Accordingly, there is no basis as a matter of law for the issue of validity for this claim and its dependent claim to go to the jury.

5.    Judgment as a matter of law that Defendants failed to present sufficient evidence to prove that Defendants' Webwasher product line and Cyberguard TSP product line do not infringe the asserted claims of the '194 Patent, under both literal infringement and doctrine of equivalents.

6.    Judgment as a matter of law that Defendants failed to present sufficient evidence to prove that Defendants' Webwasher product line and Cyberguard TSP product line do not infringe the asserted claims of the '780 Patent, under both literal infringement and doctrine of equivalents.

7.    Judgment as a matter of law that Defendants failed to present sufficient evidence to prove that Defendants' Webwasher product line and Cyberguard TSP product line do not infringe the asserted claims of the '822 Patent, under both literal infringement and doctrine of equivalents.

8.    Judgment as a matter of law that Defendants failed to present sufficient evidence to support its affirmative defenses and meet their burden of proof with respect to damages issues, including but not limited to, their claim that sales revenue generated from sales of the infringing products to the federal government should be barred from a damages calculation pursuant to 28 U.S.C. § 1498 and any other similar defenses raised with respect to damages.

9.    Judgment as a matter of law that Defendants failed to present sufficient evidence to meet their burden of proof for their claim that Defendants' sales of its products that contain the infringing technology should not be included in the damages calculation because the infringing technology was locked and/or otherwise unavailable to the customer.

10.    Judgment as a matter of law that Secure Computing Corporation ("Secure Computing") failed to present sufficient evidence to meet its burden of proof by a preponderance of the evidence that the accused Finjan's Vital Security for Documents (a/k/a Documents 1 Box) product literally infringes each and every element of any asserted claim of the U.S. Patent No. 6,357,010 (or the '010 patent) pursuant to 35 U.S.C. § 271. For example, and this is but one non-limiting example, Secure Computing sole evidence for infringement of the '010 patent consisted of 2 marketing documents -- one of which was not published by Finjan. As another non-limiting example, Secure Computing's expert admitted that, according to the source code for the Document 1 Box, which is the same product as the Vital Security for Documents, this product did not infringe the 010 patent.

11.    Judgment as a matter of law that Secure Computing failed to present sufficient evidence to meet its burden of proof by a preponderance of the evidence that the accused Finjan's Vital Security NG products literally infringe each and every element of any asserted claim of U.S. Patent No. 7,185,361 (or the '361 patent) pursuant to 35 U.S.C. § 271(a) and/or 35 U.S.C. §271 (b).  For example, and this is but one non-limiting example, Secure Computing has failed to provide any evidence that any third party has actually directly infringed the claims of the '361 Patent.  As another non-limiting example, Secure Computing's expert admitted that claim 1 of the 361 patent is not directly infringed by Finjan.

12.    Judgment as a matter of law that Secure Computing failed to present sufficient evidence to meet its burden of proof by a preponderance of the evidence that it is entitled to any damages for any alleged infringement of the '010 patent.  For example, and this is but one non-limiting example, Secure Computing has failed to provide any facts that Finjan received notice of the '010 patent until after it had already stopped selling the accused product, such that Secure Computing is not entitled to any damages.

13.    Judgment as a matter of law that Secure Computing failed to present sufficient evidence to meet its burden of proof by a preponderance of the evidence that it is entitled to a reasonable royalty for any alleged infringement of the '361 patent.

14.    Judgment as a matter of law that Secure Computing failed to present sufficient evidence to meet its burden of proof that Claim 37 of U.S. Patent No. 6,357,010 is not invalid in light of the prior art identified by Finjan pursuant to 35 U.S.C. § 102 and 35 U.S.C. § 103.  For example, and this is but one non-limiting example, Secure Computing provided no fact or expert witness to rebut Finjan's evidence regarding the invalidity of Claim 37 of the '010 patent in light of the reference entitled "SESAME: The solution to security in open distributed

4

systems" by Per Kaijser, Tom Parker and Denis Pinkas from Computer Communications 17(7): 501-518 (1994).

15.     Judgment as a matter of law that Secure Computing failed to present sufficient evidence to meet its burden of proof that Claims 1-5, 7-12, 14 and 15 of U.S. Patent No. 7,185,361 are not invalid in light of the prior art identified by Finjan pursuant to 35 U.S.C. § 102 and 35 U.S.C. § 103.  For example, and this is but one non-limiting example, Secure Computing provided no fact or expert witness to rebut Finjan's evidence regarding the invalidity of these claims of the '361 patent in light of the reference entitled Check Point Firewall-1 Architecture and Administration Version 4.0 from September 1998.

16.     Judgment as a matter of law that Finjan presented sufficient evidence to meet its burden of proof that Defendants' Webwasher product line and Cyberguard TSP product line infringe, literally and under the doctrine of equivalence, the asserted claims of the '194 patent.

17.     Judgment as a matter of law that Finjan presented sufficient evidence to meet its burden of proof that Defendants' Webwasher product line and Cyberguard TSP product line infringe, literally and under the doctrine of equivalence, the asserted claims of the '780 patent.

18.     Judgment as a matter of law that Finjan presented sufficient evidence to meet its burden of proof that Defendants' Webwasher product line and Cyberguard TSP product line infringe, literally and under the doctrine of equivalence, the asserted claims of the '822 patent.

19.     Judgment as a matter of law that Finjan presented sufficient evidence to meet its burden of proof that Defendants' infringement was willful.

20.     Judgment as a matter of law that Finjan presented sufficient evidence to meet its burden of proof that it is entitled to damages for Defendants' infringement.

21.     Judgment as a matter of law that Finjan presented sufficient evidence to meet its burden of proof that this is an exceptional case.

22.     Finjan moves for judgment as a matter of law in their favor on any and all claims on which Secure Computing has the burden of proof and on any defense asserted by Finjan, as well as for judgment as a matter of law in their favor on any and all claims on which Finjan has the burden of proof and on any defense asserted by Defendants.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Paul J. Andre
Lisa Kobialka
King & Spalding LLP
1000 Bridge Parkway
Redwood City, CA 94065
(650) 590-0700

Dated: March 12, 2008
854321

By: _____
        Philip A. Rovner (#3215)
        Hercules Plaza
        P. O. Box 951
        Wilmington, DE  19899
        (302) 984-6000
        provner@potteranderson.com

*Attorneys for Plaintiff*
*Finjan Software, Ltd.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on March 12, 2008, the within document

was filed with the Clerk of the Court using CM/ECF which will send notification of such

filing(s) to the following; that the document was served on the following counsel as

indicated; and that the document is available for viewing and downloading from

CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Frederick L. Cottrell, III, Esq.
Kelly E. Farnan, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
cottrell@rlf.com; farnan@rlf.com

I hereby certify that on March 12, 2008 I have sent by E-mail the

foregoing document to the following non-registered participants:

Jake M. Holdreith, Esq.
Christopher A. Seidl, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
jmholdreith@rkmc.com ; caseidl@rkmc.com

Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com