IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 06-369-GMS |
| v. | ) ) ) | |
| SECURE COMPUTING CORPORATION, a Delaware corporation; CYBERGUARD CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

### FINJAN'S COMBINED POST-TRIAL MOTION FOR ENHANCED DAMAGES AND ATTORNEYS' FEES, EXPENSES AND COSTS

On March 13, 2008, after a seven day trial, the jury's unanimous verdict on all claims in favor of Plaintiffs Finjan Software, Ltd. and Finjan Software, Inc. ("Finjan") was entered by the Court. The jury found that each of the defendants, namely Secure Computing Corporation, Cyberguard Corporation and Webwasher AG (collectively "Defendants"), infringed all of the asserted claims of United States Patent Nos. 6,092,194 ("'194 Patent"), 6,804,780 ("'780 Patent) and 7,058,822 ("'822 Patent") (collectively "the Finjan Patents"). The jury further found Defendants' infringement was willful. The jury also upheld the validity of the Finjan Patents and awarded Finjan past damages in the amount of 16% royalty rate for Webwasher software, 8% royalty rate for Webwasher appliances, and 8% for the TSP appliances. The jury found that these royalty rates should be applied to the sales of the Webwasher software, Webwasher appliances, and TSP appliances. The total amount of past damages based on the latest sales

information available to the jury totaled $9,180,000.[1] In addition, the jury found that Finjan did not infringe any of the asserted claims of United States Patent Nos. 7,185,361 and 6,357,010 (collectively "the Secure Computing Patents"). The Court entered the jury's verdict on March 13, 2008.

### I.    MOTION FOR ENHANCED DAMAGES

Finjan moves this Court under 35 U.S.C. § 284 for an award of enhanced damages equal to three times the actual damages awarded to Finjan. During trial, the jury found that the Defendants willfully infringed the Finjan Patents. The grounds for enhancing the damages are as follows: (1) the Defendants deliberately copied the ideas and designs of Finjan; (2) the Defendants did not investigate the Finjan Patents to form a good faith belief that they were invalid or not infringed; (3) the Defendants' litigation misconduct as a party to the litigation; (4) the Defendants' large size and good financial condition; (5) the case was not close; (6) the long duration of the Defendants' misconduct; (7) the lack of remedial action by the Defendants; and (8) the Defendants' motivation to harm Finjan.

### II.   MOTION FOR ATTORNEYS' FEES, EXPENSES AND COSTS

Finjan moves this Court under 35 U.S.C. § 285, Federal Rule of Civil Procedure 54(d) and D. Del. L.R. 54.1, and this Court's inherent authority, for an order declaring this case to be "exceptional" within the meaning of Section 285, and for an award of its attorneys' fees, related expenses and costs incurred in establishing that the Finjan Patents were not invalid, that Defendants willfully infringed the Finjan Patents, and that Finjan did not infringe the Secure Computing Patents. The grounds for this motion are that (1) the jury determined that Defendants willfully infringed the Finjan Patents; (2) the record itself demonstrates that Defendants'

---

[1] Finjan also seeks an accounting of the total sales of Webwasher software, Webwasher hardware and Cyberguard TSP which will cause the damages to be higher.

2

infringement was willful and in bad faith; and (3) the record demonstrates a pattern of bad faith by counsel for defendant Secure Computing during the course of the litigation. Finjan respectfully requests that, pursuant to Fed. R. Civ. P. 54(d)(2)(C), the Court determine liability for fees, expenses and costs before receiving submission bearing on the precise and itemized amount of fees, expenses and costs.

For the foregoing reasons and those that will be set forth in Finjan's briefs to be submitted in accordance with the stipulated briefing schedule, Finjan respectfully requests that the Court grant its Motion.

|  |  |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Paul J. Andre<br>Lisa Kobialka<br>King & Spalding LLP<br>1000 Bridge Parkway<br>Redwood City, CA 94065<br>(650) 590-0700 | By: /s/ Philip A. Rovner<br>Philip A. Rovner (#3215)<br>Hercules Plaza<br>P. O. Box 951<br>Wilmington, DE 19899<br>(302) 984-6000<br>provner@potteranderson.com |
| Dated: March 27, 2008<br>857436 | *Attorneys for Plaintiff*<br>*Finjan Software, Ltd.* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on March 27, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Frederick L. Cottrell, III, Esq.
Kelly E. Farnan, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
cottrell@rlf.com; farnan@rlf.com

I hereby certify that on March 27, 2008 I have sent by E-mail the foregoing document to the following non-registered participants:

Jake M. Holdreith, Esq.
Christopher A. Seidl, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
jmholdreith@rkmc.com; caseidl@rkmc.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com