IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation, | ) ) ) ) | |
| Plaintiff-Counterdefendants, | ) ) | |
| v. | ) ) | Civil Action No. 06-369-GMS |
| SECURE COMPUTING CORPORATION, a Delaware corporation; CYBERGUARD CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100, | ) ) ) ) ) ) ) | |
| Defendants-Counterclaimants. | ) | |

**DEFENDANTS-COUNTERCLAIMANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FED. R. CIV. P. 50 AND, IN THE ALTERNATIVE, MOTION FOR NEW TRIAL AND/OR REMITTITUR PURSUANT TO FED. R. CIV. P. 59**

Defendants-counterclaimants Secure Computing Corporation, Cyberguard Corporation, and Webwasher AG (hereinafter "Secure Computing") hereby move for: judgment as a matter of law pursuant to Fed. R. Civ. P. 50, or in the alternative for a new trial pursuant to Fed. R. Civ. P. 59, on non-infringement, invalidity, and no willful infringement of Finjan Software, Ltd.'s United States Patent No. 6,092,194 ("the '194 patent"), United States Patent No. 6,804,780 ("the '780 patent"), and United States Patent No. 7,058,822 ("the '822 patent"); judgment as a matter of law pursuant to Fed. R. Civ. P. 50, or in the alternative for remittitur and/or a new trial pursuant to Fed. R. Civ. P. 59, on alleged damages relating to alleged infringement of Finjan Software Ltd.'s '194, '780, and '822 patents; and judgment as a matter of law pursuant to Fed. R. Civ. P. 50, or in the alternative for a new trial pursuant to Fed. R. Civ. P. 59, on Finjan Software, Ltd.'s and Finjan Software, Inc.'s infringement of Secure Computing's U.S. Patent No. 6,357,010 ("the '010 patent") and U.S. Patent No. 7,185,361 ("the '361 patent"), and damages

caused by Finjan Software, Ltd.'s and Finjan Software, Inc.'s infringement of the '010 patent and '361 patent. Secure Computing is entitled to relief on all grounds available to it. The grounds for this motion will be fully set forth in Secure Computing's briefs that will be filed by Secure Computing pursuant to the parties' stipulation governing post-trial briefing, and are set forth generally as follows:

(1)    Secure Computing renews its motions for judgment as a matter of law made orally on March 6, 2008, and made in writing on March 10, 2008 (D.I. 217), and made in writing on March 12, 2008 (D.I. 222).

(2)    The Court erroneously construed the claims of the '194, '780, and '822 patents. These errors were contained in the Court's December 11, 2007 Order, and were also reflected in the Court's jury instructions. Further, the Court erroneously did not construe, address, and/or find in Secure Computing's favor on the claims of the '194, '780, and '822 patents that Secure Computing asserted are indefinite. Further, under a proper claim construction, there was insufficient evidence to support the jury verdict of infringement and validity of the '194, '780, and '822 patents, as no reasonable jury could find infringement and/or validity of the '194, '780, and '822 patents. Therefore, Secure Computing is entitled to judgment as a matter of law on non-infringement and invalidity of the '194, '780, and '822 patents. In the alternative, Secure Computing is entitled to a new trial because the substantial errors in the claim construction and because the jury's verdict was against the weight of the evidence and a miscarriage of justice would result if the verdict were to stand.

(3)    Finjan Software, Ltd. failed to present sufficient evidence to meet its burden of proving by a preponderance of the evidence that Secure Computing literally infringes, or infringes under the Doctrine of Equivalents, any and all asserted claims of the '194 patent. There

was not substantial evidence to support the jury's verdict and no reasonable jury could find literal infringement, or infringement under the doctrine of equivalents, of any of the asserted claims of the '194 patent, and Secure Computing is entitled to judgment as a matter of law. In the alternative, Secure Computing is entitled to a new trial because of substantial errors by the Court and because the jury's verdict was against the weight of the evidence and a miscarriage of justice would result if the verdict were to stand. For example, and these are non-limiting examples:

