IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINJAN SOFTWARE, LTD., )<br>)<br>Plaintiff-Counterdefendant, )<br>)<br>v. )<br>)<br>SECURE COMPUTING )<br>CORPORATION, CYBERGUARD )<br>CORPORATION and WEBWASHER AG )<br>)<br>Defendants- )<br>Counterclaimants. )<br>_____ ) | Civil Action No. 06-369 (GMS) |

## **JUDGMENT**

This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict on March 12, 2008. The verdict was accompanied by a verdict form (D.I. 226), a copy of which is attached hereto. Therefore,

IT IS HEREBY ORDERED AND ADJUDGED that judgment be and is hereby entered in favor of the plaintiff, FINJAN SOFTWARE, LTD., and against the defendants, SECURE COMPUTING CORPORATION, CYBERGUARD CORPORATION and WEBWASHER AG (the "SECURE Defendants"), that the SECURE Defendants literally infringe Claims 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 24, 25, 26, 27, 28, 29, 30, 32, 33, 34, 35, 36, and 65 of U.S. PATENT NO. 6,092,194, that the SECURE Defendants infringe Claim 3 of U.S. PATENT NO. 6,092,194 under the doctrine of equivalents, that the SECURE Defendants infringe Claims 1, 2, 3, 4, 5, 6, 9, 10, 11, 12, 13, 14, 18 of U.S. PATENT NO. 6,804,780 under the doctrine of equivalents, that the SECURE

Defendants literally infringe Claims 4, 6, 8, 12, and 13 of U.S. PATENT NO. 7,058,822, that the SECURE Defendants' infringement was willful, and that the SECURE Defendants' infringement is in the amount of the reasonable royalty rate of 16 PERCENT (16%) regarding Webwasher Software applied to FORTY-NINE MILLION DOLLARS ($49,000,000) in sales, 8 PERCENT (8%) regarding Webwasher Hardware Appliances applied to THREE MILLION TWO HUNDRED FIFTY THOUSAND DOLLARS ($3,250,000) in sales, and 8 PERCENT (8%) regarding Cyberguard TSP Hardware Appliances applied to THIRTEEN MILLION FIVE HUNDRED THOUSAND ($13,500,000) in sales.

Dated: March 27, 2008

_____
CHIEF UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation, | ) ) ) | |
| | ) | Civil Action No. 06-369 GMS |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SECURE COMPUTING CORPORATION, a Delaware corporation, CYBERGUARD, CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## JOINT SPECIAL VERDICT FORM

A.  **Finjan Software Ltd.'s ("Finjan Software") Patent Infringement Claims Against Secure Computing Corporation, Cyberguard Corporation, Webwasher AG ("Secure Computing")**

**Literal Infringement**

1. Do you find that Finjan Software has proven by a preponderance of the evidence that Secure Computing literally infringes any of the asserted claims of U.S. Patent No. 6,092,194? *Answer this question regarding infringement of the '194 patent with "Yes" or "No." A "Yes" is a finding for Finjan. A "No" is a finding for Secure Computing.*

    YES __✓__           NO_____

    If you answered "NO," please proceed to Question No. 2.

    If you answered "YES," please mark the claims you found to be infringed:

    Claim 1: __✓__    Claim 2: __✓__    Claim 3: _____    Claim 4: __✓__
    Claim 5: __✓__    Claim 6: __✓__    Claim 7: __✓__    Claim 8: __✓__
    Claim 9: __✓__    Claim 10: __✓__   Claim 11: __✓__   Claim 12: __✓__
    Claim 13: __✓__   Claim 14: __✓__   Claim 24: __✓__   Claim 25: __✓__
    Claim 26: __✓__   Claim 27: __✓__   Claim 28: __✓__   Claim 29: __✓__
    Claim 30: __✓__   Claim 32: __✓__   Claim 33: __✓__   Claim 34: __✓__
    Claim 35: __✓__   Claim 36: __✓__   Claim 65: __✓__

2. Do you find that Finjan Software has proven by a preponderance of the evidence that Secure Computing literally infringes any of the asserted claims of U.S. Patent No. 6,804,780? *Answer this question regarding infringement of the '780 patent with "Yes" or "No." A "Yes" is a finding for Finjan. A "No" is a finding for Secure Computing.*

    YES _____           NO __✓__

    If you answered "NO", please proceed to Question No. 3.

