IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation, | ) ) ) |
| Plaintiff, | ) ) Civil Action No. 06-369-GMS ) |
| v. | ) ) ) |
| SECURE COMPUTING CORPORATION, a Delaware corporation; CYBERGUARD CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

### FINJAN'S AMENDED MOTION TO AMEND JUDGMENT AND FOR AN ACCOUNTING OF SALES

On March 12, 2008, a jury unanimously found that Finjan Software, Ltd.'s ("Finjan") U.S. Patent No. 6,092,194 ("194 patent"), U.S. Patent No. 6,804,780 ("780 patent"), and U.S. Patent No. 7,058,822 ("822 patent") were valid and infringed by Secure Computing Corporation, Cyberguard Corporation, and Webwasher AG (collectively, "Defendants"). The jury also unanimously found that Defendants' infringement was willful. The Court entered the jury's verdict on March 14, 2008 (D.I.226), and entered judgment in favor of Finjan on March 28, 2008 (D.I. 242).

Plaintiff Finjan moves for the Court to amend the judgment under Fed. R. Civ. P. 59(e) to include an accounting of infringing sales not considered by the jury. Finjan also moves the Court to amend the judgment under Fed. R. Civ. P. 59(e) to include prejudgment interest and postjudgment interest on the total damages award including

postjudgment interest on the accounting of sales, attorney's fees, prejudgment interest, enhanced damages, and costs.[1] Pursuant to the stipulated briefing schedule, (D.I. 235), Finjan will serve and file its opening brief in support of its Motion to Amend Judgment and For An Accounting of Sales not later than April 25, 2008.

### I.  MOTION FOR ACCOUNTING OF INFRINGING SALES

Finjan moves this Court under 35 U.S.C. § 284 and Fed. R. Civ. P. 59(e) to amend the judgment to include an accounting of infringing sales that were not considered by the jury in awarding damages. The grounds for this motion are as follows: (1) the jury in calculating damages considered only sales figures of the Webwasher software and hardware appliance through Q3 2007 (through September 9, 2007) and no sales of Webwasher were considered after Q3 2007 (after September 9, 2007); (2) Secure Computing Corporation refused to produce sales information for the TSP appliance and Finjan was able to derive TSP appliance sales information for only the period beginning in 2005 through Q2 2006; and (3) Secure Computing Corporation continues to sell its infringing products after the jury verdict and should be ordered to account for continued infringing sales before an injunction is entered.

### II.  MOTION FOR PREJUDGMENT AND POSTJUDGMENT INTEREST

Finjan moves this Court under 35 U.S.C. § 284 and Fed. R. Civ. P. 59(e) to amend the judgment to include prejudgment interest. In particular, Finjan requests that the judgment should be amended to include prejudgment interest based on the prime rate of interest, compounded quarterly, of infringing sales from the date of commencement of damages for the Finjan Patents, through the date of an issuance of an injunction or entry

---

[1] Finjan also files concurrently with this motion its Motion for Enhanced Damages and Attorney's Fees, Expenses and Costs.

2

of an amended final judgment, whichever occurs later. The grounds for this motion are as follows: (1) prejudgment interest is ordinarily awarded, absent exceptional circumstances, none of which exist here; and (2) prejudgment interest calculated at the prime rate and compounded quarterly is necessary to adequately compensate Finjan for Defendants' willful infringement of the Patents-In-Suit. Finjan also seeks prejudgment interest on those sales ordered by accounting that occur before the entry of a final judgment.

In addition, Finjan moves this Court under 28 U.S.C. § 1961, 35 U.S.C. § 284 and Fed. R. Civ. P. 59(e) to amend the judgment, to include postjudgment interest from the date of judgment until that judgment is paid, in accordance with the language of 28 U.S.C. § 1961, at a rate equal to the weekly average 1-year constant maturity Treasury yield as published by the Board of Governors of the Federal Revenue System for the calendar week preceding the date of the judgment. Finjan requests postjudgment interest on the entire damages award as allowed by case law, including damages awarded by the jury, the accounting of sales, attorney's fees, prejudgment interest, enhanced damages, and costs.

OF COUNSEL:

Paul J. Andre
Lisa Kobialka
King & Spalding LLP
1000 Bridge Parkway
Redwood City, CA 94065
(650) 590-0700

Dated: April 4, 2008
858700

POTTER ANDERSON & CORROON LLP

By: _____
Philip A. Rovner (#3215)
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Plaintiff
Finjan Software, Ltd.*

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on April 4, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Frederick L. Cottrell, III, Esq.
Kelly E. Farnan, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
cottrell@rlf.com; farnan@rlf.com

I hereby certify that on April 4, 2008 I have sent by E-mail the foregoing document to the following non-registered participants:

Jake M. Holdreith, Esq.
Christopher A. Seidl, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
jmholdreith@rkmc.com ; caseidl@rkmc.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com