IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation, <br><br> Plaintiff-counterdefendants, <br><br> v. <br><br> SECURE COMPUTING CORPORATION, a Delaware corporation; CYBERGUARD CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100, <br><br> Defendants-counterclaimants. | ) ) ) ) ) ) ) ) C. A. No. 06-00369-GMS ) ) ) ) ) ) ) ) ) |

### DEFENDANTS-COUNTERCLAIMANTS' EXPEDITED MOTION FOR STAY OF ENFORCEMENT OF JUDGMENT AND REQUEST FOR EXPEDITED RELIEF

Defendants-counterclaimants Secure Computing Corporation, Cyberguard Corporation, and Webwasher AG (hereinafter "Secure Computing") hereby move the Court for an expedited Order, pursuant to Fed. R. Civ. P. 62(b), staying any enforcement of judgment, and any proceedings to enforce it, by execution or otherwise, pending the disposition of all of the parties' post-trial motions and, if necessary, appeal, in the above-entitled matter. Expedited relief is necessary in this matter because the automatic stay under Fed. R. Civ. P. 62(a) expires on April 11, 2008.

The grounds for this motion and the expedited relief requested are as follows:

1. On March 28, 2008, the Court entered Judgment in favor of Finjan Software, Ltd., and against Secure Computing, for monetary damages. (D.I. 242.)

2. The Court's Judgment awarded monetary damages in the amount of "the reasonable royalty rate of 16 PERCENT (16%) regarding Webwasher Software applied to

FORTY-NINE MILLION DOLLARS ($49,000,000) in sales, 8 PERCENT (8%) regarding Webwasher Hardware Appliances applied to THREE MILLION TWO HUNDRED FIFTY THOUSAND DOLLARS ($3,250,000) in sales, and 8 PERCENT (8%) regarding Cyberguard TSP Hardware Appliances applied to THIRTEEN MILLION FIVE HUNDRED THOUSAND (sic) ($13,500,000) in sales", or a total of $9,180,000. (D.I. 242.)

3. Rule 62 of the Federal Rules of Civil Procedure provides that "the court may stay the execution of a judgment – or any proceedings to enforce it – pending disposition of any of the following motions: (1) under Rule 50, for judgment as a matter of law; (2) under Rule 52(b), to amend the findings or for additional findings; (3) under Rule 59, for a new trial or to alter or amend a judgment; or (4) under Rule 60, for relief from a judgment or order." Fed. R. Civ. P. 62(b).

4. On March 27, 2008, Secure Computing timely filed motions under Rule 50, for judgment as a matter of law, and under Rule 59, for a new trial or to alter or amend a judgment (remittitur). (D.I. 240.) Specifically, Secure Computing moved for: judgment as a matter of law pursuant to Fed. R. Civ. P. 50, or in the alternative for a new trial pursuant to Fed. R. Civ. P. 59, on non-infringement, invalidity, and no willful infringement of Finjan Software, Ltd.'s United States Patent No. 6,092,194 ("the '194 patent"), United States Patent No. 6,804,780 ("the '780 patent"), and United States Patent No. 7,058,822 ("the '822 patent"); judgment as a matter of law pursuant to Fed. R. Civ. P. 50, or in the alternative for remittitur and/or a new trial pursuant to Fed. R. Civ. P. 59, on alleged damages relating to alleged infringement of Finjan Software Ltd.'s '194, '780, and '822 patents; and judgment as a matter of law pursuant to Fed. R. Civ. P. 50, or in the alternative for a new trial pursuant to Fed. R. Civ. P. 59, on Finjan Software, Ltd.'s and Finjan Software, Inc.'s infringement of Secure Computing's U.S. Patent No. 6,357,010 ("the

'010 patent") and U.S. Patent No. 7,185,361 ("the '361 patent"), and damages caused by Finjan Software, Ltd.'s and Finjan Software, Inc.'s infringement of the '010 patent and '361 patent. *Id.* Likewise, on March 27, 2008, Finjan filed a motion under Rule 50, for judgment as a matter of law, and under Rule 59, to amend the judgment. (D.I. 237, 236.) The parties stipulated to a briefing schedule for post-trial motions (D.I. 235), and the Court approved of the parties' stipulated briefing schedule. (*See* Docket Text, dated April 2, 2008.) Opening briefs are due April 25, 2008, answering briefs are due May 9, 2008, and reply briefs are due May 16, 2008. *Id.*

5. Judicial economy will be served with a stay because the disposition of the parties' post-trial motions may substantially affect the Judgment, including the Judgment regarding infringement, validity, and damages concerning Finjan's '194 patent, '780 patent, and '822 patent. For example, and without limitation, a ruling in favor of Secure Computing on its motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50, or in the alternative for remittitur and/or a new trial pursuant to Fed. R. Civ. P. 59, on alleged damages relating to alleged infringement of Finjan Software Ltd.'s '194, '780, and '822 patents, may set aside entirely, or reduce, the amount of damages awarded by the jury and provided for in the March 28, 2008 Judgment, or provide for a new trial on damages. The substantial possibility and likelihood of success of Secure Computing's post-trial motions will be fully explained in its opening brief, which is due on April 25, 2008 pursuant to the parties' stipulated briefing schedule.

