IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SECURE COMPUTING CORPORATION, a Delaware corporation, CYBERGUARD, CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100,<br><br>    Defendants. | Civil Action No. 06-369 GMS |

**PLAINTIFF FINJAN SOFTWARE, LTD.'S OPENING BRIEF IN SUPPORT OF ITS POST-TRIAL MOTION TO AMEND JUDGMENT AND FOR AN <u>ACCOUNTING OF SALES</u>**

OF COUNSEL:

Paul J. Andre
Lisa Kobialka
KING & SPALDING LLP
1000 Bridge Parkway
Suite 100
Redwood Shores, CA 94065
(650) 590-0700

Dated: April 25, 2008

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

Attorneys for Plaintiff
Finjan Software, Ltd.

## TABLE OF CONTENTS

I. NATURE AND STAGE OF PROCEEDINGS ................................................................. 1

II. SUMMARY OF ARGUMENT .......................................................................................... 1

III. STATEMENT OF FACTS ................................................................................................. 2

IV. ARGUMENT ...................................................................................................................... 3

    A. THE COURT SHOULD AMEND THE JUDGMENT TO ORDER AN ACCOUNTING OF INFRINGING SALES THAT WERE NOT ABLE TO BE CONSIDERED BY THE JURY AT TRIAL ........................................................ 3

        1. The Court Should Order An Accounting of Sales of Webwasher Software and Hardware Appliances After September 9, 2007 ..................................................... 5

        2. The Court Should Order An Accounting of Sales of TSP Appliances After June 30, 2006 ............................................................................................................. 6

    B. THE COURT SHOULD AMEND THE JUDGMENT TO AWARD PREJUDGMENT INTEREST TO COMPENSATE FINJAN FOR DEFENDANTS' INFRINGEMENT ................................................................... 7

        1. The Court Should Use the Prime Rate, Compounded Quarterly To Compute Prejudgment Interest ............................................................................................ 8

    C. THE COURT SHOULD AMEND THE JUDGMENT TO AWARD POSTJUDGMENT INTEREST UNDER 28 U.S.C. § 1961 ............................... 10

V. CONCLUSION ................................................................................................................. 12

# TABLE OF AUTHORITIES

## CASES

*Air Separation, Inc. v. Underwriters at Lloyd's of London,*
  45 F.3d 288 (9th Cir. 1995) ..................................................................................................11

*Devex Corp. v. Gen. Motors Corp.,*
  749 F.2d 1020 (3d Cir. 1984)...............................................................................................11

*Eaves v. County of Cape May,*
  239 F.3d 527 (3d Cir. 2001).................................................................................................11

*General Motors Corp. v. Devex Corp.,*
  461 U.S. 648 (1983)...............................................................................................................7

*IMX, Inc. v. LendingTree, LLC,*
  469 F. Supp. 2d 203 (D. Del. 2007)...................................................................................8, 9

*IMX, Inc. v. Lendingtree, LLC,*
  C.A. No. 03-1067-SLR, 2007 WL 1232184 (D. Del. Apr. 25, 2007) ....................................4

*Institutionalized Juveniles v. Sec'y of Pub. Welfare,*
  758 F.2d 897 (3d Cir. 1985).................................................................................................11

*IPPV Enterprises, LCC v. EchoStar Communications Corp.,*
  C.A. No. 99-577-KAJ, 2003 WL 723260 (D. Del. Feb. 27, 2003)........................................9

*Mars, Inc. v. Conlux USA Corp.,*
  818 F. Supp. 707 (D. Del. 1993)............................................................................................9

*Mikohn Gaming v. Acres Gaming, Inc.,*
  No. CV-S-97-1383-EJW, 2001 WL 34778689 (D. Nev. Aug. 2, 2001) ........................3, 4, 6

*Nickson Indus., Inc. v. Rol Mfg. Co., Ltd.,*
  847 F.2d 795 (Fed. Cir. 1988).............................................................................................7-8

*Paice LLC v. Toyota Motor Corp.,*
  504 F.3d 1293 (Fed. Cir. 2007)..........................................................................................4, 6

