IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation, | ) ) ) | |
| Plaintiff-counterdefendants, | ) ) | |
| v. | ) ) | C. A. No. 06-00369-GMS |
| SECURE COMPUTING CORPORATION, a Delaware corporation; CYBERGUARD CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100, | ) ) ) ) ) ) | |
| Defendants-counterclaimants. | ) | |

## DEFENDANTS-COUNTERCLAIMANTS' ANSWERING BRIEF TO FINJAN'S MOTION FOR JUDGMENT AS A MATTER OF LAW REGARDING <u>INVALIDITY OF THE '361 PATENT</u>

OF COUNSEL:

Ronald J. Schutz
Jake M. Holdreith
Christopher A. Seidl
Trevor J. Foster
ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

Dated: May 9, 2008

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Kelly E. Farnan (#4395)
farnan@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

*ATTORNEYS FOR SECURE COMPUTING CORPORATION*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................................... ii

INTRODUCTION ............................................................................................................................. 1

APPLICABLE LEGAL STANDARDS ............................................................................................ 1

ARGUMENT ..................................................................................................................................... 2

      I.      The CP Reference Does Not Anticipate Or Render The Claims Obvious
            Because It Teaches Precisely The Opposite Of The Claimed Limitation Of
            Using A Directory Schema "Predefined" By The Organization .......................... 2

      II.     Despite Finjan's Statements, Secure's Counsel Demonstrated This
            Deficiency in the Reference During Cross-Examination ..................................... 3

CONCLUSION ................................................................................................................................. 4

RLF1-3281931-1

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Innogenetics, N.V. v. Abbott Labs.*,
    512 F.3d 1363 (Fed. Cir. 2008)........................................................................... 1

*Novo Nordisk Pharm., Inc. v. Bio-Technology Gen. Corp.*,
    424 F.3d 1347 (Fed. Cir. 2005)........................................................................... 1

*Tristrata Tech., Inc. v. Mary Kay, Inc.*,
    423 F. Supp. 2d 456 (D. Del. 2006)................................................................. 1, 2

RLF1-3281931-1

**Introduction**

All of the asserted claims of Secure Computing's U.S. Patent No. 7,185, 361 ("the '361 patent") include a limitation that the firewall must use a directory schema that was "predefined" by the organization using the firewall. Contrary to this limitation, the Checkpoint Firewall-1 reference (CP reference), as amply established during cross-examination, instructs an organization to change its "predefined" directory schema to match the proprietary schema of the CP reference. This antithetical teaching provided more than a sufficient basis for the jury to conclude that Finjan failed to meet its burden of proving the '361 patent invalid by clear and convincing evidence. Consequently, this Court should deny Finjan's motion for JMOL of invalidity regarding the asserted claims of the '361 patent.

**Applicable Legal Standards**

To prove that the '361 patent is invalid by anticipation, Finjan needs to show by clear and convincing evidence that every limitation in the asserted claims are present or necessarily present in the prior art publication. *Novo Nordisk Pharm., Inc. v. Bio-Technology Gen. Corp.*, 424 F.3d 1347, 1354 (Fed. Cir. 2005). Similarly, to show invalidity based on obviousness, "some kind of motivation must be shown from some source, so that the jury can understand why a person of ordinary skill would have thought of either combining two or more references or modifying one to achieve the patented method." *Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1374 (Fed. Cir. 2008).

With respect to proving that JMOL is warranted, Finjan must show that no reasonable jury could have concluded that the claims of the '361 patent were valid. *Tristrata Tech., Inc. v. Mary Kay, Inc.*, 423 F. Supp. 2d 456, 462 (D. Del. 2006). As this Court has previously held, cross-examination and the content of the prior art reference itself may provide a sufficient basis

1

from which the jury can conclude that a patent is valid. *Id.* at 462 (denying JMOL of anticipation because the reference and the cross-examination contained sufficient evidence to support the jury's verdict of validity).

**Argument**

I.     **The CP Reference Does Not Anticipate Or Render The Claims Obvious Because It Teaches Precisely The Opposite Of The Claimed Limitation Of Using A Directory Schema "Predefined" By The Organization.**

The CP reference discloses a firewall that is antithetical to the invention as claimed in the '361 patent. The '361 patent states that "[i]t is a feature of the present invention that . . . an organization's LDAP directory need not be modified to conform to a schema imposed by the firewall." (Finjan Ex. 1, (D.I. 260)('361 Patent, col.4 ll.51-53.) In accordance with this feature, each of the asserted claims of the '361 patent require that the claimed invention use an authorization filter that is "based on a directory schema that is predefined by [an] entity" and thus, not based on a schema imposed by the firewall. If the CP reference does not contain this "predefined" limitation, then all of the asserted claims of the '361 patent must be held valid because this limitation is present in each of the independent claims.

Contrary to this claimed advantage of the invention, the CP reference contains a detailed description of its own "proprietary" schema. (Finjan Ex. 3, at FIN012641-12647 (D.I. 259, 260.)) The CP reference also states that a user has to enter these proprietary attributes into its existing LDAP server schema. *Id.* at FIN012651 (D.I. 260) ("[A]fter you have entered the Firewall-1 object classes and attributes to the LDAP server's schema, you can enable schema checking.")

