IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation, | ) ) ) |
| Plaintiff, | ) ) Civil Action No. 06-369-GMS |
| v. | ) ) ) |
| SECURE COMPUTING CORPORATION, a Delaware corporation; CYBERGUARD CORPORATION, a Delaware corporation, WEBWASHER AG, a German corporation and DOES 1 THROUGH 100, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF FINJAN SOFTWARE, LTD.'S REPLY TO SECURE COMPUTING'S OPPOSITION TO POST-TRIAL MOTION FOR INVALIDITY OF U.S. PATENT NO. 7,185,361 PURSUANT TO FED. R. CIV.P. 50(b)**

OF COUNSEL:

Paul J. André
Lisa Kobialka
King & Spalding LLP
1000 Bridge Parkway
Redwood City, CA 94065
(650) 590-0700

Dated: May 16, 2008

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Plaintiff
Finjan Software, Ltd.*

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT ................................................................................................................... 1

    A. THE APPLICABLE LEGAL STANDARD UNDER RULE 50(B) SUPPORTS FINJAN'S MOTION FOR JUDGMENT AS A MATTER OF LAW ............................ 1

    B. THE EVIDENCE PRESENTED BY FINJAN AT TRIAL CONCLUSIVELY PROVES THE ASSSERTED CLAIMS OF THE '361 PATENT ARE INVALID BY ANTICIPATION. ............................................................................... 2

        1. Defendants Arguments Rely Completely On Reading A New Limitation Into the Claims ......................................................................................................... 3

        2. Finjan Conclusively Demonstrated The Check Point Reference Includes A Directory Schema "Predefined" By the Organization ............................... 3

        3. Defendants Presented No Rebuttal Whatsoever To Finjan's Anticipation Defense. 4

    C. DEFENDANTS PRESENTED NO REBUTTAL TO FINJAN'S OBVIOUSNESS DEFENSE ............................................................................................ 5

III. CONCLUSION ................................................................................................................ 5

# TABLE OF AUTHORITIES

**CASES**

*Bell Atl. Network Servs., Inc. v. Covad Communications Group, Inc.*,
  262 F.3d 1258 (Fed. Cir. 2001)..................................................................................3

*Colorado v. New Mexico*,
  467 U.S. 310 (1984)....................................................................................................3

*Princeton Biochemicals, Inc. v. Beckman Coulter, Inc.*,
  411 F.3d 1332 (Fed. Cir. 2005)...............................................................................1, 4

*Robotic Vision Sys., Inc. v. View Eng'g, Inc.*,
  189 F.3d 1370 (Fed. Cir. 1999)...............................................................................1-2

*Transocean Offshore Deepwater Drilling, Inc. v. GlobalSantaFe Corp.*,
  443 F. Supp. 2d 836 (S.D. Tex. 2006) ......................................................................2

**STATUTES**

35 U.S.C. § 282..............................................................................................................1

**OTHER AUTHORITIES**

Fed. R. Civ. P. 50(b) .....................................................................................................1

I.  **INTRODUCTION**

Plaintiffs Finjan Software, Ltd. and Finjan Software, Inc. ("Finjan") provided substantial evidence at trial to prove by clear and convincing evidence that claims 1-5, 7-12 and 14-15 of United States Patent No. 7,185,361 ("'361 Patent") are invalid. *See* D.I. 260 (Declaration of Kris Kastens in Support of Finjan Software Ltd.'s Opening Brief in Support of Its Motion for Invalidity of U.S. Patent No. 7,185,361, Ex. 1). Finjan moved for a JMOL of invalidity on the '536 Patent. Defendants Secure Computing Corporation ("Secure Computing"), Cyberguard Corporation ("Cyberguard") and Webwasher AG ("Webwasher") (collectively "Defendants") opposed this motion in their "Answering Brief to Finjan's Motion for Judgment as a Matter of Law Regarding Invalidity of the '361 Patent" ("Opposition"). Defendants' Opposition does not rebut the evidence presented by Finjan and relies completely on reading a new limitation into the claims. Therefore, the Finjan's Motion for a finding of invalidity should be granted.