    (a)    Finjan Software, Ltd. failed to present sufficient evidence with which a reasonable jury could find that Secure Computing's accused products infringe the "list of suspicious computer operations" limitation of any asserted claim of the '194 patent;

    (b)    Finjan Software, Ltd. failed to present sufficient evidence with which a reasonable jury could find that Secure Computing's accused products infringe the "addressed to a client" limitation of any asserted claim of the '194 patent. In the alternative, under a correct construction of the "addressed to a client" limitation, and in view of all of the evidence including the excluded testimony of Dr. Dan Wallach (See Secure Computing's Offer of Proof, D.I. 216), no reasonable jury could find that Secure Computing's accused products infringe the "addressed to a client" limitation of any asserted claim of the '194 patent;

    (c)    Finjan Software, Ltd. failed to present sufficient evidence with which a reasonable jury could find that any and all method claims of the '194 patent are infringed by Secure Computing because Finjan Software, Ltd.

RLF1-3267087-1

presented no evidence of any direct infringement, no evidence of anyone practicing or performing the alleged patented method, no evidence of inducement, no evidence of intent to induce, and Finjan Software, Ltd. abandoned its inducement claims;

(d) The Court made a substantial error in allowing evidence and instructions, and allowing the jury to decide the issue of infringement under the doctrine of equivalents. As a matter of law, Secure Computing's accused products do not infringe claim 3 of the '194 patent under the doctrine of equivalents because prosecution history estoppel bars the application of the doctrine of equivalents.

(e) Even if the doctrine of equivalents was properly submitted in evidence, instructions, and to the jury, Finjan Software, Ltd. failed to present sufficient evidence and/or sufficient testimony regarding infringement, under the doctrine of equivalents, and Finjan Software, Ltd. offered no particularized testimony and no linking argument, therefore a reasonable jury could not find infringement of claim 3 of the '194 patent under the doctrine of equivalents;

(f) As a matter of law, Secure Computing's accused products on which the accused proactive scanning functionality is locked, not enabled, and/or otherwise not available, do not infringe the asserted claims of the '194 patent.

(4) Finjan Software, Ltd. failed to present sufficient evidence to meet its burden of proving by a preponderance of the evidence that Secure Computing literally infringes, or

infringes under the doctrine of equivalents, any and all asserted claims of the '780 patent. There was not substantial evidence to support the jury's verdict and no reasonable jury could find literal infringement, or infringement under the doctrine of equivalents, of any of the asserted claims of the '780 patent, and Secure Computing is entitled to judgment as a matter of law. In the alternative, Secure Computing is entitled to a new trial because of substantial errors by the Court and because the jury's verdict was against the weight of the evidence and a miscarriage of justice would result if the verdict were to stand. For example, and these are non-limiting examples:

(a) The Court made a substantial error in allowing evidence and instructions, and allowing the jury to decide the issue of infringement under the doctrine of equivalents. As a matter of law, Secure Computing's accused products do not infringe the '780 patent under the doctrine of equivalents because prosecution history estoppel bars the application of the doctrine of equivalents;

(b) Even if the doctrine of equivalents was properly submitted in evidence, instructions, and to the jury, Finjan Software, Ltd. failed to present sufficient evidence and/or sufficient testimony regarding infringement, under the doctrine of equivalents, and Finjan Software, Ltd. offered no particularized testimony and no linking argument, therefore a reasonable jury could not find infringement of the '780 patent under the doctrine of equivalents

(c) Finjan Software, Ltd. failed to present sufficient evidence from which a reasonable jury could find that Secure Computing's products literally

5

    infringe, or infringe under the doctrine of equivalents, the "performing a hashing function on the Downloadable and the fetched software components to generate a downloadable ID" limitation of the asserted claims of the '780 patent.