    If you answered "YES," please mark the claims you found to be infringed:

    Claim 1: _____    Claim 2: _____    Claim 3: _____    Claim 4: _____
    Claim 5: _____    Claim 6: _____    Claim 9: _____    Claim 10:_____
    Claim 11:_____    Claim 12:_____    Claim 13:_____    Claim 14:_____
    Claim 18:_____

2

3. Do you find that Finjan Software has proven by a preponderance of the evidence that Secure Computing literally infringes any of the asserted claims of U.S. Patent No. 7,058,822? *Answer this question regarding infringement of the '822 patent with "Yes" or "No." A "Yes" is a finding for Finjan. A "No" is a finding for Secure Computing.*

   YES __✓__            NO_____

   If you answered "NO," please proceed to Question No. 4.

   If you answered "YES," please mark the claims you found to be infringed:

   Claim 4: __✓__    Claim 6: __✓__    Claim 8: __✓__    Claim 12: __✓__

   Claim 13: __✓__

**Infringement Under The Doctrine of Equivalents**

**Skip Question 4 if you answered "YES" to Question 1 and found literal infringement of all asserted claims of U.S. Patent No. 6,092,194.**

4. If you did not find that Secure Computing literally infringes some or all of the claims of U.S. Patent No. 6,092,194 under Question 1, do you find that Finjan Software has proven by a preponderance of the evidence that Secure Computing infringes any of those claims under the doctrine of equivalents? *Answer this question regarding infringement of the '194 patent under the doctrine of equivalents with "Yes" or "No." A "Yes" is a finding for Finjan. A "No" is a finding for Secure Computing.*

 YES  ✓   NO ____

If you answered "NO", please proceed to Question No. 5.

If you answered "YES," please mark the claims you found to be infringed under the doctrine of equivalents:

| Claim 1: ____ | Claim 2: ____ | Claim 3: ✓ | Claim 4: ____ |
| Claim 5: ____ | Claim 6: ____ | Claim 7: ____ | Claim 8: ____ |
| Claim 9: ____ | Claim 10: ____ | Claim 11: ____ | Claim 12: ____ |
| Claim 13: ____ | Claim 14: ____ | Claim 24: ____ | Claim 25: ____ |
| Claim 26: ____ | Claim 27: ____ | Claim 28: ____ | Claim 29: ____ |
| Claim 30: ____ | Claim 32: ____ | Claim 33: ____ | Claim 34: ____ |
| Claim 35: ____ | Claim 36: ____ | Claim 65: ____ | |

**Skip Question 5 if you answered "YES" to Question 2 and found literal infringement of all asserted claims of U.S. Patent No. 6,804,780.**

5. If you did not find that Secure Computing literally infringes some or all of the claims of U.S. Patent No. 6,804,780 under Question 2, do you find that Finjan Software has proven by a preponderance of the evidence that Secure Computing infringes any of those claims under the doctrine of equivalents? *Answer this question regarding infringement of the '780 patent under the doctrine of equivalents with "Yes" or "No." A "Yes" is a finding for Finjan. A "No" is a finding for Secure Computing.*

    YES __✓__                NO_____

    If you answered "NO," please proceed to Question No. 6.

    If you answered "YES," please mark the claims you found to be infringed under the doctrine of equivalents:

    Claim 1: __✓__    Claim 2: __✓__    Claim 3: __✓__    Claim 4: __✓__

    Claim 5: __✓__    Claim 6: __✓__    Claim 9: __✓__    Claim 10: __✓__

    Claim 11: __✓__   Claim 12: __✓__   Claim 13: __✓__   Claim 14: __✓__

    Claim 18: __✓__

**Skip Question 6 if you answered "YES" to Question 3 and found literal infringement of all asserted claims of U.S. Patent No. 7,058,822.**

6. If you did not find that Secure Computing literally infringes some or all of the claims of U.S. Patent No. 7,058,822 under Question 3, do you find that Finjan Software has proven by a preponderance of the evidence that Secure Computing infringes any of those claims under the doctrine of equivalents? *Answer this question regarding infringement of the '822 patent under the doctrine of equivalents with "Yes" or "No." A "Yes" is a finding for Finjan. A "No" is a finding for Secure Computing.*

    YES _____               NO_____

    If you answered "NO," please proceed to Question No. 7.