6. There is no risk to Finjan with a stay in place and no security should be required for a stay. Secure Computing is a domestic corporation that is and will continue to be solvent and with substantial liquid assets. *See* Declaration of Jill Putman, ¶¶ 2-4 (attached hereto as Exhibit A.) Secure Computing has been cash flow positive every quarter since Q3 of 2002. *Id.*, ¶

3. Secure Computing's short and long range business plan is to remain cash positive. *Id.* Secure Computing's cash balance on reserve as of March 31, 2008 was in excess of $23,000,000. *Id.*, ¶ 4. In addition to Secure Computing's cash balance and cash flow from operations, Secure Computing has an unused line of credit of $20,000,000 in place and available with a day's notice until August 2013. *Id.*, ¶ 5. Secure Computing's financial status is more than adequate to protect Finjan in the event Finjan should prevail on post-trial motions and appeal.

7.   Expedited relief is necessary in this matter because the automatic stay under Fed. R. Civ. P. 62(a) expires on April 11, 2008. Secure Computing requests that this motion be heard and ruled on in an expedited manner to protect Secure Computing from any attempt by Finjan to enforce the Judgment after the expiration of the automatic stay, and to allow Secure Computing time to request relief from the United States Court of Appeals for the Federal Circuit in the event this Court denies Secure Computing's motion.

8.   Pursuant to Local Rule 7.1.1, Secure Computing has made a reasonable effort to reach agreement with Finjan regarding the matters set forth in this motion. On April 1, 2008, Secure Computing asked Finjan to stipulate to a stay of execution on the judgment in the above-entitled matter, pursuant to Fed. R. Civ. P. 62, pending the disposition of post-trial motions and, if necessary, appeal. On April 2, 2008, Finjan informed Secure Computing that Finjan would not stipulate to a stay of execution on the judgment in the above-entitled matter, pursuant to Fed. R. Civ. P. 62, pending the disposition of post-trial motions and, if necessary, appeal.

9.   WHEREFORE, Secure Computing respectfully requests that the Court: (1) issue an Order, on an expedited basis, staying any enforcement of judgment, and any proceedings to enforce it, by execution or otherwise, pending disposition of all of the parties' post trial motions

and, if necessary, appeal, in the above-entitled matter; and (2) not require Secure Computing to provide security for the stay.

| | |
|---|---|
| OF COUNSEL: | /s/ Frederick L. Cottrell, III |
| | Frederick L. Cottrell, III (#2555) |
| Ronald J. Schutz | cottrell@rlf.com |
| Jake M. Holdreith | Kelly E. Farnan (#4395) |
| Christopher A. Seidl | farnan@rlf.com |
| Trevor J. Foster | Richards, Layton & Finger |
| ROBINS, KAPLAN, MILLER & CIRESI L.L.P. | One Rodney Square |
| 2800 LaSalle Plaza | P.O. Box 551 |
| 800 LaSalle Avenue | Wilmington, DE 19899 |
| Minneapolis, MN 55402 | (302) 651-7700 |
| (612) 349-8500 | |
| | ***ATTORNEYS FOR DEFENDANTS*** |
| Dated: April 7, 2008 | ***SECURE COMPUTING CORPORATION,*** |
| | ***CYBERGUARD CORPORATION and*** |
| | ***WEBWASHER AG*** |

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 7, 2008, I electronically filed the foregoing with the Clerk of Court using CM/ECF and caused the same to be served on the plaintiff at the addresses and in the manner indicated below:

**E-MAIL AND HAND DELIVERY**

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street,
Hercules Plaza, 6th Floor
Wilmington, DE  19899-0951

I further certify that on April 7, 2008, the foregoing document was sent to the following non-registered participants in the manner indicated:

**E-MAIL and FEDERAL EXPRESS**

Paul J. Andre
Lisa Kobialka
King & Spalding, LLP
1000 Bridge Parkway, Suite 100
Redwood Shores, CA  94065

/s/ Frederick L. Cottrell, III
Frederick L. Cottrell, III (#2555)

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1.1

The undersigned hereby certifies that counsel for Defendants Secure Computing Corporation, Cyberguard Corporation and Webwasher AG ("Secure"), as stated in Secure's Motion for Stay of Enforcement of Judgment and Request For Expedited Relief, have made a reasonable effort to reach an agreement with Finjan regarding the matters set forth in the Motion. However, no such agreement was reached.

_____
Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com