*Philips Elect. N. America Corp. v. Contec Corp.,*
  C.A. No. 02-123-KAJ, 2004 WL 1622442 (D. Del. July 12, 2004)......................................9

*Sensonics, Inc. v. Aerosonic Corp.,*
  81 F.3d 1566 (Fed. Cir. 1996)...............................................................................................7

*Studiengesellschaft Kohle mbH v. Dart Industries, Inc.,*
  666 F. Supp. 674 (D. Del. 1987), *aff'd*, 862 F.2d 1564 (Fed. Cir. 1988) ...........................8, 9

*Sun Ship, Inc. v. Matson Navigation Co.*,
    785 F.2d 59 (3d Cir. 1986)......................................................................................................10

*Trans-World Mfg. Corp. v. Al Nyman & Sons, Inc.*
    633 F. Supp. 1047 (D. Del. 1986).............................................................................................9

*Tristrata Tech., Inc. v. Mary Kay, Inc.*,
    423 F. Supp. 2d 456 (D. Del. 2006)..........................................................................................8

*Uniroyal, Inc. v. Rudkin-Wiley Corp.*,
    939 F.2d 1540 (Fed. Cir. 1991).................................................................................................8

**STATUTES**

28 U.S.C. § 1961....................................................................................................................2, 10, 11

35 U.S.C. § 284........................................................................................................................3, 7, 10

**RULES**

Fed. R. Civ. P. 26(e) ...................................................................................................................2, 4, 6

Fed. R. Civ. P. 59(e) ..........................................................................................................................1

## I. NATURE AND STAGE OF PROCEEDINGS

On March 12, 2008, after a 7-day trial, the jury returned a verdict in favor of Finjan Software, Ltd. ("Finjan"). Specifically, the jury found the asserted claims of Finjan's U.S. Patent No. 6,092,194 ("the '194 Patent"), U.S. Patent No. 6,804,780 ("the '780 Patent"), and U.S. Patent No. 7,058,822 ("the '822 Patent") (collectively "patents-in-suit") to be valid and infringed by Secure Computing Corporation ("Secure Computing"), Cyberguard Corporation ("Cyberguard"), and Webwasher AG ("Webwasher") (collectively, "Defendants"). Declaration of Hannah Lee in Support of Finjan's Opening Brief in Support of Motion to Amend Judgment And For An Accounting of Sales ("Lee Decl."), Ex. A., D.I. 226. The jury further found that Defendants' infringement was willful. *Id.* Finjan was awarded damages for Defendants' sales of their infringing Webwasher software product, Webwasher hardware appliance product, and TSP appliance product. *Id.*

The jury also found in favor of Finjan with regard to Secure Computing's patent infringement claims and held that Finjan did not infringe the asserted claims of Secure Computing's U.S. Patent No. 7,185,361 (" the '361 Patent") and U.S. Patent No. 6,357,010 ("the '010 Patent"). *Id.* The Court entered judgment in accordance with the jury verdict on March 28, 2008. *Id.*, Ex. B., D.I. 242.

## II. SUMMARY OF ARGUMENT

Finjan respectfully requests the Court to amend the judgment of March 28, 2008 pursuant to Fed. R. Civ. P. 59(e) to include an accounting of infringing sales not included in the damages award as well as prejudgment and postjudgment interest on the total damages. The basis for this motion, as discussed in greater detail below, are as follows:

1)   The jury did not consider all relevant infringing sales for each of the infringing products in determining the damages award.

2)   There are no exceptional circumstances to warrant a withholding of prejudgment interest.

3)   Postjudgment interest should be awarded under 28 U.S.C. § 1961.

## III.  STATEMENT OF FACTS

On March 12, 2008, the jury awarded Finjan a 16% royalty on $49 million in sales of Defendants' Webwasher software product, 8% royalty on $3.25 million in sales of Defendants' Webwasher hardware appliance product, and 8% royalty on $13.5 million in sales of Defendants' TSP appliance product. Lee Decl., Ex. A., D.I. 226. The jury, in calculating its damages award, did not consider all relevant infringing sales amounts for each of Defendants' accused products.