Finjan's expert did not respond to this deficiency in the CP reference. In fact, Finjan's expert, Dr. Jaeger, never explained how the "predefined" limitation was met. There is simply no explanation that identifies this element. Instead, Dr. Jaeger simply made a broad sweeping

2

statement that the CP reference anticipates or renders obvious this limitation by grouping it with several *other* limitations and showing how *those* limitations were disclosed. Even in its opening brief on the instant motion, Finjan has continued to fail to show how this limitation of using a "predefined" schema is met.

II.    **Despite Finjan's Statements, Secure's Counsel Demonstrated This Deficiency in the Reference During Cross-Examination.**

Finjan's attempt to ignore the problem by misrepresenting the trial record is equally unavailing. Finjan stated in its opening brief on this matter, time and again, that Secure did not even attempt to cross examine Dr. Jaeger on anything related to the validity of the '361 patent.[1] For added emphasis, Finjan even stated in bold and italics that Secure "***did not even attempt to cross Dr. Jaeger regarding his testimony regarding the invalidity of the '361 Patent***." *Id*. at 16 (emphasis in original). But no matter how many times Finjan writes it, or how many different fonts Finjan uses, that statement remains false.

Despite Finjan's attempt to convince this Court otherwise, Secure did cross examine Dr. Jaeger on this subject. Secure's counsel made this easy to follow by first signposting for the Court and the jury:

> Now I would like to quickly discuss the Check-Point reference. The Check-Point reference is the reference you relied on to come to the conclusion that the '361 patent was anticipated and/or obvious.

Tr. at 1536:4-7 (D.I. 233.) Secure's counsel then methodically identified the problem with Dr. Jaeger's analysis. First, counsel had Dr. Jaeger admit that the CP reference contains its own proprietary schema attributes. *Id*. at 1536:13-1537:3. Second, counsel had Dr. Jaeger admit that

---

[1] *See, e.g.*, Finjan Open Br. at 2 ("Defendants did not even cross-examine Finjan's expert on his invalidity opinion regarding the '361 Patent."), 4 ("They did not cross-examine Finjan's expert witness *at all* on his testimony regarding his opinion that the asserted claims were invalid.") (emphasis in original), 16 (quoted above), 18 ("Defendants did not challenge Dr. Jaeger's testimony in cross—examination."), and 19 ("Defendants . . . did not cross Dr. Jaeger on the invalidity of the '361 Patent.") (D.I. 258).

those proprietary attributes of the CP reference must be added to the predefined directory schema

of the organization as follows:

> Q: So Firewall 1, it has proprietary attributes and schema, right?
> A: Yes.
> Q: And then it's instructing you to enter those attributes onto the directory.
> Right?
> A: Yes. Those attributes are derived because of interaction with the Firewall 1,
> yes.

*Id.* at 1537:18-24. Counsel moved directly to the claims and Dr. Jaeger agreed that the '361

patent contained a limitation of using "a directory schema that is predefined by said entity." *Id.* at

1538:5-8. Dr. Jaeger agreed that this means that claim requires that "the organization has a

predefined directory schema." *Id.* at 1538:12-14. Finally, Secure's counsel identified to Dr.

Jaeger that the patent specification states that "[i]t is a feature of the present invention that . . . an

organization's LDAP directory need not be modified to conform to a schema imposed by the

firewall." Tr. at 1538:15-1539:5; *see also* '361 Patent, Col.4 ll.51-53.

Contrary to Finjan's numerous assertions, Secure did cross examine Dr. Jaeger regarding

the validity of the '361 patent. And the cross-examination provided the jury with the tools to

correctly conclude that the CP reference did not anticipate or render obvious any of the asserted

claims of the '361 patent.

## Conclusion

A reasonable jury could easily conclude based on Secure's cross-examination of Finjan's

expert and the Checkpoint Firewall-1 reference (CP reference) that Finjan did not show by clear

and convincing evidence that the CP reference generated an authorization filter based on a

directory schema that is predefined by the company. The reference was missing a limitation in

the claim. In fact, it taught the opposite. Finjan's expert provided no explanation of why or how

RLF1-3281931-1

an expert would be motivated to modify this problem. Consequently, this Court should deny

Finjan's motion for JMOL of invalidity of the asserted claims of the '361 patent.


OF COUNSEL:

Ronald J. Schutz
Jake M. Holdreith
Christopher A. Seidl
Trevor J. Foster
ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500


Dated: May 9, 2008

_Kelly E. Farnan_

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Kelly E. Farnan (#4395)
farnan@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

*ATTORNEYS  FOR  SECURE  COMPUTING*
*CORPORATION*

5

**UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 9, 2008, I electronically filed the foregoing with the

Clerk of Court using CM/ECF and caused the same to be served on the plaintiff at the addresses

and in the manner indicated below:

**HAND DELIVERY & E-MAIL**

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street,
Hercules Plaza, 6th Floor
Wilmington, DE  19899-0951

I further certify that on May 9, 2008, the foregoing document was sent to the following

non-registered participants in the manner indicated:

**FEDERAL EXPRESS & E-MAIL**

Paul J. Andre
Lisa Kobialka
King & Spalding, LLP
1000 Bridge Parkway, Suite 100
Redwood Shores, CA   94065

_Kelly E. Farnan_
Kelly E. Farnan (#4395)