II.  **ARGUMENT**

A.  **THE APPLICABLE LEGAL STANDARD UNDER RULE 50(B) SUPPORTS FINJAN'S MOTION FOR JUDGMENT AS A MATTER OF LAW.**

Under Federal Rule of Civil Procedure 50(b), the Court can set aside a jury verdict and "direct the entry of judgment as a matter of law." Fed. R. Civ. P. 50(b). A court must determine whether the jury had substantial evidence upon which to conclude that the party challenging a patent met its burden of demonstrating invalidity by clear and convincing evidence. *See Princeton Biochemicals, Inc. v. Beckman Coulter, Inc.*, 411 F.3d 1332, 1336 (Fed. Cir. 2005) (holding JMOL of patent proper when there was substantial evidence showing invalidity of patent by clear and convincing evidence).

A patent is presumed valid, and a party must overcome this presumption by clear and convincing evidence to prove the patent invalid. *See* 35 U.S.C. § 282; *see also Robotic Vision*

*Sys., Inc. v. View Eng'g, Inc.*, 189 F.3d 1370, 1377 (Fed. Cir. 1999). Clear and convincing evidence exists when the movant places in the mind of "the ultimate factfinder an abiding conviction that the truth of its factual contentions are 'highly probable.'" *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984) (quotation omitted). However, when a party challenging a patent comes "forward with evidence establishing a *prima facie* case of invalidity, the patentee must produce sufficient rebuttal evidence to prevent the party challenging the patent's validity from meeting its burden of proving invalidity by clear and convincing evidence." *Transocean Offshore Deepwater Drilling, Inc. v. GlobalSantaFe Corp.*, 443 F. Supp. 2d 836, 845 (S.D. Tex. 2006) (citing *Lisle Corp. v. A.J. Mfg. Co.*, 398 F.3d 1306, 1316 (Fed. Cir. 2005)). At trial, Defendants did not even attempt to rebut the *prima facie* evidence of invalidity of the '361 Patent and now rely completely on reading a new limitation into the claims.

B.  **THE EVIDENCE PRESENTED BY FINJAN AT TRIAL CONCLUSIVELY PROVES THE ASSSERTED CLAIMS OF THE '361 PATENT ARE INVALID BY ANTICIPATION.**

As discussed in its Briefing, Finjan provided at trial substantial and clear and convincing evidence that the Check Point Firewall-1 Architecture and Administration Version 4.0" ("Check Point Reference") discloses all of the elements of the '361 Patent. *See generally* Opening Brief. Defendants presented absolutely no rebuttal case. They did not present a fact or expert witness to rebut the *prima facie* case of invalidity presented by Finjan's expert. They did not cross-examine Finjan's expert witness *at all* on his testimony regarding his opinion on how the asserted claims were invalid. Defendants' only mention of the Check Point Reference during cross-examination did not touch Dr. Jaeger's opinion on *how* the elements of the claim were met by the reference, but only concerned the irrelevant matter of whether the firewall in the Check Point Reference was "proprietary." D.I. 233 (Trial Transcript ("T.T.") at 1536:4-1539:5).

2

Defendants' only argument in their Opposition required reading a new limitation into the word "predefined" in the claims. Opposition at 2-3.

### 1. Defendant's Arguments Rely Completely On Reading A New Limitation Into the Claims.

Defendants argue that the asserted claims of the '361 Patent are not met because the Check Point Reference discloses a "proprietary" schema. Opposition at 2. However, there is no mention of requiring a non-proprietary schema in the claims, nor is it ever mentioned in the patent specification. *See* D.I. 260 (Ex. 1, '361 Patent at col. 7, l. 18 to col. 8, l. 52). Furthermore, Defendants argue that the claims require that "an organization's LDAP directory need not be modified to conform to a schema imposed by the firewall." Opposition at 4. However, this limitation is also not contained in the claims of the '361 Patent. *See* D.I. 260 ('361 Patent at col. 7, l. 18 to col. 8, l. 52). As is well known, the specification should not be read into the claims of a patent. *See Bell Atl. Network Servs., Inc. v. Covad Communications Group, Inc.*, 262 F.3d 1258, 1270 (Fed. Cir. 2001) (citations omitted). Defendants rely completely on reading new limitations into the claims and the entirety of Defendants' arguments should be dismissed for these reasons alone.

### 2. Finjan Conclusively Demonstrated The Check Point Reference Includes A Directory Schema "Predefined" By the Organization.

At trial, Finjan set forth how every element of the asserted claims of the '361 Patent is disclosed in the Check Point Reference. Dr. Jaeger ultimately concluded that the Check Point Reference disclosed all the elements of the asserted claims of the '361 Patent.

> Q. So I just want to be clear. Is it your opinion then the Check-Point reference disclosed all the elements of the asserted claims of the '361?
> A. It is my opinion that the Check-Point reference asserts all of the elements of this claim, yes.