 (d) As a matter of law, Secure Computing's accused products on which the accused functionality is locked, not enabled, and/or otherwise not available, do not infringe the asserted claims of the '780 patent;

 (e) Finjan Software, Ltd. failed to present sufficient evidence with which a reasonable jury could find that any and all method claims of the '780 patent are infringed by Secure Computing because Finjan Software, Ltd. presented no evidence of any direct infringement, no evidence of anyone practicing or performing the alleged patented method, no evidence of inducement, no evidence of intent to induce, and Finjan Software, Ltd. abandoned its inducement claims.

(5) Finjan Software, Ltd. failed to present sufficient evidence to meet its burden of proving by a preponderance of the evidence that Secure Computing literally infringes, or infringes under the doctrine of equivalents, any and all asserted claims of the '822 patent. There was not substantial evidence to support the jury's verdict and no reasonable jury could find literal infringement, or infringement under the doctrine of equivalents, of any of the asserted claims of the '822 patent, and Secure Computing is entitled to judgment as a matter of law. In the alternative, Secure Computing is entitled to a new trial because of substantial errors by the Court because the jury's verdict was against the weight of the evidence and a miscarriage of

justice would result if the verdict were to stand. For example, and these are non-limiting examples:

    (a)    Finjan Software, Ltd. failed to present sufficient evidence with which a reasonable jury could find that Secure Computing's accused products infringe the "causing . . . if the downloadable-information is determined to include executable code" limitation of any asserted claim of the '822 patent;

    (b)    As a matter of law, Secure Computing's accused products on which the accused proactive scanning functionality is locked, not enabled, and/or otherwise not available, do not infringe the asserted claims of the '822 patent;

    (c)    Finjan Software, Ltd. failed to present sufficient evidence with which a reasonable jury could find that any and all method claims of the '822 patent are infringed by Secure Computing because Finjan Software, Ltd. presented no evidence of any direct infringement, no evidence of anyone practicing or performing the alleged patented method, no evidence of inducement, no evidence of intent to induce, and Finjan Software, Ltd. abandoned its inducement claims.

(6)    Secure Computing presented sufficient and substantial evidence that proved by clear and convincing evidence that any and all asserted claims of the '194 patent are invalid because they are anticipated by the prior art pursuant to 35 U.S.C. § 102; and/or are invalid because they are obvious in light of the prior art pursuant to 35 U.S.C. § 103. Therefore, it was unreasonable for the jury to find otherwise, and Secure Computing is entitled to judgment as a

matter of law. In the alternative, Secure Computing is entitled to a new trial because the jury's verdict was against the weight of the evidence and a miscarriage of justice would result if the verdict were to stand. For example, Secure Computing proved with clear and convincing evidence, and substantial evidence, that:

    (a)    The asserted claims of the '194 patent are invalid under 35 U.S.C. § 102 based on the Shaio reference;

    (b)    The asserted claims of the '194 patent are invalid under 35 U.S.C. § 103 based on combinations of the following: the Shaio reference; the FWTK reference; the Hershey reference; the Lo 1991 reference; the Lo 1994 reference; the Ji 1995 reference; the Chen reference; the Authenticode reference; and the Signed Java reference.

(7)    Secure Computing presented sufficient and substantial evidence that proved by clear and convincing evidence that any and all asserted claims of the '780 patent are invalid because they are anticipated by the prior art pursuant to 35 U.S.C. § 102; and/or are invalid because they are obvious in light of the prior art pursuant to 35 U.S.C. § 103. Therefore, it was unreasonable for the jury to find otherwise, and Secure Computing is entitled to judgment as a matter of law. In the alternative, Secure Computing is entitled to a new trial because the jury's verdict was against the weight of the evidence and a miscarriage of justice would result if the verdict were to stand. For example, Secure Computing proved by clear and convincing evidence, and substantial evidence, that:

    (a)    The asserted claims of the '780 patent are invalid under 35 U.S.C. § 102 based on the Authenticode reference and the Signed Java reference;

(b) The asserted claims of the '780 patent are invalid under 35 U.S.C. § 103 based on the knowledge of one of ordinary skill in the art in combination with known methods of applying digital signature to code, such as the Authenticode reference and the Signed Java reference.