    If you answered "YES," please mark the claims you found to be infringed under the doctrine of equivalents:

    Claim 4: ____    Claim 6: ____    Claim 8: ____    Claim 12:____

    Claim 13:____

**Willful Infringement**

7. If your answer was "YES" for any of Questions 1, 2, 3, 4, 5, or 6, was Secure Computing's infringement willful?

   YES __✓__          NO_____

B. **Secure Computing's Patent Invalidity Claims Against Finjan Software**

   **Anticipation**

   8.  Do you find that Secure Computing has proven by clear and convincing evidence that any of the asserted claims of U.S. Patent No. 6,092,194 are invalid because they are anticipated by prior art? *Answer this question regarding validity of the '194 patent with "Yes" or "No." A "Yes" is a finding for Secure Computing. A "No" is a finding for Finjan.*

   YES _____        NO __✓__

   If you answered "NO," please proceed to Question No. 9.

   If you answered "YES," please mark the claims you found to be anticipated by prior art:

   | | | | |
   |---|---|---|---|
   | Claim 1: ____ | Claim 2: ____ | Claim 3: ____ | Claim 4: ____ |
   | Claim 5: ____ | Claim 6: ____ | Claim 7: ____ | Claim 8: ____ |
   | Claim 9: ____ | Claim 10: ____ | Claim 11: ____ | Claim 12: ____ |
   | Claim 13: ____ | Claim 14: ____ | Claim 24: ____ | Claim 25: ____ |
   | Claim 26: ____ | Claim 27: ____ | Claim 28: ____ | Claim 29: ____ |
   | Claim 30: ____ | Claim 32: ____ | Claim 33: ____ | Claim 34: ____ |
   | Claim 35: ____ | Claim 36: ____ | Claim 65: ____ | |

   9.  Do you find that Secure Computing has proven by clear and convincing evidence that any of the asserted claims of U.S. Patent No. 6,804,780 are invalid because they are anticipated by prior art? *Answer this question regarding validity of the '780 patent with "Yes" or "No." A "Yes" is a finding for Secure Computing. A "No" is a finding for Finjan.*

   YES _____        NO __✓__

   If you answered "NO," please proceed to Question No. 10.

   If you answered "YES," please mark the claims you found to be anticipated by prior art:

   | | | | |
   |---|---|---|---|
   | Claim 1: ____ | Claim 2: ____ | Claim 3: ____ | Claim 4: ____ |
   | Claim 5: ____ | Claim 6: ____ | Claim 9: ____ | Claim 10: ____ |
   | Claim 11: ____ | Claim 12: ____ | Claim 13: ____ | Claim 14: ____ |
   | Claim 18: ____ | | | |

7

10. Do you find that Secure Computing has proven by clear and convincing evidence that any of the asserted claims of U.S. Patent No. 7,058,822 are invalid because they are anticipated by prior art? *Answer this question regarding validity of the '822 patent with "Yes" or "No." A "Yes" is a finding for Secure Computing. A "No" is a finding for Finjan.*

YES _____         NO __✓__

If you answered "NO," please proceed to Question No. 11.

If you answered "YES," please mark the claims you found to be anticipated by prior art:

Claim 4: \_\_\_\_     Claim 6: \_\_\_\_     Claim 8: \_\_\_\_     Claim 12: \_\_\_\_

Claim 13: \_\_\_\_

**Obviousness**

11. Do you find that Secure Computing has proven by clear and convincing evidence that any of the asserted claims of U.S. Patent No. 6,092,194 are obvious in light of the prior art? *Answer this question regarding validity of the '194 patent with "Yes" or "No." A "Yes" is a finding for Secure Computing. A "No" is a finding for Finjan.*

YES _____         NO __✓__

If you answered "NO", please proceed to Question No. 12.

If you answered "YES," please mark the claims you found to be obvious in light of the prior art:

| Claim 1: \_\_\_\_ | Claim 2: \_\_\_\_ | Claim 3: \_\_\_\_ | Claim 4: \_\_\_\_ |
| Claim 5: \_\_\_\_ | Claim 6: \_\_\_\_ | Claim 7: \_\_\_\_ | Claim 8: \_\_\_\_ |
| Claim 9: \_\_\_\_ | Claim 10: \_\_\_\_ | Claim 11: \_\_\_\_ | Claim 12: \_\_\_\_ |
| Claim 13: \_\_\_\_ | Claim 14: \_\_\_\_ | Claim 24: \_\_\_\_ | Claim 25: \_\_\_\_ |
| Claim 26: \_\_\_\_ | Claim 27: \_\_\_\_ | Claim 28: \_\_\_\_ | Claim 29: \_\_\_\_ |
| Claim 30: \_\_\_\_ | Claim 32: \_\_\_\_ | Claim 33: \_\_\_\_ | Claim 34: \_\_\_\_ |
| Claim 35: \_\_\_\_ | Claim 36: \_\_\_\_ | Claim 65: \_\_\_\_ | |