Finjan's damages expert was not provided with sales information from Defendants to account for sales of Defendants' Webwasher software and hardware products after September 9, 2007. *See id.*, Ex. N at 19. Thus, more recent infringing sales of the Webwasher product were not included in the damages award. Also, in violation of its Fed. R. Civ. P. 26(e) duty to supplement its discovery responses, Defendants refused to produce any sales information for the TSP appliance in response to Finjan's discovery requests. Finjan was able to derive some sales numbers for 2005 through the first half of 2006 for the TSP appliance from information Defendants had produced. *Id.* Because Defendants refused to provide sales of the TSP appliance for any time after June 30, 2006, sales information starting on July 1, 2006 was not considered by the jury. *Id.* Finjan's damages expert, Russell Parr, testified that had he had all relevant sales information, the damages award would have been higher. Lee Decl., Ex. O, Trial

2

Transcript ("T.T.") at 646:15-647:8; 647:23-648:8 (D.I. 229). Furthermore, Secure Computing unabashedly continues to sell and promote its infringing products after the jury verdict, and these post-verdict infringing sales should be included in the damages award. *See id.*, Ex. E (Secure Computing's website as of April 25, 2008 showing sale of Webwasher product); Ex. F (press release stating Secure Computing is continuing to sell Webwasher).

Finjan now requests that this Court amend its judgment of March 28, 2008 and order an accounting of infringing sales not considered by the jury at trial. Finjan also requests prejudgment and postjudgment interest.

## IV. ARGUMENT

### A. THE COURT SHOULD AMEND THE JUDGMENT TO ORDER AN ACCOUNTING OF INFRINGING SALES THAT WERE NOT ABLE TO BE CONSIDERED BY THE JURY AT TRIAL

35 U.S.C. § 284 states that "[u]pon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." Accountings are "standard practice" in patent cases. *Mikohn Gaming v. Acres Gaming, Inc.*, No. CV-S-97-1383-EJW, 2001 WL 34778689, at *18 (D. Nev. Aug. 2, 2001).

Finjan requests an accounting for those infringing sales the jury was unable to consider at trial prior to the entry of an amended final judgment or injunction (whichever comes later) in order to recover damages no less than a reasonable royalty "adequate to compensate" it for Secure Computing's infringing activities during the entire life of its patents. 35 U.S.C. § 284. Finjan had requested an accounting for post-verdict sales in its Amended Complaint by requesting "[s]uch further and other relief as the Court and/or jury may deem proper and just" for

3

acts of infringement. Lee Decl., Ex. C at 6, D.I. 43. It also requested an accounting in its Trial Brief by requesting "other damages." *Id.*, Ex. D at 13, D.I 180.

Defendants' infringing sales that were not considered by the jury's damages award to Finjan include: (1) the infringing sales made before the jury's verdict but that had not yet been made as of the time the damages experts reached their conclusions, (2) infringing sales for which Defendants refused to produce records in violation of their discovery obligation, and (3) infringing sales made after the jury verdict. Based on the fact that all relevant infringing sales information was not considered by the jury at trial, and because Defendants failed to comply with Fed. R. Civ. P. 26(e) and provide TSP appliance sales information, the judgment should be amended to include an accounting. *See IMX, Inc. v. Lendingtree, LLC*, C.A. No. 03-1067-SLR, 2007 WL 1232184 (D. Del. Apr. 25, 2007) (judgment should be amended to include damages award commensurate with period of infringement including period after the jury verdict); *see also Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1314 (Fed. Cir. 2007) (affirming district court's award of damages not accounted for in the jury verdict); *see also Mikohn Gaming*, 2001 WL 34778689, at *19 (ordering accounting to extend damage award to cover full period of infringement).