*See* D.I. 260 (Ex. 2, T.T. at 1513:5-9).

3

As in claim 1, and contrary to Defendants' argument, the Check Point Reference discloses "wherein said authorization filter is generated based on a directory schema that is predefined by said entity." *See id.* (Ex. 1, '361 Patent at col. 7, ls. 30-31; Ex. 3 (PTX-188); Ex. 2, T.T. at 1498:5-11). Dr. Jaeger described how the comparison of the entries in the directory to an authorization filter is disclosed in the Check Point Reference. *Id.* (Ex. 2, T.T. at 1500:5-1501:6). The Check Point Reference discloses "account unit" directories containing user information. *Id.* (Ex. 2, T.T. at 1499:15-18). These "account unit" directories have their own schema and can contain many different predefined groups that a user belongs to, independent of the firewall disclosed in the Check Point Reference. *Id.* (Ex. 2, T.T. at 1500:24-1501:6). An authorization filter is then generated on the groups, whose schema was predefined before the authorization filter was generated. *Id.*

Dr. Jaeger's testimony and opinion regarding the invalidity of claim 1 went unchallenged at trial. Thus, the Check Point Reference and Dr. Jaeger's testimony constitute substantial and clear and convincing evidence that the Check Point Reference anticipates claim 1 of the '361 Patent.

### 3.   Defendants Presented No Rebuttal Whatsoever To Finjan's Anticipation Defense.

As discussed in its Brief, Finjan presented a detailed analysis of how every element of every asserted claim of the '361 Patent was included in the Check Point Reference, while Defendants presented absolutely no rebuttal case. The lack of a rebuttal case is an important factor to consider in determining whether a patent is invalid. *See Princeton*, 411 F.3d at 1338. Defendants presented absolutely no rebuttal evidence. Defendants presented no rebuttal expert, introduced no rebuttal evidence, ***and did not even attempt to cross Dr. Jaeger regarding his***

*testimony on how the "predefined" element was met by the '361 Patent.* Finally, Defendants never even mentioned the '361 Patent in their closing argument.

### C. DEFENDANTS PRESENTED NO REBUTTAL TO FINJAN'S OBVIOUSNESS DEFENSE.

A discussed above, Dr. Jaeger testified regarding how the Check Point Reference discloses using a predefined directory schema. Dr. Jaeger further testified that given the scope of what was disclosed in the Check Point Reference, the asserted claims of the '361 Patent would certainly be obvious to a person of ordinary skill at the time of the invention. Besides one conclusory statement (in the conclusion nevertheless), Defendants have not even attempted to challenge this in their Opposition. Opposition at 4-5. At trial, Defendants did not challenge Dr. Jaeger's testimony in cross-examination and did not present any fact or expert witness to rebut Dr. Jaeger's opinion. Defendants presented no invalidity rebuttal expert, no rebuttal evidence, and did not cross Dr. Jaeger on his opinion on the invalidity of the '361 Patent. They did not even address the '361 Patent in their closing arguments. The clear and convincing evidence, which was the *only* evidence regarding the invalidity or validity of the '361 Patent at trial, established that the '361 Patent is invalid and, at the very least, rendered obvious by the Check Point Reference.

### III. CONCLUSION

In light of the foregoing, Finjan respectfully requests that the Court grant its motion for judgment as a matter of law that the asserted claims of the '361 Patent are invalid, either as anticipated or rendered obvious, in light of the Check Point Reference.

|  |  |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
|  | By: /s/ Philip A. Rovner |
| Paul J. André | Philip A. Rovner (#3215) |
| Lisa Kobialka | Hercules Plaza |
| King & Spalding LLP | P. O. Box 951 |
| 1000 Bridge Parkway | Wilmington, DE  19899 |
| Redwood City, CA 94065 | (302) 984-6000 |
| (650) 590-0700 | provner@potteranderson.com |
|  |  |
| Dated:  May 16, 2008 | *Attorneys for Plaintiff* |
| 864974 | *Finjan Software, Ltd.* |

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on May 16, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Frederick L. Cottrell, III, Esq.
Kelly E. Farnan, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
cottrell@rlf.com; farnan@rlf.com

I hereby certify that on May 16, 2008 I have sent by E-mail the foregoing document to the following non-registered participants:

Jake M. Holdreith, Esq.
Christopher A. Seidl, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
jmholdreith@rkmc.com ; caseidl@rkmc.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com