(8) Secure Computing presented sufficient and substantial evidence that proved by clear and convincing evidence that any and all asserted claims of the '822 patent are invalid because they are anticipated by the prior art pursuant to 35 U.S.C. § 102; and/or are invalid because they are obvious in light of the prior art pursuant to 35 U.S.C. § 103. Therefore, it was unreasonable for the jury to find otherwise, and Secure Computing is entitled to judgment as a matter of law. In the alternative, Secure Computing is entitled to a new trial because the jury's verdict was against the weight of the evidence and a miscarriage of justice would result if the verdict were to stand. For example, Secure Computing proved by clear and convincing evidence, and substantial evidence, that:

(a) The asserted claims of the '822 patent are invalid under 35 U.S.C. § 102 based on the Ji 1997 reference;

(b) The asserted claims of the '822 patent are invalid under 35 U.S.C. § 103 based on the Ji 1997 reference.

(9) Finjan Software, Ltd. failed to present sufficient evidence to meet its burden of proving by clear and convincing evidence that Secure Computing willfully infringed any and all asserted claims of the '194 patent, the '780 patent, and/or the '822 patent. There was not substantial evidence to support the jury's verdict and no reasonable jury could find that any alleged infringement by Secure Computing of the '194 patent, the '780 patent, and/or the '822 patent was willful, and Secure Computing is entitled to judgment as matter of law. In the

9

alternative, Secure Computing is entitled to a new trial because the jury's verdict was against the weight of the evidence and a miscarriage of justice would result if the verdict were to stand. For example, and these are non-limiting examples:

    (a)    Finjan Software, Ltd. failed to present sufficient evidence to meet its burden of proving by clear and convincing evidence that Secure Computing willful infringed Finjan Software Ltd.'s patents under the standards set forth in *In re Seagate*, 497 F.3d 1360 (Fed. Cir. 2007), including the objective recklessness standard or reckless disregard standard;

    (b)    Finjan Software, Ltd. failed to present sufficient evidence to meet its burden of proving by clear and convincing evidence that it gave notice to Secure Computing of the '194 patent, the '780 patent, and/or the '822 patent, such that any alleged infringement by Secure Computing could be willful under the law;

    (c)    Secure Computing presented substantial defenses of non-infringement and invalidity as a matter of law, especially in light of *KSR Intern. Co v Teleflex Inc.*, 127 S.Ct. 1727 (2007), such that any alleged infringement by Secure Computing was not willful;

    (d)    For the reasons stated in Secure Computing's motion for judgment as a matter of law made in writing on March 10, 2008 (D.I. 217).

(10)    Finjan Software, Ltd. failed to present sufficient evidence to meet its burden of proving by a preponderance of the evidence any damages as a result of any alleged infringement by Secure Computing of the '194 patent, the '780 patent, and/or the '822 patent. No reasonable

RLF1-3267087-1

jury could have arrived at the conclusion reached by the jury in this case regarding damages, therefore, Secure Computing is entitled to judgment as a matter of law. In the alternative, Secure Computing is entitled to a new trial and/or remittitur because of substantial errors by the Court, because the jury's verdict was against the weight of the evidence and a miscarriage of justice would result if the verdict were to stand, because the award was excessive, because the evidence and theories offered by Finjan Software, Ltd. and its expert Mr. Russell Parr and relied on by the jury was unreliable and contrary to law, and because the evidence clearly does not support the verdict and exceeds the amount needed to make Finjan Software, Ltd. whole.