12. Do you find that Secure Computing has proven by clear and convincing evidence that any of the asserted claims of U.S. Patent No. 6,804,780 are obvious in light of the prior art? *Answer this question regarding validity of the '780 patent with "Yes" or "No." A "Yes" is a finding for Secure Computing. A "No" is a finding for Finjan.*

   YES _____    NO __✓__

   If you answered "NO", please proceed to Question No. 13.

   If you answered "YES," please mark the claims you found to be obvious in light of the prior art:

   Claim 1: _____    Claim 2: _____    Claim 3: _____    Claim 4: _____

   Claim 5: _____    Claim 6: _____    Claim 9: _____    Claim 10: _____

   Claim 11: _____   Claim 12: _____   Claim 13: _____   Claim 14: _____

   Claim 18: _____

13. Do you find that Secure Computing has proven by clear and convincing evidence that any of the asserted claims of U.S. Patent No. 7,058,822 are obvious in light of the prior art? *Answer this question regarding validity of the '822 patent with "Yes" or "No." A "Yes" is a finding for Secure Computing. A "No" is a finding for Finjan.*

   YES _____    NO __✓__

   If you answered "NO", please proceed to Question No. 14.

   If you answered "YES," please mark the claims you found to be obvious in light of the prior art:

   Claim 4: _____    Claim 6: _____    Claim 8: _____    Claim 12: _____

   Claim 13: _____

C. **Damages for Finjan Software's Patent Infringement Claims Against Secure Computing**

**Webwasher Software**

14. If you have found that one or more of the asserted claims of U.S. Patent No. 6,092,194, U.S. Patent No. 6,804,780, and/or U.S. Patent No. 7,058,822 are valid and infringed by Secure Computing's Webwasher Software, then what is the reasonable royalty rate to which Finjan Software has proven by a preponderance of the evidence and the amount of sales of the Webwasher Software that the royalty rate should be applied to?

   __16__ %   $ __49,000,000__

**Webwasher Hardware Appliances**

15. If you have found that one or more of the asserted claims of U.S. Patent No. 6,092,194, U.S. Patent No. 6,804,780, and/or U.S. Patent No. 7,058,822 are valid and infringed by Secure Computing's Webwasher Hardware Appliances, then what is the reasonable royalty rate to which Finjan Software has proven by a preponderance of the evidence and the amount of sales of the Webwasher Hardware Appliances that the royalty rate should be applied to?

   __8__ %   $ __3,250,000__

**Cyberguard TSP Hardware Appliances**

16. If you have found that one or more of the asserted claims of U.S. Patent No. 6,092,194, U.S. Patent No. 6,804,780, and/or U.S. Patent No. 7,058,822 are valid and infringed by Secure Computing's Cyberguard TSP Hardware Appliances, then what is the reasonable royalty rate to which Finjan Software has proven by a preponderance of the evidence and the amount of sales of the Cyberguard TSP Hardware Appliances that the royalty rate should be applied to?

   __8__ %   $ __13,500,000__

D.     **Secure Computing Corporation's ("Secure Computing") Patent Infringement Claims Against Finjan Software, Ltd. and Finjan Software, Inc. ("Finjan")**

**Literal Infringement**

17.     Do you find that Secure Computing has proven by a preponderance of the evidence that Finjan literally infringes any of the asserted claims of U.S. Patent No. 7,185,361? *Answer this question regarding infringement of the '361 patent with "Yes" or "No." A "Yes" is a finding for Secure Computing. A "No" is a finding for Finjan.*

    YES \_\_\_\_\_        NO __✓__

If you answered "NO," please proceed to Question No. 18.