Secure Computing's recent public statements have made it clear that it will continue to make, use, offer for sale, and sell products that infringe Finjan's '194, '780, and '822 Patents until an injunction is entered. *See* Lee Decl., Ex. E (Secure Computing's website as of April 25, 2008 showing sale of Webwasher product); Ex. F (press release stating Secure Computing's "Webwasher products will continue to be available" and "[Secure Computing] will oppose all efforts by Finjan to limit the availability of Webwasher"). Just one day after the jury's finding of Defendants' infringement, Secure Computing published a press release with false information

4

that was displayed on well-known news websites such as Yahoo! Financial News and CNNMoney. *See id.*, Exs. G, H. The press releases were extremely prejudicial to Finjan because they incorrectly stated that the jury found noninfringement of one of three of Finjan's patents. *Id.*

Counsel for Finjan, immediately upon learning of the press release, demanded that Secure Computing correct the blatant error. *See id.,* Ex. I. Though the single press release was corrected by Secure Computing, other public statements confused the actual outcome of the trial. *See id.*, Exs. G, H (corrected press releases). For example, a press release on Computerworld.com stated that "the two vendors didn't even agree on the number of patents that Secure Computing was found to have infringed upon" and "Secure Computing said that the jury had rejected Finjan's infringement claims on one of the three patents." *See id.*, Ex. J. The actual outcome of the trial was unquestionably clear, and the confusion that Secure Computing caused in the public domain indicates that Secure Computing is indifferent to the jury's findings and will not cease infringement of Finjan's patents unless an injunction is entered by this Court.

Because Defendants have infringed Finjan's patents and continue to willingly and knowingly engaging in infringing activities, Finjan requests an accounting of sales for the portion of Defendants' entire period of infringement that was not considered by the jury in awarding damages.[1]

### 1. The Court Should Order An Accounting of Sales of Webwasher Software and Hardware Appliances After September 9, 2007

Damages experts from Finjan and Secure Computing relied only upon records of sales of Webwasher software and hardware up to September 9, 2007. As a result, the jury was not able

---

[1] Finjan requests an accounting of all infringing sales not considered by the jury as described herein, including those sales of any infringing product no more than colorably different from Defendants' Webwasher and TSP products, including the branded Secure Web product.

5

to consider sales of the infringing Webwasher products made *after* September 9, 2007. Finjan asks the Court to order an accounting and apply the reasonable royalty rate as determined by the jury towards those infringing sales that were not considered by the jury. *See Paice LLC.*, 504 F.3d at 1314 (affirming district court's award of damages not accounted for in the jury verdict); *see also Mikohn Gaming*, 2001 WL 34778689, at *19 (ordering accounting to extend damage award to cover full period of infringement). In this case, because post-September 9, 2007 sales information of the Webwasher software and hardware appliances was not available to be presented to the jury, the Court should order an accounting of any sales made after September 9, 2007 and prior to the entry of an amended final judgment or an injunction, whichever comes later. The royalty rate to be applied is that which was determined by the jury: 16% for sales of the Webwasher software and 8% for the Webwasher hardware appliances. *See* Lee Decl., Exs. A, B.

### 2. The Court Should Order An Accounting of Sales of TSP Appliances After June 30, 2006

Finjan also requests a reasonable royalty to be applied on the sales of the TSP appliance after June 30, 2006. Though Defendants stated in responses to Finjan's document requests and interrogatories that it would produce all responsive sales and revenue documents related to TSP sales, it did not do so. *See id.*, Ex. K at 51-52 (Response to Request for Production No. 91); Ex. L at 35-37 (Response to Interrogatory No. 28); Ex. M. After repeated attempts by Finjan to request documents from Defendants regarding sales of the TSP appliance prior to the start of trial, Finjan was able to derive sales figures for the TSP appliance up to June 30, 2006 from some documents produced by Defendants. *See id.*, Ex. N at 19. However, due to Defendants' refusal to comply with its Fed. R. Civ. P. 26(e) obligation to supplement its discovery responses and

6

produce all relevant sales documents, Finjan was unable to present evidence of sales of the TSP appliance after June 30, 2006 to the jury to consider in calculating the damages award.

The accounting that Finjan seeks is necessary because sales of infringing TSP appliances after June 30, 2006 were never considered by the jury in calculating damages. In fact, at trial, Finjan's damages expert, Russell Parr, testified that the damages award would have been greater had he been given all relevant sales information from Defendants. *See id.,* Ex. O, T.T. at 646:15-647:8; 647:23-648:8 (D.I. 229). Thus, the Court should amend the judgment to order an accounting of infringing sales of the TSP appliance after June 30, 2006 and apply the reasonable royalty rate of 8% as determined by the jury towards those infringing sales of the TSP appliance that were not considered by the jury.