(11)   The royalty base awarded to Finjan Software, Ltd. is erroneous as a matter of law. Therefore, Secure Computing is entitled to judgment as a matter of law regarding damages as a result of any alleged infringement by Secure Computing of the '194 patent, the '780 patent, and/or the '822 patent. In the alternative, Secure Computing is entitled to a new trial and/or remittitur regarding damages as a result of any alleged infringement by Secure Computing of the '194 patent, the '780 patent, and/or the '822 patent, due to substantial error, because the jury's verdict was against the weight of the evidence and a miscarriage of justice would result if the verdict were to stand, because the award was excessive, because the evidence and theories offered by Finjan Software, Ltd. and its expert Mr. Russell Parr and relied on by the jury was unreliable and contrary to law, and because the evidence clearly does not support the verdict and exceeds the amount needed to make Finjan Software, Ltd. whole. For example, and these are non-limiting examples:

(a)   As a matter of law, any and all foreign sales of Secure Computing's accused products, as described by Secure Computing's damages expert

     Carl Degen, should not be included in any royalty base for any damages award;

 (b) As a matter of law, any and all sales of Secure Computing's accused products to the U.S. Government, as described by Secure Computing's damages expert Carl Degen, should not be included in any royalty base for any damages award, pursuant to 28 U.S.C. § 1498;

 (c) As a matter of law, any and all sales of Secure Computing's accused products, on which the alleged infringing technology is locked, not enabled, and/or otherwise not available, should not be included in any royalty base for any damages award.

(12) A royalty rate of 16% on Webwasher Software is unreasonable and erroneous as a matter of law. Therefore, Secure Computing is entitled to judgment as a matter of law regarding damages as a result of any alleged infringement by Secure Computing of the '194 patent, the '780 patent, and/or the '822 patent. In the alternative, Secure Computing is entitled to a new trial and/or remittitur regarding damages as a result of any alleged infringement by Secure Computing of the '194 patent, the '780 patent, and/or the '822 patent, due to substantial error, because the jury's verdict was against the weight of the evidence and a miscarriage of justice would result if the verdict were to stand, because the award was excessive, because the evidence and theories offered by Finjan Software, Ltd. and its expert Mr. Russell Parr and relied on by the jury was unreliable and contrary to law, and because the evidence clearly does not support the verdict and exceeds the amount needed to make Finjan Software, Ltd. whole.

(13) A royalty rate of 8% on Webwasher Hardware Appliances is unreasonable and erroneous as a matter of law. Therefore, Secure Computing is entitled to judgment as a matter of

law regarding damages as a result of any alleged infringement by Secure Computing of the '194 patent, the '780 patent, and/or the '822 patent. In the alternative, Secure Computing is entitled to a new trial and/or remittitur regarding damages as a result of any alleged infringement by Secure Computing of the '194 patent, the '780 patent, and/or the '822 patent, due to substantial error, because the jury's verdict was against the weight of the evidence and a miscarriage of justice would result if the verdict were to stand, because the award was excessive, because the evidence and theories offered by Finjan Software, Ltd. and its expert Mr. Russell Parr and relied on by the jury was unreliable and contrary to law, and because the evidence clearly does not support the verdict and exceeds the amount needed to make Finjan Software, Ltd. whole.

(14)    A royalty rate of 8% on Cyberguard TSP Hardware Appliances is unreasonable and erroneous as a matter of law. Therefore, Secure Computing is entitled to judgment as a matter of law regarding damages as a result of any alleged infringement by Secure Computing of the '194 patent, the '780 patent, and/or the '822 patent. In the alternative, Secure Computing is entitled to a new trial and/or remittitur regarding damages as a result of any alleged infringement by Secure Computing of the '194 patent, the '780 patent, and/or the '822 patent, due to substantial error, because the jury's verdict was against the weight of the evidence and a miscarriage of justice would result if the verdict were to stand, because the award was excessive, because the evidence and theories offered by Finjan Software, Ltd. and its expert Mr. Russell Parr and relied on by the jury was unreliable and contrary to law, and because the evidence clearly does not support the verdict and exceeds the amount needed to make Finjan Software, Ltd. whole.