If you answered "YES," please mark the claims you found to be infringed:

Claim 1: \_\_\_\_    Claim 2: \_\_\_\_    Claim 3: \_\_\_\_    Claim 4: \_\_\_\_

Claim 5: \_\_\_\_    Claim 7: \_\_\_\_    Claim 8: \_\_\_\_    Claim 9: \_\_\_\_

Claim 10: \_\_\_\_    Claim 11: \_\_\_\_    Claim 12: \_\_\_\_    Claim 14: \_\_\_\_

Claim 15: \_\_\_\_

18.     Do you find that Secure Computing has proven by a preponderance of the evidence that Finjan literally infringes Claim 37 of U.S. Patent No. 6,357,010? *Answer this question regarding infringement of the '010 patent with "Yes" or "No." A "Yes" is a finding for Secure Computing. A "No" is a finding for Finjan.*

    YES \_\_\_\_\_        NO __✓__

**Inducing Infringement**

**Skip Question 19 if you answered "NO" to Question 17 and did not find literal infringement of the '361 patent.**

19. Do you find that Secure Computing has proven by a preponderance of the evidence that Finjan has induced infringement of any of the asserted claims of U.S. Patent No. 7,185,361? *Answer this question regarding inducing infringement of the '361 patent with "Yes" or "No." A "Yes" is a finding for Secure Computing. A "No" is a finding for Finjan.*

    YES _____    NO _____

    If you answered "NO," please proceed to Question No. 20.

    If you answered "YES," please mark the claims you found to be infringed by inducement:

    Claim 1: _____    Claim 2: _____    Claim 3: _____    Claim 4: _____

    Claim 5: _____    Claim 7: _____    Claim 8: _____    Claim 9: _____

    Claim 10: _____   Claim 11: _____   Claim 12: _____   Claim 14: _____

E.  **Finjan's Patent Invalidity Claims Against Secure Computing**

    **Anticipation**

20. Do you find that Finjan has proven by clear and convincing evidence that any of the asserted claims of U.S. Patent No. 7,185,361 are invalid because they are anticipated by prior art? *Answer this question regarding validity of the '361 patent with "Yes" or "No." A "Yes" is a finding for Finjan. A "No" is a finding for Secure Computing.*

    YES _____    NO __✓__

    If you answered "NO," please proceed to Question No. 21.

    If you answered "YES," please mark the claims you found to be anticipated by prior art:

    Claim 1: _____    Claim 2: _____    Claim 3: _____    Claim 4: _____

    Claim 5: _____    Claim 7: _____    Claim 8: _____    Claim 9: _____

    Claim 10: _____   Claim 11: _____   Claim 12: _____   Claim 14: _____

    Claim 15: _____

12

21. Do you find that Finjan has proven by clear and convincing evidence that Claim 37 of U.S. Patent No. 6,357,010 is invalid because it is anticipated by prior art? *Answer this question regarding validity of the '010 patent with "Yes" or "No." A "Yes" is a finding for Finjan. A "No" is a finding for Secure Computing.*

   YES _____    NO __✓__

   If you answered "NO", please proceed to Question No. 22.

**Obviousness**

22. Do you find that Finjan has proven by clear and convincing evidence that any of the asserted claims of U.S. Patent No. 7,185,361 are obvious in light of the prior art? *Answer this question regarding validity of the '361 patent with "Yes" or "No." A "Yes" is a finding for Finjan. A "No" is a finding for Secure Computing.*

   YES _____    NO __✓__

   If you answered "NO," please proceed to Question No. 23.

   If you answered "YES," please mark the claims you found to be obvious in light of the prior art:

   Claim 1: _____   Claim 2: _____   Claim 3: _____   Claim 4: _____

   Claim 5: _____   Claim 7: _____   Claim 8: _____   Claim 9: _____

   Claim 10: _____  Claim 11: _____  Claim 12: _____  Claim 14: _____

   Claim 15: _____

23. Do you find that Finjan has proven by clear and convincing evidence that Claim 37 of U.S. Patent No. 6,357,010 is invalid because it is obvious in light of the prior art?

   YES _____    NO __✓__

13

F.  **Damages for Secure Computing's Patent Infringement Claims Against Finjan**

24.  If you have found that one or more of the asserted claims of U.S. Patent No. 7,185,361 are valid and infringed by Finjan's Vital Security NG Appliances, then what is the reasonable royalty rate to which Secure Computing has proven by a preponderance of the evidence and the amount of sales that the royalty rate should be applied to?

    _____% $_____

25.  If you have found that Claim 37 of U.S. Patent No. 6,357,010 is valid and infringed by Finjan's Vital Security for Documents, then what is the reasonable royalty rate to which Secure Computing has proven by a preponderance of the evidence and the amount of sales that the royalty rate should be applied to?

    _____% $_____