**B.     THE COURT SHOULD AMEND THE JUDGMENT TO AWARD PREJUDGMENT INTEREST TO COMPENSATE FINJAN FOR DEFENDANTS' INFRINGEMENT**

Under 35 U.S.C. § 284, "[u]pon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement...together with *interest* and costs as fixed by the court" (emphasis added). "[P]rejudgment interest should ordinarily be awarded [under § 284] absent some justification for withholding such an award." *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983); *see Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1574 (Fed. Cir. 1996) ("prejudgment interest is the rule, not the exception," and "prejudgment interest in patent cases is withheld only under exceptional circumstances"). Prejudgment interest is awarded to "make the patent owner whole, since his damages consist not only of the value of the royalty payments but also of the foregone use of the money between the time of infringement and the date of judgment." *General Motors Corp.*, 461 U.S. at 655-56. It should be calculated from the start of the time of infringement to the time of judgment. *Id.* at 656; *Nickson Indus.,*

7

*Inc. v. Rol Mfg. Co., Ltd.*, 847 F.2d 795, 800 (Fed. Cir. 1988) ("Generally, prejudgment interest should be awarded from the date of infringement to the date of judgment").

The Court should award Finjan prejudgment interest on the damages awarded by the jury, and prejudgment interest on newly accounted sales because there is no evidence of any exceptional circumstances that warrant a withholding of an award of prejudgment interest. Finjan seeks prejudgment interest in the amount of $2,306,100 for the time period starting with the dates infringement began through April 21, 2008 (the most recent interest rate available on the Federal Reserve website as of the date this brief was filed). *See* Lee Decl., Ex.P. Finjan also seeks prejudgment interest on newly accounted sales. The Court should also award prejudgment interest for the time period after April 22, 2008 and before the entry of an injunction or amended final judgment, whichever comes later. *See id.*

### 1. The Court Should Use the Prime Rate, Compounded Quarterly To Compute Prejudgment Interest

"The rate of prejudgment interest is within the discretion of the court." *Tristrata Tech., Inc. v. Mary Kay, Inc.*, 423 F. Supp. 2d 456, 471 (D. Del. 2006). "Courts have recognized that the prime rate best compensate[s] a patentee for lost revenues during the period of infringement because the prime rate represents the cost of borrowing money, which is a 'better measure of the harm suffered as a result of the loss of the use of money over time.'" *IMX, Inc. v. LendingTree, LLC*, 469 F. Supp. 2d 203, 227-28 (D. Del. 2007). "[I]t is not necessary that a patentee demonstrate that it borrowed at the prime rate in order to be entitled to prejudgment interest at that rate." *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 939 F.2d 1540, 1545 (Fed. Cir. 1991) (citation omitted). Moreover, "it is within the discretion of the district court to determine whether compound or simple interest should be used. *Studiengesellschaft Kohle mbH v. Dart Industries, Inc.*, 666 F. Supp. 674, 698 (D. Del. 1987), *aff'd*, 862 F.2d 1564 (Fed. Cir. 1988).

This Court has repeatedly used the prime rate to compute prejudgment interest in patent cases. *See e.g., Studiengesellschaft Kohle mbH*, 666 F.Supp. at 699 (prime rate, compounded quarterly); *Philips Elect. N. America Corp. v. Contec Corp.*, C.A. No. 02-123-KAJ, 2004 WL 1622442 (D. Del. July 12, 2004) (prime rate); *IMX, Inc.*, 469 F. Supp. 2d at 227-28 (prime rate, compounded quarterly); *IPPV Enterprises, LCC v. EchoStar Communications Corp.*, C.A. No. 99-577-KAJ, 2003 WL 723260 (D. Del. Feb. 27, 2003) (prime rate); *Mars, Inc. v. Conlux USA Corp.*, 818 F. Supp. 707, 720-21 (D. Del. 1993) (prime rate); *Trans-World Mfg. Corp. v. Al Nyman & Sons, Inc.*, 633 F. Supp. 1047, 1057 (D. Del. 1986) (prime rate, compounded daily).