(15)    Secure Computing presented sufficient and substantial evidence that proved by a preponderance of evidence that Finjan Software, Ltd.'s and Finjan Software, Inc.'s Vital Security

NG products infringe the asserted claims of the '361 patent. Therefore, it was unreasonable for the jury to find otherwise, and Secure Computing is entitled to judgment as a matter of law. In the alternative, Secure Computing is entitled to a new trial because the jury's verdict was against the weight of the evidence and a miscarriage of justice would result if the verdict were to stand.

(16)  Secure Computing presented sufficient and substantial evidence that proved by a preponderance of evidence that Finjan Software, Ltd. and Finjan Software, Inc. induces infringement of the asserted claims of the '361 patent. Therefore, it was unreasonable for the jury to find otherwise, and Secure Computing is entitled to judgment as a matter of law. In the alternative, Secure Computing is entitled to a new trial because the jury's verdict was against the weight of the evidence and a miscarriage of justice would result if the verdict were to stand.

(17)  Secure Computing presented sufficient and substantial evidence that proved by a preponderance of evidence that Finjan Software, Ltd.'s and Finjan Software, Inc.'s Vital Security For Documents products infringe the asserted claims of the '010 patent. Therefore, it was unreasonable for the jury to find otherwise, and Secure Computing is entitled to judgment as a matter of law. In the alternative, Secure Computing is entitled to a new trial because the jury's verdict was against the weight of the evidence and a miscarriage of justice would result if the verdict were to stand.

(18)  Secure Computing presented sufficient and substantial evidence that proved by a preponderance of the evidence that Finjan Software, Ltd.'s and Finjan Software, Inc.'s infringement of the '010 patent and '361 patent resulted in damages to Secure Computing, in the amount described by Secure Computing's damages expert Carl Degen. Therefore, it was unreasonable for the jury to find otherwise, and Secure Computing is entitled to judgment as a matter of law. In the alternative, Secure Computing is entitled to a new trial because the jury's

verdict was against the weight of the evidence and a miscarriage of justice would result if the verdict were to stand.

(19) The Court should have adopted Secure Computing's proposed jury instructions and sustained Secure Computing's objections to Finjan Software, Ltd.'s and Finjan Software, Inc.'s proposed jury instructions, and its failure to do so should result in judgment as matter of law in Secure Computing's favor, or in the alternative, Secure Computing is entitled to a new trial. For example, and these are non-limiting examples:

    (a) As a matter of law, the jury should have been instructed with Secure Computing proposed jury instruction Nos. 16, 18, 19, 19.2, 40, and 41. Based upon those instructions, Secure Computing is entitled to judgment as a matter of law that: (a) there is no infringement under the doctrine of equivalents; (b) there is no infringement and no damages related to Secure Computing's accused products on which the alleged infringing technology is locked, not enabled, and/or otherwise not available; (c) there is no infringement of any method claim asserted by Finjan Software, Ltd.; and (d) Finjan Software, Ltd. and Finjan Software, Inc. failed to prove a marking defense with respect to Secure Computing's '010 and '361 patents, and Secure Computing had nothing to mark, therefore, there was no requirement by Secure Computing to mark. In the alternative, Secure Computing is entitled to a new trial.

(20) As a matter of law, under Finjan Software, Ltd.'s theory of infringement and the claim construction Finjan Software, Ltd. argued to the jury, the asserted claims of Finjan Software, Ltd.'s '194 patent, '780 patent, and '822 patent are invalid. Therefore, it was

RLF1-3267087-1

unreasonable for the jury to find otherwise, and Secure Computing is entitled to judgment as a matter of law. In the alternative, Secure Computing is entitled to a new trial because there was substantial error and because the jury's verdict was against the weight of the evidence and a miscarriage of justice would result if the verdict were to stand.

(21)   The doctrine of equivalents is unavailable as a matter of law due to prosecution history estoppel. Therefore, Secure Computing is entitled to judgment as a matter of law with respect to any jury finding of infringement under the doctrine of equivalents. In the alternative, Secure Computing is entitled to a new trial because of the Court's substantial error in allowing the issue of infringement under the doctrine of equivalents to be decided by the jury and because the jury's verdict was against the weight of the evidence and a miscarriage of justice would result if the verdict were to stand.