In this case, the prime rate should be applied to calculate prejudgment interest, and this amount should be compounded quarterly, because this best compensates Finjan for its loss due to Defendants' infringing sales. Sales of the infringing products were also accounted for by Defendants in quarterly periods. *See* Lee Decl., Ex. N at 19. In this case, the Court should use the prime rate, compounded quarterly to compute prejudgment interest because it represents the cost of borrowing money, and best represents the loss that Finjan suffered during the time of infringement.

Because there are no exceptional circumstances which warrant a withholding of prejudgment interest, the Court should award prejudgment interest in the amount of $2,306,100 for time period starting with the dates infringement began for each of the infringing products through April 21, 2008 (the date of the most recent interest rate on the Federal Reserve website as of the date this brief is filed). *See id.*, Ex. P (table showing rates and formula used for prejudgment interest calculation). The Court should also award prejudgment interest from April 22, 2008 to the date final judgment is entered or an injunction is entered. *See id.* In addition,

9

Finjan requests that the Court award prejudgment interest on newly accounted sales the Court orders of Secure Computing as shown in Exhibit P to the Lee Declaration filed herein.

Thus, prejudgment interest on sales of the Webwasher software should be calculated from October 1, 2004 to the entry of an injunction or entry of an amended final judgment, whichever is later. *See id.*, Ex. N at 19. Also, prejudgment interest on Defendants' sales of the Webwasher appliance should be calculated from April 1, 2006 to the entry of an injunction or entry of an amended final judgment, and prejudgment interest on Defendants' sales of the TSP Appliance should be calculated from January 1, 2005 to the entry of an injunction or entry of an amended final judgment, whichever is later. *See id.*

### C. THE COURT SHOULD AMEND THE JUDGMENT TO AWARD POSTJUDGMENT INTEREST UNDER 28 U.S.C. § 1961

"Interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961. Under § 1961, postjudgment interest on a district court's judgment is mandatory, and Finjan requests that the Court award postjudgment interest under 28 U.S.C. § 1961 and 35 U.S.C. § 284. Postjudgment interest should be calculated from the date of entry of the final judgment and "computed daily to the date of payment" using a "rate equal to the weekly average 1-year constant maturity Treasury yield" and "compounded annually." 28 U.S.C. § 1961.

The plain language of 28 U.S.C. § 1961 makes no distinction between components of a judgment, stating that "interest shall be allowed on *any* money judgment in a civil case recovered in a district court" (emphasis added). Thus, Finjan requests postjudgment interest on the Court's final monetary judgment including damages awarded by the jury, accounting of sales, prejudgment interest, attorney's fees, enhanced damages, and costs. *See Sun Ship, Inc. v. Matson Navigation Co.*, 785 F.2d 59, 63 (3d Cir. 1986) ("28 U.S.C. § 1961...provides for postjudgment

interest and…that interest should be calculated on the amount of the district court's judgment…plus prejudgment interest"); *see also Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290 (9th Cir. 1995) ("it is well-established in other circuits that postjudgment interest also applies to the prejudgment interest component of a district court's monetary judgment"); *see also Eaves v. County of Cape May,* 239 F.3d 527, 530 (3d Cir. 2001) (postjudgment interest accrues on attorney's fees and on costs); *see also Institutionalized Juveniles v. Sec'y of Pub. Welfare*, 758 F.2d 897, 927 (3d Cir. 1985) (allowing post-judgment interest on attorney fees award); *see also Devex Corp. v. Gen. Motors Corp.*, 749 F.2d 1020, 1026-27 (3d Cir. 1984) (affirming district court's holding that post-judgment interest statute applies to award of costs).

Based on the language of 28 U.S.C. § 1961, and standing case law in the Third Circuit, Finjan requests this Court award postjudgment interest on the entirety of its judgment award including damages already awarded by the jury at trial, damages awarded in an accounting of sales, attorney's fees, prejudgment interest, enhanced damages, and costs.

## V.     CONCLUSION

For the above reasons, the Court should amend the final judgment to order an accounting of sales of infringing products, and award prejudgment and postjudgment interest.