(22)   The grounds set forth in Secure Computing's Motion to Preclude Finjan From Asserting Infringement Under the Doctrine of Equivalents.

(23)   The grounds set forth in Secure Computing's Motion to Exclude Expert Testimony of Giovanni Vigna Regarding Alleged Infringement of Patent Claims Not Addressed In Vigna's Opening Expert Report.

(24)   The grounds set forth in Secure Computing's objections to exhibits and/or evidence during trial, including but not limited to the following:

    (a)   Secure Computing's objection to any and all "IDC reports," including PTX 23, 24, and 25, which are inadmissible and should have been excluded under Federal Rules of Evidence 402, 403, 802, 805, 901, and lacking foundation;

RLF1-3267087-1

(25)   The grounds set forth in Secure Computing's opposition to any Finjan Software, Ltd. and/or Finjan Software, Inc. objection to exhibits and/or evidence during trial.

(26)   Secure Computing's objections to any examination of any witness by Finjan Software, Ltd. and/or Finjan Software, Inc.

(27)   Secure Computing's opposition to any objection by Finjan Software, Ltd. and/or Finjan Software, Inc. of any examination of any witness by Secure Computing, including but not limited to the following:

    (a)   The exclusion of Dr. Dan Wallach's testimony on network addresses that was proffered was substantial error and, upon admission of that evidence and/or Secure Computing's construction of "addressed to a client," the claims of the '194 patent are not infringed. Therefore, Secure Computing is entitled to judgment as a matter of law. In the alternative, Secure Computing is entitled to a new trial because of the Court's substantial error and because the jury's verdict was against the weight of the evidence and a miscarriage of justice would result if the verdict were to stand.

    (b)   Secure Computing's opposition to Finjan Software, Ltd.'s objection to allow Dr. Dan Wallach to testify regarding invalidity of claims 28 and 29 of the '194 patent based on the Hershey reference, the Shaio reference, and the Firewall Tool Kit.

(28)   Secure Computing's objections regarding the Verdict Form, including but not limited to the inclusion of willful infringement and doctrine of equivalents.

(29)   In addition, Secure Computing is entitled to judgment as a matter of law in its favor, or in the alternative a new trial, on any and all claims asserted by Finjan Software, Ltd.

and/or Finjan Software, Inc. and on any and all defenses asserted by Secure Computing, as well as judgment as a matter of law in its favor, or in the alternative a new trial, on any and all claims asserted by Secure Computing and on any and all defenses asserted by Finjan Software, Ltd. and/or Finjan Software, Inc..

This motion is based on all of the proceedings and files herein, and the Briefs, Declarations, Affidavits, Exhibits, and any other papers that will be filed by Secure Computing pursuant to the parties' stipulation governing post-trial briefing.

OF COUNSEL:

Ronald J. Schutz
Jake M. Holdreith
Christopher A. Seidl
Trevor J. Foster
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

/s/ Kelly E. Farnan
Fredrick L. Cottrell, III (#2555)
cottrell@rlf.com
Kelly E. Farnan (#4395)
farnan@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys For Defendants*

Dated: March 27, 2008

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 27, 2008, I electronically filed the foregoing with the Clerk of Court using CM/ECF and caused the same to be served on the plaintiff at the addresses and in the manner indicated below:

**E-MAIL AND HAND DELIVERY**

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street,
Hercules Plaza, 6th Floor
Wilmington, DE 19899-0951

I further certify that on March 27, 2008, the foregoing document was sent to the following non-registered participants in the manner indicated:

**E-MAIL and FEDERAL EXPRESS**

Paul J. Andre
Lisa Kobialka
King & Spalding, LLP
1000 Bridge Parkway, Suite 100
Redwood Shores, CA  94065

Kelly E. Farnan (#4395)

RLF1-3155985-1