OF COUNSEL:

Paul J. Andre
Lisa Kobialka
King & Spalding LLP
1000 Bridge Parkway
Redwood City, CA 94065
(650) 590-0700

Dated: April 25, 2008
861807

POTTER ANDERSON & CORROON LLP

By: _____
Philip A. Rovner (#3215)
Hercules Plaza
P. O. Box 951
Wilmington, DE  19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Plaintiff*
*Finjan Software, Ltd.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on April 25, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Frederick L. Cottrell, III, Esq.
Kelly E. Farnan, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
cottrell@rlf.com; farnan@rlf.com

I hereby certify that on April 25, 2008 I have sent by E-mail the foregoing document to the following non-registered participants:

Jake M. Holdreith, Esq.
Christopher A. Seidl, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
jmholdreith@rkmc.com; caseidl@rkmc.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation,<br><br>                Plaintiff,<br><br>                v.<br><br>SECURE COMPUTING CORPORATION, a Delaware corporation, CYBERGUARD, CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100,<br><br>                Defendants. | )<br>)<br>)   Civil Action No. 06-369 GMS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER GRANTING FINJAN SOFTWARE, LTD.'S MOTION TO AMEND
JUDGMENT AND FOR AN ACCOUNTING OF SALES**

WHEREAS, on March 12, 2008, the jury found that Defendants Secure Computing Corporation, Cyberguard Corporation, and Webwasher AG (collectively, "Defendants") willfully infringed Plaintiff Finjan Software, Ltd.'s ("Finjan") U.S. Patent No. 6,092,194 ("the '194 Patent"), U.S. Patent No. 6,804,780 ("the '780 Patent), and U.S. Patent No. 7,058,822 ("the '822 Patent");

WHEREAS, on March 12, 2008, the jury awarded Plaintiff Finjan Software, Ltd. ("Finjan") a 16% royalty on $49 million in sales of Defendants' (Secure Computing Corporation, Cyberguard Corporation, and Webwasher AG) Webwasher software product, 8% royalty on $3.25 million in sales of Defendants' Webwasher hardware appliance product, and 8% royalty on $13.5 million in sales of Defendants' TSP appliance product for infringement of the '194 Patent, the '780 Patent, and the '822 Patent;

WHEREAS, on March 28, 2008, the Court, entered judgment in accordance with the jury's verdict;

WHEREAS, Defendants should be ordered to pay prejudgment interest, pursuant to 35 U.S.C. § 284, at the average prime rate, compounded quarterly, on the $9.18 million in damages awarded by the jury, on an accounting of infringing sales not considered by the jury, and on post-verdict infringing sales;

WHEREAS, Defendants should be ordered to pay prejudgment interest from the date infringement began for each of Defendants' infringing products to the date of entry of an injunction or entry of amended final judgment, whichever comes later;

WHEREAS, Defendants should be ordered to pay postjudgment interest, pursuant to 28 U.S.C. § 1961, on the total damages of $9.18 million awarded by the jury, accounting of sales, prejudgment interest, attorneys' fees, enhanced damages and costs;

WHEREAS, postjudgment interest shall be calculated from the date of entry of final judgment computed daily to the date of payment using a rate equal to the weekly average 1-year constant maturity Treasury yield as published by the Board of Governors of the Federal Reserve System for the calendar week preceding, compounded annually;

IT IS HEREBY ORDERED as follows:

1. The judgment of March 28, 2008 shall be amended to award damages commensurate with Defendants' amended record of infringing activities;

2. Defendants shall provide an accounting of infringing sales not considered by the jury at trial of the Webwasher hardware product, Webwasher software product, TSP appliance product, and any product not colorably different from these infringing

products, made prior to the entry of an injunction or this amended final judgment, whichever comes later;

3. The judgment of March 28, 2008 shall be amended such that Defendants shall pay prejudgment interest, pursuant to 35 U.S.C. § 284, at the average prime rate, compounded quarterly, in the amount of_____ on the jury award, newly accounted infringing sales, and post-verdict infringing sales;

4. The judgment of March 28, 2008 shall be amended such that Defendants shall pay _____ in postjudgment interest, pursuant to 28 U.S.C. § 1961, on the total damages of $9.18 million, accounting of sales, prejudgment interest, attorneys' fees, enhanced damages, and costs.

SO ORDERED:


Dated: _____        _____
                                     Honorable Gregory M. Sleet